1   POMERANTZ LLP
    Jennifer Pafiti (SBN 282790)
2   1100 Glendon Avenue, 15th Floor
    Los Angeles, California 90024
3   Telephone: (310) 405-7190
    Facsimile: (212) 661-8665
4   jpafiti@pomlaw.com

5   *Counsel for Lead Plaintiff Movants Leon Yu*
    *and Max Wisdom Technology Limited and*
6   *Proposed Lead Counsel for the Class*

7   [Additional Counsel on Signature Page]

8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
                       SAN FRANCISCO DIVISION
10

11  | JOHN MODRAK, Individually and on Behalf | Case No.: 3:22-cv-00105-SI |
    | of All Others Similarly Situated, | |
12  | | NOTICE OF MOTION AND MOTION OF |
    | Plaintiff, | LEON YU AND MAX WISDOM |
13  | | TECHNOLOGY LIMITED FOR |
    | v. | CONSOLIDATION, APPOINTMENT AS |
14  | | LEAD PLAINTIFFS, AND APPROVAL OF |
    | TALIS BIOMEDICAL CORPORATION, | LEAD COUNSEL; MEMORANDUM OF |
15  | BRIAN COE, J. ROGER MOODY, JR., | POINTS AND AUTHORITIES IN |
    | FELIX BAKER, RAYMOND CHEONG, | SUPPORT |
16  | MELISSA GILLIAM, RUSTEM F. | |
    | ISMAGILOV, KIMBERLY J. POPOVITS, | CLASS ACTION |
17  | MATTHEW L. POSARD, RANDAL SCOTT, | |
    | J.P. MORGAN SECURITIES LLC, BOFA | Date:  April 22, 2022 |
18  | SECURITIES, INC., PIPER SANDLER & | Time:  10:00 a.m. |
    | CO., and BTIG, LLC, | Judge:  Hon. Susan Illston |
19  | | Courtroom:  1 – 17th Floor |
    | Defendants. | |
20

21

22

23

24

25

26

27

28

| | |
|---|---|
| KAREN MITCHAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TALIS BIOMEDICAL CORPORATION, BRIAN COE, J. ROGER MOODY, JR., FELIX BAKER, RAYMOND CHEONG, MELISSA GILLIAM, RUSTEM F. ISMAGILOV, KIMBERLY J. POPOVITS, MATTHEW L. POSARD, and RANDAL SCOTT,<br><br>Defendants. | Case No.: 3:22-cv-01039-JD<br><br><u>CLASS ACTION</u> |

# TABLE OF CONTENTS

NOTICE OF MOTION ..................................................................................................................1

SUMMARY OF ARGUMENT .....................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................3

    I.      PRELIMINARY STATEMENT .........................................................................3

    II.     STATEMENT OF FACTS .................................................................................5

    III.    ARGUMENT ......................................................................................................7

          A.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ..............7

          B.      YU SHOULD BE APPOINTED LEAD PLAINTIFF.............................8

                  1.      Yu Is Willing to Serve as Class Representative............................9

                  2.      Yu Is the Most Adequate Plaintiff Within the
                        Meaning of the PSLRA .................................................................9

                        a.      Yu Has the Largest Financial Interest in
                                    the Related Actions .........................................................9

                        b.      Yu Otherwise Satisfies Rule 23's Requirements .............11

          C.      LEAD PLAINTIFF'S SELECTION OF COUNSEL
                SHOULD BE APPROVED ....................................................................13

    IV.    CONCLUSION..................................................................................................14

NOTICE OF MOTION AND MOTION OF LEON YU AND MAX WISDOM TECHNOLOGY LIMITED FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS, AND APPROVAL OF LEAD COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:22-cv-00105-SI; 3:22-cv-01039-JD

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
No. 5:11-CV-04003-LHK, 2012 WL 78780 (N.D. Cal. Jan. 9, 2012) ............................ 2, 10

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) ................................................................................. 12

*Hessefort v. Super Micro Comput., Inc.*,
317 F. Supp. 3d 1056 (N.D. Cal. 2018) .................................................................. 11

*In re Cotmverse Technology, Inc. Securities Litigation*,
No. 06-CV-1825 (E.D.N.Y.).................................................................................. 14

*In re Solar City Corp. Sec. Litig.*,
No. 16-CV-04686-LHK, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017) ................................ 11

*Knox v. Yingli Green Energy Holding Co.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) .................................................................. 2, 10

*Lax v. First Merchants Acceptance Corp.*,
No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997)................................ 2, 10

*Mitcham v. Talis Biomedical Corporation et al.*,
No. 3:22-cv-01039 (N.D. Cal.), Dkt. No. 1 ........................................................ 11

*Mulligan v. Impax Lab'ys, Inc.*,
No. C-13-1037 EMC, 2013 WL 3354420 (N.D. Cal. July 2, 2013).................................. 2, 7

*Nicolow v. Hewlett Packard Co.*,
No. 12-05980 CRB, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013) .................................... 2, 10

*Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694 (C.D.
Cal. Apr. 26, 2001) ......................................................................................... 13

*Richardson v. TVIA, Inc.*,
No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)....................... 2, 7, 12

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) ............................................................................. 12

*Tai Jan Bao v. SolarCity Corp.*,
No. 14-CV-01435-BLF, 2014 WL 3945879 (N.D. Cal. Aug. 11, 2014).............................. 11

*Woburn Ret. Sys. v. Omnivision Techs., Inc.*,
   No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590 (N.D. Cal. Feb.
   21, 2012) ..................................................................................................................... 2, 7

**Statutes**

15 U.S.C. § 77z-1(a)(3) ............................................................................................ *passim*

Private Securities Litigation Reform Act of 1995 ............................................... *passim*

Securities Act of 1933 ........................................................................................... 1, 3, 7, 12

**Rules**

Fed. R. Civ. P. 23 ................................................................................................... *passim*

Fed. R. Civ. P. 42 ................................................................................................... 1, 2, 3, 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION

TO:     ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on April 22, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Susan Illston, at the San Francisco Federal District Courthouse, Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Leon Yu and Max Wisdom Technology Limited (collectively and hereinafter, "Yu") will and hereby do respectfully move this Court, pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42 ("Rule 42"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Yu as Lead Plaintiff on behalf of a class consisting of persons and entities that purchased or otherwise acquired Talis Biomedical Corporation ("Talis" or the "Company") common stock pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's February 2021 initial public offering ("IPO" or the "Offering") (the "Class"); and (3) approving Yu's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[1]

## SUMMARY OF ARGUMENT

To the extent that this motion seeks consolidation, it is made on the grounds that the Related Actions are putative class actions alleging violations of the federal securities laws by an

---

[1] Leon Yu pursues claims in this litigation both on his own behalf and on behalf of his personal investment company, Max Wisdom Technology Limited ("Max Wisdom"). Max Wisdom's accounts also incurred significant losses in connection with its purchases of Talis common stock pursuant and/or traceable to the Registration Statement issued in connection with the IPO. *See* Declaration of Jennifer Pafiti, Esq. in Support of Motion ("Pafiti Decl."), Exhibit ("Ex.") A. As President of Max Wisdom, Leon Yu has authority to pursue recovery of these losses on behalf of Max Wisdom, and to bind Max Wisdom and enter into litigation on its behalf. *See id.*, Exs. B-C.

1

overlapping group of defendants and arising from the same alleged misconduct.  As such, the Related Actions involve common questions of both law and fact, and their consolidation pursuant to Rule 42(a) is appropriate and warranted.  *See* Fed. R. Civ. P. 42(a); *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007); *Mulligan v. Impax Lab'ys, Inc.*, No. C-13-1037 EMC, 2013 WL 3354420, at *2-*3 (N.D. Cal. July 2, 2013); *Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590, at *9 (N.D. Cal. Feb. 21, 2012).

　　　　To the extent that this motion seeks appointment of Yu as Lead Plaintiff, this motion is made on the grounds that Yu is the "most adequate plaintiff" to lead the Class within the meaning of the PSLRA and that the PSLRA therefore mandates Yu's appointment as Lead Plaintiff.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(i).  Yu believes that he is entitled to a rebuttable presumption favoring his appointment, since he has the "largest financial interest" in the relief sought by the Class in the Related Actions by virtue of, *inter alia*, his losses of approximately $147,096, which were suffered as a result of the above-captioned defendants' ("Defendants") wrongful conduct as alleged in the Related Actions.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii); *see also Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997) (determining financial interest by (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended; and (4) the approximate losses suffered); *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012) (same); *Knox v. Yingli Green Energy Holding*

*Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same).  As the movant, to his knowledge, with the largest financial interest in the Related Actions, Yu believes he is presumptively the most adequate lead plaintiff within the meaning of the PSLRA.

Yu also satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23") because his claims are typical of the claims of other putative Class members and because he will fairly and adequately represent their interests.

In addition, the PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court.  Yu's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Related Actions effectively and expeditiously under Yu's direction.

This motion is supported by the memorandum of points and authorities submitted herewith, the Pafiti Decl., and all exhibits thereto.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     PRELIMINARY STATEMENT

Presently pending in this District are two actions (the Related Actions) alleging violations of Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o), on behalf of a class consisting of persons and entities that purchased or otherwise acquired Talis common stock pursuant and/or traceable to the Registration Statement issued in connection with the IPO, against overlapping defendants.  Yu hereby moves for these two actions to be consolidated pursuant to Rule 42(a) because they involve common questions of law and fact and because consolidation here would promote judicial economy.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that is shown to be the "most adequate plaintiff."  *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" is the movant or group of movants that possesses the "largest financial interest" in the outcome of the litigation and that satisfies the requirements of Rule 23.  *Id.*  Yu believes that he should benefit from a rebuttable presumption arising from his having the largest financial interest in this litigation.  Yu purchased 12,604 shares of Talis common stock pursuant and/or traceable to the Registration Statement issued in connection with the IPO, expended $283,216 on his purchases, and, as a result of Defendants' wrongful conduct as alleged in the Related Actions, incurred losses of approximately $147,096 in connection with his purchases of Talis common stock pursuant and/or traceable to the Registration Statement issued in connection with the IPO.  *See* Pafiti Decl., Ex. A.

Beyond his significant financial interest, Yu also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his responsibilities as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Yu has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of investors.  In 2018 alone, Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States, as well as an $80 million recovery on behalf of investors in Yahoo! securities.  Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.

Based on his being the "most adequate plaintiff," his significant financial interest, his satisfaction of Rule 23 requirements, and his commitment to overseeing the Related Actions, Yu

respectfully requests that the Court enter an order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

## II.   STATEMENT OF FACTS

As alleged in the Complaint in the first-filed of the Related Actions, Talis purportedly develops diagnostic tests to enable accurate, reliable, low cost, and rapid molecular testing for infectious diseases and other conditions at the point-of-care.  The Talis One tests are being developed for respiratory infections, infections related to women's health, and sexually transmitted infections.

On February 12, 2021, the Company filed its prospectus on Form 424B4 with the SEC, which forms part of the Registration Statement.  In the IPO, the Company sold 15,870,000 shares of common stock at a price of $16.00 per share.  The Company received net proceeds of approximately $232.6 million from the Offering.  The proceeds from the IPO were purportedly to be used for commercial activities (including the hiring and training of sales and marketing personnel), research and development, and working capital and other general corporate purposes.

On March 8, 2021, Talis announced that it had withdrawn its EUA application for the Talis One COVID-19 test.  In a press release, the Company revealed that "[i]n late February, the FDA informed the company that it cannot ensure the comparator assay used in the primary study has sufficient sensitivity to support Talis's EUA application."  As a result, Talis "intends to initiate its previously planned clinical validation study in a point-of-care environment" to submit its EUA application "early in the second quarter of 2021."  This study "was designed with a different comparator study, which Talis believes will address the FDA's concerns."

On this news, the Company's stock price fell $1.80, or 12%, to close at $12.85 per share on March 8, 2021.

Then, on August 10, 2021, Talis revealed that its "development timelines have been extended by delays in the launching of [Talis's] COVID-19 test and manufacturing scale." As a result, Talis "expect[s] to see [its] first meaningful revenue ramp in 2022."

On this news, the Company's stock price fell $0.58, or 6%, to close at $8.39 per share on August 11, 2021, on unusually heavy trading volume.

On August 30, 2021, after the market closed, Talis announced that its Chief Executive Officer ("CEO"), Brian Coe, had "stepped down" as President, CEO, and Director.

On this news, the Company's stock price fell $1.00, or 11%, to close at $8.06 per share on August 31, 2021, on unusually heavy trading volume.

On November 15, 2021, Talis announced that Brian Blaser was appointed as President, CEO, and Director of Talis effective December 1, 2021. However, a week after his appointment, on December 8, 2021, Talis announced that Brian Blaser had stepped down from his positions.

On this news, the Company's stock price fell $0.55 per share, or more than 11%, to close at $4.28 per share on December 8, 2021.

By the commencement of the first-filed of the Related Actions, Talis stock traded as low as $3.81 per share, a more than 76% decline from the $16.00 per share IPO price.

The Registration Statement was false and misleading and omitted to state material adverse facts. Specifically, Defendants failed to disclose to investors: (1) that the comparator assay in the primary study lacked sufficient sensitivity to support Talis's EUA application for the Talis One COVID-19 test; (2) that, as a result, Talis was reasonably likely to experience delays in obtaining regulatory approval for the Talis One COVID-19 test; (3) that, as a result, the Company's commercialization timeline would be significantly delayed; and (4) that, as a result of the

foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs in the Related Actions and other Class members have suffered significant losses and damages.

## III.  ARGUMENT

### A.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a); *see also Richardson*, 2007 WL 1129344, at *2; *Mulligan*, 2013 WL 3354420, at *2-*3; *Woburn*, 2012 U.S. Dist. LEXIS 21590, at *9.

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this title is filed."  15 U.S.C. § 77z-1(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 11 and 15 of the Securities Act by an overlapping group of defendants arising from the public dissemination of false and misleading information to investors.  Accordingly, the Related Actions should be consolidated pursuant to Rule 42(a) for all purposes.

### B.     YU SHOULD BE APPOINTED LEAD PLAINTIFF

Motions by proposed lead plaintiffs must be filed within 60 days of the publication of notice of the action, which in this case was published on January 7, 2022 (*see* Pafiti Decl., Ex. D). *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II).  The PSLRA directs courts to consider any such motion by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(i)-(ii).  Yu's instant motion is thus timely and must be considered.

When faced with competing lead plaintiff motions, under 15 U.S.C. § 77z-1(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereinafter . . . the 'most adequate plaintiff')."  15 U.S.C. § 77z-1(a)(3)(B)(i).  Yu is the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

To guide this determination, the PSLRA creates a rebuttable presumption that the "most adequate plaintiff" "is the person or group of persons that" (i) either filed the complaint or made a motion for appointment as lead plaintiff; (ii) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (iii) otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa)-(cc).  As set forth below, Yu satisfies all three of these criteria and thus believes that he is entitled to the rebuttable presumption that he is the most adequate plaintiff within the meaning of the PSLRA.  Specifically, Yu is willing to serve as Lead Plaintiff, has the largest financial interest of any movant in the Related Actions to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

For all these reasons, as set forth in greater detail below, Yu respectfully urges the Court to appoint him to serve as Lead Plaintiff overseeing the Related Actions.

### 1.   Yu Is Willing to Serve as Class Representative

On January 7, 2022, counsel for the plaintiff in the first-filed of the Related Actions caused a notice to be published over *Business Wire* pursuant to Section 27(a)(3)(A)(i) of the PSLRA (the "PSLRA Notice"), which announced that a securities class action had been filed against Defendants, and which advised investors in Talis common stock that they had 60 days from the date of the PSLRA Notice—*i.e.*, until March 8, 2022—to file a motion to be appointed as lead plaintiff.  *See* Pafiti Decl., Ex. D.

Yu has filed the instant motion pursuant to the PSLRA Notice, and has attached sworn Certifications on behalf of himself and Max Wisdom attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. B.  Under the PSLRA, Yu's actions were timely and legally sufficient.  Accordingly, Yu readily satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.   Yu Is the Most Adequate Plaintiff Within the Meaning of the PSLRA

When faced with competing lead plaintiff motions, under 15 U.S.C. § 77z-1(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereinafter . . . the 'most adequate plaintiff')."  *See* 15 U.S.C. § 77z-1(a)(3)(B)(i).  Yu is the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

### a.   Yu Has the Largest Financial Interest in the Related Actions

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the

9

largest financial interest in the relief sought by the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii).  To the best of his knowledge, Yu has the largest financial interest of any Talis investor or investor group seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased (also referred to as "retained shares"); (3) the total net funds expended; and (4) the approximate losses suffered.  1997 WL 461036, at *5.  In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District.  *See, e.g.*, *Nicolow*, 2013 WL 792642, at *4 ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys.*, 2012 WL 78780, at *4 (same); *Knox*, 136 F. Supp. 3d at 1163 (same).

Pursuant and/or traceable to the Registration Statement issued in connection with the IPO, Yu: (1) purchased 12,604 shares of Talis common stock; (2) expended $283,216 on his purchases of Talis common stock; and (3) as a result of Defendants' wrongful conduct as alleged in the Related Actions, incurred losses of approximately $147,096 in connection with his purchases of Talis common stock pursuant and/or traceable to the Registration Statement issued in connection with the IPO.  *See* Pafiti Decl., Ex. A.  Thus, under the *Lax* factors, Yu believes that he has the largest financial interest among any lead plaintiff movants in the Related Actions, thereby entitling Yu to a rebuttable presumption that he is the "most adequate plaintiff" within the PSLRA's meaning (15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb)), given that he also satisfies the requirements of Rule 23.

### b.      Yu Otherwise Satisfies Rule 23's Requirements

For lead plaintiff movants to secure the PSLRA's rebuttable presumption that they are the "most adequate plaintiff," the movants must also demonstrate that they "otherwise satisf[y] the requirements of Rule 23." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc).  A *prima facie* showing suffices for this determination.  *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Tai Jan Bao v. SolarCity Corp.*, No. 14-CV-01435-BLF, 2014 WL 3945879, at *3 (N.D. Cal. Aug. 11, 2014).  "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy."  *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017).  Yu readily passes muster.

Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  Rule 23(b)(3) adds that common questions must predominate over any questions affecting only individual class members and that a class action must be superior to other available methods for fairly and efficiently adjudicating the case.  *See* Fed. R. Civ. P. 23(b)(3).  Here, the Complaints in the Related Actions plead Rule 23(a)(1) numerosity (*see* Dkt. No. 1 ¶ 35; *Mitcham v. Talis Biomedical Corporation et al.*, No. 3:22-cv-01039 (N.D. Cal.) ("*Mitcham* Action"), Dkt. No. 1 ¶ 51), Rule 23(a)(2) common questions (*see* Dkt. No. 1 ¶ 38; *Mitcham* Action, Dkt. No. 1 ¶ 54), and Rule 23(b)(3) predominance (*see* Dkt. No. 1 ¶ 38; *Mitcham* Action, Dkt. No. 1 ¶ 54) and superiority (*see* Dkt. No. 1 ¶ 39; *Mitcham* Action, Dkt. No. 1 ¶ 55)

NOTICE OF MOTION AND MOTION OF LEON YU AND MAX WISDOM TECHNOLOGY LIMITED FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS, AND APPROVAL OF LEAD COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:22-cv-00105-SI; 3:22-cv-01039-JD

in a manner common to all lead plaintiff candidates.  The sufficiency of these allegations is not upset by any facts uniquely concerning Yu.

Yu satisfies the threshold for Rule 23(a)(3) typicality.  "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"  *Richardson*, 2007 WL 1129344, at *4 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).  Yu's claims are typical of those of the Class members. Like all Class members, Yu alleges that: (1) Defendants violated the Securities Act by making false or misleading statements of material facts and/or by omitting to disclose material facts concerning Talis; (2) Yu and the Class members purchased Talis common stock pursuant and/or traceable to the Registration Statement issued in connection with the IPO at prices artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions; and (3) Yu and the Class members were damaged upon the revelation of Defendants' alleged misrepresentations or omissions through corrective disclosures that drove Talis's share price downward.  These shared claims, which are based on the same legal theories and arise from the same underlying facts and course of conduct, demonstrate Yu's typicality under Rule 23(a)(3).

Yu also satisfies the Rule 23(a)(4) adequacy requirement.  In determining whether that requirement is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).  Here, Yu has submitted Certifications on behalf of himself and Max Wisdom, executed by him, declaring their

commitment to protect the interests of the Class.  *See* Pafiti Decl., Ex. B.  Yu has no conflicts of interest or antagonism with the Class of Talis investors he seeks to represent.  Yu's significant losses from his purchases of Talis common stock pursuant and/or traceable to the Registration Statement issued in connection with the IPO demonstrates that he has a sufficient interest in the outcome of this litigation that aligns with the interests of Class members.

Indeed, Yu has already demonstrated his ability to pursue securities claims through his choice of counsel, Pomerantz.  Pomerantz is one of the nation's leading plaintiff-side securities litigation firms, as discussed in greater detail in Section III.C., *infra*.  Yu's and Pomerantz's willingness and ability to zealously litigate the claims in the Related Actions on behalf of the Class cannot reasonably be questioned.  In addition to Pomerantz, Yu is also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this litigation.

Further demonstrating his adequacy, Yu has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See* Pafiti Decl., Ex. C.

## C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001).  The Court should not interfere with the Lead Plaintiff's selection unless it is necessary to do so to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Yu has selected Pomerantz to serve as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80-plus year history, as detailed in its firm resume. *See* Pafiti Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.*

As a result of its extensive experience in similar litigation, Yu's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Related Actions effectively and expeditiously. The Court may be assured that by approving Yu's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available. Thus, Yu respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

## IV.     CONCLUSION

For the foregoing reasons, Yu respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Yu as Lead Plaintiff for the Class; and (3) approving Yu's selection of Pomerantz as Lead Counsel for the Class.

Dated: March 8, 2022                                Respectfully submitted,

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movants Leon Yu and
Max Wisdom Technology Limited and Proposed
Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Lead Plaintiff Movants
Leon Yu and Max Wisdom Technology Limited*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I hereby certify that on March 8, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

NOTICE OF MOTION AND MOTION OF LEON YU AND MAX WISDOM TECHNOLOGY LIMITED FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS, AND APPROVAL OF LEAD COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:22-cv-00105-SI; 3:22-cv-01039-JD