Pages 1 - 8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE SUSAN ILLSTON, JUDGE

| | |
|---|---|
| JOHN MODRAK, individually and on behalf of all others similarly situated, <br><br>         Plaintiffs, <br><br>  VS. <br><br> TALIS BIOMEDICAL CORPORATION, et al., <br><br>         Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) NO. 22-cv-00105-SI <br> ) <br> ) <br> ) <br> ) San Francisco, California <br> ) <br> ) Friday, April 22, 2022 <br> ) |

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**: (By Zoom Webinar)

For Plaintiffs Leon Yu and Max Wisdom Technology Limited:
        POMERANTZ, LLP
        600 Third Avenue
        20th Floor
        New York, New York  10016
    **BY:  JAMES M. LoPIANO, ESQ.**

For Plaintiffs John Modrak and Nikolas Touras:
        GLANCY PRONGAY & MURRAY, LLP
        1925 Century Park East
        Suite 2100
        Los Angeles, California  90067
    **BY:  CHARLES H. LINEHAN, ESQ.**

For Defendants:
        COOLEY LLP
        3175 Hanover Street
        Palo Alto, California  94304
    **BY:  JESSICA VALENZUELA SANTAMARIA, ESQ.**
        **SHANNON EAGAN, ESQ.**

Reported By:  **BELLE BALL, CSR 8785, CRR, RDR**
        Official Reporter, U.S. District Court

**Friday - April 22, 2022**                              **10:09 a.m.**

                        **P R O C E E D I N G S**

THE COURTROOM DEPUTY:  Now calling Case No. 22-cv-105, Modrak versus Talis Biomedical Corporation, et al.

Counsel, please state your appearances for the record, starting with plaintiff.

MR. LINEHAN:  This is Charles Linehan from Glancy Prongay & Murray on behalf of plaintiff John Modrak and lead plaintiff movant Nikolas Touras.

MR. LoPIANO:  Good morning, Your Honor.  This is James LoPiano of Pomerantz LLP, representing lead plaintiff movants Leon Yu and Max Wisdom Technology Limited.  Our firm also represents, in the related action, Mitcham v. Talis Biomedical Corporation, et al.  And that's Karen Mitcham.

THE COURT:  Good morning.

MR. LoPIANO:  Good morning.

THE COURT:  Anybody else on the plaintiffs' side?

How about the defense?  Good morning, Your Honor.  Jessica Valenzuela Santamaria from Cooley, on behalf of Talis Biomedical Corporation and individual defendants Coe, Moody, Baker, Cheong, Gilliam, Ismagilov, Popovits, Posard and Scott.

THE COURT:  Well done.  Thank you.

MS. EAGAN:  Good morning, Your Honor.  Shannon Eagan, also of Cooley, representing Talis and the individual defendants.

**THE COURT:**  Good morning.  Welcome to you all.

I realize that the current motion is unopposed, but I have some questions.  The first issue that I see is that you've requested that the cases be consolidated.

And I -- there's no opposition from defense on that.  Is that correct?

**MR. LoPIANO:**  That's correct.

**THE COURT:**  But the other case is with Judge Donato, and they haven't been related.  So I think somebody needs to file a notice of related case.

I have the low number, so I will get the case at that point.  But I don't believe I can consolidate them until I get that case before me.  So, some plaintiff needs to do that.

**MR. LoPIANO:**  Understood, Your Honor.

**THE COURT:**  Okay.

**MR. LoPIANO:**  Absolutely.

**THE COURT:**  So I will -- I will consolidate them, once I have them both.

**MR. LoPIANO:**  (Nods head)

**THE COURT:**  The second issue that's up today is lead plaintiff.  And again, that's unopposed.  I recognize that.

So Mr. LoPiano, it's your person, Mr. Yu, and his company, who -- who would like to be lead plaintiff.  Right?

**MR. LoPIANO:**  Yes, Your Honor.

**THE COURT:**  My concern is that he -- is Mr. Yu a

Chinese citizen?

**MR. LoPIANO:**  Yes, Your Honor.  He resides -- I believe so.  He resides in China.

**THE COURT:**  Right.  And his company is incorporated in Hong Kong.  Right?

**MR. LoPIANO:**  That's correct.

**THE COURT:**  Which is part of China.

**MR. LoPIANO:**  Yes, Your Honor.

**THE COURT:**  My concern is that I've had complicated experiences with litigants in China.  Sometimes discovery is complicated.  Sometimes getting responses is complicated.  Right now, getting out of the country is impossible.  And it's difficult to predict, given -- given the government there, what's going to happen.

So my concern is whether Mr. Yu can properly be a representative plaintiff in this case.

**MR. LoPIANO:**  I see, Your Honor.  I would say that Mr. Yu has been very responsive in all of our communications that we have reached out to him about, including the documents he signed in support of his motion.

So far, I haven't seen any complications with getting in touch with him, or with him being able to provide any information or documents required.

**THE COURT:**  Well, for example, the depositions in China, as I understand it, are somewhere between hard to get

and illegal.

**MR. LoPIANO:**  I see.

**THE COURT:**  How about that?

**MR. LoPIANO:**  Yes, Your Honor.

**THE COURT:**  And I don't know anything about how the Chinese legal system treats corporations, or LLCs, or other business entities.  But I think it's not as predictable as it might be here.

**MR. LoPIANO:**  Understood, Your Honor.  We would absolutely be willing to submit any supplemental documents or information that the Court might wish, including additional briefing on the issue, if you would like that information.

**THE COURT:**  Ms. Santamaria, Ms. Eagan, do you have any thoughts on this?  I was, frankly, a little surprised that these issues weren't raised.

**MS. SANTAMARIA:**  We don't take a position, Your Honor, on the lead plaintiff appointment.

**THE COURT:**  Would you want, for example, to depose the lead plaintiff?

**MS. SANTAMARIA:**  Certainly.  Certainly.  I would imagine we would.

**THE COURT:**  And, you know, maybe he'd say:  Gee whiz, I'll come to the U.S. and be deposed and cooperate in every way.  And that would be fine, except as I say right now, I believe it's not possible to leave China.

I have a colleague who is in the midst of a criminal trial where some of the litigants are in China. And those witnesses -- and some of the witnesses are in China. And those witnesses, who are very motivated to come here, just can't, because of the lockdowns that have been imposed. So, it's just -- it's a complicated matter.

Mr. Linehan, do you have anything to say?

**MR. LINEHAN:** Your Honor, I -- I think you're right that there can be issues. I notice that nobody did challenge that.

So, I mean, if the Court were inclined to find that the, you know, presumptive lead were inadequate on this basis, Mr. Touras is willing and able at this point to be appointed as lead plaintiff. At Docket No. 36, he filed a notice of non-opposition, you know, acknowledging that he doesn't have the largest financial interest, and presuming that one of the other applicants would be appointed. But --

**THE COURT:** I appreciate that. And he is a stand-up guy. However, Martin Dugan appears to have a much bigger loss. I don't know anything about him, but he's evidently conceded to Mr. Yu.

So what I'm going to do is just put this matter over for a couple or three weeks. And I would ask the plaintiffs to put their heads together and figure out what to do.

If what needs to happen is Mr. LoPiano briefs up why it

would be all right for a Chinese resident and citizen to be a lead plaintiff, that's one approach.  Or if you jointly agree that a different approach might be better, you can present it. But I would like to see this matter considered before -- before we make a final decision.

All right?

**MS. EAGAN:**  (Nods head)

**THE COURT:**  So Esther, what's a Friday a couple, three weeks from now?

**THE COURTROOM DEPUTY:**  Sorry.  My computer keeps crashing.

**THE COURT:**  Oh, sorry.

**THE COURTROOM DEPUTY:**  May 20th.

**THE COURT:**  Are you available May 20th?

**THE COURTROOM DEPUTY:**  Or actually -- I'm sorry, Judge; could we do it June 3rd?

**THE COURT:**  June 3rd.  Are you available June 3rd? Mr. LoPiano?

**MR. LoPIANO:**  Yes, Your Honor.

**THE COURT:**  Mr. Linehan?

**MR. LINEHAN:**  Yes, Your Honor.

**THE COURT:**  Ms. Santamaria?

**MS. SANTAMARIA:**  Yes, Your Honor.

**THE COURT:**  And Ms. Eagan?

**MS. EAGAN:**  Yes, Your Honor.

**THE COURT:**  Okay.  Then we will come back on June 3rd.  Friday, June 3rd, at 10:00.  And it can be a video conference.

And between now and then, I would like the plaintiffs to consider what they should do, and I would like you to submit to me, a week before June 3rd, your proposal.

All right?

**MR. LoPIANO:**  Understood, Your Honor.

**THE COURT:**  Make sure that you have communicated with the defense, too, so that -- although they -- they're interested, but they're not taking a position.  But let them know what it is you are suggesting.  Okay?

**MR. LoPIANO:**  Understood.  Absolutely, Your Honor.

**THE COURT:**  All right.  Thank you all.

**MS. SANTAMARIA:**  Thank you, Your Honor.

**MR. LoPIANO:**  Thank you.

**THE COURT:**  Oh, and Mr. LoPiano, you get me -- you file that notice of related case.  Or is it -- yeah, it's your case.  And then I will consolidate these actions, once I get it.

**MR. LoPIANO:**  Absolutely, Your Honor.

**THE COURT:**  Okay.

**MR. LoPIANO:**  I'll get that on file ASAP.

**THE COURT:**  All right.  Thank you.

**MR. LoPIANO:**  Thank you.

(Conclusion of proceedings)

**CERTIFICATE OF REPORTER**

I, BELLE BALL, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

*Belle Ball*

/s/ Belle Ball

Belle Ball, CSR 8785, CRR, RDR

Monday, April 25, 2022