POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

*Counsel for Proposed Co-Lead Plaintiff
Leon Yu and Max Wisdom Technology
Limited and Proposed Co-Lead Counsel for
the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN MODRAK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TALIS BIOMEDICAL CORPORATION, BRIAN COE, J. ROGER MOODY, JR., FELIX BAKER, RAYMOND CHEONG, MELISSA GILLIAM, RUSTEM F. ISMAGILOV, KIMBERLY J. POPOVITS, MATTHEW L. POSARD, RANDAL SCOTT, J.P. MORGAN SECURITIES LLC, BOFA SECURITIES, INC., PIPER SANDLER & CO., and BTIG, LLC,<br><br>Defendants. | Case No.: 3:22-cv-00105-SI<br><br>JOINT PROPOSAL CONCERNING APPOINTMENT OF LEAD PLAINTIFF<br><br><u>CLASS ACTION</u><br><br>Judge:  Hon. Susan Illston<br>Courtroom:  1 – 17th Floor |
| KAREN MITCHAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v. | Case No.: 3:22-cv-01039-JD<br><br><u>CLASS ACTION</u> |

TALIS BIOMEDICAL CORPORATION, BRIAN COE, J. ROGER MOODY, JR., FELIX BAKER, RAYMOND CHEONG, MELISSA GILLIAM, RUSTEM F. ISMAGILOV, KIMBERLY J. POPOVITS, MATTHEW L. POSARD, and RANDAL SCOTT,

Defendants.

**PLAINTIFFS' PRELIMINARY STATEMENT**

On April 22, 2022, the Court held a hearing on the unopposed motion of Leon Yu and his personal investment company Max Wisdom Technology Limited (together, "Yu") for consolidation of the above-captioned actions (the "Related Actions"), appointment as Lead Plaintiff and approval of Yu's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel in the anticipated consolidated action.

At the motion hearing, the Court, *inter alia*, questioned whether the fact that Yu resides in the People's Republic of China ("China") would create logistical difficulties impacting his ability to serve as Lead Plaintiff in this litigation, in light of the travel restrictions recently implemented by the Chinese government in response to the ongoing COVID-19 pandemic, or otherwise impede Yu's participation in the discovery process. Accordingly, "[t]he Court instructed the Plaintiffs to meet and confer with all parties and to submit a joint proposal concerning the appointment of Lead Plaintiff[.]" ECF No. 44.

Pursuant to the Court's Order, the four Lead Plaintiff Movants—Yu, Martin Dugan ("Dugan"), Adriana Belli ("Belli"), and Nikolas Touras ("Touras")—as well as the two initial Plaintiffs in the Related Actions—John Modrak ("Modrak") and Karen Mitcham ("Mitcham") (collectively, the "Plaintiffs")—have met and conferred. After meeting and conferring, Yu and Dugan agreed to propose to be appointed Co-Lead Plaintiff in this action and to have their respective counsel, Pomerantz and Bleichmar Fonti & Auld LLP ("BFA"), approved as Co-Lead Counsel. Belli, Touras, Modrak and Mitcham agree to this proposal. Consistent with the Court's instruction, Yu and Dugan met and conferred with counsel for Talis Biomedical Corporation and the Individual Defendants (Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott), whose position appears *infra* page 6.

**PLAINTIFFS' ARGUMENT**

**I.    Appointment of Yu and Dugan as Co-Lead Plaintiff**

At the motion hearing on April 22, 2022, the Court expressed concerns about the potential impact of travel restrictions in China on Yu's ability serve as Lead Plaintiff in this litigation.  In order to allay any such concerns, Yu and Dugan have agreed, subject to the Court's approval, to serve as Co-Lead Plaintiff.

Dugan is the Lead Plaintiff movant claiming the next-largest financial interest in this litigation after Yu.  Accordingly, the appointment of Dugan as Co-Lead Plaintiff (as opposed to a different movant) would be most consistent with the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Ninth Circuit Authority.  *See* 15 U.S.C. § 77z–1(a)(3)(B)(iii)(I)(bb)-(cc) (Lead Plaintiff presumption afforded to movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the [adequacy and typicality] requirements of Rule 23 of the Federal Rules of Civil Procedure"); *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical").

What's more, Dugan is also a resident of the U.S. (specifically, Malibu, California), and is thus unimpaired by the issues that concerned the Court at the April 22, 2022 hearing.  *See* ECF No. 30-3 ¶2.  He is a retired, former Vice President of Development for a prominent television conglomerate, has been investing in the stock market for 35 years, and affirmed that he will ensure that this case is litigated vigorously, efficiently, and in the best interests of all Class members.  *See id.* ¶¶2-6.  While Dugan filed a notice of non-opposition with respect to the pending Lead Plaintiff motions, he informed the Court that he "remains ready, willing and able to serve as Lead Plaintiff and/or as a class representative" if his service was needed (ECF No. 35) and his Lead Plaintiff motion remains pending.  *See* ECF No. 30.  Dugan's service as Co-Lead Plaintiff will ensure that the Class is protected by a U.S-based investor whose typicality and adequacy have not been questioned.

As set forth in their respective Declarations, Yu and Dugan are committed to serving together in a Co-Lead capacity, have one another's contact information and have been in communication via email regarding this litigation, and reaffirmed their commitment to coordinate with counsel and oversee this litigation as Co-Lead Plaintiff and will ensure that it is prosecuted vigorously and efficiently in the best interests of all Class members. *See* Yu Decl. ¶ 6; Dugan Decl. ¶ 6. What's more, Yu and Dugan are a small, cohesive group of two investors that have already demonstrated their ability to work cooperatively in this litigation by coming to an agreement on a proposal for the appointment of Co-Lead Plaintiff. *See* Yu Decl. ¶¶ 4-6; Dugan Decl. ¶¶ 4-6.

This Court and others in this District and elsewhere have routinely appointed Co-Lead Plaintiffs when doing so would benefit the Class, as here. *See Sayce v. Forescout Techs., Inc.*, 2020 WL 6802469, at *6, 8 (N.D. Cal. Nov. 19, 2020) (Illston, J.) ("the Court finds it prudent . . . to appoint both the Glazer Funds and Meitav as co-lead plaintiffs to ensure that the entire class is best represented" given "the differences in the timing of when the Glazer Funds and Meitav purchased their stock"); *Vataj v. Johnson*, 2020 WL 532981, at *2-3, n.1 (N.D. Cal. Feb. 3, 2020) (appointing two movants that suffered the largest losses as Co-Lead Plaintiff when the movants "attest[ed] that they 'are committed to supervising the conduct of this litigation by their counsel' and [] worked cooperatively to file their stipulation"); *Lang v. Tower Group Int'l, Ltd.*, 2014 WL 12779212, at *3 (S.D.N.Y. June 17, 2014) ("the Court finds that appointing co-lead plaintiffs will better ensure that the litigation may continue uninterrupted if further events or information undermine either lead plaintiff's ability to represent the class"). Indeed, "[a] co-lead plaintiff structure can 'have the salutary effect of providing greater stability in the prosecution of these consolidat[ed] actions[] should a decision be reached at some later stage in the litigation that either co-lead plaintiff will not adequately represent the class.'" *Tower*, 2014 WL 12779212, at *3. As such, Yu and Dugan respectfully request that the Court approve their proposal to work together as Co-Lead Plaintiff.

## II. Yu's Residence in China is Unlikely to Impede this Litigation

Yu submits that even though he and his company are based in China, Yu is still able to vigorously represent the Class's interests in this case. First, the government-imposed lockdowns currently impacting Beijing—where Yu resides—were imposed only recently. *See* Yu Declaration ¶ 4. Yu's understanding and expectation is that, consistent with Chinese government policy throughout the pandemic, these travel restrictions will be lifted as the pandemic subsides. *Id.* To the extent that Yu's physical appearance before the Court or at any deposition is required in this litigation, it is likely to be at a later stage of the proceedings, and thus is unlikely to be affected by whatever travel restrictions are ***currently*** in place in China. Moreover, after the current government-imposed travel restrictions in China are lifted, Yu is prepared to make himself available in the United States for in-person testimony for either purposes of deposition or trial. *Id.* ¶ 5.

Second, notwithstanding the limitations on Yu's ability to travel, Yu has access to high-speed Internet, which remains unaffected by travel restriction, and can communicate effectively via video and other electronic means, including through Zoom video calls, telephone calls, emails, and other forms of telecommunication. *Id.* ¶ 4. Yu can thus, without difficulty, remotely attend hearings, conferences, and other Court proceedings in this litigation (which have thus far taken place via Zoom webinar) as the Court finds necessary via Zoom video or telephone. *Id.* ¶ 5. Yu is unaware of any restrictions on his ability to participate in depositions via Zoom video conference or any other form of electronic telecommunication, as is increasingly common in U.S. cases since the pandemic. *Id.*

Yu likewise acknowledges the Court's concerns regarding the possibility that Yu's presence in China will impede his participation in the discovery process in this litigation. Yu is fully committed to participation in the discovery process in all respects, including the production of documents and sitting for a deposition. *Id.* Yu is not aware of any Chinese law or regulation that would impede his ability to fully participate in discovery in this matter, nor has any party identified such an impediment.

Accordingly, Yu respectfully submits that the fact that he resides in China is unlikely to meaningfully impact his ability to represent the Class in this litigation.

### III.    Yu and Dugan's Selection of Counsel Should be Approved.

Under the PSLRA, the Lead Plaintiff is given the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 77z-1(a)(3)(B)(v). The Ninth Circuit has held that "the choice [of counsel] belongs to the lead plaintiff," and that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Cavanaugh*, 306 F.3d at 734, n. 14. Here, Yu selected Pomerantz and Dugan selected BFA as proposed Co-Lead Counsel to represent the Class.

As noted in Yu's initial papers, Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80-plus year history, as detailed in its firm resume. *See* ECF Nos. 27 at 14; 27-7. Since 2018 alone, Pomerantz has secured a $3 billion recovery on behalf of investors in Petróleo Brasileiro S.A. - Petrobras securities, the largest settlement ever in a class action involving a foreign issuer (*In re Petrobras Sec. Litig.*, 1:14-cv-09662-JSR (S.D.N.Y.)); an $80 million settlement on behalf of Yahoo! Inc. investors (*In re Yahoo! Inc. Sec. Litig.*, No. 5:17-cv-00373-LHK (N.D. Cal.)); a $110 million settlement on behalf of investors in Fiat Chrysler Automobiles N.V. (*Pirnik v. Fiat Chrysler Automobiles N.V.*, 1:15-cv-07199-JMF); and a $90 million settlement on behalf of investors in Altria Group, Inc. (*Klein v. Altria Group, Inc.*, 3:20-cv-00075-DJN (E.D. Va.)). Pomerantz also has significant experience serving as Co-Lead Counsel with other experienced law firms in securities litigation, including in the *Yahoo!*, *Fiat Chrysler* and *Altria* litigations, among others.

Likewise, BFA is among the foremost securities class action law firms in the country. BFA's partners have served as Lead and Co-Lead Counsel on behalf of dozens of institutional investors in securities class actions and have secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades. *See* ECF Nos. 30 at 7; 30-7. This includes approximately $550 million in recoveries over the past year alone in *Ontario Teachers'*

*Pension Plan Board v. Teva Pharms. Indus. Ltd.*, 3:17-cv-00558-SRU (D. Conn.) ($420 million recovery pending final court approval) and *The Police Retirement System of St. Louis v. Granite Construction Inc.*, 3:19-cv-04744-WHA (N.D. Cal.) ($129 million recovery).  BFA likewise has significant experience serving as Co-Lead Counsel in securities class actions and achieving impressive results for investors, including in *In re MF Global Holdings Ltd. Sec. Litig.*, 1:11-cv-07866-VM (S.D.N.Y.) ($234 million recovery serving as Co-Lead Counsel with another law firm) and *In re Genworth Fin., Inc. Sec. Litig.*, 3:14-cv-00682-JAG (E.D. Va.) ($219 million recovery in same situation).

Thus, the Court may be assured that by granting this proposal, the Class will receive the highest caliber of legal representation.  *See Forescout*, 2020 WL 6802469, at *8 (approving Co-Lead Plaintiffs' selection of Co-Lead Counsel); *Johnson*, 2020 WL 532981, at *4 ("The Court defers to [Co-Lead Plaintiffs'] choice of co-lead counsel because their choice is not 'so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on [its] willingness or ability to perform the functions of lead plaintiff'").

Accordingly, Yu and Dugan respectfully request that the Court appoint Yu and Dugan as Co-Lead Plaintiff, approve their selection of Co-Lead Counsel, consolidate the Related Actions, and grant any such further relief as the Court may deem just and proper.

## POSITION OF TALIS AND THE INDIVIDUAL DEFENDANTS

Talis Biomedical Corporation and the Individual Defendants share the concerns the Court raised at the April 22, 2022 hearing regarding Yu serving as a Lead Plaintiff.  Defendants believe the concerns go beyond the pandemic and associated travel restrictions and include restrictions on discovery in China.  As one important example, "China does **not** permit attorneys to take depositions in China for use in foreign courts."  People's Republic of China, U.S. Dep't of State, Jud. Assistance Country Info., https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (last visited May 27, 2022) (emphasis in original).  The proposal that Yu and Dugan serve as Co-Lead Plaintiffs does not appear to solve certain issues raised by

the Court and by Defendants, including but not limited to whether it will be possible for Yu to actively participate in and submit to discovery.

Dated:  May 27, 2022

Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(admitted *pro hac vice*)
James M. LoPiano
(admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Proposed Co-Lead Plaintiff Leon Yu and Max Wisdom Technology Limited and Proposed Co-Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Proposed Co-Lead Plaintiff Leon Yu and Max Wisdom Technology Limited*

7

BLEICHMAR FONTI & AULD LLP
Lesley E. Weaver (Bar No. 191305)
lweaver@bfalaw.com
555 12th Street, Suite 1600
Oakland, California 94607
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

Javier Bleichmar (*pro hac vice* forthcoming)
Ross Shikowitz (*pro hac vice* forthcoming)
jbleichmar@bfalaw.com
rshikowitz@bfalaw.com
7 Times Square, 27th Floor
New York, NY 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960

*Counsel for Proposed Co-Lead Plaintiff Martin Dugan, and Proposed Co-Lead Counsel for the Class*

THE SCHALL LAW FIRM
Brian Schall (Bar No. 290685)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Proposed Co-Lead Plaintiff Martin Dugan*

COOLEY LLP
Shannon M. Eagan (Bar No. 212830)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
seagan@cooley.com

*Attorneys for Defendants Talis Biomedical Corporation, Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott*

**PROOF OF SERVICE**

I hereby certify that on May 27, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti