UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MODRAK, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>TALIS BIOMEDICAL CORPORATION, *et al.*,<br><br>    Defendants. | Case No. 22-cv-00105-SI<br><br>Related Case No. 22-cv-01039-SI<br><br>**ORDER GRANTING MOTIONS TO CONSOLIDATE CASES AND GRANTING MOTIONS FOR APPOINTMENT OF CO-LEAD PLAINTIFFS AND CO-LEAD COUNSEL**<br><br>Re: Dkt. Nos. 19, 23, 27, 30 |

On June 3, 2022, the Court held the continued hearing on plaintiffs' motions to consolidate and for appointment of lead plaintiff and lead counsel. For the reasons set forth below, the Court GRANTS the motions to consolidate and GRANTS the revised proposal for appointment of co-lead plaintiffs and co-lead counsel. The parties shall file a stipulation regarding the schedule for the filing of the complaint and motion practice no later than **June 13, 2022.**

**BACKGROUND**

On January 7, 2022, and February 18, 2022, plaintiffs filed two securities class actions against Talis Biomedical Corporation ("Talis"), a number of corporate officers, and several underwriters, alleging causes of action under Sections 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77o. *Modrak et al. v. Talis Biomedical Corp. et al.*, Case No. 22-cv-00105 SI and *Mitcham et al. v. Talis Biomedical Corp. et al.*, Case No. 22-cv-01039 SI. The class actions are brought on behalf of persons and entities that purchased or otherwise acquired Talis common stock pursuant to and/or traceable to the registration statement and prospectus issued in connection with the company's February 2021 initial public offering.

According to the complaints, Talis "develops diagnostic tests to enable accurate, reliable, low cost, and rapid molecular testing for infectious diseases and other conditions at the point-of-care. The Talis One tests are being developed for respiratory infections, infections related to women's health, and sexually transmitted infections." *Modrak* Compl. ¶ 2; *Mitcham* Compl. ¶ 2. On March 8, 2021, Talis announced that it had withdrawn its EUA application for the Talis One COVID-19 test, and "[o]n this news, the Company's stock price fell $1.80, or 12%, to close at $12.85 per share." *Id*. ¶¶ 4-5.   The Company's stock fell further in August and November 2021 after announcements of delays in development timelines and the departures of two CEOs. *Id*. ¶¶ 6-9. Plaintiffs allege that the registration statement and prospectus were false and misleading and failed to disclose material adverse facts about Talis' EUA application for the Talis One COVID-19 test and that defendants' positive statements about Talis' business, operations and prospects were materially misleading and/or lacked a reasonable basis.

Now before the Court are unopposed motions to consolidate the related cases and four motions for appointment of lead plaintiff filed by Leon Yu and Yu's personal investment company, Max Wisdom Technology Limited ("Max Wisdom"); Martin Dugan; Nikolas Touras; and Adriana Belli.  The competing motions for lead plaintiff also seek appointment of lead counsel.  Dugan, Touras and Belli filed statements of non-opposition to the appointment of Yu and Max Wisdom based on the fact that collectively Yu and Max Wisdom appear to have the largest financial interest in the litigation.

On April 22, 2022, the Court held a hearing on the motions.  The Court questioned whether the fact that Yu is a Chinese national who resides in China would create logistical difficulties impacting his ability to serve as lead plaintiff, particularly in light of the current COVID-19 travel restrictions imposed by the Chinese government.  The Court continued the motions to June 3, 2022, in order to allow the parties and counsel to evaluate these issues.

On May 27, 2022, Yu and Dugan, who has the second largest financial interest, filed a joint proposal seeking appointment as co-lead plaintiffs and their counsel, Pomerantz LLP and Bleichmar Fonti & Auld LLP ("BFA"), as co-lead counsel.  The joint proposal states that the other lead plaintiff movants (Touras and Belli), as well as the two initial plaintiffs in the related actions (Modrak and

1  Mitcham), agree to this proposal, while defendants have continued concerns about Yu's ability to
2  participate in discovery because he is a Chinese national and resident. Yu and Dugan also filed
3  declarations in support of the joint proposal.

**DISCUSSION**

**I.  Consolidation**

Federal Rule of Civil Procedure 42 allows the Court to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). District courts are granted broad discretion in deciding whether to consolidate cases pending in the same district. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

Here, the related actions allege the same causes of action arising out of the February 2021 IPO. The Court finds that consolidation is appropriate and pursuant to Federal Rule of Civil Procedure 42, the above-captioned related actions are hereby consolidated for all purposes into one action. These actions shall be referred to herein as the "Consolidated Action." This order shall apply to the Consolidated Action and to each case that is subsequently filed in this Court that relates to the same subject matter as in the Consolidated Action.

Every pleading in the Consolidated Action, and any related action that is consolidated with the Consolidated Action, shall hereafter bear the following caption:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
|---|---|
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | [Title of Document] |

When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When the document applies to some,

3

1 but not all, of the actions, the document shall list, immediately after the phrase "This Document
2 Relates To:", the docket number for each individual action to which the document applies, along
3 with the name of the first-listed plaintiff in said action.

4 This Court requests assistance of counsel in calling to the attention of the Clerk of this Court
5 the filing or transfer of any case which might not properly be consolidated as part of this
6 Consolidated Action.

7 A Master Docket and Master File shall be established for the Consolidated Action. The
8 Master File shall be No. 3:22-cv-00105-SI. All orders, pleadings, motions, and other documents
9 shall, when filed and docketed in the Master File, be deemed filed and docketed in each individual
10 case to the extent applicable. When an order, pleading, motion, or document is filed with a caption
11 indicating that it is applicable to fewer than all individual actions in the Consolidated Action, the
12 clerk shall file such pleadings in the Master File and note such filing in the Master Docket and in
13 the docket of each action referenced.

## II. Lead Plaintiff

The Private Securities Litigation Reform Act of 1995 ("PSLRA") is "intended to encourage the most capable representatives of the plaintiff class to participate in class action litigation and to exercise supervision and control of the lawyers for the class." Joint Explanatory Statement of the Committee of Conf., Conference Report on Sec. Litig. Reform, H.R. Conf. Rep. No. 104-39 at 32 (1995). Under the PSLRA, all proposed lead plaintiffs must submit a sworn certification setting forth certain facts designed to assure the Court that the plaintiff has suffered more than a nominal loss, is not a professional litigant, and is otherwise interested and able to serve as a class representative. 15 U.S.C. § 78u-4(a)(2)(A).

The Court must determine which proposed plaintiff is the "most adequate plaintiff." *Id*. at § 78u-4(a)(3)(B)(I). The Court considers whether timely and complete notice of the action was published, losses suffered by plaintiffs, and whether plaintiffs satisfy Federal Rule of Civil Procedure 23(a). *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002).

The Court has reviewed the revised proposal for appointment of Yu and Dugan as co-lead

1   plaintiffs and is satisfied that their joint appointment will ensure that the class is adequately
2   represented. Timely and complete notice of this action was published on January 7, 2022, and Yu
3   and Dugan have the largest and second largest financial interests in this litigation. Yu and Dugan
4   have filed declarations stating that they are committed to serving together in a co-lead capacity and
5   to participating in discovery and the prosecution of this litigation. Yu states that during a period of
6   any travel restrictions, he will participate in court proceedings, including a deposition, via Zoom
7   video conference or any other form of electronic telecommunication, and that "once the restrictions
8   regarding travel are lifted by the Chinese government, I will be able to make myself available in the
9   United States for in-person testimony for either purposes of deposition or trial." Yu Decl. ¶ 5 (Dkt.
10  No. 54-2). As the Court stated at the hearing, if defendants encounter any logistical difficulties with
11  conducting discovery on Mr. Yu, defendants shall so notify the Court and the Court will reevaluate
12  Mr. Yu's ability to serve as co-lead plaintiff.

## III.    Lead Counsel

Once the court has designated a lead plaintiff, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). In appointing lead counsel, the Court considers the competency of class counsel as a part of the lead plaintiff's adequacy assessment. *Casden v. HPL Techs., Inc.*, No. C-02-3510 VRW, 2003 WL 27164914 (N.D. Cal. Sept. 29, 2003).

The Court hereby appoints Pomerantz LLP and Bleichmar Fonti & Auld LLP as co-lead counsel. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel who Lead Counsel shall designate, *inter alia*:

(a) to coordinate the briefing and argument of motions;

(b) to coordinate the conduct of discovery proceedings;

(c) to coordinate the examination of witnesses in depositions;

(d) to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

(e) to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

(f) to coordinate all settlement negotiations with counsel for defendants;

(g) to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

(h) to supervise any other matters concerning the prosecution, resolution, or settlement of this Consolidated Action.

No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Plaintiffs and Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Plaintiffs and Lead Counsel.

Counsel in any related action that is consolidated with the Consolidated Action shall be bound by the organization of plaintiffs' counsel set forth herein. Lead Counsel shall be the contact between plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

Defendants shall effect service of papers on plaintiffs by serving a copy of same on Lead Counsel by overnight mail service, electronic or hand delivery, or ECF. Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery, or by ECF on counsel for registered parties.

During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

**IT IS SO ORDERED**.

Dated: June 3, 2022

SUSAN ILLSTON
United States District Judge