COOLEY LLP
Patrick E. Gibbs (183174)
(pgibbs@cooley.com)
Shannon M. Eagan (212830)
(seagan@cooley.com)
Samantha A. Kirby (307917)
(skirby@cooley.com)
Jessie Simpson LaGoy (305257)
(jsimpsonlagoy@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Attorneys for Defendants Talis Biomedical Corporation,
Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond
Cheong, Melissa Gilliam, Rustem F. Ismagilov,
Kimberly J. Popovits, Matthew L. Posard, Randal Scott,
and Robert J. Kelley*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT** |
| ALL ACTIONS | |
| | Date:       November 4, 2022 |
| | Time:       10:00 A.M. |
| | Courtroom:  1 |
| | Judge:      Hon. Susan Illston |

COOLEY LLP

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Talis Biomedical Corporation, Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, Randal Scott, and Robert J. Kelley ("Defendants") respectfully request that the Court incorporate by reference and/or take judicial notice of the documents identified below, submitted in support of Defendants' Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint (the "Motion") and attached to the accompanying Declaration of Samantha A. Kirby (the "Kirby Declaration").

The Court's consideration of these documents is crucial to its evaluation of the Consolidated Class Action Complaint ("CC" or "Complaint"). Some of these documents supply critical context for the statements challenged in the Complaint. Others demonstrate what information Defendants disclosed to the market when the Company went public and during the subsequent proposed Class Period, and others yet reflect the market's reaction to those disclosures. Consideration of these documents for such purposes is appropriate under both the incorporation by reference and judicial notice doctrines.

## I.    DOCUMENTS SUBJECT TO THIS REQUEST[1]

| Ex. | Description | Basis | ¶¶ |
|---|---|---|---|
| A. | Talis press release dated July 31, 2020 | IBR/JN | ¶ 33 |
| B. | Excerpts of Talis's Final Amended Registration Statement on Form S-1/A, filed with the U.S. Securities and Exchange Commission ("SEC") on February 11, 2021 | IBR/JN | ¶¶ 4, 8, 10, 11, 44, 58, 69, 70, 146-151, 153-156, 158-161, 166-167, 216 |
| C. | Form 8-K and attached press release, filed with the SEC on March 8, 2021 | IBR/JN | ¶¶ 9, 12, 75 |
| D. | Excerpts of Talis's annual report on Form 10-K for fiscal year 2020, filed with the SEC on March 30, 2021 | IBR/JN | ¶¶ 80, 185-186 |
| E. | Form 8-K and attached press release, filed with the SEC on May 11, 2021 | IBR/JN | ¶¶ 85, 90 |
| F. | Transcript of Talis's First Quarter 2021 Earnings Conference Call dated May 11, 2021 | IBR/JN | ¶¶ 87-90, 189-191 |

---

[1] Attached to the Kirby Declaration are true and correct copies of each exhibit, highlighted for the Court's convenience.

COOLEY LLP

DEFS.' REQUEST FOR JUDICIAL NOTICE
CASE NO. 22-CV-00105-SI

| Ex. | Description | Basis | ¶¶ |
|---|---|---|---|
| G. | Excerpts of Talis's quarterly report on Form 10-Q for the first quarter of 2021, filed with the SEC on May 13, 2021 | IBR/JN | ¶¶ 86, 90, 187-188 |
| H. | Form 8-K and attached press release, filed with the SEC on August 10, 2021 | IBR/JN | ¶¶ 96, 192-193 |
| I. | Excerpts of Talis's quarterly report on Form 10-Q for the second quarter of 2021, filed with the SEC on August 10, 2021 | IBR/JN | ¶¶ 194-196 |
| J. | Transcript of Talis's Second Quarter 2021 Earnings Conference Call dated August 10, 2021 | IBR/JN | ¶¶ 92-95, 98-99, 197-199 |
| K. | Talis press release dated August 30, 2021 | IBR/JN | ¶¶ 16, 101 |
| L. | Transcript of Talis's Third Quarter 2021 Earnings Conference Call dated November 15, 2021 | IBR/JN | ¶¶ 104, 203-206 |
| M. | Excerpts of Talis's quarterly report on Form 10-Q for the third quarter of 2021, filed with the SEC on November 16, 2021 | IBR/JN | ¶¶ 102, 200-202, 204 |
| N. | Talis press release dated December 8, 2021 | IBR/JN | ¶¶ 17, 105 |
| O. | Transcript of Talis's Fourth Quarter 2021 Earnings Conference Call dated March 15, 2022 | IBR/JN | ¶¶ 107-110, 193, 228 |
| P. | Excerpts of Talis's annual report on Form 10-K for fiscal year 2021, filed with the SEC on March 15, 2022 | IBR/JN | ¶¶ 111, 156, 208 |
| Q. | Form 8-K and attached press release filed with the SEC on March 15, 2022 | IBR/JN | ¶¶ 112, 232 |
| R. | Analyst report published by Bank of America dated March 15, 2022 | IBR/JN | ¶ 253 |
| S. | Analyst report published by JP Morgan dated March 15, 2022 | IBR/JN | ¶ 253 |
| T. | Transcript of Talis's First Quarter 2022 Earnings Conference Call dated May 10, 2022 | IBR/JN | ¶¶ 114-116, 228 |

## II.    ARGUMENT

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Defendants ask the Court to consider 20 documents in deciding the Motion. There can be no dispute that the Court's consideration of these documents is

COOLEY LLP

appropriate.  Exhibits A through T are SEC filings, press releases, earnings call transcripts, and analyst reports that are properly incorporated in the Complaint.  The Court may also consider all of these exhibits per Federal Rule of Evidence 201, which permits the Court to take judicial notice of certain publicly available and accurate information that is not subject of reasonable dispute.

**A. The Court Should Deem The Documents Plaintiffs Refer To And Rely Upon To Be Incorporated By Reference Into The Complaint (Exhibits A – T)**

A document may be incorporated into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Even if the plaintiff "does not explicitly allege the contents of [a particular] document in the complaint," a document may still be deemed incorporated in a complaint by reference where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document[.]"  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  The incorporation doctrine exists to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  *Khoja*, 899 F.3d at 1002.  The Supreme Court has accordingly emphasized the importance of considering such documents in deciding motions to dismiss in securities class actions.  *See Tellabs*, 551 U.S. at 222.  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents."  *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation omitted); *see also Khoja*, 899 F.3d at 1003.

The Court should consider Exhibits A – T under the incorporation by reference doctrine because Plaintiffs explicitly and repeatedly rely on these documents and/or these documents form the basis of their claims.  *See Khoja*, 899 F.3d at 1002.  These documents are forms filed with the SEC, transcripts of Talis's earnings calls, Talis press releases, and two analyst reports.  Defendants provide the full text (or substantial, relevant excerpts) so the Court may consider Plaintiffs' citations and allegations in context.  *See, e.g.*, *Khoja*, 899 F.3d at 1002; *In re Silicon Storage Tech., Inc. Sec.*

*Litig.*, 2006 WL 648683, at *2 (N.D. Cal. Mar. 10, 2006) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim.").

Specifically, Exhibits A through T form the basis of Plaintiffs' false and misleading statement allegations. Exhibits B, D–J, L, and M contain the statements Plaintiffs challenge as false or misleading. As such, it is critical that the Court consider those exhibits in their entirety when ruling on the Motion because the alleged misstatements "must be analyzed in context." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4, 1408 (9th Cir. 1996) (citation omitted); *In re Wells Fargo Mortgage-Backed Certificates Litig.*, 712 F. Supp. 2d 958, 971 n.3 (N.D. Cal. 2010) (incorporating by reference the defendant company's offering documents containing statements challenged under Section 11); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (incorporating by reference a press release containing "[s]everal of the allegedly false statements" and a Form 10-Q including statements alleged to be "false and misleading" from which plaintiff quoted a "large passage"). Exhibits C, O, P, and T contain later statements made by Defendants that Plaintiffs allege constitute admissions or revealed information reflecting that the challenged statements were false or misleading, and thus form the basis of their claims. Similarly, Exhibits R and S are analyst reports Plaintiffs rely on to demonstrate how the market reacted to certain of these alleged admissions, and are properly incorporated by reference for the same reason.[2] *Cf. Khoja*, 899 F.3d at 1004 (district court did not abuse its discretion by incorporating analyst reports forming the basis of the plaintiff's claim that the market relied on challenged statements).

Further, Exhibits A, K, N, and Q form the basis of Plaintiffs' scienter allegations. Plaintiffs rely on the government contract and officer departures announced in these press releases to support their scienter allegations. (¶¶ 33, 220-222, 230-232.) The Court should incorporate these exhibits based on the Supreme Court's holding that, when analyzing whether a complaint pleads a strong inference of scienter, the inquiry is "whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets

---

[2] The CC also states that Plaintiffs' allegations are based on "among other things . . . review of other publicly available information concerning Talis, including research reports issued by financial analysts[.]" (CC at 1.)

COOLEY LLP

that standard." *Tellabs*, 551 U.S. at 322–23. "All" of the facts, in this context, include not just the facts alleged within the four corners of the complaint, but also "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.*; *see also In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (incorporating exhibits by reference because plaintiffs referred to them "explicitly as the ground for [company's] false statements and scienter").

Finally, Defendants' use of Exhibits A through T is fully consistent with the Ninth Circuit's holding that courts may assume the truth of facts in a document incorporated by reference, as long as those facts are not used to dispute well-pled facts in the complaint. *Khoja*, 899 F.3d at 1003. As such, these exhibits are properly incorporated by reference, and Defendants' use of them is also proper.

### B. The Court Should Take Judicial Notice Of All Documents Submitted By Defendants (Exhibits A – T)

Judicial notice is appropriate for facts "not subject to reasonable dispute" that are either generally known within the jurisdiction of the trial court or are capable of accurate and ready determination by resort to "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is a ground separate from the doctrine of incorporation by reference (which, as set forth above, is a sufficient basis for the Court to consider Exhibits A–T), as it extends to "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820-21 (C.D. Cal. 1998) (emphasis added). Courts routinely take judicial notice of "publicly available financial documents[,] such as SEC filings[,]" and "publicly available articles or other news releases of which the market was aware." *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (courts may consider "any matter subject to judicial notice, such as SEC filings" on a motion to dismiss); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("On a motion to dismiss, [the court] may consider . . . matters of public record"). As discussed below, the Court should take judicial notice of these Exhibits to "indicate what was in the public realm at the time."

*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted).

**SEC Filings.**  "In a securities fraud action, the court may take judicial notice of public records outside the pleadings, including SEC filings." *In re Nuko Info. Sys., Inc. Sec. Litig.*, 199 F.R.D. 338, 341 (N.D. Cal. 2000); *see also Dreiling*, 458 F.3d at 946 n.2.  Exhibits B–E, G–I, M, P, and Q are publicly available SEC filings, and are thus the proper subject of judicial notice.

**Earnings Call Transcripts.**  The Court may also take judicial notice of earnings call transcripts.  *See In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019) (judicial notice appropriate for publicly available transcripts of conference calls); *see also In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010).  Exhibits F, J, L, O, and T are earnings call transcripts that the Court should take judicial notice of to "indicate what was in the public realm at the time."  *Von Saher*, 592 F.3d at 960 (citation omitted).

**Analyst Reports.**  Courts "routinely take judicial notice of analyst reports," not for the truth of the matter, but to determine what the market was aware of and "what was or was not discussed in the public realm."  *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011).  Exhibits R and S are analyst reports the Court may take judicial notice of "to establish whether and when certain information was provided to the market."  *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) (citation omitted); *see also see Par Inv. Partners, L.P. v. Aruba Networks, Inc.*, 681 F. App'x 618, 620 n.1 (9th Cir. 2017) (taking judicial notice of analyst report).

**Press Releases.**  The Court should also take judicial notice of Exhibits A, K, and N, press releases that are publicly available on Talis's web page.  *See Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (taking judicial notice of press releases); *Jui-Yang Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017) (same).

## III.    CONCLUSION

For the foregoing reasons, Defendants request that this Court consider Exhibits A through T under the incorporation by reference doctrine and/or take judicial notice of Exhibits A through T.

COOLEY LLP

DEFS.' REQUEST FOR JUDICIAL NOTICE
CASE NO. 22-CV-00105-SI

Dated:  August 5, 2022

COOLEY LLP


By:      /s/ Patrick E. Gibbs
              Patrick E. Gibbs

*Attorneys for Defendants Talis Biomedical Corporation, Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, Randal Scott, and Robert J. Kelley*