**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (Bar No. 191305)
555 12th Street, Suite 1600
Oakland, California 94607
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

*Counsel for Co-Lead Plaintiff Martin Dugan*
*and Co-Lead Counsel for the Putative Class*

**POMERANTZ LLP**
Jennifer Pafiti (Bar No. 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665

*Counsel for Co-Lead Plaintiff Leon Yu*
*and Max Wisdom Technology Limited and*
*Co-Lead Counsel for the Putative Class*

*[Additional counsel on signature page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 3:22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **CO-LEAD PLAINTIFFS' PARTIAL OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS OTHER THAN THE CONSOLIDATED COMPLAINT** |
| ALL ACTIONS | |
| | Date:         November 4, 2022 |
| | Time:         10:00 A.M. |
| | Courtroom:  1 |
| | Judge:        Hon. Susan Illston |

Court-appointed Co-Lead Plaintiffs Martin Dugan, Leon Yu, and Max Wisdom Technology Limited (together, "Plaintiffs") respectfully submit this partial objection to Defendants' Request for Judicial Notice and Consideration of Documents Incorporated by Reference in Support of Defendants' Motion to Dismiss Plaintiffs' Consolidated Complaint (Dkt. 84) (the "Request").

## I.    INTRODUCTION

Defendants' Request asks the Court to consider twenty documents other than the Consolidated Class Action Complaint (the "CC") in adjudicating Defendants' motion to dismiss (the "MTD").[1]

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citation omitted). Consideration of matters outside the pleading converts a 12(b)(6) motion into a motion for summary judgment unless the external matters are considered under the incorporation-by-reference doctrine or judicial notice under Federal Rule of Evidence 201.  *Id*.  The Ninth Circuit has "note[d] a concerning pattern in securities cases like this one: exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage."  *Id*.  Accordingly, the consideration of documents pursuant to judicial notice or the incorporation-by-reference doctrine must be carefully limited to avoid "premature dismissals of plausible claims that may turn out to be valid after discovery." *Id*.

Plaintiffs do not oppose the Court's consideration—for properly limited purposes—of fifteen of the twenty documents subject to the Request.  Five of the documents, however, were not incorporated by reference in the CC and therefore may not be judicially noticed and considered by the Court.  Specifically, Exhibits R and S are analyst reports that were not quoted extensively in the CC and do not form the basis of Plaintiffs' claims, and thus are not incorporated by reference in the CC. Defendants have not identified any judicially noticeable facts to be drawn from these two exhibits, and consideration of these two (of many) analyst reports cannot "determine what the market was aware

---

[1] The Exhibits referenced herein were filed by Defendants as exhibits to the Declaration of Samantha A. Kirby (ECF No. 83).

of" as Defendants argue (Request at 7), particularly at this stage of the litigation.

Similarly, Exhibits K, N, and T are two press releases and one earnings call transcript that were not quoted extensively (or at all), do not form the basis of the claims, and are not judicially noticeable, yet Defendants improperly attempt to use these documents to dispute the CC's factual allegations.

The remaining fifteen documents may be considered only for the limited purpose of establishing that particular statements were made, and not for the truth of such statements.

Finally, Defendants also offer Exhibit U, a purported "Summary of Alleged Misstatements" containing additional attorney argument, that the Court should disregard because it exceeds the arguments set forth in the MTD itself.

## II.    ARGUMENT

### A.    Five Exhibits Were Not Incorporated by Reference and Are Not Subject to Judicial Notice

"[A] defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Khoja*, 899 F.3d at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)).  Five exhibits fail to meet this standard.

#### (1)    Exhibits R and S:  Analyst Reports

Exhibits R and S, analyst reports published on March 15, 2022, were not incorporated by reference in the CC.  These documents were quoted in a single paragraph of the CC (¶ 253), which "is not sufficiently extensive under *Ritchie*."  *Khoja*, 899 F.3d at 1003.  After all, "[f]or 'extensively' to mean anything under *Ritchie*, it should, ordinarily at least, mean more than once."  *Id.*

Furthermore, Exhibits R and S do not "form the basis of [Plaintiffs'] claims."  *Khoja*, 899 F.3d at 1005.  "These exhibits are referenced in passing . . . to convey plaintiff's interpretation of analyst sentiments."  *Immanuel Lake v. Zogenix, Inc.*, No. 19-CV-01975-RS, 2020 WL 3820424, at *5 (N.D. Cal. Jan. 27, 2020).  "To set so low a bar for 'forming the basis of [plaintiff's] claims' would reduce *Khoja*'s admonition to empty words."  *Id.*  Thus, Exhibits R and S are not incorporated by reference in the CC.

Neither are Exhibits R and S properly subject to judicial notice.  Federal Rule of Evidence

CO-LEAD PLAINTIFFS' PARTIAL OBJECTION TO DEFENDANTS' REQ. FOR JUDICIAL NOTICE
Case No. 3:22-cv-105-SI

201 allows the Court to take judicial notice of an adjudicative fact "that is not subject to reasonable dispute because it[] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Defendants do not identify any particular facts set forth in these exhibits that are properly subject to judicial notice. Instead, Defendants appear to use the two analyst reports to contest the materiality of their false statement that Talis had "ordered 5,000 instruments" when it had merely ordered "components." Defendants argue that "neither of the analyst reports Plaintiffs rely on to show the market's reaction to the March 2022 disclosures mention the supposedly material 'admission' that Talis ordered 'components.'" MTD at 18 n.22. This argument does not warrant judicial notice of Exhibits R and S for three reasons.

First, Defendants' contention was made solely in a footnote of the MTD and thus was waived. *Cheever v. Huawei Device USA, Inc.*, 2019 WL 8883942, at *3 (N.D. Cal. Dec. 4, 2019). Since Defendants' substantive argument is waived, their request for judicial notice to support it is moot.

Second, Defendants concede that these documents may *not* be considered "for the truth of the matter, but [*only*] to determine what the market was aware of and 'what was or was not discussed in the public realm.'" Request at 7 (quoting *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011)).[2] However, Defendants seek to use the analyst reports not to show whether certain information was public, but to challenge materiality. To do so would be improper, particularly since materiality determinations "require[] delicate assessments of the inferences a 'reasonable shareholder' would draw from a given set of facts and the significance of those inferences to him, and these assessments are peculiarly ones for the trier of fact." *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 450 (1976). Defendants can hardly define the "total mix" of information, *id.* at 449, from two analyst reports at the pleading stage.

Third, while Defendants' materiality argument is fact-intensive and cannot be resolved at this stage, the analyst reports confirm materiality. The fact that Talis had only ordered components, and

---

[2] Defendants also cite *In re Energy Recovery Inc. Sec. Litig.*, which denied a request for judicial notice of analyst reports, reasoning that such documents "may only be considered when they are submitted to establish 'whether and when certain information was provided to the market.'" 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) (citation omitted). Here, the MTD instead attempts to rely on Exhibits R and S to challenge materiality.

CO-LEAD PLAINTIFFS' PARTIAL OBJECTION TO DEFENDANTS' REQ. FOR JUDICIAL NOTICE
Case No. 3:22-cv-105-SI

not "5,000 instruments," significantly contributed to the continued manufacturing delays noted in these analyst reports and their reduction or withdrawal of price targets for Talis common stock. *See* Ex. R (Bank of America report titled "Manufacturing snafus further delay TLIS' timeline," addressing "disappointing product yield and consistency of manufacturing processes" and "likely delay [of] the phased commercial launch"; $3.00 price target reduced to $1.50); Ex. S (JPMorgan report citing Talis having "no timelines in place for commercialization," "challenges to manufacture at scale," "challenges with supplier product performance," and "unresolved manufacturing scale-up issues"; $6 price target withdrawn). Thus, these exhibits *support* the allegations that Defendants' misstatement that Talis had "ordered 5,000 instruments" was material.[3]

### (2)     Exhibits K, N, and T:  Press Releases and Earnings Call

Exhibits K, N, and T were not incorporated by reference in the CC.  Exhibit K, a Talis press release, was not quoted in the CC at all.  The CC quotes Exhibit N, another press release, to establish that Brian Blaser left Talis only one week after beginning as Chief Executive Officer (CC, ¶ 105), while alleging that Blaser left due to "major fraud" (*id.*), not due to "personal matters" as Defendants argue (MTD at 9 n.10).  Similarly, the CC refers to statements in the earnings call transcript submitted as Exhibit T (CC, ¶¶ 114-116), but does not accept Defendants' assertion that Talis "was able to make adjustments that yielded improvements, including reducing the invalid rate" (MTD at 10).  "The incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Khoja*, 899 F.3d at 1014; *see also id.* at 1002 (defendants cannot use incorporation by reference "to insert their own version of events into the complaint").

Exhibits K, N, and T also are not subject to judicial notice.  While Defendants ostensibly seek judicial notice to "indicate what was in the public realm at the time," Request at 6-7 (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)), instead, the

---

[3] Defendants cite as well to *Par Investment Partners, L.P. v. Aruba Networks, Inc.*, an unpublished decision that without analysis granted an (apparently unopposed) request for judicial notice only "for the limited purpose of determining what information was disclosed to the public during the class period." 681 F. App'x 618, 620 n.1 (9th Cir. 2017).  But, as already discussed, the MTD seeks to use Exhibits R and S for the different purpose of contesting materiality.

4

MTD employs Exhibits K, N, and T to contest the CC's allegations, as explained above. This is improper. Given that Plaintiffs allege Defendants made material misrepresentations, these documents are not "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Defendants may not introduce them to dispute the CC's allegations. *See Khoja*, 899 F.3d at 1000 (abuse of discretion to judicially notice investor call transcript "to determine what the investors knew" where "[r]easonable people could debate what exactly this conference call disclosed"); *Elec. Workers Pension Fund, Loc. 103, I.B.E.W. v. HP Inc.*, No. 20-CV-01260-SI, 2021 WL 1056549, at *3 (N.D. Cal. Mar. 19, 2021) ("The Court does not take judicial notice of the truth of the contents that are subject to reasonable dispute."); *Park v. GoPro, Inc.*, No. 18-CV-00193-EMC, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) ("[B]ecause the truth of these statements is contested, the Court takes notice that the statements were made but does not accept the truth of the matter asserted.").

**B.     The Remaining Fifteen Exhibits May Not Be Considered for the Truth of their Contents**

As to the remaining fifteen exhibits, Defendants' MTD largely appears to use the exhibits only to reference what Defendants stated in SEC filings and earnings calls. Plaintiffs do not object to judicial notice solely to show what was in the "public realm."

To the extent Defendants seek to use the fifteen exhibits for their truth, however, Plaintiffs object. Neither Federal Rule of Evidence 201 nor the doctrine of incorporation by reference permits Defendants to use materials outside the pleadings for their truth to contest the factual allegations in the CC. Rather, because Plaintiffs allege that Defendants made material misstatements in SEC filings and earnings calls, such exhibits are not "sources whose accuracy cannot reasonably be questioned" and thus are not proper subjects of judicial notice for their truth. Fed. R. Evid. 201(b); *see also HP*, 2021 WL 1056549 at *3. Thus, the incorporation-by-reference doctrine must yield to "the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Khoja*, 899 F.3d at 1014; *see also GoPro*, 2019 WL 1231175 at *6.

Further, while Federal Rule of Evidence 201 permits judicial notice of facts, Defendants do not identify any specific facts set forth in these documents that they wish the Court to notice. *See, e.g.*, Request at 7 (broadly seeking judicial notice of SEC filings and press releases without identifying any

5

facts contained therein).

**C.    Defendants' Exhibit U Should Be Disregarded to the Extent That It Exceeds the Scope of the MTD**

Finally, Exhibit U is a purported "Summary of Alleged Misstatements" prepared by Defendants' counsel.  While Defendants have not requested judicial notice of Exhibit U, Plaintiffs object to its right-hand column, titled "Summary of Arguments in Motion to Dismiss For Why Statement Is Not Actionable," which consists of attorney argument.  Despite Defendants' claim that this column "presents no new or additional argument" (Ex. U at 1 n.2), it appears to deviate from the arguments presented in Defendants' MTD.  For example, Exhibit U claims the statements that Talis "ordered 5,000 instruments" are both "[n]ot material" and "[n]ot adequately alleged to be materially false or misleading when made" (Ex. U at 16), but the MTD only challenges these statements' materiality, not falsity (MTD at 17-18).  To the extent Exhibit U presents argument not contained in the MTD, it must be disregarded.

**III.    CONCLUSION**

For the reasons stated above, Defendants' Request should be partially denied.

Dated: September 16, 2022

Respectfully submitted,

By: */s/ Jonathan D. Park*
**POMERANTZ LLP**
Jennifer Pafiti (Bar No. 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

Jeremy A. Lieberman (*pro hac vice* application forthcoming)
J. Alexander Hood II (*pro hac vice*)
James M. LoPiano (*pro hac vice*)
Jonathan D. Park (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

6

jpark@pomlaw.com

*Counsel for Co-Lead Plaintiff Leon Yu and Max Wisdom Technology Limited and Co-Lead Counsel for the Putative Class*

**BLEICHMAR FONTI & AULD LLP**
Joseph A. Fonti (*pro hac vice*)
jfonti@bfalaw.com
Evan A. Kubota (*pro hac vice*)
ekubota@bfalaw.com
7 Times Square, 27th Floor
New York, New York 10036
Tel: (212) 789-1340
Fax: (212) 205-3960

– and –

Lesley E. Weaver (Bar No. 191305)
lweaver@bfalaw.com
555 12th Street, Suite 1600
Oakland, California 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020

*Counsel for Co-Lead Plaintiff Martin Dugan and Co-Lead Counsel for the Putative Class*

**THE SCHALL LAW FIRM**
Brian Schall (Bar No. 290685)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Co-Lead Plaintiff Martin Dugan*

7

CO-LEAD PLAINTIFFS' PARTIAL OBJECTION TO DEFENDANTS' REQ. FOR JUDICIAL NOTICE
Case No. 3:22-cv-105-SI