**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (Bar No. 191305)
555 12th Street, Suite 1600
Oakland, California 94607
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

*Counsel for Co-Lead Plaintiff Martin Dugan*
*and Co-Lead Counsel for the Putative Class*

**POMERANTZ LLP**
Jennifer Pafiti (Bar No. 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665

*Counsel for Co-Lead Plaintiff Leon Yu*
*and Max Wisdom Technology Limited and*
*Co-Lead Counsel for the Putative Class*

*[Additional counsel on signature page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 3:22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **CO-LEAD PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** |
| ALL ACTIONS | Date:          November 4, 2022 |
| | Time:          10:00 A.M. |
| | Courtroom:  1 |
| | Judge:        Hon. Susan Illston |

Court-appointed Co-Lead Plaintiffs Martin Dugan, Leon Yu, and Max Wisdom Technology Limited (together, "Plaintiffs") respectfully request that the Court take judicial notice of the documents identified below (the "Exhibits"), submitted in connection with Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss the Consolidated Complaint.

The Court's consideration of the Exhibits is necessary to provide context to the arguments made in Defendants' motion to dismiss (ECF No. 83) ("MTD") and to provide a complete picture in light of the twenty documents subject to Defendants' request for judicial notice (ECF No. 84), including with respect to developments occurring after the filing of the Consolidated Complaint.

Plaintiffs request that the Court take judicial notice of the following eight Exhibits attached to the accompanying declaration of Jonathan D. Park:

| Exhibit | Description |
| --- | --- |
| A | Transcript of Virtual Town Hall event convened by the U.S. Food and Drug Administration ("FDA") on September 16, 2020 |
| B | Transcript of Virtual Town Hall event convened by the U.S. Food and Drug Administration ("FDA") on December 2, 2020 |
| C | *SARS-CoV-2 is detectable using sensitive RNA saliva testing days before viral load reaches detection range of low-sensitivity nasal swab tests*, available at https://www.scienceopen.com/document_file/db5c4df6-ef05-40fd-b700-a7df27233737/PubMedCentral/db5c4df6-ef05-40fd-b700-a7df27233737.pdf (April 7, 2021) |
| D | Separation and Consulting Agreement between Talis and Brian Coe dated August 28, 2021, filed by Talis with the SEC on November 16, 2021 |
| E | *Quantitative SARS-CoV-2 Viral-Load Curves in Paired Saliva Samples and Nasal Swabs Inform Appropriate Respiratory Sampling Site and Analytical Test Sensitivity Required for Earliest Viral Detection*, available at https://journals.asm.org/doi/pdf/10.1128/jcm.01785-21 (February 2022) |
| F | Form 8-K and attached press release, filed by Talis Biomedical Corporation ("Talis") with the U.S. Securities and Exchange Commission ("SEC") on August 2, 2022 |
| G | Excerpts of Talis's quarterly report on Form 10-Q for the second quarter of its fiscal year 2022, filed by Talis with the SEC on August 2, 2022 |
| H | Form 8-K filed by Talis with the SEC on August 15, 2022 |

**I.    ARGUMENT**

"[M]atters of which a court may take judicial notice" are properly considered in adjudicating a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6).  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'"  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)).  "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'"  *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)(1)–(2)).

Plaintiffs request that the Court take judicial notice of the Exhibits for the fact that certain statements contained therein were made.  That those statements were made is a matter of public record and thus is properly the subject of judicial notice.  *Elec. Workers Pension Fund, Loc. 103, I.B.E.W. v. HP Inc.*, No. 20-CV-01260-SI, 2021 WL 1056549, at *3 (N.D. Cal. Mar. 19, 2021) (granting requests for judicial notice of matters of public record); *see also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of documents as "indication of what information was in the public realm").

Exhibits A and B:  These Exhibits are published transcripts of virtual "Town Hall" events held by the U.S. Food and Drug Administration ("FDA") in September and December of 2020, and publicly available on the FDA website.  Plaintiffs request that the Court take judicial notice of certain statements made at these events by FDA representatives, which are highlighted (with the questions to which they respond) for the Court's convenience.  *See* Ex. A at 6-7; Ex. B at 19-20.  These statements are relevant to Defendants' arguments in the MTD concerning the inadequate comparator assay Talis used in applying for an FDA emergency use authorization ("EUA") for its Talis One COVID-19 test. As statements of FDA guidance available on the FDA's website, these documents may be judicially noticed.  *U.S. ex rel. Modglin v. DJO Global Inc.*, 48 F. Supp. 3d 1362, 1382 (C.D. Cal. 2014).

Exhibits C and E:  These Exhibits are a prepublication and publication version, respectively, of an academic article co-authored by Defendant Rustem F. Ismagilov.  Plaintiffs request that the Court take judicial notice that certain statements were made therein, including with regard to whether

2

a COVID test is "high-sensitivity" or "low-sensitivity," that are relevant to Defendants' arguments in the MTD about Talis's inadequate comparator assay. The relevant statements are highlighted for the Court's convenience. *See* Ex. C at 1-3, 7, 8; Ex. D at 1-2, 5. The fact that these statements were made is "not subject to reasonable dispute" and can be "accurately and readily determined" from these two sources whose accuracy as to this fact cannot be questioned. Fed. R. Evid. 201(b); *see also Bais Yaakov of Spring Valley v. Alloy, Inc.*, 936 F. Supp. 2d 272, 278 (S.D.N.Y. 2013) (taking judicial notice of journal article's publication).

Exhibit D: This Exhibit is a Separation and Consulting Agreement between Talis and its former Chief Executive Officer, Defendant Brian Coe. In the MTD, Defendants argue that Coe agreed to serve as an advisor to Talis following his resignation. To provide context to that assertion, Plaintiffs offer the agreement between Talis and Coe, and seek judicial notice of its non-compete provision and provision stating that Coe would be paid $31,250 per month in "Consulting Fees" regardless of whether he provided any services (both highlighted for the Court's convenience). *See* Ex. D, § 3(d)(i), 3(g). Talis filed this agreement with the SEC during the Class Period, making it judicially noticeable. *In re Nuko Info. Sys., Inc. Sec. Litig.*, 199 F.R.D. 338, 341 (N.D. Cal. 2000).

Exhibits F, G, and H: These three Exhibits were filed by Talis with the SEC after the Class Period and after Plaintiffs filed the Complaint. They contain statements concerning Talis's withdrawal of the Talis One COVID-19 test and request that the FDA revoke its EUA, and provide necessary context for the May 10, 2022 earnings call transcript that Defendants have requested the Court consider when adjudicating the MTD. *See* Declaration of Samantha Kirby (ECF No. 83-1), Ex. T. Though Exhibits F and G were filed with the SEC before Defendants filed the MTD, they were not mentioned in the MTD. The pertinent statements in these Exhibits are highlighted for the Court's convenience. *See* Ex. F at 4; Ex. G at 18-19; Ex. H at 2. These SEC filings are properly subject to judicial notice. *Nuko*, 199 F.R.D. at 341.

II.    **CONCLUSION**

For the reasons stated above, Plaintiffs request that the Court take judicial notice of the Exhibits and the statements made therein.

CO-LEAD PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:22-cv-00105-SI

Dated: September 16, 2022

Respectfully submitted,

By: /s/ Jonathan D. Park
**POMERANTZ LLP**
Jennifer Pafiti (Bar No. 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

Jeremy A. Lieberman (*pro hac vice* application forthcoming)
J. Alexander Hood II (*pro hac vice*)
James M. LoPiano (*pro hac vice*)
Jonathan D. Park (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com
jpark@pomlaw.com

*Counsel for Co-Lead Plaintiff Leon Yu and Max Wisdom Technology Limited and Co-Lead Counsel for the Putative Class*

**BLEICHMAR FONTI & AULD LLP**
Joseph A. Fonti (*pro hac vice*)
jfonti@bfalaw.com
Evan A. Kubota (*pro hac vice*)
ekubota@bfalaw.com
7 Times Square, 27th Floor
New York, New York 10036
Tel: (212) 789-1340
Fax: (212) 205-3960

– and –

Lesley E. Weaver (Bar No. 191305)
lweaver@bfalaw.com
555 12th Street, Suite 1600
Oakland, California 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020

4

CO-LEAD PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:22-cv-00105-SI

*Counsel for Co-Lead Plaintiff Martin Dugan and Co-Lead Counsel for the Putative Class*

**THE SCHALL LAW FIRM**
Brian Schall (Bar No. 290685)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Co-Lead Plaintiff Martin Dugan*

CO-LEAD PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:22-cv-00105-SI