COOLEY LLP
Patrick E. Gibbs (183174)
(pgibbs@cooley.com)
Shannon M. Eagan (212830)
(seagan@cooley.com)
Samantha A. Kirby (307917)
(skirby@cooley.com)
Jessie Simpson LaGoy (305257)
(jsimpsonlagoy@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Attorneys for Defendants Talis Biomedical Corporation,
Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond
Cheong, Melissa Gilliam, Rustem F. Ismagilov,
Kimberly J. Popovits, Matthew L. Posard, Randal Scott,
and Robert J. Kelley*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **DEFENDANTS' OPPOSITION TO CO-LEAD PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** |
| ALL ACTIONS | Date: November 4, 2022<br>Time: 10:00 A.M.<br>Courtroom: 1<br>Judge: Hon. Susan Illston |

COOLEY LLP

## I.    INTRODUCTION

The fact that Plaintiffs have taken the unusual step of seeking judicial notice of documents extrinsic to the Consolidated Complaint reveals their discomfort with the Court assessing the CC on its own merits.[1]  Setting that aside, their request, too, is lacking.  Plaintiffs' Request for Judicial Notice (ECF 90) ("Plaintiffs' RJN") requests that the Court consider eight documents (Exhibits A–H) pursuant to Federal Rule of Evidence ("Rule") 201.  (Plaintiffs' RJN at 1–2.)  Five are not proper subjects of judicial notice.  Specifically, Exhibits C and E, a working draft and subsequently published version of an academic article, contain facts subject to reasonable dispute, and in any event, are not relevant to the claims they are offered to "support."  Exhibits F, G, and H postdate the CC and thus are inappropriate for judicial notice. As to the remaining Exhibits (A, B, and D), Defendants object to Plaintiffs' improper use of the documents for their truth.

## II.    ARGUMENT

Judicial notice is appropriate for facts "not subject to reasonable dispute" that are either generally known within the jurisdiction of the trial court or are capable of accurate and ready determination by resort to "sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  However, the Court may not consider "allegations [that] are not in Plaintiffs' complaint."  *Inchen Huang v. Higgins*, 2019 WL 1245136, at *13 (N.D. Cal. Mar. 18, 2019) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers . . . .") (citation omitted).  Moreover, in contrast with the doctrine of incorporation by reference, under which exhibits are "assumed to be true for purposes of a motion to dismiss," *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014), documents considered only under judicial notice may not be considered for the truth of their contents.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth").

---

[1] "Exhibits" as used herein refer to the exhibits to the Declaration of Jonathan D. Park in Opposition to Defendants' Motion to Dismiss Plaintiff's Consolidated Complaint.  (ECF 88-1); "Opposition" or "Opp." refers to Plaintiffs' Opposition to Defendants' Motion to Dismiss Plaintiffs' Consolidated Complaint (ECF 88); and citations to "¶" refer to paragraphs in Plaintiffs' Consolidated Class Action Complaint (ECF 74).

COOLEY LLP

1

**A.    Judicial Notice of Exhibits C and E (Academic Articles) Is Improper**

Exhibits C and E are not properly subject to judicial notice. As an initial matter, Exhibit C is a "*prepubli[shed]*" academic article (Plaintiffs' RJN at 2 (emphasis added)), and "was not certified by peer review." (Ex. C at 1.) As such, it does not contain facts that are either generally known within this jurisdiction or capable of accurate and ready determination by resort to "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Plaintiffs do not cite a single case (nor have Defendants located any) in support of their argument that judicial notice of prepublication drafts of journal articles is appropriate. Moreover, the authority they do cite (Plaintiffs' RJN at 3) states only that a court "may take judicial notice [of a journal article] for the *fact of its publication*, but *not for the truth of the statements* contained therein." *Bais Yaakov of Spring Valley v. Alloy*, *Inc.*, 936 F. Supp. 2d 272, 278 (S.D.N.Y. 2013) (emphasis added). The court goes on to "disregard" the article, because it was, in fact, not "relevant apart from its truth." *Id.* The same is true here. Plaintiffs do not simply ask the Court to consider the fact that Ismagilov co-authored an article about COVID-19 testing. They ask the Court to consider *the truth of the contents* of Exhibits C and E, specifically, stated views therein regarding thresholds of "high" and "low" sensitivity tests. (*See* Plaintiffs' RJN at 2–3; Opp. at 6 & n.3, 16.)

The Court should also decline to take judicial notice of Exhibits C and E because they post-date the relevant challenged statements. Courts may take judicial notice of journal articles "to indicate what was in the public realm *at the time*." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (emphasis added). Plaintiffs' RJN contends that Exhibits C and E are relevant to evaluating Defendants' arguments about the comparator assay. (*See* Plaintiffs' RJN at 2–3; Opp. at 6 & nn.3–4, 16.) But the comparator assay arguments relate only to statements that appear in Talis's Registration Statement, which became effective on February 11, 2021. Exhibit C was not "posted" until April 7, 2021, *two months after* Talis's IPO and the statements at issue. Exhibit E was published a *full year* after the IPO, in February 2022. Thus, neither Exhibit has any bearing on "what was in the public realm at the time" when the Registration Statement became effective.

Accordingly, judicial notice of Exhibits C and E is inappropriate, and in any event, cannot assist the Court in assessing the sufficiency of Plaintiffs' CC or the merits of their claims.

**B.    Judicial Notice of Exhibits F–H (SEC Filings Post-Dating the CC) is Improper**

Exhibit F, G, and H are also not properly subject to judicial notice.  There is no question that each postdates the filing of the CC on July 1, 2022.  Exhibits F and G were filed by Talis with the Securities and Exchange Commission ("SEC") on August 2, 2022, and Exhibit H was filed with the SEC on August 15, 2022.  Plaintiffs' attempt to amend their CC with these documents is inconsistent with the purposes of judicial notice (as well as the proper evaluation of whether a complaint states a claim under Rule 12(b)(6) and the PSLRA).

Courts in this district have noted that they are "aware of no authority that allows a plaintiff to request judicial notice of a document filed after the filing of the complaint to which the document allegedly pertains[.]" *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) (denying such a request).  This is particularly true "in the context of the PSLRA . . . [which] requires the Court to examine the ***complaint*** to determine whether there are sufficient allegations to state a claim for violation of the Exchange Act." *Id.* (emphasis in original).  Indeed, "[i]t is difficult to understand how documents not referenced in a complaint and on which the allegations of the complaint do not necessarily rely can be relevant to the Court's determination." *Id.* at 1076–77.

Plaintiffs' RJN admits that ***when*** a document is filed matters for purposes of judicial notice. (*See* Plaintiffs' RJN at 3 ("Talis filed [Exhibit D] with the SEC ***during the Class Period***, making it judicially noticeable.") (emphasis added).)  Because Exhibits F, G, and H were all filed after both the Class Period ***and*** the filing of the CC, they are not proper subjects of judicial notice.

**C.    Judicial Notice of Exhibits A and B (FDA Transcripts) and Exhibit D (Coe's Consulting Agreement) Is Improper For Their Truth**

Exhibits A, B, and D were publicly available prior to the filing of the CC, which includes allegations related to topics addressed in these documents (but did not refer to or rely on them). Namely, Plaintiffs pled that Coe's resignation was supportive of scienter (*e.g.*, ¶ 230), but did not address or rely on anything from Exhibit D (his Consulting Agreement).  And the CC included allegations about FDA guidance regarding comparator assays (*e.g.*, ¶ 67), but did not reference the

FDA Town Halls at all, let alone the specific transcripts in Exhibits A and B. Plaintiffs' RJN does not attempt to explain why it would be appropriate for the Court to consider these extraneous facts in determining whether the CC states a claim for relief.

Even if Exhibits A, B, and D may be considered under Rule 201 to demonstrate the information "of which the market was aware," Plaintiffs try to do more. *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017); *see also* Plaintiffs' RJN at 2. Specifically, Plaintiffs cite Exhibits A and B in their Opposition not merely to show what FDA representatives said publicly, but to imply that the transcripts revealed some truth about "well-established" FDA standards, such that Defendants should have known their comparator assay was "insufficient." (Opp. at 5 & n.2, 18; *see also* Opp. at 15–17.) Similarly, and though irrelevant for the reasons stated in Defendants' Reply (at 17–18), Plaintiffs do not cite Exhibit D merely for the fact that Coe's Consulting Agreement contained a non-compete clause—rather, they attempt to rely on the *truth* of its terms itself to suggest (without any basis) that it was the real reason Coe was asked to stay on as an advisor. (Opp. at 26–27 & n.23.) Similarly, they highlight the fee terms in the Consulting Agreement to bolster their baseless claim that the Agreement was pretextual. (Plaintiffs' RJN at 3.)

Defendants object to the Court's consideration of Exhibits A, B, and D for their truth. *See Khoja*, 899 F.3d at 999.

## III.    CONCLUSION

For the foregoing reasons, and as set forth above, Defendants object to the Court's consideration of Exhibits A–H.

Dated: October 14, 2022

COOLEY LLP

By:      /s/ Patrick E. Gibbs
              Patrick E. Gibbs

*Attorneys for Defendants Talis Biomedical Corporation, Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, Randal Scott, and Robert J. Kelley*

275192253

COOLEY LLP

DEFS.' OPPOSITION TO PLAINTIFFS' RJN
CASE NO. 22-CV-00105-SI