COOLEY LLP
Patrick E. Gibbs (183174)
(pgibbs@cooley.com)
Shannon M. Eagan (212830)
(seagan@cooley.com)
Samantha A. Kirby (307917)
(skirby@cooley.com)
Jessie Simpson LaGoy (305257)
(jsimpsonlagoy@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Attorneys for Defendants Talis Biomedical Corporation,
Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond
Cheong, Melissa Gilliam, Rustem F. Ismagilov,
Kimberly J. Popovits, Matthew L. Posard, Randal Scott,
and Robert J. Kelley*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT** |
| ALL ACTIONS | |
| | Date: November 4, 2022 |
| | Time: 10:00 A.M. |
| | Courtroom: 1 |
| | Judge: Hon. Susan Illston |

## I.    INTRODUCTION

Co-Lead Plaintiffs' Partial Objection to Defendants' Request for Judicial Notice and Consideration of Documents Other than the Consolidated Complaint (ECF 89) ("RJN Response") confirms that the Court should consider all twenty exhibits (Exhibits A–T) to the Kirby Declaration in ruling on Defendants' Motion.[1]  Plaintiffs concede that Exhibits A–J, L, M, and O–Q are properly subject to incorporation by reference and judicial notice.  And, Plaintiffs do not effectively argue that Exhibits K, N, R, S, and T are not incorporated in the CC or proper subjects of judicial notice.  For the reasons set forth below, the Court should grant Defendants' RJN in full.

## II.    ARGUMENT

### A.    Incorporation By Reference is Distinct from Judicial Notice

The RJN Response confuses the doctrines of incorporation by reference and judicial notice under Federal Rule of Evidence ("Rule") 201, stating that Exhibits K, N, and R–T "were not incorporated by reference in the CC and therefore may not be judicially noticed and considered by the Court."  (RJN Response at 1.)  The two doctrines are distinct.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) ("Both of these procedures [judicial notice and incorporation by reference] permit district courts to consider materials outside a complaint, but each does so for different reasons and in different ways.").  Plaintiffs' conflation of these principles undermines the bulk of their argument against judicial notice of these Exhibits.  The inquiry governing whether documents may be judicially noticed is whether the facts in question are "subject to reasonable dispute," and are either generally known within the jurisdiction of the trial court or capable of accurate and ready determination by resort to "sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  As set forth below, the Exhibits at issue meet these qualifications.  Separately, they form the basis of Plaintiffs' claims and are therefore properly considered by the Court under the incorporation by reference doctrine.

---

[1] "Motion" refers to Defendants' Notice of Motion and Motion to Dismiss Plaintiffs' Consolidated Complaint (ECF 83); "RJN" refers to Defendants' Request for Judicial Notice and Consideration of Documents Incorporated by Reference in Support of Defendants' Motion to Dismiss Plaintiffs' Consolidated Complaint (ECF 84); "Exhibit" refers to exhibits to the Declaration of Samantha A. Kirby in Support of Defendants' Motion (ECF 83-1); "Opposition" or "Opp." refers to Plaintiffs' Opposition to Defendants' Motion (ECF 88); and citations to "¶" refer to paragraphs in Plaintiffs' Consolidated Class Action Complaint (ECF 74) ("CC").

COOLEY LLP

**B.      The Court Should Consider Exhibits R and S (Analyst Reports)**

**1.      Exhibits R and S Are Incorporated by Reference**

A document may be incorporated into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  Courts have not set a bright line for what constitutes "sufficiently extensive under *Ritchie*." *Khoja*, 899 F.3d at 1003.  However, *Khoja* noted that while brief reference in a footnote that "convey[ed] only basic historic facts" did not incorporate a document by reference, a "single reference" "may be sufficiently 'extensive' if [it] is relatively lengthy." *Id.*

Here, the CC includes substantial quotes from both Exhibits that together form an entire eight-line paragraph.  (¶ 253.)  Moreover, these quotes go well beyond conveying "basic historic facts" and form the basis of Plaintiffs' loss causation theory.  (*See* RJN at 5.)  Unlike the analyst reports in *Immanuel Lake v. Zogenix, Inc.*, 2020 WL 3820424, at \*5 (N.D. Cal. Jan. 27, 2020), Exhibits R and S are not mentioned in passing, but are quoted for the specific purpose of pleading loss causation.  Far from being referenced only "to convey [Plaintiffs'] interpretation of analyst sentiments," *id.*, Exhibits R and S are offered to show analysts' (and through them, the market's) sentiments ***themselves***.  (¶ 253 ("Analysts were disappointed yet again.").)

Because Exhibits R and S are quoted extensively and form the basis of Plaintiffs' claims, they are properly considered under incorporation by reference.

**2.      Exhibits R and S Are Proper Subjects of Judicial Notice**

Likewise, Exhibits R and S are proper subjects of judicial notice as they are publicly available analyst reports whose accuracy Plaintiffs do not dispute.  (*See* RJN Response at 3–4.)  Further, Defendants do not cite Exhibits R and S for their truth (*id.* at 3), but rather to properly demonstrate "what was or ***was not discussed*** in the public realm" at the relevant time. *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at \*9 (N.D. Cal. Mar. 3, 2011) (emphasis added).  Defendants use Exhibits R and S for no more than demonstrating what "was not discussed."  (*See* Mot. at 18 n.22.)  Thus, Plaintiffs' criticism that "Defendants do not identify any particular facts" in the Exhibits "that are properly subject to judicial notice" makes no sense.  (RJN Response at 3.)

It is the ***absence*** of information in these Exhibits that Defendants highlight.  (Mot. at 18 n.22.)

Plaintiffs also improperly seek to expand the page limitation of the Opposition by using their RJN Response to advance a substantive argument regarding materiality.  (RJN Response at 3–4.)  Defendants address the merits of Plaintiffs' claim in the Reply to their Motion.  But the fact that Exhibits R and S may undermine Plaintiffs' materiality arguments reflects the weakness of their claims, not an improper use of judicial notice.[2]

In sum, the Court should take judicial notice of Exhibits R and S.

**C.      The Court Should Consider Exhibits K, N, and T (Press Releases & Earnings Call)**

**1.      Exhibits K, N, and T Are Incorporated by Reference**

Exhibits K, N, and T form the basis of Plaintiffs' claims and are precisely the types of documents whose consideration is vital to prevent a plaintiff's "artful pleading" that omits "portions of those very documents that weaken—or doom—their claims."  *Khoja*, 899 F.3d at 1002–03.

Plaintiffs wrongly claim that Exhibit K "was not quoted in the CC at all."  (RJN Response at 4.)  In fact, the CC directly quotes Exhibit K, a Talis press release announcing CEO Coe's departure.  (¶ 101 ("On August 30, 2021, Talis announced that Defendant Coe had ***'stepped down'*** as its President, CEO, and Director, effective immediately." (emphasis added)).)  The CC's other reference to Exhibit K erroneously states that Coe was "terminated" (¶ 16), which further highlights the need for the Court to consider the full document.  Moreover, Plaintiffs rely on Exhibit K for their theory that executive departures demonstrate fraud.  (Opp. at 26–27; *see also* RJN at 5–6.)

Plaintiffs also downplay the extent to which their claims rely on Exhibit N.  (RJN Response at 4.)  Plaintiffs need Exhibit N, a press release about CEO Blaser's departure, "to establish" their (entirely baseless) allegation that his departure was indicative of scienter.  (RJN Response at 4; *see also* Opp. at 27.)  Consideration of the entire press release is thus necessary and appropriate under *Khoja*.

Plaintiffs' objection to the Court's consideration of Exhibit T (an earnings call transcript

---

[2] Plaintiffs' contention that judicial notice is improper because Defendants (like Plaintiffs) make certain argument in footnotes (RJN Response at 3) has no bearing on whether the Court should consider any Exhibits.

Cooley LLP

3

Defs.' Reply ISO Request
for Judicial Notice
Case No. 22-cv-00105-SI

from May 10, 2022) is likewise internally inconsistent. (RJN Response at 4.) They concede that the CC quotes Exhibit T (as an alleged corrective disclosure, ¶¶ 114–116, and in attempting to plead scienter, ¶ 228), but quibble over the fact that it includes "portions . . . that weaken . . . their claims." *Khoja*, 899 F.3d at 1002–03. Plaintiffs cannot have it both ways. Having chosen to extensively quote Exhibit T, and base their claims upon it, Plaintiffs have incorporated the document into their CC and the Court is entitled to consider it in its entirety.

For these reasons, Exhibits K, N, and T are properly considered under incorporation by reference.

### 2.    Exhibits K, N, and T are Proper Subjects of Judicial Notice

Plaintiffs offer no response to the numerous authorities holding that press releases and earnings call transcripts (like Exhibits K, N, and T) are proper subjects of judicial notice. (*See* RJN at 7.) Plaintiffs' argument that these Exhibits' accuracy is in dispute "[g]iven that Plaintiffs allege Defendants made material misrepresentations" (RJN Response at 5) is both baseless and would preclude judicial notice of virtually **any** document touched by a securities fraud defendant. That cannot be the law. Unlike in *Khoja*, 899 F.3d at 1000, where the defendants made inconsistent statements within a single conference call, Plaintiffs point to no inconsistency or dispute within the Exhibits themselves, much less any other reason to question the accuracy of the Exhibits.

Further, contrary to Plaintiffs' suggestion otherwise, Defendants offer Exhibits K, N, and T to "indicate what was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted). Plaintiffs' authorities (at 5) stand only for the undisputed proposition that a court should not accept the truth of exhibits subject to judicial notice. *See Elec. Workers Pension Fund, Loc. 103, I.B.E.W. v. HP Inc.*, 2021 WL 1056549, at *3 (N.D. Cal. Mar. 19, 2021) (taking judicial notice of meeting transcripts, but not for their truth); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *7 (N.D. Cal. Mar. 15, 2019) (taking judicial notice of the defendants' communication to investors "for the purposes of showing that the information was conveyed to investors"). Exhibits K, N, and T are properly offered for their truth only under the incorporation by reference doctrine, *see infra* Section II.D, **not** judicial notice.

As such, Exhibits K, N, and T are proper subjects of judicial notice.

4

Defs.' Reply ISO Request
for Judicial Notice
Case No. 22-cv-00105-SI

**D.      The Court May Consider the Truth of Documents Incorporated by Reference**

Plaintiffs concede that Exhibits A–J, L, M, and O–Q are properly considered under the incorporation by reference doctrine and argue only that those documents should not be considered for their truth.  (RJN Response at 1, 5.)  Plaintiffs misstate the law.  Under the incorporation by reference doctrine, documents are "***assumed to be true*** for purposes of a motion to dismiss." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (emphasis added) (citation omitted).  Indeed, "[o]nce a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties – and the Court – are free to refer to any of its contents." *Id.* (quotations and citations omitted).  As such, Exhibits A–J, L, M, and O–Q ***can*** be considered for the truth of their contents.  And, to the extent the Court finds that Exhibits K, N, and R–T are incorporated by reference, they may also be considered for their truth.  Plaintiffs rely (at 5) on *Khoja*, 899 F.3d at 1014 and *GoPro*, 2019 WL 1231175, at *6, but those cases do not suggest otherwise—rather, they stand for the basic, but different, proposition that a court should view the allegations in favor of the plaintiff at the pleading stage.

For these reasons, Exhibits A–T may be considered for the truth of their contents.

**III.    CONCLUSION**

For the foregoing reasons, Defendants respectfully ask the Court to grant in full Defendants' RJN and consider Exhibits A–T.[3]

Dated: October 14, 2022                          COOLEY LLP

                                                 By:      */s/ Patrick E. Gibbs*
                                                          Patrick E. Gibbs

                                                 *Attorneys for Defendants Talis Biomedical Corporation, Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, Randal Scott, and Robert J. Kelley*

274909876

_____

[3] Defendants dispute that Exhibit U presents argument not contained in the Motion.  (RJN Response at 6; *see* Defendants' Reply In Support of Motion to Dismiss at 4–5.)  In any event, this Exhibit was included solely for the Court's convenience and is not relevant to the RJN.