**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (Bar No. 191305)
555 12th Street, Suite 1600
Oakland, California 94607
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

*Counsel for Co-Lead Plaintiff Martin Dugan*
*and Co-Lead Counsel for the Putative Class*

**POMERANTZ LLP**
Jennifer Pafiti (Bar No. 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665

*Counsel for Co-Lead Plaintiff Leon Yu*
*and Max Wisdom Technology Limited and*
*Co-Lead Counsel for the Putative Class*

*[Additional counsel on signature page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 3:22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **REPLY IN SUPPORT OF CO-LEAD PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** |
| ALL ACTIONS | Date:        November 4, 2022 Time:        10:00 A.M. Courtroom:   1 Judge:       Hon. Susan Illston |

## I.     INTRODUCTION

In response to Defendants' August 5, 2022 Motion to Dismiss the Consolidated Complaint (ECF No. 83) ("MTD"), Co-Lead Plaintiffs ("Plaintiffs") have requested judicial notice of eight documents. Plaintiffs seek judicial notice of the documents not for their truth, but only for the fact that they contain certain statements. (ECF No. 90) ("Plaintiffs' Request"). Those documents include significant and highly relevant announcements made by Talis Biomedical, Inc. ("Talis") about the withdrawal of Talis One three days before Defendants filed their MTD, which Defendants did not bring to the Court's attention. They also include academic articles co-authored by Defendant Ismagilov that directly refute Defendants' assertion in the MTD that they could not have known about the inadequacy of Talis's comparator assay. In opposing Plaintiffs' Request, Defendants mistakenly argue that Plaintiffs seek judicial notice of the documents' truth. Moreover, though they oppose Plaintiffs' Request, Defendants themselves ask the Court to consider twenty extrinsic documents that supposedly provide necessary "context" for this case. *See* ECF No. 84 ("Defendants' Request").

The Court should take judicial notice of the contents of the eight documents offered by Plaintiffs (attached as Exhibits to the Declaration of Jonathan D. Park (ECF No. 88-1)).

## II.     ARGUMENT

The Court may take judicial notice of "an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)). Defendants' assertion that "the Court may not consider 'allegations [that] are not in Plaintiffs' complaint'" has no bearing on judicial notice under Fed. R. Evid. 201. ECF No. 92 at 1 (quoting *Huang v. Higgins*, No. 17-CV-04830-JST, 2019 WL 1245136, at *13 (N.D. Cal. Mar. 18, 2019).[1] To the contrary, judicial notice allows "district courts to consider materials outside a

---

[1] Defendants misinterpret this case, where the court was offered extrinsic documents without an actual request for judicial notice, and the term "judicial notice" appears nowhere in the opinion. Further, the court simply recited the general rule that, in evaluating the sufficiency of a complaint under Rule 12(b)(6), a court is limited to the four corners of the pleading. The same judge in the same proceeding later took judicial notice of two documents, including FDA guidance published approximately one year "after the Class Period ended." *Huang v. Higgins*, 443 F. Supp. 3d 1031, 1048 (N.D. Cal. 2020).

complaint" in certain circumstances. *Khoja*, 899 F.3d at 998. Those circumstances are present here.

### A. Judicial Notice of Statements Made in Documents Co-Authored by Defendant Ismagilov (Exhibits C and E) is Proper

Exhibits C and E are a prepublication and publication version, respectively, of an academic article co-authored by Defendant and Talis co-founder Rustem F. Ismagilov. Defendants do not dispute that Ismagilov co-authored these documents, that Plaintiffs have submitted true and accurate copies of them, and that they relate directly to alleged material misstatements in the Registration Statement that Ismagilov signed. The Court should therefore take judicial notice of the fact that these Exhibits contain the statements highlighted therein, which is "not subject to reasonable dispute" under Fed. R. Evid. 201(b). Defendants make two arguments in response.

First, Defendants contend that Plaintiffs "ask the Court to consider the truth of the contents of Exhibits C and E." ECF No. 92 at 2. This is a red herring because Plaintiffs have not done so.[2] *See* Plaintiffs' Request at 2-3. Defendants also contend that the articles are only relevant for their truth. That, too, is wrong. Defendants' MTD insists that they could not have known Talis's comparator assay violated an FDA requirement to use a "high-sensitivity" comparator assay, and that the assay's sensitivity was a "subjective judgment." MTD at 27. But Defendant Ismagilov co-authored two articles stating that "*low-sensitivity* tests have LOD values equivalent to $\sim 10^5$ to $10^7$ copies/mL," a range that *includes Talis's comparator assay*, and that the type of comparator assay Talis used was "*substantially less sensitive*." Ex. C at 2, 8 (emphases added). Regardless of their truth, the *fact* Ismagilov made such statements is directly relevant to the MTD because it shows that he did not view Talis's comparator assay as "high-sensitivity." For the same reason, Defendants' attempt to question the accuracy of Exhibit C as a prepublication version fails; Defendants do not dispute that it is a true and accurate copy of the article posted online.

Second, Defendants oppose judicial notice because Exhibits C and E were published after the February 2021 IPO. However, these Exhibits report Ismagilov's research that began in 2020, before

---

[2] Defendants are well aware of the clear difference between considering a document for the fact of its statements and for the truth of those statements. *See, e.g.*, Defendants' Request at 7 ("Courts 'routinely take judicial notice of analyst reports,' not for the truth of the matter, but to determine what the market was aware of.") (citation omitted).

REPLY IN SUPPORT OF CO-LEAD PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:22-cv-00105-SI

the IPO, and thus are relevant to rebut Defendants' argument about their state of mind at the time of the IPO.  *See* Park Decl., Ex. E at 1 (study "conducted between September 2020 and June 2021").[3] Defendants do not claim that Ismagilov only formed his views about "low-sensitivity" comparator assays in the short period between the February 2021 IPO and Exhibit C's release on April 7, 2021.

**B.**    **Judicial Notice of Statements Made in Talis's Own SEC Filings (Exhibits F-H) is Proper**

Defendants oppose judicial notice of three of Talis's SEC filings revealing that Talis has abandoned its COVID-19 test (Exhibits F, G, and H) on the basis that they were filed after the Class Period.  This argument also fails.

In securities class actions, courts regularly take judicial notice of documents filed or published after the end of the alleged class period.  *See, e.g.*, *Huang v. Higgins*, 443 F. Supp. at 1048; *Gammel v. Hewlett-Packard Co.*, No. SACV 11–1404 AG (RNBx), 2013 WL 1947525, at *3 (C.D. Cal. May 8, 2013) (finding that SEC filings from after the class period "are appropriate for judicial notice"). After all, such cases often involve relevant facts that occur after the class period.  *See In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 72 (2d Cir. 2001) (pre- and post-class period information relevant "to confirm what a defendant should have known during the class period").

Similarly, courts in this District and around the country take judicial notice of documents that post-date the filing of the complaint.  *See, e.g.*, *In re Cloudera, Inc.*, No. 19-CV-03221-LHK, 2021 WL 2115303, at *9 (N.D. Cal. May 25, 2021) (granting plaintiffs' request for judicial notice of SEC filing that "was not cited in nor available when Plaintiffs filed their Complaint"); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (granting plaintiffs' request for judicial notice of document that "was filed after the [plaintiffs] had submitted their proposed second amended complaint"); *In re CMS Energy Sec. Litig.*, No. 02-CV-72004, 2005 WL 8154422, at *4 (E.D. Mich. Jan. 7, 2005) (granting plaintiffs' request for judicial notice of document post-dating the operative complaint).

Defendants' lone citation to *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054 (N.D. Cal.

---

[3] Further, *Von Saher v. Norton Simon Museum of Art at Pasadena* was not a securities class action, or a class action of any sort, and the panel's finding that judicial notice could be taken "to indicate what was in the public realm at the time" did not decide whether post-class period documents are appropriate subjects for judicial notice.  592 F.3d 954, 960 (9th Cir. 2010).

3

REPLY IN SUPPORT OF CO-LEAD PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:22-cv-00105-SI

2003), cannot overcome this authority. Moreover, the *Calpine* court was hampered by the absence of any explanation of "how any of the cited or quoted portions of these documents [certain third-party reports] are relevant to the allegations in their complaint." *Id.* at 1077. Here, in contrast, Plaintiffs have highlighted specific portions of Exhibits F, G, and H—Talis's own SEC filings—that relate directly to Defendants' alleged misstatements concerning the commercialization of the Talis One COVID-19 test.

The statements in these Exhibits also provide necessary context to Defendants' argument, based on a post-Class Period May 10, 2022 earnings call transcript, that Talis's COVID-19 test did not suffer from a "fundamental design issue" and that Talis purportedly "was able to make adjustments that yielded improvements [to the Talis One COVID-19 test], including reducing the invalid rate." MTD at 10 (citing Ex. T to Kirby Decl.).[4] Despite these claimed "improvements," however, on August 2, 2022, Talis announced that it had "discontinued investment in commercialization of its stand-alone COVID-19 assay." Park Decl., Ex. F at 5; *see also* Park Decl., Ex. G at 5. Defendants made no mention of this in their MTD filed three days later. And on August 15, 2022, Talis announced that it had asked the FDA to revoke the emergency use authorization ("EUA") for the Talis One COVID-19 test because "the Company no longer planned to pursue commercialization" of the test. Park Decl., Ex. H at 3. These statements are properly subject to judicial notice.

C.     **Judicial Notice of FDA Transcripts (Exhibits A and B) Is Proper**

In the MTD, Defendants rely on and quote transcripts of two FDA "Virtual Town Hall" events. MTD at 4 n.3.[5] Thus, Defendants cannot plausibly oppose judicial notice of Exhibits A and B, which are *also* transcripts of FDA "Virtual Town Hall" events from the *same* period. There is no dispute that Exhibits A and B are public records posted on the FDA's website. The Court may take judicial notice of certain statements about comparator assays made by FDA representatives at these events, not for their truth, but for the fact the statements were made before Talis applied for an EUA.

---

[4] Because the MTD improperly uses this document for its truth, Plaintiffs filed a partial objection to Defendants' request for judicial notice. ECF No. 89 at 4-5.

[5] Defendants did not include these extrinsic documents in their request for judicial notice, despite quoting from them.

4

REPLY IN SUPPORT OF CO-LEAD PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:22-cv-00105-SI

Defendants do not oppose judicial notice for this limited purpose.  *See* ECF No. 92 at 1, 4.

**D.    Judicial Notice of Defendant Coe's Consulting Agreement (Exhibit D) Is Proper**

In the MTD, Defendants argue that despite Coe's abrupt departure, he continued to serve Talis as an "advisor."  MTD at 24.  In response, Plaintiffs merely ask the Court to take judicial notice of two provisions of the Consulting Agreement between Coe and Talis (filed with the SEC): its nine-month non-compete and its provision for hefty monthly payments even if Coe provided no services.  Defendants do not assert that the contents of Exhibit D are subject to reasonable dispute, and as a public record, it is a proper subject of judicial notice for the statements it contains.  Defendants do not oppose judicial notice of Exhibit D for this limited purpose.  *See* ECF No. 92 at 1, 4.

## III.    CONCLUSION

For the reasons stated above and in Plaintiffs' Request, Plaintiffs respectfully request that the Court take judicial notice of the Exhibits and the statements made therein.

Dated: October 21, 2022

Respectfully submitted,

By: */s/ Jonathan D. Park*

**POMERANTZ LLP**
Jennifer Pafiti (Bar No. 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

Jeremy  A.  Lieberman  (*pro  hac  vice* application forthcoming)
J. Alexander Hood II (*pro hac vice*)
James M. LoPiano (*pro hac vice*)
Jonathan D. Park (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com
jpark@pomlaw.com

*Counsel for Co-Lead Plaintiff Leon Yu and Max Wisdom Technology Limited and*

5

*Co-Lead Counsel for the Putative Class*

**BLEICHMAR FONTI & AULD LLP**
Joseph A. Fonti (*pro hac vice*)
jfonti@bfalaw.com
Evan A. Kubota (*pro hac vice*)
ekubota@bfalaw.com
7 Times Square, 27th Floor
New York, New York 10036
Tel: (212) 789-1340
Fax: (212) 205-3960

– and –

Lesley E. Weaver (Bar No. 191305)
lweaver@bfalaw.com
555 12th Street, Suite 1600
Oakland, California 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020

*Counsel for Co-Lead Plaintiff Martin Dugan and Co-Lead Counsel for the Putative Class*

**THE SCHALL LAW FIRM**
Brian Schall (Bar No. 290685)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Co-Lead Plaintiff Martin Dugan*

6

REPLY IN SUPPORT OF CO-LEAD PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:22-cv-00105-SI