COOLEY LLP
Patrick E. Gibbs (183174)
(pgibbs@cooley.com)
Shannon M. Eagan (212830)
(seagan@cooley.com)
Samantha A. Kirby (307917)
(skirby@cooley.com)
Jessie Simpson LaGoy (305257)
(jsimpsonlagoy@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Attorneys for Defendants Talis Biomedical Corporation,
Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond
Cheong, Melissa Gilliam, Rustem F. Ismagilov,
Kimberly J. Popovits, Matthew L. Posard, and Randal
Scott*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 22-cv-00105-SI<br><br>CLASS ACTION<br><br>**REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:        May 5, 2023<br>Time:        10:00 A.M.<br>Courtroom:    1<br>Judge:        Hon. Susan Illston |

COOLEY LLP

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Talis Biomedical Corporation, Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott ("Defendants") respectfully request that the Court incorporate by reference and/or take judicial notice of the documents identified below, submitted in support of Defendants' Motion to Dismiss ("Motion") Plaintiffs' Amended Consolidated Class Action Complaint ("AC") and attached to the accompanying Declaration of Shannon M. Eagan (the "Eagan Declaration").

Consideration of these documents is appropriate under both the incorporation by reference and judicial notice doctrines and will assist the Court's evaluation of the Motion. Mindful of the Court's guidance "to be judicious with regard to any future requests for judicial notice in connection with motions to dismiss," *In re Talis Biomedical Corp. Sec. Litig.*, 2022 WL 17551984, at *11 (N.D. Cal. Dec. 9, 2022) ("Order"), Defendants limit this request to eight documents, most of which are referenced in the AC and supply crucial context for the statements challenged in the AC.

## I.   DOCUMENTS SUBJECT TO THIS REQUEST[1]

| Ex. | Description | Basis | ¶¶ | Previously Submitted to the Court |
|---|---|---|---|---|
| 1. | U.S. Food and Drug Administration ("FDA") Letter Granting Emergency Use Authorization ("EUA") to Boston Medical Center's BMC-CReM COVID-19 Test, dated July 10, 2020 | JN | | |
| 2. | FDA's Molecular Diagnostic Template for Commercial Manufacturers, as published on July 28, 2020 ("July Template") | IBR, JN | ¶¶ 125, 158, 163, 178 | |
| 3. | Transcript of Virtual Town Hall event convened by the FDA on September 16, 2020 | IBR, JN | ¶ 178 | ECF 90, 88-2 |
| 4. | FDA SARS-CoV-2 Reference Panel Comparative Data, published to the FDA's website, last updated December 7, 2020 | IBR, JN | ¶ 163, 175 | |
| 5. | *SARS-CoV-2 Viral Load in Saliva Rises Gradually and to Moderate Levels in Some Humans*, R. Ismagilov, et. al., as | IBR | ¶¶ 18, 154, 168-170, 176, | |

---

[1] Attached to the Eagan Declaration are true and correct copies of each exhibit, highlighted for the Court's convenience. All references to "¶" refer to the AC.

COOLEY LLP

| Ex. | Description | Basis | ¶¶ | Previously Submitted to the Court |
|---|---|---|---|---|
|  | published in pre-print form on December 11, 2020 |  | 177, 179, 180, 238 |  |
| 6. | Excerpts of Lucira Health, Inc.'s Registration Statement on Form S-1, filed with the U.S. Securities and Exchange Commission ("SEC") on January 15, 2021 | IBR, JN | ¶¶ 126, 176 |  |
| 7. | Talis's Final Amended Registration Statement on Form S-1/A, filed with the SEC on February 11, 2021 | IBR, JN | ¶¶ 4-8, 11-12, 14-16, 20, 21, 58, 60, 62, 66, 68, 73, 74, 85, 86, 88, 107, 110, 119-122, 127, 135, 150, 170, 179, 183, 195, 197, 225, 237 | ECF 83-3 (IBR granted, *see* Order at *11) |
| 8. | Transcript of Talis's Earnings Call for the fourth fiscal quarter of 2021, which occurred on March 15, 2022 | IBR, JN | ¶¶ 226-227 | ECF 83-16 (IBR granted, *see* Order at *11) |

## II.    ARGUMENT

On a motion to dismiss pursuant to Rule 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998, 1002 (9th Cir. 2018) (quoting same). Courts may take judicial notice of documents and "assume the accuracy of the facts" asserted therein when those facts are not in dispute and are from reliable sources. *See Smilovits v. First Solar Inc.*, 119 F. Supp. 3d 978, 1010 (D. Ariz. 2015), *aff'd sub nom. Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750 (9th Cir. 2018).

Defendants ask the Court to consider eight documents in deciding the Motion. Exhibits 1-4 and 6-8 are subject to judicial notice because they come from reliable sources and contain facts not reasonably subject to dispute. They are comprised of SEC filings, an earnings call transcript, and publicly available documents from the FDA. Further, Exhibits 2-8 are each referenced throughout the AC and are therefore incorporated by reference into the AC. Accordingly, the Court

COOLEY LLP

may consider these exhibits pursuant to Federal Rule of Evidence 201 and/or the incorporation by reference doctrine.

**A.  The Court May Consider Exhibits 2-8 As Incorporated by Reference into the AC**

The incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002.  A document may be incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  The incorporation doctrine exists to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id*.  This principle is particularly important when deciding motions to dismiss in securities class actions. *See Tellabs*, 551 U.S. at 322-23.  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties— and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation omitted); *see also Khoja*, 899 F.3d at 1003.

Exhibits 2-8 are incorporated into the AC as Plaintiffs explicitly and repeatedly rely on these documents to support their claims. *See Khoja*, 899 F.3d at 1002.  These documents include public filings with the SEC, a transcript of a Talis earnings call, a publicly available academic article pre-print, and publicly available FDA templates, reference panels, and town hall transcripts.  Defendants provide the full text (or substantial, relevant excerpts) of these Exhibits to allow the Court to evaluate Plaintiffs' allegations within their necessary context. *See, e.g.*, *id.*; *In re Silicon Storage Tech., Inc. Sec. Litig.*, 2006 WL 648683, at *2 (N.D. Cal. Mar. 10, 2006) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim").  The Court previously admitted Exhibits 7 and 8.  Order at *11 (previously admitted as Exhibits B and O) (filed at ECF 83-3, ECF 83-16).  And Plaintiffs previously sought to admit Exhibit 3 by judicial notice, and now quote from it in the AC. *See* ECF 90 (filed at ECF 88-2).

COOLEY LLP

DEFS.' REQUEST FOR JUDICIAL NOTICE
CASE NO. 22-CV-00105-SI

Indeed, each of Exhibits 2-8 form the basis of Plaintiffs' claims. Exhibit 7—Talis's Registration Statement—contains the statements Plaintiffs challenge as false or misleading, as well as the risk disclosures Plaintiffs allege were insufficient under Regulation S-K. It is therefore critical that the Court consider this exhibit in its entirety when assessing the Motion as alleged misstatements "must be analyzed in context." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4, 1408 (9th Cir. 1996) (citation omitted); *In re Wells Fargo Mortgage-Backed Certificates Litig.*, 712 F. Supp. 2d 958, 971 n.3 (N.D. Cal. 2010) (incorporating by reference the defendant company's offering documents containing statements challenged under Section 11).

Exhibits 2-6 similarly underpin Plaintiffs' arguments related to the alleged deficiencies with Talis's comparator assay, while Exhibit 8 contains statements made by Defendants that Plaintiffs contend constitute admissions or revealed information rendering the challenged statements false or misleading. The AC confirms as much, asserting Plaintiffs' "allegations of material falsity are supported by . . . Talis's own statements [Ex. 7] and admissions [Exs. 5 and 8], and [FDA] regulations and industry standards [Exs. 2-4 and 6], among other sources." ¶ 2. Consideration of these documents, with proper context, will help guide the Court's assessment of Plaintiffs' claims:

- Exhibit 2 (July Template). Exhibit 2 is quoted at length in the AC, but the AC omits the critical context that the July Template offered nonbinding *recommendations* from the FDA. *See* ¶¶ 125, 158-59, 163, 165, 178.

- Exhibit 3 (FDA Town Hall Transcript). Plaintiffs selectively reference and quote Exhibit 3, which Plaintiffs contend supports a purported FDA limit of detection ("LoD") specific requirement but fail to provide the Court with the actual transcript, which dispels that notion. ¶¶ 2, 178.

- Exhibit 4 (FDA SARS-CoV-2 Reference Panel Comparative Data). Exhibit 4 is cross-referenced by the July Template at ¶ 163, and referenced elsewhere in the AC. *See* ¶ 175, p. 44 n.23. Plaintiffs also cite to a *Modern Healthcare* article that purports to summarize an earlier version of Exhibit 4. ¶ 174. Plaintiffs contend that Talis used the "least sensitive" FDA-authorized comparator assay, ¶¶ 180, 181, 196, but as Exhibit 4 makes clear, that is simply not true.[2]

---

[2] To the extent Plaintiffs contend they did not specifically cite to the Reference Panel, that does not carry the day. *See Khoja*, 899 F.3d at 1002 (noting it is proper to incorporate documents by reference if the plaintiff's claim "necessarily depended on them" even if not specifically referenced in the complaint) (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)). Because Plaintiffs make a host of allegations suggesting that Talis used a comparator assay with the "least" sensitivity

- Exhibit 5 (Ismagilov pre-print article).  Plaintiffs quote Exhibit 5 out-of-context and misstate the purpose of Dr. Ismagilov's draft article from December 2020.  *See* ¶¶ 168-170.

- Exhibit 6 (Lucira's S-1).  Plaintiffs selectively quote from Lucira's S-1 to suggest that industry competitors had a common understanding of the meaning of "high sensitivity," but fail to provide the full context of Lucira's offering document, which demonstrates the opposite.  *See* ¶¶ 176, 126.

- Exhibit 8 (Talis's Q4 2021 Earnings Call Transcript).  Plaintiffs quote directly from Talis's Q4 2021 Earnings Call, but fail to provide the complete context of what was actually disclosed to investors at the time.  *See* ¶¶ 226-227.

Exhibits 2-8 are fully consistent with the Ninth Circuit's holding that courts may assume the truth of facts in a document incorporated by reference.  *Khoja*, 899 F.3d at 1003.  As such, these exhibits are properly incorporated by reference, and Defendants' use of them is equally proper.

**B.  The Court Should Take Judicial Notice Of Documents Submitted By Defendants (Exhibits 1-4, 6-8)**

Judicial notice is appropriate for facts "not subject to reasonable dispute" that are either generally known within the jurisdiction of the trial court or are capable of accurate and ready determination in "sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Judicial notice is separate from the doctrine of incorporation by reference, as it extends to "matters of public record *outside* the pleadings."  *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820-21 (C.D. Cal. 1998) (emphasis added).  Courts routinely take judicial notice of "publicly available financial documents such as SEC filings[,]" and "publicly available articles or other news releases of which the market was aware."  *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (courts may consider "any matter subject to judicial notice, such as SEC filings" on a motion to dismiss).  The Court should take judicial notice of Exhibits 1-4 and 6-8 to properly consider "what was in the public realm at the time" Defendants made their alleged misleading statements.  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted).

***SEC Filings***.  "In a securities fraud action, the court may take judicial notice of public records outside the pleadings, including SEC filings."  *In re Nuko Info. Sys., Inc. Sec. Litig.*, 199

of an FDA-authorized test, Plaintiffs have squarely incorporated the Reference Panel that refutes that allegation.

F.R.D. 338, 341 (N.D. Cal. 2000); *see also Dreiling*, 458 F.3d at 946 n.2.  Exhibits 6 and 7 are publicly available SEC filings, and are thus the proper subject of judicial notice.

**Earnings Call Transcripts**. The Court may also take judicial notice of earnings call transcripts.  *See In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019) (granting judicial notice of publicly available transcripts of earnings conference calls); *see also In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010) (granting judicial notice of conference calls with industry analysts).  Exhibit 8 is a publicly available earnings call transcript and therefore properly subject to judicial notice.

**FDA Publicly Available Documents**.  Courts may take judicial notice of public records and other documents on a government website.  *See Immanuel Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *5 (N.D. Cal. Jan. 27, 2020) (taking judicial notice of "publicly available FDA guidance document" on the FDA's website).  Public data maintained by government bodies like the FDA, the type of information found in Exhibits 1-4, are therefore proper subjects of judicial notice.  *Id.* ("[C]ourts routinely take judicial notice of [] FDA guidance documents, many of which also appear on the FDA's public website") (citing *Allen v. ConAgra Foods, Inc.*, 2018 WL 6460451, at *8 n.6 (N.D. Cal. Dec. 12, 2018)).[3]

Because a Court need not "accept as true 'allegations that contradict … matters properly subject to judicial notice,'" *Elec. Workers Pension Fund, Loc. 103, I.B.E.W. v. HP Inc.*, 2021 WL 1056549, at *2 (N.D. Cal. Sep. 15, 2021) (citation omitted), these exhibits that contextualize and contradict many of Plaintiffs' core allegations are particularly relevant to the Court's determination of Defendants' Motion.  The Court should therefore take judicial notice of Exhibits 1-4 and 6-8.

**III.    CONCLUSION**

For the foregoing reasons, Defendants request that this Court consider Exhibits 2-8 under the incorporation by reference doctrine and/or take judicial notice of Exhibits 1-4 and 6-8.

---

[3] Exhibit 1 is a July 10, 2020 FDA letter granting an EUA to Boston Medical Center's BMC-CReM COVID-19 test, which as set forth in Exhibit 4 at 13, had an LoD of 600,000 NDU/mL. Furthermore, Exhibit 1 demonstrates that the FDA authorized the BMC test in the same month it issued the July Template.

COOLEY LLP

DEFS.' REQUEST FOR JUDICIAL NOTICE
CASE NO. 22-CV-00105-SI

Dated: February 17, 2023

COOLEY LLP

By:    /s/ Patrick E. Gibbs
              Patrick E. Gibbs

*Attorneys for Defendants Talis Biomedical Corporation, Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott*