COOLEY LLP
Patrick E. Gibbs (183174)
(pgibbs@cooley.com)
Shannon M. Eagan (212830)
(seagan@cooley.com)
Samantha A. Kirby (307917)
(skirby@cooley.com)
Jessie Simpson LaGoy (305257)
(jsimpsonlagoy@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Attorneys for Defendants Talis Biomedical Corporation, Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
|---|---|
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |
| ALL ACTIONS | |
| | Date: May 5, 2023 |
| | Time: 10:00 A.M. |
| | Courtroom: 1 |
| | Judge: Hon. Susan Illston |

COOLEY LLP

## I.    INTRODUCTION

Plaintiffs' Partial Objection to Defendants' Request for Judicial Notice (ECF 110) ("RJN Response") only confirms that the Court should consider Exhibits 1-8 to the Eagan Declaration when ruling on Defendants' Motion to Dismiss.[1]  After putting these documents at issue, taking the Registration Statement out of context, and making legal conclusions about purported FDA standards, Plaintiffs now seek to shield their implausible claims from the proper record.  But the incorporation by reference and judicial notice doctrines exist for this very purpose: to permit courts to consider the full context of documents on which Plaintiffs' claims are based.

Plaintiffs concede that Exhibits 2, 5, and 8 are incorporated by reference into the AC and that Exhibits 2 and 8 are properly subject to judicial notice, and this Court has already taken notice of Exhibits 7 and 8.  *In re Talis Biomedical Corp. Sec. Litig.*, 2022 WL 17551984, at *11 (N.D. Cal. Dec. 9, 2022) ("Order").  What remains are Plaintiffs' challenges to Exhibits 1, 3, 4, 6, and 7, which rest on a fundamental misunderstanding of the doctrines of incorporation by reference and judicial notice.  For the reasons set forth below, the Court should grant Defendants' RJN in full.

## II.    ARGUMENT

### A.    Exhibits 3, 4, 6, and 7 are Incorporated by Reference

Plaintiffs' RJN Response advances an interpretation of incorporation by reference contrary to black-letter law.  Relying almost entirely on a flawed understanding of *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), Plaintiffs suggest that this Court cannot rely upon incorporated documents that run counter to the AC's conclusory allegations.  That is not what *Khoja*, nor any other Ninth Circuit precedent, mandates.

Instead, incorporated documents are "***assumed to be true*** for purposes of a motion to dismiss." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation

---

[1] "Motion" refers to Defendants' Notice of Motion and Motion to Dismiss Plaintiffs' Amended Consolidated Complaint (ECF 107); "RJN" refers to Defendants' Request for Judicial Notice and Consideration of Documents Incorporated by Reference in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Consolidated Class Action Complaint (ECF 108); "Exhibit" refers to exhibits to the Declaration of Shannon M. Eagan in Support of Defendants' Motion (ECF 107-1); "Opposition" or "Opp." refers to Plaintiffs' Opposition to Defendants' Motion (ECF 109); and citations to "¶" refer to paragraphs in Plaintiffs' Amended Consolidated Class Action Complaint (ECF 104) ("AC").  All emphasis is added unless otherwise indicated.

COOLEY LLP

omitted).  As *Khoja* explains: incorporation by reference "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  899 F.3d at 1002.  Accordingly, "*Khoja* holds that an incorporated or noticed document's truth may not be assumed if the ***only*** purpose is to dispute or create a defense to a ***well-pled*** fact in a complaint," but does "not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's ***conclusory*** allegations."  *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at \*7 (N.D. Cal. Apr. 28, 2020) (last emphasis in original).  Defendants offer Exhibits 3, 4, 6 and 7—all of which are referenced in the AC and form the basis of Plaintiffs' claims—for these exact reasons: to allow the Court to analyze the challenged statements in context and avoid the piecemeal interpretation of Talis's Registration Statement that *Khoja* warned against.

***Exhibits 3 and 4***.  Plaintiffs primarily argue that Exhibits 3 and 4—FDA guidance regarding the EUA process for COVID-19 tests and the FDA SARS-CoV-2 Reference Panel—are not incorporated because they are not "extensively" incorporated into the AC.  But Plaintiffs' focus on the number of references to these Exhibits ignores that these documents form the basis of Plaintiffs' claims, which hinge on the conclusory assertion that the FDA employed a sensitivity "standard" with a specific Limit of Detection ("LOD") threshold for comparator assays.  *See* ¶ 178 (suggesting the FDA statements in Exhibit 3 gave Defendants "clear notice of the FDA's emphasis on a highly sensitive comparator assay"); ¶ 163 (referencing "SARS-CoV-2 Reference Panel"); ¶ 175 (making allegations about "FDA-authorized tests").

Plaintiffs' opposition to Exhibit 3—an FDA transcript that Plaintiffs quote from and rely upon—is particularly misplaced.  Plaintiffs' sensitivity claim is premised on their assertion that the FDA set a specific LOD "standard" of 18,000 NDU/mL for comparator assays.  ¶ 166.  As support, Plaintiffs cited Exhibit 3 to suggest that Defendants had "clear notice of the FDA's emphasis on a highly sensitive comparator assay."  ¶ 178.  Plaintiffs object to Exhibit 3 based on the misinformed notion that their invented legal conclusion is a "well-pleaded fact" that "the Court must accept … as true."  RJN Response at 3.  That is not the law.  *See* Order at \*10 ("A district court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

unreasonable inferences.") (citation omitted); *see also Dubuque v. Boeing Co.*, 325 F.R.D. 296, 320 (E.D. Mo. 2018) (dismissing complaint and rejecting "plaintiff's paraphrasing of or legal conclusions as to the meaning of regulations whose language is not quoted"), *aff'd*, 917 F.3d 666 (8th Cir. 2019).

But the actual transcript that Plaintiffs selectively quote from says the opposite: the FDA "[does not] *look in particular at LOD.*" Ex. 3 at 8. While Plaintiffs now dispute the inclusion of Exhibit 3, seven months ago they told this Court that it was "relevant" to arguments about the "comparator assay Talis used in applying for an FDA emergency use authorization ('EUA') for its Talis One COVID-19 test." ECF 90 at 2 (requesting judicial notice of Exhibit 3, which was attached as Exhibit A to Plaintiffs' request for judicial notice at ECF 88-2). The Court denied *Plaintiffs*' bid for considering the FDA transcript because Exhibit 3 "could have been, but w[as] not, quoted in the CC." Order at *11. Now, Plaintiffs *have* quoted from Exhibit 3. They cannot have it both ways.

Because the AC selectively relies on the FDA statements and data found in Exhibits 3 and 4, these exhibits form the basis of and are vital to Plaintiffs' claims and are therefore incorporated by reference into the AC. *See Haideri v. Jumei Int'l Holding Ltd.*, 2021 WL 4170791, at *12 (N.D. Cal. Sep. 14, 2021) (documents referenced "only twice" incorporated by reference where they "serve as the basis for [the plaintiff's] claim").[2]

*Exhibit 6*. Plaintiffs' substantive claims are predicated, in part, on the conclusion that industry competitors "understood the term 'high-sensitivity,'" in the context of comparator assays, to mean Plaintiffs' invented standard. ¶ 176. For support, Plaintiffs point specifically to Lucira's Form S-1, *i.e.* implying that Lucira's S-1 demonstrated an understanding that "high sensitivity" meant a specific LOD. *Id.* But Lucira's S-1 said the opposite: "High sensitivity shows a well matched comparator but *does not* reflect an assay's LoD." Ex. 6 at 122. Considering the context surrounding this assertion, which is made apparent by Lucira's filing, is not "improper fact-finding"—it simply contradicts a conclusory and unsupported allegation, which is the entire

---

[2] Plaintiffs seemingly recognize this principle when they argue that "Plaintiffs' Exhibit 1 may also be considered under the incorporation by reference doctrine, since it is an excerpt of Lucira's registration statement, which is cited in the AC (¶¶126, 176)." *See* ECF 111 at 2.

purpose of the incorporation by reference doctrine. *See Eventbrite*, 2020 WL 2042078 at *7.[3] Accordingly, while a non-party's securities filing cannot inform Defendants' knowledge of a non-existent FDA standard, if the Court considers Plaintiffs' Lucira-related arguments, it should do so with the benefit of the full content of the document that Plaintiffs' chose to cite. ¶ 176.

 ***Exhibit 7***. Remarkably, Plaintiffs object to the Court's consideration of Exhibit 7, Talis's Registration Statement, arguing it would "serve to dispute facts stated in a well-pleaded complaint" and require the Court to "engage in fact-finding." RJN Response at 4. In doing so, Plaintiffs ignore the wealth of case law holding that for claims brought under the Securities Act, Registration Statements are the archetypical example of an incorporated document because they contain all the statements Plaintiffs challenge and serve as the sole basis for the Defendants' alleged liability. *See, e.g.,* Order at *11 (granting notice of Talis's Registration Statement and relying on its contents); *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *4 (N.D. Cal. July 21, 2020) (finding defendant's Registration Statement incorporated by reference); *In re Dropbox Sec. Litig.*, 2020 WL 6161502, at *5 (N.D. Cal. Oct. 21, 2020) (same).

 Plaintiffs admit that they "do not *categorically* object to the Court's consideration of Exhibit 7," (RJN Response at 4), but in the same breath seek to limit the Court's ability to consider the information Talis disclosed to investors. Alleged misstatements in a Registration Statement "must be analyzed in context," *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4, 1408 (9th Cir. 1996), a principle that would have no meaning if the Registration Statement could not be considered to rebut Plaintiffs' conclusory allegations or inform the plausibility of Plaintiffs' interpretation of the Registration Statement. *See Eventbrite,* 2020 WL 2042078, at *7 (considering Registration Statement over plaintiffs' objection); *Busic v. Orphazyme A/S*, 2022 WL 3299843, at *9 (N.D. Ill. Aug. 11, 2022) (rejecting the plaintiffs' argument that consideration of the defendant's registration

---

[3] Defendants note that Plaintiffs have filed a competing Request for Judicial Notice asking the Court to consider an additional page from Lucira's S-1. ECF 111. Far from attempting to "distort[] the record" or make "unscrupulous use of extrinsic documents," (ECF 111 at 1-2), Defendants merely excerpted Lucira's S-1 in Exhibit 6 to isolate the pages Defendants believe this Court should consider, in an effort to avoid submission of unnecessary and irrelevant paper. Notably, Plaintiffs' submission ignores that Lucira's S-1 reflected a different definition of "high sensitivity" than Plaintiffs alleged. The Court may, of course, consider the entirety of Lucira's S-1 if it desires under the incorporation by reference doctrine—something Plaintiffs appear to concede in their own papers. *See* ECF 111 at 2.

Cooley LLP

REPLY ISO DEFS.' REQUEST FOR
JUDICIAL NOTICE
CASE NO. 22-cv-00105-SI

statement is improper "simply because the complaint challenges two statements in the Registration Statement").

Specifically, Plaintiffs object to the Registration Statement's notice to investors that it had "non-cancellable contractual obligations" of "$33.0 million" in "Talis One instruments" and had secured a $33 million letter of credit "as terms of collateral that were required by one of our contract manufacturing organizations." Ex. 7 at 108; RJN Response at 4. Plaintiffs never challenged those statements as false or misleading. And to the extent Plaintiffs contend their label of Talis's purchase commitments as "purported" constitutes such a challenge, (¶ 107), that is at best conclusory. Defendants' use of the Registration Statement—to provide the required context and to highlight statements that undermine Plaintiffs' *unsupported* allegations—is therefore appropriate. *See Eventbrite*, 2020 WL 2042078, at *7 (noting incorporation by reference may be used to "create factual disputes with a plaintiff's **conclusory** allegations") (emphasis in original); *Belodoff v. Netlist, Inc.*, 2008 WL 2356699, at *9 (C.D. Cal. May 30, 2008) (finding that unchallenged, contradictory statements undermined the plaintiffs' falsity allegations). Plaintiffs cannot assert an interpretation of the Registration Statement that matches their narrative, while avoiding consideration of the rest merely because it "weaken[s]—or doom[s]—their claims." *Khoja*, 899 F.3d at 1002.

In any event, while the court should consider the Registration Statement for its truth, at minimum, "nothing … prevents this Court from analyzing an alleged false statement in context." *Eventbrite*, 2020 WL 2042078, at *7, 13 (considering Registration Statement and finding that plaintiff's "suggestion … is simply not a plausible interpretation").

Exhibits 3, 4, 6, and 7 should therefore be considered under the incorporation by reference doctrine.

**B. Exhibits 1, 3, 4, 6, and 7 are Judicially Noticeable**

Plaintiffs argue that Exhibits 1, 3, 4, 6, and 7 are not subject to judicial notice, but that, too, misinterprets controlling law and mischaracterizes Defendants' RJN. Plaintiffs wrongly assert that Defendants "ask the Court … [to] take judicial notice of Exhibits 1, 3, 4, 6, and 7 for their truth." RJN Response at 5. But Defendants *do not* offer these Exhibits for judicial notice to rely on the

truth of their contents.[4]  The RJN makes that abundantly clear, explaining that the Court "should take judicial notice of Exhibits 1-4 and 6-8 to properly consider 'what was in the public realm at the time' Defendants made their alleged misleading statements."  RJN at 6 (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted)).  Simply put, the Exhibits are not offered for the truth.

This renders Plaintiffs' remaining arguments meritless.  Plaintiffs do not suggest that the government websites from which Exhibits 1, 3, 4, 6, and 7 are drawn cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Nor do they dispute that courts consistently find these types of documents judicially noticeable.  Instead, Plaintiffs argue about the contents of each Exhibit and speculate about Defendants' motives.  Plaintiffs argue, for example, that Exhibit 1 is offered to "draw a misleading factual inference" regarding what the FDA considered "high sensitivity."  RJN Response at 6.  But Defendants make no such argument, and instead said only that Exhibit 1 shows "the FDA had granted EUAs to tests with LoDs as high as 600,000 NDU/mL," (Motion at 27), which Plaintiffs do not dispute.  Exhibits 1 and 4 indicate the range of LODs for FDA-approved COVID-19 tests *as represented by the FDA*, *i.e.*, in the public realm at the time of the IPO—regardless of the truth of those tests' underlying sensitivity—which provides context to the Court about the dynamic regulatory environment Talis operated in.

Likewise, Exhibit 3 is offered to show the FDA's then-existing public guidance on LOD thresholds, which contextualizes Plaintiffs' baseless allegations about FDA "requirements" for the same.  *See* ¶ 166-67; *Elec. Workers Pension Fund, Loc. 103, I.B.E.W. v. HP Inc.*, 2021 WL 1056549, at *2 (N.D. Cal. Mar. 19, 2021) (courts need not "accept as true 'allegations that contradict … matters properly subject to judicial notice'") (citation omitted); *see also* ECF 90 at 2 (seeking judicial notice of Exhibit 3 and other FDA documents because "[a]s statements of FDA guidance available on the FDA's website, these documents may be judicially noticed").

---

[4] As discussed above, however, the truth of Exhibits 3, 4, 5, and 7 may be assumed under the separate and independent doctrine of incorporation by reference.  *See Khoja*, 899 F.3d at 998 ("Both of these procedures [judicial notice and incorporation by reference] permit district courts to consider materials outside a complaint, but each does so for different reasons and in different ways.").

Plaintiffs' challenges to Exhibits 4, 6, and 7 follow the same pattern. Tellingly, Plaintiffs' RJN Response does not challenge the adequacy of or question the source of these Exhibits, but focuses instead on challenging the effects of their contents on the parties' substantive arguments. But arguments on the merits have nothing to do with whether or not these Exhibits are properly subject to judicial notice. That question turns on whether the Exhibits "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Exhibits 1, 3, 4, 6, and 7, which are publicly available SEC filings and government documents, are indisputably examples of such documents, as the Court has previously determined. Order at *11 (granting Defendants' request for consideration of SEC filings); *George v. Diaz*, 2020 WL 5073996, at *2 (N.D. Cal. Aug. 24, 2020) (taking judicial notice of CDC and government websites because "[t]he court can take judicial notice of … government documents available from reliable sources on the Internet, such as websites run by governmental agencies") (citation omitted).

For these reasons, Exhibits 1, 3, 4, 6, and 7 are proper subjects of judicial notice.

**C. Exhibit 9 Does Not Advance Any Argument**

Although Exhibit 9 is nowhere mentioned in Defendants' RJN, Plaintiffs contend its submission was improper based on Local Civil Rule 7-4(a). *See* RJN Response at 9. Though entirely irrelevant to the present RJN, Plaintiffs' arguments still fail. Plaintiffs do not challenge the accuracy of Exhibit 9, which merely restates the challenged statements with their surrounding context for the Court's convenience. Exhibit 9 should therefore be considered by the Court, if desired.

**III.   CONCLUSION**

For the foregoing reasons, Defendants respectfully ask the Court to grant in full Defendants' RJN and consider Exhibits 1-8.

COOLEY LLP

REPLY ISO DEFS.' REQUEST FOR
JUDICIAL NOTICE
CASE NO. 22-CV-00105-SI

Dated:  April 14, 2023

COOLEY LLP


By:     */s/ Patrick E. Gibbs*
                Patrick E. Gibbs

*Attorneys for Defendants Talis Biomedical Corporation, Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott*