UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TALIS BIOMEDICAL SECURITIES LITIGATION, | Case No. 22-cv-00105-SI<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT AND SETTING CASE MANAGEMENT CONFERENCE FOR JUNE 2, 2023 AT 2:30 PM**<br><br>Re: Dkt. No. 107 |

Defendants' motion to dismiss the amended complaint is scheduled for a hearing on May 3, 2023 at 11:30 a.m. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is suitable for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion. The Court schedules an initial case management conference for June 2, 2023 at 2:30 p.m.

**DISCUSSION**

In an order filed December 9, 2022, the Court granted defendants' motion to dismiss the consolidated amended complaint and granted plaintiffs leave to amend. On January 13, 2023, plaintiffs filed an amended complaint that narrowed this action to three categories of false and misleading statements and material omissions; dropped the Exchange Act claims; removed any challenged statements that the Court indicated may be forward-looking or subject to the bespeaks caution doctrine; added three new confidential witnesses; and added a number of new, specific allegations, including about the previous five confidential witnesses. Defendants have again moved to dismiss, contending that plaintiffs have failed to cure the deficiencies identified by the Court in the December 9 order.

The Court concludes that the amended complaint states claims under Sections 11 and 15 of the Securities Act. As an initial matter, the Court finds that Rule 8's plausibility standard applies because the amended complaint solely asserts non-fraud Securities Act claims. Applying that standard, the complaint plausibly alleges that the Registration Statement contained false and misleading statements about the ordering and manufacturing of instruments, the accuracy and reliability of the Talis One, and omissions about the weakness of Talis's comparator assay and Talis One's unreliability. The amended complaint alleges with specificity why the challenged statements were false and misleading when made, such as new allegations from an engineer who worked on the Talis One prototype and who states that at the time of the IPO there was no working product and new allegations about the Talis One's high invalid rates at the time of the IPO. The amended complaint also contains new allegations about how the comparator assay did not meet objective criteria for "high sensitivity" as well as about management's knowledge at the time of the IPO. These are just some examples of the many new, specific allegations that plaintiffs have added that address the issues discussed in the Court's prior order.

Many of defendants' challenges to the amended complaint raise factual disputes that are not appropriate for resolution on the pleadings.[1] The Court is also not persuaded by defendants' arguments that the allegations of the current complaint are inconsistent with the prior complaint, for the reasons articulated by plaintiffs in their opposition. Finally, the Court finds that defendants' arguments about negative causation – an affirmative defense for which defendants have a "heavy" burden of proof – are premature and not suitable for resolution on the pleadings. *See In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1422 (9th Cir. 1994); *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1171 (C.D. Cal. 2008) ("Because an analysis of causation is often fact-intensive, negative causation is generally established by a defendant on a motion for summary judgment or at trial.").

---

[1] Relatedly, the Court GRANTS defendants' request for judicial notice of Exhibits 2, 5 and 8 to the Eagan Declaration and DENIES the balance of the request and DENIES plaintiffs' request for judicial notice as MOOT. The Court will not take judicial notice of documents containing disputed facts, and the Court agrees with plaintiffs that defendants' Exhibit 9 improperly contains legal argument that is required to be in defendants' motion.

**CONCLUSION**

For the foregoing reasons, the Court DENIES defendants' motion to dismiss the amended complaint.  An initial case management conference is scheduled for June 2, 2023 at 2:30 p.m.

**IT IS SO ORDERED**.

Dated: April 28, 2023

SUSAN ILLSTON
United States District Judge