COOLEY LLP
Patrick E. Gibbs (183174)
(pgibbs@cooley.com)
Shannon M. Eagan (212830)
(seagan@cooley.com)
Jessie Simpson LaGoy (305257)
(jsimpsonlagoy@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

Zachary Sisko (appearance pro hac vice)
(zsisko@cooley.com)
500 Boylston Street
14th Floor
Boston, Massachusetts 02116-3736
Telephone:    (617) 937-2300
Facsimile:    (617) 937-2400

*Attorneys for Defendants Talis Biomedical Corporation,
Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond
Cheong, Melissa Gilliam, Rustem F. Ismagilov,
Kimberly J. Popovits, Matthew L. Posard, and Randal
Scott*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **DEFENDANTS' FIRST AMENDED ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Judge:    Honorable Susan Illston<br>Date Filed: 01/07/2022 |

Defendants Talis Biomedical Corporation, Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott ("Defendants") hereby answer Co-Lead Plaintiffs' Amended Consolidated Class Action Complaint (the "Amended Complaint" or "AC"). Defendants deny any and all liability under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act").

The numbered paragraphs of this answer correspond to the paragraphs as numbered in the Amended Complaint. To the extent paragraphs in the Amended Complaint are grouped under headings, Defendants respond generally that such headings and groupings are conclusions of law or fact and deny each and every allegation made or implied by such headings or groupings.

The Amended Complaint contains purported excerpts from, and references to, a number of documents and third-party publications. Such documents and third-party publications speak for themselves, and Defendants refer to the respective documents and third-party publications for the contents thereof.

Any allegations contained in the Amended Complaint that state a legal conclusion do not require a response and, to the extent that any response is required, such allegations are denied.

Any allegation that is not specifically admitted below is hereby denied. Defendants generally deny any averments in the Amended Complaint's table of contents, headings, subheadings, footnotes, unnumbered paragraphs, appendices, exhibits, and prayer for relief. Defendants further answer the numbered paragraphs in the AC as follows.

1. Paragraph 1 constitutes Plaintiffs' characterization of their own Amended Complaint and requires no response.

2. The first two sentences of Paragraph 2 of the AC assert legal conclusions to which no response is required. The remaining allegations in Paragraph 2 constitute Plaintiffs' characterization of their own Amended Complaint and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 2.

3. In response to Paragraph 3 of the AC, Defendants admit that Talis raised approximately $254 million as a result of its February 2021 IPO, but lack knowledge or information sufficient to form a belief as to the allegation that the capital Talis raised came "largely from the Class." Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 3.

4. In response to Paragraph 4 of the AC, Defendants admit Paragraph 4 contains selective quotes from Talis's Registration Statement filed on Form S-1/A on February 11, 2021 (the "Registration Statement") that have been modified, taken out of context, and are incomplete.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

To the extent Paragraph 4 purports to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 4.

5.    In response to Paragraph 5 of the AC, Defendants admit Paragraph 5 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete.  To the extent Paragraph 5 purports to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 5.

6.    Paragraph 6 of the AC constitutes Plaintiffs' characterization of their own Amended Complaint to which no response is required. The last sentence of Paragraph 6 contains legal conclusions to which no response is required.  To the extent the allegations in Paragraph 6 require a response, Defendants deny each and every allegation contained therein.

7.    Paragraph 7 of the AC constitutes Plaintiffs' characterization of their own Amended Complaint to which no response is required.

8.    In response to Paragraph 8 of the AC, Defendants admit Paragraph 8 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete.  To the extent Paragraph 8 purports to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  To the extent the allegations in Paragraph 8 require a response, Defendants deny each and every allegation contained therein.

9.    Defendants admit Paragraph 9 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete.  To the extent Paragraph 9 purports to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.    Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 9 of the AC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

10.    The first sentence of Paragraph 10 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  The remaining allegations in Paragraph 10 constitutes Plaintiffs' characterization of their own Amended Complaint to which no response is required.   To the extent a response is required, Defendants deny each and every remaining allegation in Paragraph 10 of the AC.

11.    In response to Paragraph 11 of the AC, Defendants admit Paragraph 11 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete.  To the extent Paragraph 11 purports to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Further responding, Paragraph 11 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Except as expressly admitted herein, Defendant deny each and every allegation in Paragraph 11.

12.    In response to Paragraph 12 of the AC, Defendants admit Paragraph 12 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete.  To the extent Paragraph 12 purports to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 12.

13.    In response to Paragraph 13 of the AC, the first sentence of Paragraph 13 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  The remaining allegations in Paragraph 13 constitute Plaintiffs' characterization of their own Amended Complaint to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 13.

14.    In response to Paragraph 14 of the AC, the first sentence of Paragraph 14 asserts a legal conclusion to which no response is required.  Defendants admit Paragraph 14 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete.  To the extent Paragraph 14 purports to summarize or characterize the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 14.

15.    Paragraph 15 of the AC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 15.

16.    Defendants deny each and every allegation in Paragraph 16 of the AC.

17.    Defendants deny each and every allegation in Paragraph 17 of the AC.

18.    In response to Paragraph 18 of the AC, Defendants admit that Dr. Ismagilov signed the Registration Statement.  Defendants lack knowledge or information sufficient to form a belief as to the allegations in the last sentence of Paragraph 18 and, on that basis, deny them.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 18.

19.    In response to Paragraph 19 of the AC, Defendants deny the allegations in the first sentence of Paragraph 19.  The allegations in the second and third sentences of Paragraph 19 assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in the second and third sentences of Paragraph 19.

20.    In response to Paragraph 20 of the AC, Defendants deny the allegations in the first and second sentences of Paragraph 20. The third sentence of Paragraph 20 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegation.

21.    In response to Paragraph 21 of the AC, Defendants deny the allegations in the first sentence of Paragraph 21.  The second and third sentences of Paragraph 21 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete.  To the extent Paragraph 21 purports to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  The final sentence of Paragraph 21 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 21.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

22.     The first and second sentences of Paragraph 22 of the AC constitutes Plaintiffs' characterization of their own Amended Complaint and require no response. To the extent a response is required, Defendants deny these allegations. Defendants admit that Talis's stock price closed at $3.31 on January 7, 2022, the day this action was filed, and that Talis's stock is currently trading below $0.60 at the time of this Answer. Defendants deny the remaining allegations in Paragraph 22.

23.     Paragraph 23 of the AC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs' Amended Complaint asserts claims pursuant to Sections 11 and 15 of the Securities Act.

24.     Paragraph 24 of the AC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over this action.

25.     Paragraph 25 of the AC asserts legal conclusions to which no response is required.

26.     Paragraph 26 of the AC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this Judicial District and that Talis maintained its corporate headquarters and principal executive offices in this Judicial District.

27.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 and, on that basis, deny them.

28.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 and, on that basis, deny them.

29.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 and, on that basis, deny them.

30.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 and, on that basis, deny them.

31.     Defendants deny each and every allegation in Paragraph 31 of the AC.

32.     Paragraph 32 of the AC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 32.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

33.    Defendants admit that Talis is a corporation incorporated in Delaware, that Talis's common stack trades on the NASDAQ under the symbol "TLIS," and that Talis was the issuer of the IPO.  Defendants deny the remaining allegations in Paragraph 33 of the AC.

34.    In response to Paragraph 34 of the AC, Defendants admit that Mr. Coe is one of Talis's co-founders and served as Talis's President and Chief Executive Officer and a member of the Company's Board of Directors from June 2013 until August 30, 2021.  Defendants admit that Mr. Coe signed the Registration Statement.  Defendants admit that Mr. Coe was a member of Talis's Board of Directors at the time of Talis's IPO.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 34.

35.    In response to Paragraph 35 of the AC, Defendants admit that Mr. Moody served as Talis's CFO from May 2020 to April 2023, and that Mr. Moody signed the Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 35.

36.    In response to Paragraph 36 of the AC, Defendants admit that Mr. Baker served as a member of Talis's Board of Directors from June 2013 to March 2023 and that Mr. Baker signed the Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 36.

37.    Defendants admit the allegations in Paragraph 37 of the AC.

38.    Defendants admit the allegations in Paragraph 38 of the AC.

39.    Defendants admit the allegations in Paragraph 39 of the AC.

40.    Defendants admit the allegations in Paragraph 40 of the AC.

41.    Defendants admit the allegations in Paragraph 41 of the AC.

42.    Defendants admit the allegations in Paragraph 42 of the AC.

43.    Paragraph 43 of the AC constitutes Plaintiffs' characterization of their own Amended Complaint and requires no response.

44.    Paragraph 44 of the AC constitutes Plaintiffs' characterization of their own Amended Complaint and requires no response.

45.    Paragraph 45 of the AC constitutes Plaintiffs' characterization of their own Amended Complaint and requires no response.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

46.    Paragraph 46 of the AC constitutes Plaintiffs' characterization of their own Amended Complaint and requires no response.

47.    In response to Paragraph 47 of the AC, Defendants admit Paragraph 47 contains selective quotes from Talis's Registration Statement which have been modified, taken out of context, and are incomplete. To the extent Paragraph 47 purports to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 47.

48.    Defendants admit the allegations in Paragraph 48 of the AC.

49.    Defendants admit the allegations in Paragraph 49 of the AC.

50.    Defendants admit the allegations in Paragraph 50 of the AC.

51.    Defendants admit the allegations in Paragraph 51 of the AC.

52.    In response to Paragraph 52 of the AC, Defendants admit that the rapid spread of COVID-19 created an urgent need for reliable tests. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 52 and, on that basis, deny them. To the extent Paragraph 52 purports to summarize or characterize a document, Defendants deny these allegations and respectfully refer the Court to the contents of the referenced document.

53.    In response to Paragraph 53 of the AC, Defendants admit that antigen and molecular diagnostic tests are two types of COVID-19 diagnostic tests, but deny the remaining allegations in Paragraph 53.

54.    Defendants admit the allegations in Paragraph 54 of the AC.

55.    In response to Paragraph 55 of the AC, Defendants admit that Talis issued a press release on July 31, 2020 titled "Talis Awarded NIH RADx Contract to Launch Talis One™ System for Point-of-Care COVID-19 Testing and Further Strengthens Financial Position and Leadership Team," which described a grant Talis received from the National Institute of Health. Paragraph 55 contains selective quotes from Talis's July 31, 2020 press release that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 55 purport to summarize or characterize the press release, Defendants deny these allegations and respectfully

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

refer the Court to the contents of that complete press release. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 55.

56.    In response to Paragraph 56 of the AC, Defendants admit the image reproduced in Paragraph 56 was part of Talis's July 31, 2020 press release. To the extent the allegations in Paragraph 56 purport to summarize or characterize the press release, Defendants deny these allegations and respectfully refer the Court to the contents of that complete press release. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 56.

57.    In response to Paragraph 57 of the AC, Defendants admit that the RADx contract was signed by Defendant Coe for Talis. Defendants admit Paragraph 57 contains selective quotes from Talis's RADx contract that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 57 purport to summarize or characterize the RADx contract, Defendants deny these allegations and respectfully refer the Court to the contents of that complete contract. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 57.

58.    In response to Paragraph 58 of the AC, Defendants admit Paragraph 58 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 58 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 58.

59.    In response to Paragraph 59 of the AC, Defendants admit that the Pfizer and Moderna COVID-19 vaccines were granted emergency use authorizations by the FDA in December 2020. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 59.

60.    In response to Paragraph 60 of the AC, Defendants admit that by the end of 2020, several COVID-19 molecular diagnostic tests were commercially available. Paragraph 60 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 60 purport to summarize or

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 60.

61.     In response to Paragraph 61 of the AC, Defendants deny the allegations in the first sentence of Paragraph 61.  The second and third sentences of Paragraph 61 contain selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 61 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 61.

62.     In response to Paragraph 62 of the AC, Defendants deny the allegations in the first sentence of Paragraph 62.  The second sentence of Paragraph 62 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 62 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 62.

63.     In response to Paragraph 63 of the AC, Defendants admit that Talis was founded in 2010 by Defendants Ismagilov and Coe.  The second and third sentences of Paragraph 63 contain selective quotes from Talis's Registration Statement and RADx contract that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 63 purport to summarize or characterize the Registration Statement and RADx contract, Defendants deny these allegations and respectfully refer the Court to the contents of those documents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 63.

64.     Paragraph 64 of the AC asserts legal conclusions to which no response is required.

65.     Paragraph 65 of the AC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the Registration Statement contained any material misstatements or omissions.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

66.    In response to Paragraph 66 of the AC, Defendants admit Paragraph 66 contains selective quotes from the Registration Statement that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 66 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 66.

67.    Defendants deny each and every allegation in Paragraph 67 of the AC.

68.    In response to Paragraph 68 of the AC, Defendants admit Paragraph 68 contains selective quotes from the Registration Statement that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 68 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 68.

69.    Defendants deny each and every allegation in Paragraph 69 of the AC.

70.    Defendants deny each and every allegation in Paragraph 70 of the AC.

71.    Defendants deny each and every allegation in Paragraph 71 of the AC.

72.    Defendants deny each and every allegation in Paragraph 72 of the AC. The timeline embedded in Paragraph 72 constitutes Plaintiffs' characterization of their own Amended Complaint to which no response is required. To the extent a response is required, Defendants deny those allegations.

73.    In response to Paragraph 73, Defendants admit Paragraph 73 contains selective quotes from the Registration Statement that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 73 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Defendants deny the remaining allegations in Paragraph 73 of the AC.

74.    In response to Paragraph 74, Defendants admit Paragraph 74 contains an image from the Registration Statement which is taken out of context and incomplete.   To the extent the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

11

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

allegations in Paragraph 74 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 74.

75.    In response to Paragraph 75 of the AC, Defendants admit that a single Talis One instrument contains hundreds of separate components.  Paragraph 75 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 75 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 75.

76.    In response to Paragraph 76 of the AC, Defendants admit Paragraph 76 contains references to Talis's patent for Talis One that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 76 purport to summarize or characterize the Talis One patent, Defendants deny these allegations and respectfully refer the Court to the contents of the complete patent.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 76.

77.    The allegations in Paragraph 77 of the AC are vague, ambiguous, and unintelligible, and Defendants deny each and every allegation in Paragraph 77 on that basis.  The allegations in Paragraph 77 further contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 77.

78.    In response to Paragraph 78 of the AC, Defendants admit Paragraph 78 contains selective quotes from certain FDA regulations that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 78 purport to summarize or characterize these FDA regulations, Defendants deny these allegations and respectfully refer the Court to the contents of those complete FDA regulations.  The allegations in Paragraph 78 further contain legal conclusions to which no response is required.  To the extent a response is required, Defendants

Cooley LLP
Attorneys at Law
Palo Alto

12

Defendants' First Amended Answer to
Amended Class Action Complaint
3:22-cv-00105-SI

deny the allegations in Paragraph 78.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 78.

79.    The allegations in Paragraph 79 of the AC are vague, ambiguous, and unintelligible, and Defendants deny each and every allegation in Paragraph 79 on that basis.  To the extent Paragraph 79 to purports to summarize or characterize a document, Defendants deny these allegations and respectfully refer the Court to the contents of the referenced document.

80.    In response to Paragraph 80 of the AC, Defendants admit Paragraph 80 contains selective references to the Financial Accounting Standards Board's Master Glossary ("Master Glossary") and GAAP that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 80 purport to summarize or characterize the Master Glossary or GAAP, Defendants deny these allegations and respectfully refer the Court to the contents of the complete relevant Master Glossary entry and GAAP provision.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 80.

81.    In response to Paragraph 81 of the AC, Defendants deny the allegations in the first sentence of Paragraph 81.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 81 and, on that basis, deny them.

82.    The first and third sentences of Paragraph 82 of the AC contain allegations that are vague, ambiguous, and unintelligible, and Defendants deny each and every allegation therein on that basis. Defendants admit that Talis's revenue in 2019 was $4 million, and $10.7 million in the first three quarters of 2020.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 82 and, on that basis, deny them.

83.    Defendants deny each and every allegation in Paragraph 83 of the AC.

84.    In response to Paragraph 84 of the AC, Defendants deny the allegations in the first sentence of Paragraph 84. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 84 and, on that basis, deny them.

85.    Defendants deny each and every allegation in Paragraph 85 of the AC.

86.    In response to Paragraph 86 of the AC, Defendants admit the first sentence of Paragraph 86 contains selective quotes from Talis's Registration Statement that have been

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

13

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 86 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 86.

87.    Paragraph 87 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 87.

88.    Defendants deny each and every allegation in Paragraph 88.  Paragraph 88 further contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 88 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.

89.    In response to Paragraph 89 of the AC, Defendants deny the allegations in the first sentence of the AC.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 89 and, on that basis, deny them.

90.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 90 of the AC and, on that basis, deny them.

91.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 91 of the AC and, on that basis, deny them.

92.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 92 of the AC and, on that basis, deny them.

93.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 93 of the AC and, on that basis, deny them.

94.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 94 of the AC and, on that basis, deny them.

95.    Paragraph 95 of the AC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 95.

96.    Defendants deny each and every allegation in Paragraph 96 of the AC. Paragraph 96 further contains selective quotes from the Registration Statement that have been modified, taken

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

14

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

out of context, and are incomplete.  To the extent the allegations in Paragraph 96 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to that complete guidance document.

97.    In response to Paragraph 97 of the AC, Defendants admit Paragraph 97 contains selective quotes from the RADx contract that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 97 purport to summarize or characterize the RADx contract, Defendants deny these allegations and respectfully refer the Court to that complete contract. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 97.

98.    Paragraph 98 of the AC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Paragraph 98 contains selective quotes from the FDA Quality System Regulations and International Medical Device Regulators Forum guidance that have been modified, taken out of context, and are incomplete.  To the extent the allegations of Paragraph 98 purport to summarize or characterize these regulations and guidance, Defendants deny these allegations and respectfully refer the Court to the complete regulations and guidance.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 98.

99.    Paragraph 99 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Paragraph 99 contains selective quotes from the FDA Quality System Regulations that have been modified, taken out of context, and are incomplete.  To the extent the allegations of Paragraph 99 purport to summarize or characterize these regulations, Defendants deny these allegations and respectfully refer the Court to the complete regulations.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 99.

100.    Paragraph 100 of the AC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations. Paragraph 100 contains selective quotes from the FDA Quality System Regulations and International Organization for Standardization's manufacturing standards that have been modified, taken out of context, and

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

15

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

are incomplete. To the extent the allegations of Paragraph 100 purport to summarize or characterize these regulations and standards, Defendants deny these allegations and respectfully refer the Court to the complete regulations and standards. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 100.

101. Paragraph 101 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny each and every allegation in Paragraph 101 of the AC.

102. Defendants deny each and every allegation in Paragraph 102 of the AC.

103. Defendants deny each and every allegation in Paragraph 103 of the AC.

104. Paragraph 104 of the AC contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Paragraph 104 contains selective quotes from the FDA Quality System Regulations that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 104 purport to summarize or characterize these regulations, Defendants deny these allegations and respectfully refer the Court to the complete regulations. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 104.

105. Defendants deny each and every allegation in Paragraph 105 of the AC. Paragraph 105 further contains selective quotes from the FDA Quality System Regulations that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 104 purport to summarize or characterize these regulations, Defendants deny these allegations and respectfully refer the Court to the complete regulations.

106. Defendants deny each and every allegation in Paragraph 106 of the AC.

107. In response to Paragraph 107 of the AC, Defendants admit Paragraph 107 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 107 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 107.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

16

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

108.    In response to Paragraph 108 of the AC, Defendants admit Paragraph 108 contains selective quotes from Talis's Form 10-Q filed on August 10, 2021 that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 108 purport to summarize or characterize the Form 10-Q, Defendants deny these allegations and respectfully refer the Court to the contents of that complete Form 10-Q.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 108.

109.    In response to Paragraph 109 of the AC, Defendants admit Paragraph 109 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 109 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 109.

110.    In response to Paragraph 110 of the AC, the first sentence of Paragraph 110 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 110 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Defendants deny the allegations in the second sentence of Paragraph 110.

111.    In response to Paragraph 111 of the AC, Defendants deny the allegations in the first sentence of Paragraph 111.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 111 and, on that basis, deny them.

112.    In response to Paragraph 112 of the AC, Defendants admit that at the time of the IPO, Talis did not have a commercial product for sale authorized by the FDA, as disclosed in the Registration Statement. Defendants deny the remaining allegations in the first and second sentences of the Registration Statement. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 112 and, on that basis, deny them.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

17

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

113.    In response to Paragraph 113 of the AC, Defendants deny the allegations in the first sentence of Paragraph 113.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 113 and, on that basis, deny them.

114.    In response to Paragraph 114 of the AC, Defendants admit that at the time of the IPO, Talis did not have a commercial product for sale authorized by the FDA, as disclosed in the Registration Statement. Defendants deny the remaining allegations in the first sentence of Paragraph 114.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 114 and, on that basis, deny them.

115.    In response to Paragraph 115 of the AC, Defendants deny the allegations in the first sentence of Paragraph 115.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 115 and, on that basis, deny them.

116.    In response to Paragraph 116 of the AC, Defendants deny the allegations in the first sentence of Paragraph 116.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 116 and, on that basis, deny them.

117.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 117 of the AC and, on that basis, deny each and every allegation in Paragraph 117.

118.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 118 of the AC and, on that basis, deny each and every allegation in Paragraph 118.

119.    In response to Paragraph 119 of the AC, Defendants admit Paragraph 119 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 119 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 119.

120.    In response to Paragraph 120 of the AC, Defendants admit Paragraph 120 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context,

and are incomplete.  To the extent the allegations in Paragraph 120 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 120 of the AC.

121.    In response to Paragraph 121 of the AC, Defendants admit Paragraph 121 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 121 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 121 of the AC.

122.    The first sentence of Paragraph 122 further contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  The allegations in the second sentence of the AC are vague, unintelligible, and ambiguous and Defendants deny them on that basis.  Defendants admit Paragraph 122 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 122 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 122.

123.    Paragraph 123 of the AC contains allegations that are vague, unintelligible, and ambiguous, and Defendants deny each and every allegation in Paragraph 123 on that basis.

124.    Defendants deny each and every allegation in Paragraph 124 of the AC.

125.    In response to Paragraph 125 of the AC, Defendants admit that Paragraph 125 contains selective quotes from an article in the March 2020 issue of the Journal of Clinical Microbiology and the FDA's Molecular Diagnostic Template as of July 28, 2020 that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 125 purport to summarize or characterize the article and/or the FDA guidance, Defendants deny these allegations and respectfully refer the Court to the contents of that complete article and FDA

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

19

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

guidance. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 125.

126. In response to Paragraph 126 of the AC, the allegations in the first sentence of Paragraph 126 are vague, ambiguous, and unintelligible, and Defendants deny them on that basis. Defendants admit the second, third and fourth sentences of Paragraph 126 contain selective references to and quotes from Lucira Health, Inc.'s Form S-1, filed with the SEC on January 15, 2021, and quotes from an article in the January 2021 issue of the Journal of Clinical Microbiology that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 126 purport to summarize or characterize Lucira's Form S-1 and/or the January 2021 article, Defendants deny these allegations and respectfully refer the Court to the contents of that complete Form S-1 and article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 126.

127. In response to Paragraph 127 of the AC, Defendants admit Paragraph 127 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 127 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 127 of the AC.

128. Defendants deny each and every allegation in Paragraph 128 of the AC.

129. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 129 and, on that basis, deny each and every allegation therein.

130. The allegations in Paragraph 130 of the AC are vague, ambiguous, and unintelligible, and Defendants deny each and every allegation therein on that basis. Paragraph 130 further contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants further deny the allegations in the second sentence of Paragraph 130 to the extent it purports to characterize then-existing FDA guidance or regulations.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

20

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

131.    In response to Paragraph 131 of the AC, Defendants deny the allegations in the first sentence of Paragraph 131. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 131 and, on that basis, deny them.

132.    In response to Paragraph 132 of the AC, Defendants deny the allegations in the first sentence of Paragraph 132.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 132 and, on that basis, deny them.

133.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 133 and, on that basis, deny them.

134.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 134 and, on that basis, deny them.

135.    In response to Paragraph 135 of the AC, Defendants deny the allegations in the first sentence of Paragraph 135.  Defendants admit the second and third sentences of Paragraph 135 contain selective quotes and images from Talis's Registration Statement which have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 135 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny the allegations in the second and third sentences of Paragraph 135.

136.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 136 and, on that basis, deny each and every allegation therein.

137.    In response to Paragraph 137 of the AC, Defendants deny the allegations in the first sentence of Paragraph 137.  Defendants lack knowledge or information sufficient to form a belief as to the allegations in the second sentence of Paragraph 137 and, on that basis, deny each and every allegation therein.

138.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 138 and, on that basis, deny each and every allegation therein.

139.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 139 and, on that basis, deny each and every allegation therein.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

21

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

140.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 140 and, on that basis, deny each and every allegation therein.

141.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 141 and, on that basis, deny each and every allegation therein.

142.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 142 and, on that basis, deny each and every allegation therein.

143.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 143 and, on that basis, deny each and every allegation therein.

144.   Defendants deny each and every allegation in Paragraph 144 of the AC.  Paragraph 144 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 144 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.

145.   In response to Paragraph 145 of the AC, Defendants deny the allegations in the first sentence of Paragraph 145. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 145 and, on that basis, deny them.

146.   In response to Paragraph 146 of the AC, Defendants admit the first sentence of Paragraph 146 contains selective quotes from the Registration Statement that have been modified, taken out of context, and are incomplete.  To the extent the allegations in the first sentence of Paragraph 146 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of that complete document. Defendants admit the third sentence of Paragraph 146 contains selective quotes from an article in the January 2021 issue of the Journal of Clinical Microbiology that have been modified, taken out of context, and are incomplete.  To the extent the allegations in the third sentence of Paragraph 146 purport to summarize or characterize the January 2021 article, Defendants deny these allegations and respectfully refer the Court to the contents of that complete article.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 146.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

22

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

147. Paragraph 147 of the AC contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 147.

148. Defendants deny each and every allegation in the first sentence of Paragraph 148 of the AC. Paragraph 148 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations.

149. Paragraph 149 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 149. Defendants deny each and every allegation in the second sentence of Paragraph 149.

150. In response to Paragraph 150 of the AC, Defendants admit Paragraph 150 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 150 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the content of the complete Registration Statement. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 150.

151. Paragraph 151 of the AC contains legal conclusions to which no response is required.

152. Paragraph 152 of the AC contains legal conclusions to which no response is required.

153. Defendants deny each and every allegation in Paragraph 153 of the AC.

154. In response to Paragraph 154 of the AC, the first sentence of Paragraph 154 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny each and every allegation in the first sentence of Paragraph 154. Defendants deny each and every allegation in the second sentence of Paragraph 154.

155. The allegations in Paragraph 155 of the AC contain legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 155.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

23

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

156.    In response to Paragraph 156 of the AC, Defendants admit Paragraph 156 contains selective quotes from Talis's RADx contract that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 156 purport to summarize or characterize the RADx contract, Defendants deny these allegations and respectfully refer the Court to the contents of that complete contract.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 156.

157.    In response to Paragraph 157 of the AC, Defendants admit that Talis applied for an EUA on January 29, 2021 and that the FDA had granted EUAs to other COVID-19 molecular diagnostic tests.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 157.

158.    In response to Paragraph 158 of the AC, Defendants admit that the FDA's Molecular Diagnostic Template for Commercial Manufacturers provided guidance to companies seeking EUA for COVID-19 molecular diagnostic tests. Defendants deny the allegations to the extent they interpret or characterize the FDA's non-binding guidance to companies seeking such EUAs and deny that the guidance was "specific".  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 158 of the AC.

159.    In response to Paragraph 159, Defendants admit that applicants for EUAs were required to submit studies demonstrating test performance.  The remaining allegations in Paragraph 159 are vague and ambiguous, and Defendants deny each and every allegation therein on that basis.  Further responding, the table included in Paragraph 159 constitutes Plaintiffs' characterization of their own Amended Complaint and requires no response.

160.    The allegations in Paragraph 160 of the AC are vague, ambiguous, and unintelligible, and Defendants deny each and every allegation therein on that basis.

161.    The allegations in Paragraph 161 of the AC are vague, ambiguous, and unintelligible, and Defendants deny each and every allegation therein on that basis.  Paragraph 161 of the AC further constitutes Plaintiffs' characterization of their own Amended Complaint and requires no response.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

24

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

162. In response to Paragraph 162 of the AC, Defendants admit Paragraph 162 contains a selective quote from a John Hopkins Bloomberg School of Public Health's Center for Health Security publication that has been modified, taken out of context, and is incomplete. To the extent the allegations in Paragraph 162 purport to summarize or characterize this publication, Defendants deny these allegations and respectfully refer the Court to the contents of that complete publication. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 162.

163. In response to Paragraph 163 of the AC, Defendants admit Paragraph 163 contains selective quotes from the FDA's Molecular Diagnostic Template for Commercial Manufacturers as of July 28, 2020 that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 163 purport to summarize or characterize the FDA guidance, Defendants deny these allegations and respectfully refer the Court to the contents of that complete FDA guidance. Further responding, Defendants deny the allegations in Paragraph 163 to the extent they suggest that the FDA's July 28, 2020 non-binding guidance created a regulatory standard. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 163.

164. In response to Paragraph 164 of the AC, Defendants admit Paragraph 164 contains selective quotes from the FDA's Template for Manufacturers of Molecular and Antigen Diagnostic COVID-19 Tests for Non-Laboratory Use as of July 29, 2020 that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 164 purport to summarize or characterize the FDA template, Defendants deny these allegations and respectfully refer the Court to the contents of that complete FDA template. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 164.

165. In response to Paragraph 165 of the AC, Defendants admit that obtaining Emergency Use Authorization required complying with FDA requirements. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the second sentence of Paragraph 165 of the AC and, on that basis, deny each and every allegation therein. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 165.

166. Defendants deny each and every allegation in Paragraph 166 of the AC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

25

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

167.    In response to Paragraph 167 of the AC, Defendants admit that the comparator assay used in the clinical study underlying Talis's January 2021 EUA submission had a limit of detection of 180,000 NDU/mL at the time of Talis's January 2021 EUA submission, as disclosed in the Registration Statement. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 167.

168.    In response to Paragraph 168 of the AC, Defendants admit that Dr. Ismagilov is a Ph.D. scientist who co-founded Talis, serves on its Board, and signed the Registration Statement. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 168 of the AC.

169.    In response to Paragraph 169 of the AC, Defendants admit Paragraph 169 contains selective quotes from a preprint article written by Dr. Ismagilov and others that was posted on December 11, 2020 to medRxiv that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 169 purport to summarize or characterize Dr. Ismagilov's preprint article, Defendants deny these allegations and respectfully refer the Court to the contents of that complete preprint article.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 169.

170.    In response to Paragraph 170 of the AC, Defendants admit that Dr. Ismagilov founded Talis and was involved in the development of Talis One. Defendants admit the second sentence of Paragraph 170 contains a selective quote from Talis's Registration Statement that has been modified, taken out of context, and is incomplete.  To the extent the allegations in Paragraph 170 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 170.

171.    In response to Paragraph 171 of the AC, Defendants admit Paragraph 171 contains selective quotes from a preprint article written by Dr. Ismagilov and posted on April 7, 2021 to medRxiv that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 171 purport to summarize or characterize Dr. Ismagilov's preprint article, Defendants deny these allegations and respectfully refer the Court to the contents of that complete

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

26

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

preprint article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 171.

172. In response to Paragraph 172 of the AC, Defendants admit Paragraph 172 contains a selective quote from a Twitter post from the account "ismagilovlab" dated April 9, 2021 that has been modified, taken out of context, and is incomplete. To the extent the allegations in Paragraph 172 purport to summarize or characterize this Twitter post, Defendants deny these allegations and respectfully refer the Court to the contents of that complete Twitter post. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 172.

173. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 173 of the AC and, on that basis, deny each and every allegation therein.

174. In response to Paragraph 174 of the AC, Defendants admit that Talis's comparator assay was FDA-authorized, but deny the remaining allegations in the first and second sentences of Paragraph 174. Defendants admit the remaining allegations purport to contain selective quotes from a September 2020 Modern Healthcare article that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 174 purport to summarize or characterize this article, Defendants deny these allegations and respectfully refer the Court to the contents of that complete article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 174.

175. In response to Paragraph 175 of the AC, Defendants admit that Talis's comparator assay was FDA-authorized and had a limit of detection of 180,000 NDU/mL, but deny the remaining allegations in Paragraph 175.

176. In response to Paragraph 176 of the AC, the allegations in the first sentence of Paragraph 176 are vague, ambiguous, and unintelligible, and Defendants deny them on that basis. Further responding, Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 176 and, on that basis, deny each and every allegation therein. Defendants admit the remaining allegations contain selective quotes from Lucira Health, Inc.'s Form S-1 filed with the SEC on January 15, 2021 that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 176 purport to summarize

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

27

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

or characterize Lucira's Form S-1, Defendants deny these allegations and respectfully refer the Court to the contents of that complete Form S-1.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 176.

177.    Defendants admit that the comparator assay used in the clinical study underlying Talis's January 2021 EUA submission had a limit of detection of 180,000 NDU/mL at the time of Talis's January 2021 EUA submission, as disclosed in the Registration Statement.  The graphic embedded in Paragraph 177 constitutes Plaintiffs' characterization of their own Amended Complaint to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 177.

178.    In response to Paragraph 178, Defendants deny the allegations in the first sentence of Paragraph 178.  Defendants admit the remaining allegations contain selective quotes from the FDA's Template for Manufacturers of Molecular and Antigen Diagnostic COVID-19 Tests for Non-Laboratory Use as of July 29, 2020 and statements from an FDA town hall event on September 16, 2020 that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 178 purport to summarize or characterize the FDA template and/or town hall statements, Defendants deny these allegations and respectfully refer the Court to that complete FDA template and town hall transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 178.

179.    In response to Paragraph 179 of the AC, Defendants admit the FDA requested additional information from Talis before the IPO.  Defendants admit Paragraph 179 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 179 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 179.

180.    In response to Paragraph 180 of the AC, Defendants admit Dr. Ismagilov signed Talis's Registration Statement and that, as disclosed in the Registration Statement, the FDA had

contacted Talis requesting additional information on Talis's test prior to initiating its substantive review of the submission. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 180.

181. In response to Paragraph 181 of the AC, the first and last sentences of Paragraph 181 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in the first and last sentences of Paragraph 181. Defendants deny each and every allegation in the second sentence of Paragraph 181.

182. In response to Paragraph 182 of the AC, the first and last sentences of Paragraph 182 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the remaining allegations in Paragraph 182.

183. In response to Paragraph 183 of the AC, the first and second sentences of Paragraph 183 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations. Defendants admit Paragraph 183 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 183 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 183.

184. Defendants deny each and every allegation in Paragraph 184 of the AC.

185. Paragraph 185 of the AC contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 185.

186. In response to Paragraph 186 of the AC, Defendants deny each and every allegation in the first sentence of Paragraph 186. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the second and third sentences of Paragraph 186 and, on that basis, deny them.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

29

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

187. In response to Paragraph 187 of the AC, Defendants deny each and every allegation in the first sentence of Paragraph 187. The allegations in the third and fourth sentences of Paragraph 187 are vague, ambiguous, and unintelligible, and Defendants deny them on that basis. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 187 and, on that basis, deny them.

188. In response to Paragraph 188 of the AC, Paragraph 188 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in the first and last sentences of Paragraph 188. Defendants deny the remaining allegations in Paragraph 188.

189. In response to Paragraph 189, the last sentence of Paragraph 189 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in the last sentence of Paragraph 189. Defendants deny the remaining allegations in Paragraph 189.

190. Paragraph 190 of the AC contains legal conclusions to which no response is required.

191. Paragraph 191 of the AC contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 191.

192. Defendants deny each and every allegation in Paragraph 192 of the AC.

193. Defendants deny each and every allegation in Paragraph 193 of the AC.

194. Paragraph 194 of the AC contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 194.

195. In response to Paragraph 195 of the AC, Defendants admit Paragraph 195 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 195 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

30

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 195.

196.    In response to Paragraph 196 of the AC, Defendants deny the allegations in the first sentence of Paragraph 196.  The second sentence of Paragraph 196 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in the second sentence of Paragraph 196.

197.    In response to Paragraph 197 of the AC, Defendants admit Paragraph 197 contains selective quotes from Talis's Registration Statement that have been modified, taken out of context, and are incomplete.  To the extent the allegations of Paragraph 197 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 197.

198.    In response to Paragraph 198 of the AC, Defendants deny the allegations in the first sentence of Paragraph 198.  The second sentence of Paragraph 198 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in the second sentence Paragraph 198.

199.    Defendants admit the allegations in Paragraph 199 of the AC.

200.    Defendants admit the allegations in Paragraph 200 of the AC.

201.    Defendants admit the allegations in Paragraph 201 of the AC.

202.    In response to Paragraph 202 of the AC, Defendants admit that on February 11, 2021, Talis filed an Amendment No. 2 to the Registration Statement on Form S-1, including a revised preliminary prospectus with the same date.  Defendants admit Paragraph 202 contains a selective quote from Talis's Registration Statement that has been modified, taken out of context, and is incomplete.  To the extent the allegations in Paragraph 202 purport to summarize or characterize the Registration Statement, Defendants deny these allegations and respectfully refer the Court to the complete Registration Statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 202.

203.    Defendants admit the allegations in Paragraph 203 of the AC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

31

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

204. In response to Paragraph 204 of the AC, Defendants admit Talis raised approximately $253.9 million in connection with its February 11, 2021 IPO and offered 15,870,000 shares, including 2,070,000 shares sold pursuant to the exercise in full by the underwriters of their option to purchase additional shares, at $16.00 per share. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 204.

205. In response to Paragraph 205 of the AC, Defendants admit that Talis's common stock began trading on the NASDAQ on February 12, 2021 and closed that day at $27.80, and admit that $27.80 was the share price's highest closing price.

206. Defendants admit the allegations in Paragraph 206 of the AC.

207. Defendants deny each and every allegation in Paragraph 207 of the AC.

208. In response to Paragraph 208 of the AC, Defendants admit that Talis's share price closed at $3.31 on January 7, 2022. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 208.

209. In response to Paragraph 209 of the AC, Defendants admit Paragraph 209 contains selective quotes from Talis's press release dated March 8, 2021 that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 209 purport to summarize or characterize Talis's press release, Defendants deny these allegations and respectfully refer the Court to the contents of that complete press release. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 209.

210. Paragraph 210 of the AC constitutes Plaintiffs' summary of the allegations in the Amended Complaint and requires no response. To the extent a response is required, Defendants admit that Talis's EUA submission was filed on January 29, 2021, Talis sought acceleration of its IPO on February 9, 2021, and Talis's IPO was completed on February 11, 2021. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 210.

211. In response to Paragraph 211 of the AC, Defendants admit Paragraph 211 contains selective quotes from Talis's press release dated March 8, 2021 that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 211 purport to summarize or characterize Talis's press release, Defendants deny these allegations and respectfully refer the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

32

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

Court to the contents of that complete press release. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 211.

212. In response to Paragraph 212 of the AC, Defendants admit that Talis's stock closed at $12.85 on March 8, 2021. Defendants deny the remaining allegations in Paragraph 212.

213. In response to Paragraph 213 of the AC, Defendants admit Paragraph 213 contains selective quotes from Mr. Coe's statements at Talis's August 10, 2021 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 213 purport to summarize or characterize Mr. Coe's statements, Defendants deny these allegations and respectfully refer the Court to the contents of that complete earnings call transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 213.

214. In response to Paragraph 214 of the AC, Defendants admit that Talis's stock closed at $8.39 on August 11, 2021. Defendants deny the remaining allegations in Paragraph 214.

215. In response to Paragraph 215 of the AC, Defendants admit Paragraph 215 contains selective quotes from an August 30, 2021 Talis press release that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 215 purport to summarize or characterize Talis's announcement, Defendants deny these allegations and respectfully refer the Court to the contents of that complete press release. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 215.

216. In response to Paragraph 216 of the AC, Defendants deny the allegations in the first sentence of Paragraph 216. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 216 and, on that basis, deny them.

217. In response to Paragraph 217 of the AC, Defendants admit that Talis's stock closed at $8.06 on August 31, 2021. Defendants deny the remaining allegations in Paragraph 217 of the AC.

218. In response to Paragraph 218 of the AC, Defendants admit Paragraph 218 contains selective quotes from Ms. Popovits's and Mr. Kelley's statements at Talis's November 15, 2021 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 218 purport to summarize or characterize Ms. Popovits's and/or Mr.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

33

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

Kelley's statements, Defendants deny these allegations and respectfully refer the Court to the contents of that complete earnings call transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 218.

219. In response to Paragraph 219 of the AC, Defendants admit that Talis's stock closed at $4.76 on November 16, 2021. Defendants deny the remaining allegations in Paragraph 219.

220. Defendants admit the allegations in the first sentence of Paragraph 220 of the AC. The second sentence of Paragraph 220 contains selective quotes from a December 8, 2021 Talis press release that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 220 purport to summarize or characterize Talis's announcement, Defendants deny these allegations and respectfully refer the Court to the contents of that complete press release. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 220.

221. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 221 of the AC and, on that basis, deny each and every allegation therein.

222. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 222 of the AC and, on that basis, deny each and every allegation therein.

223. In response to Paragraph 223 of the AC, Defendants admit that Talis's stock closed at $4.28 on December 8, 2021. Defendants deny the remaining allegations in Paragraph 223 of the AC.

224. Defendants deny each and every allegation in Paragraph 224 of the AC.

225. In response to Paragraph 225 of the AC, Defendants admit Paragraph 225 contains selective quotes from Talis's Form 10-K filed with the SEC on March 15, 2022 that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 225 purport to summarize or characterize Talis's Form 10-K, Defendants deny these allegations and respectfully refer the Court to the contents of that complete Form 10-K. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 225.

226. In response to Paragraph 226 of the AC, Defendants admit Paragraph 226 contains selective, undated quotes from Mr. Kelley that have been modified, taken out of context, and are

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

34

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

incomplete.  To the extent the allegations in Paragraph 226 purport to summarize or characterize Mr. Kelley's statements, Defendants deny these allegations and respectfully refer the Court to the contents of his complete statements.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 226.

227.    In response to Paragraph 227 of the AC, Defendants admit Paragraph 227 contains selective, undated quotes from Mr. Kelley that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 227 purport to summarize or characterize Mr. Kelley's statements, Defendants deny these allegations and respectfully refer the Court to the contents of his complete statements.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 227.

228.    In response to Paragraph 228 of the AC, Defendants admit that Talis's stock closed at $1.30 on March 16, 2022.  Defendants deny the remaining allegations in Paragraph 228.

229.    In response to Paragraph 229 of the AC, Defendants admit that Paragraph 229 purports to contain unattributed quotes from Talis's public statements that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 229 purport to summarize or characterize Talis's statements, Defendants deny these allegations and respectfully refer the Court to the contents of the complete public statements.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 229.

230.    Defendants deny each and every allegation in Paragraph 230 of the AC.

231.    In response to Paragraph 231 of the AC, Defendants admit Paragraph 231 contains selective quotes from Talis's Form 10-Q filed with the SEC on August 2, 2022 that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 231 purport to summarize or characterize Talis's Form 10-Q, Defendants deny these allegations and respectfully refer the Court to the contents of that complete Form 10-Q.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 231.

232.    In response to Paragraph 232 of the AC, Defendants admit Paragraph 232 contains selective quotes from Talis's Form 10-Q filed with the SEC on August 2, 2022 that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 232

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

35

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

purport to summarize or characterize Talis's Form 10-Q, Defendants deny these allegations and respectfully refer the Court to the contents of that complete Form 10-Q.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 232.

233.    In response to Paragraph 233 of the AC, Defendants admit Paragraph 233 contains selective quotes from Talis's Form 10-Q filed with the SEC on November 3, 2022 that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 233 purport to summarize or characterize Talis's Form 10-Q, Defendants deny these allegations and respectfully refer the Court to the contents of that complete Form 10-Q.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 233.

234.    In response to Paragraph 234 of the AC, Defendants admit Talis's stock closed at $0.53 on January 12, 2023.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 234.

235.    Paragraph 235 of the AC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 235.

236.    In response to Paragraph 236 of the AC, Defendants admit the allegations in the third, fourth, and fifth sentences of Paragraph 236.  Defendants admit that Mr. Coe and Mr. Moody were at one time Talis's CEO and CFO, respectively.  Defendants further admit that Dr. Ismagilov is a Talis co-founder.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 236.

237.    In response to Paragraph 237 of the AC, Defendants admit Paragraph 237 contains selective quotes from Talis's Registration Statement and RADx contract that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 237 purport to summarize or characterize the Registration Statement and/or RADx contract, Defendants deny these allegations and respectfully refer the Court to the contents of the complete Registration Statement and that complete contract.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 237.

238.    Defendants deny each and every allegation in Paragraph 238 of the AC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

36

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

239.    Defendants deny each and every allegation in Paragraph 239 of the AC.

240.    Defendants deny each and every allegation in Paragraph 240 of the AC.

241.    Paragraph 241 of the AC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs purport to bring this action as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 241.

242.    Paragraph 242 of the AC contains legal conclusions to which no response is required.

243.    Paragraph 243 of the AC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit the allegations in the third and fourth sentences Paragraph 243.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 243.

244.    Paragraph 244 of the AC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 244.

245.    Paragraph 245 of the AC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 245.

246.    Paragraph 246 of the AC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 246.

247.    Paragraph 247 of the AC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 247.

248.    Paragraph 248 of the AC contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 248.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

37

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

249. Paragraph 249 of the AC contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 249.

250. Paragraph 250 of the AC contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 250.

251. Paragraph 251 of the AC contains Plaintiffs' characterization of their own Amended Complaint and requires no response.

252. Paragraph 252 of the AC contains legal conclusions to which no response is required. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 252.

253. Defendants deny each and every allegation in Paragraph 253 of the AC.

254. Defendants admit the allegations in Paragraph 254 of the AC.

255. In response to Paragraph 255 of the AC, Defendants admit the allegations in the first sentence of Paragraph 255. The second sentence of Paragraph 255 contains legal conclusions to which no response is required.

256. Paragraph 256 of the AC contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 256.

257. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 257 of the AC and, on that basis, deny each and every allegation therein.

258. Paragraph 258 of the AC contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 258.

259. Defendants deny each and every allegation in Paragraph 259 of the AC.

260. Paragraph 260 of the AC contains Plaintiffs' characterization of their own complaint and requires no response.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

38

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

261. Paragraph 261 of the AC contains legal conclusions to which no response is required. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 261.

262. Paragraph 262 of the AC contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 262.

263. Paragraph 263 of the AC contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 263.

264. Paragraph 264 of the AC contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 264.

265. Paragraph 265 of the AC contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 265.

266. Defendants deny each and every allegation in Paragraph 266 of the AC.

267. Paragraph 267 of the AC contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 267.

268. Paragraph 268 of the AC contains Plaintiffs' demand for a trial by jury and requires no response.

269. Paragraph 269 of the AC contains Plaintiffs' prayer for relief and requires no response. To the extent a response is required, Defendants deny the allegations therein, including but not limited to denying that Plaintiffs are entitled to judgment and denying that Plaintiffs are entitled to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to the Amended Complaint, Defendants allege the following affirmative defenses. In setting forth these affirmative defenses, Defendants do not

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

39

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

assume any burden of proof not otherwise imposed on them by law and reserve their right to amend their answer, including as additional information becomes available through discovery.

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

The AC fails to state a claim upon which relief can be granted as it has not pleaded plausible, actionable misrepresentations or omissions, or manipulative or deceptive devices in connection with the sale of securities by the Defendants.

SECOND AFFIRMATIVE DEFENSE

(Bespeaks Caution)

Plaintiffs' claims are barred, in whole or in part, because any allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other challenged statements, with respect to which the liability of the Defendants is asserted, contained sufficient cautionary language or risk disclosures to protect the Defendants against claims of securities violations, and are thus rendered nonactionable by the "bespeaks caution" doctrine.

THIRD AFFIRMATIVE DEFENSE

(Rule 23 – Class Certification)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege and cannot prove facts necessary to demonstrate that the requirements for class certification in Federal Rule of Civil Procedure 23 are satisfied.

FOURTH AFFIRMATIVE DEFENSE

(Standing)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or other members of the Putative Class lack standing to assert them to the extent they did not purchase Talis stock in or traceable to Talis's Initial Public Offering.

FIFTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and members of the putative class were expressly advised in statements made to them, including in the Registration

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

40

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

Statement and other public documents and sources, regarding the material facts concerning their investments. Plaintiffs and members of the putative class therefore assumed the risk of any loss and are estopped from recovering any relief.

SIXTH AFFIRMATIVE DEFENSE

(No Proximate Cause)

The AC, and each and every cause of action alleged therein, is barred because the alleged misstatements or omissions were not the proximate cause of any loss suffered by Plaintiffs.

SEVENTH AFFIRMATIVE DEFENSE

(Truth)

The AC, and each and every cause of action alleged therein, is barred by virtue of the truth of the Registration Statement.

EIGHTH AFFIRMATIVE DEFENSE

(Negative Causation)

The AC, and each and every cause of action alleged therein, is barred because the stock drops were caused by something other than the allegedly material misstatements or omissions or any alleged corrective disclosure.

NINTH AFFIRMATIVE DEFENSE

(Good Faith)

Plaintiffs' claims are barred, in whole or in part, because any alleged misstatements by Defendants were made in good faith and with genuine belief and had a reasonable factual and historical basis.

TENTH AFFIRMATIVE DEFENSE

(Actual Knowledge)

Plaintiffs' claims of alleged misrepresentations and omissions, which are denied, are barred to the extent any allegedly misstated facts or omissions were known to Plaintiffs and/or other members of the putative class.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

41

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

## ELEVENTH AFFIRMATIVE DEFENSE

### (Nonactionable Opinion)

Plaintiffs' claims are barred, in whole or in part, because some or all of the allegedly false or misleading statements consisted of nonactionable statements of vague and indefinite opinion or corporate optimism.

## TWELFTH AFFIRMATIVE DEFENSE

### (Materiality)

Plaintiffs' claims are barred, in whole or in part, because some or all of the allegedly false or misleading statements are non-material.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Duty to Disclose)

Plaintiffs' claims are barred, in whole or in part, because Defendants had no duty to disclose the allegedly omitted information.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Underlying Section 11 Liability)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot establish the primary violation of Section 11 necessary to assert a control-person claim under Section 15 of the Securities Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statutory Damages Limitation)

Any recovery for damages allegedly incurred by Plaintiffs or members of the putative class is barred, in whole or in part, by the damages limitations of the Securities Act of 1933.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (General Statement of Optimism or Puffery)

Plaintiffs' claims are barred, in whole or part, because some or all of the purported misstatements or omissions alleged in the Amended Complaint reflect or pertain to non-actionable statements of corporate optimism or puffery.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

42

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

SEVENTEENTH AFFIRMATIVE DEFENSE

(No Violation of Item 303)

To the extent Plaintiffs' claims are premised on one or more alleged violations of Item 303 of Regulation S-K, 17 C.F.R. § 229.303, they are barred on the grounds that the Registration Statement did not omit any trend, event, or uncertainty, or alternatively, if such trend, event, or uncertainty was omitted, Defendants could not have reasonably known of its existence or that it would have a material impact on Talis's sales, revenue, or other aspects of its operations.

EIGHTEENTH AFFIRMATIVE DEFENSE

(No Violation of Item 105)

To the extent Plaintiffs' claims are premised on one or more alleged violations of Item 105 of Regulation S-K, 17 C.F.R. § 229.105, they are barred on the grounds that the Registration Statement did not omit any material factors that rendered an investment in Talis speculative or risky, or alternatively, if any such material factors were omitted, Defendants could not have reasonably known of its existence or that it would have rendered an investment in Talis speculative or risky.

NINETEENTH AFFIRMATIVE DEFENSE

(Due Diligence)

The Individual Defendants had, after reasonable investigation, reasonable grounds to believe and did believe, at the time the Registration Statement became effective, that the statements therein were true and that there was no omission of any required material fact necessary to make the statements not misleading.

TWENTIETH AFFIRMATIVE DEFENSE

(No Reliance)

Plaintiffs' claims are barred, in whole or in part, to the extent any Plaintiff or member of the putative class did not rely on the alleged misstatements and/or omissions of material fact alleged in the Complaint.

**Reservation of Rights**

Defendants expressly reserve the right to amend or supplement their Answer, defenses, and

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

43

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

all other pleadings as permitted by law.  Defendants further reserve the right to assert any and all additional defenses under any applicable law in the event that discovery indicates such defenses would be appropriate, and to assert any crossclaims, counterclaims, and/or third-party claims.

**Prayer for Relief**

WHEREFORE, Defendants prays for relief and judgment as follows:

1.  For judgment in favor of Defendants;

2.  That Plaintiffs take nothing by their Amended Complaint;

3.  For costs, attorneys' fees, and expert witness fees;

4.  For such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendants demand a trial by jury.

Dated: December 7, 2023                    COOLEY LLP


By: */s/ Patrick E. Gibbs*
Patrick E. Gibbs (183174)

Attorneys for Defendant
TALIS BIOMEDICAL CORPORATION,
BRIAN COE, J. ROGER MOODY, JR.,
FELIX BAKER, RAYMOND CHEONG,
MELISSA GILLIAM, RUSTEM F.
ISMAGILOV, KIMBERLY J. POPOVITS,
MATTHEW L. POSARD, and RANDAL
SCOTT

294243405

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

44

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI