# EXHIBIT 7

**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (Bar No. 191305)
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

*Counsel for Co-Lead Plaintiff Martin Dugan*
*and Co-Lead Counsel for the Putative Class*

*[Additional counsel on signature page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 3:22-cv-00105-SI<br><br>CLASS ACTION<br><br>**CO-LEAD PLAINTIFF MARTIN DUGAN'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT TALIS BIOMEDICAL CORP.'S FIRST SET OF INTERROGATORIES**<br><br>Judge:       Hon. Susan Illston |

Propounding Party:    Talis Biomedical Corporation

Responding Party:    Co-Lead Plaintiff Martin Dugan

Set Number:    One (1)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Co-Lead Plaintiff Martin Dugan ("Plaintiff"), by and through the undersigned counsel, provides the following supplemental responses and objections to Defendant Talis Biomedical Corporation's First Set of Interrogatories to Co-Lead Plaintiff Martin Dugan dated August 18, 2023 ("Interrogatories") in the above-captioned action (the "Action").

**GENERAL OBJECTIONS**

1.      The following objections ("General Objections") are incorporated into and apply to each Response to each Interrogatory as if fully set forth in each Response.

2.      Plaintiff's Responses to these Interrogatories are made for the sole purpose of the Action. Plaintiff reserves all objections to the use of this Response, including all objections as to competence, relevance, materiality, propriety, admissibility, privilege, and privacy, and all other objections. Plaintiff reserves the right to amend, supplement or withdraw this Response.

3.      No incidental or implied admissions are intended in this Response. Plaintiff's responses to all or any part of the Interrogatories should not be taken as an admission that: (i) Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by that Interrogatory; (ii) Plaintiff has in its possession, custody, or control any document responsive to that Interrogatory; or (iii) Plaintiff's Responses constitute admissible evidence. Plaintiff's Response to all or any part of an Interrogatory is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of its objection(s) to that Interrogatory.

4.      These Responses are based upon information known and legal positions held at this time, and discovery is ongoing. Plaintiff reserves the right to make use of, or to introduce at any deposition, hearing, and/or trial, documents or information responsive to the Interrogatories but discovered or newly determined to be responsive subsequent to the date of service of Plaintiff's objections and responses to the Interrogatories, including, but not limited

CO-LEAD PLAINTIFF MARTIN DUGAN'S SUPPLEMENTAL RESPONSES AND OBJECTIONS
TO DEFS.' FIRST SET OF INTERROGATORIES

to, any documents or information obtained in discovery herein or any documents or information Plaintiff later determines to be responsive.

5.    Plaintiff objects to the Interrogatories to the extent the record has not yet been fully developed, and the parties have not finalized their legal positions or prepared for trial.

6.    Plaintiff objects to the Interrogatories, and the Definitions and Instructions, to the extent that they purport to impose obligations or burdens on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules.  Subject to and without waiving these Objections, in responding to the Interrogatories, Plaintiff will construe the Interrogatories in accordance with the Federal Rules of Civil Procedure and the Local Rules.

7.    Plaintiff objects to the Interrogatories to the extent they purport to seek information that is not relevant to any party's claims or defenses or that is not proportional to the needs of the Action.

8.    Plaintiff objects to the Interrogatories to the extent that they are vague, ambiguous, overly broad, unduly burdensome, lacking in particularity or unreasonable.

9.    Plaintiff objects to the Interrogatories, including their instructions and definitions, to the extent they seek "each," "every" and/or "all" documents, facts, or information without limitation, on the ground that such requests are overbroad and unduly burdensome.

10.    Plaintiff objects to the Interrogatories' definition of "You" and "Your" on the ground that it is ambiguous, overly broad, unduly burdensome, purports to impose requirements beyond those imposed by the Federal Rules of Civil Procedure and Local Rules, and purports to require Plaintiff to provide information that is not within its possession, custody, or control or protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection.  Plaintiff, in responding to the Interrogatories, defines "You" and "Your" to mean Plaintiff.

11.    Plaintiff objects to the Interrogatories' definition of "Talis Security" and "Talis Securities" on the ground that it is ambiguous, overly broad, unduly burdensome, and seeks

CO-LEAD PLAINTIFF MARTIN DUGAN'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFS.' FIRST SET OF INTERROGATORIES

information that is not relevant to any party's claims or defenses or that is not proportional to the needs of the Action. For purposes of this Response, Plaintiff construes "Talis Security" and "Talis Securities" to mean the Talis common stock that is the subject of the Complaint and purchased or acquired between Talis's IPO and the January 7, 2022 filing of the Action.

12. Plaintiff objects to the Interrogatories' definition of "Identify" to the extent that it purports to impose requirements beyond those imposed by the Federal Rules of Civil Procedure and Local Rules.

13. Plaintiff objects to the Interrogatories to the extent they seek information that is more appropriately identified by reference to documents. Pursuant to Fed. R. Civ. P. 33(d), Plaintiff is not required to provide written responses to interrogatories where the information sought can be derived or ascertained from documents and where the burden of doing so is substantially the same for all parties.

14. Plaintiff objects to the Interrogatories to the extent that they request that Plaintiff provide information and documents that are public or equally or more readily available to Defendants.

15. Plaintiff objects to the Interrogatories on the grounds that they assume incorrect or disputed facts. In responding to any Interrogatories, Plaintiff does not admit the correctness of any such allegations or assertions.

16. Plaintiff objects to the Interrogatories to the extent that they purport to seek the disclosure of information, documents, or communications protected from discovery by the

CO-LEAD PLAINTIFF MARTIN DUGAN'S SUPPLEMENTAL RESPONSES AND OBJECTIONS
TO DEFS.' FIRST SET OF INTERROGATORIES

attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection.

17.     Plaintiff objects to the Interrogatories to the extent that they purport to seek the disclosure of information, documents, or communications outside Plaintiff's possession, custody or control.

18.     Plaintiff objects to the Interrogatories to the extent that they call for the disclosure of information, documents or communications that have already been produced in this Action.

## SPECIFIC RESPONSES AND OBJECTIONS

In addition, and subject to the General Objections set forth in this Response, Plaintiff submits the following Specific Responses and Objections to each Specific Interrogatory.  To the extent that any Objection is set forth in responding to a Specific Interrogatory, that Objection is set forth because it is believed to be particularly pertinent to such Specific Interrogatory and does not constitute a waiver or limitation of any other Objections.

**INTERROGATORY NO. 1:**

Identify each acquisition or sale of Talis Securities by You through the date of Your response to these Interrogatories, including without limitation, the identities of the Persons from whom You purchased Your Talis Securities, the dates on which You acquired or sold Your Talis Securities, the amounts and price of any such purchases or sales, any transfers of any interest in Your Talis Securities, and the reason(s) for each transaction.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates his General Objections by reference.  Plaintiff objects to this Interrogatory as overbroad, unduly burdensome and seeking information that is not relevant or proportional to the needs of the case.  Plaintiff further objects to this Interrogatory on the grounds that it seeks information that is part of the record in this Action, is equally available to Defendants, or is already in the Defendants' possession.

CO-LEAD PLAINTIFF MARTIN DUGAN'S SUPPLEMENTAL RESPONSES AND OBJECTIONS
TO DEFS.' FIRST SET OF INTERROGATORIES

Subject to and without waiving any of the General Objections, in response to this Interrogatory, Plaintiff refers to the Certification filed at ECF 74 and the documents produced as DUGAN_00001 - DUGAN_00008, which show all of Mr. Dugan's transactions in Talis common stock and the date, amount, and price of each purchase and sale, and further states that Plaintiff's counsel is willing to meet and confer regarding what additional non-objectionable information, if any, is sought.

**INTERROGATORY NO. 3:**

Describe in detail the investment approach and analysis You used or relied on in deciding to invest in any Talis Securities, including the IPO, including but not limited to whether the approach was based on a fundamental, quantitative, and/or other analysis, and all considerations and inputs You used in connection with such analysis.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff incorporates his General Objections by reference.  Plaintiff objects to this Interrogatory as overbroad, unduly burdensome and seeking information that is not relevant or proportional to the needs of the case.  This is a Securities Act action where reliance is not an element of any cause of action, and any "investment approach or analysis" is not relevant to any party's claim or defense.  Plaintiff further objects to this Interrogatory to the extent that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery.

Subject to and without waiving any of the General Objections, in response to this Interrogatory (as narrowed by Defendants' October 18, 2023 agreement to remove "or relied on"), Plaintiff responds as follows:  in deciding to purchase Talis common stock, Plaintiff Dugan considered various factors, including the impression that Talis One was a real, working product that could successfully detect COVID-19; the background of Talis's founders and Board members; the holdings of Talis insiders; and Talis's price-to-book ratio.

**INTERROGATORY NO. 4:**

Separately for each of Your transactions in Talis Securities, Identify each Person who had any role or responsibility in connection with such transaction, together with the nature of such role or responsibility, the job title of such Person, the employer of such Person at the time of the transaction, and the current or last known contact information of such Person.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff incorporates his General Objections by reference. Plaintiff objects to this Interrogatory as overbroad, unduly burdensome and not proportional to the needs of the case.

Subject to and without waiving any of the General Objections, in response to this Interrogatory, Plaintiff responds as follows:  Plaintiff Dugan was responsible for conducting his own transactions in Talis common stock, which he conducted through an online E*Trade account.  Mr. Dugan, who is retired, may only be contacted through the undersigned counsel.

**INTERROGATORY NO. 5:**

Separately for each of Your transactions in Talis Securities, list all Documents or other sources of information, and each portion thereof, that You consulted or reviewed in connection with entering into such transaction.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff incorporates his General Objections by reference. Plaintiff objects to this Interrogatory as overbroad, unduly burdensome and seeking information that is not relevant or proportional to the needs of the case. This is a Securities Act action where reliance is not an element of any cause of action, and any Documents or information "consulted or reviewed" are not relevant to any party's claim or defense. Plaintiff further objects to this Interrogatory to the extent that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery.

CO-LEAD PLAINTIFF MARTIN DUGAN'S SUPPLEMENTAL RESPONSES AND OBJECTIONS
TO DEFS.' FIRST SET OF INTERROGATORIES

Subject to and without waiving any of the General Objections, in response to this Interrogatory, Plaintiff responds as follows:  While it is not possible to provide a precise or exhaustive list of documents or sources or identify specific portions, Plaintiff Dugan generally consulted publicly available sources, including Talis's SEC filings and news about Talis, in connection with his transactions in Talis common stock.

**INTERROGATORY NO. 7:**

Identify all portions of the Registration Statement that You read prior to investing in the IPO.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff incorporates his General Objections by reference.  Plaintiff objects to this Interrogatory as overbroad, unduly burdensome and seeking information that is not relevant or proportional to the needs of the case.  This is a Securities Act action where reliance is not an element of any cause of action, and the "portions of the Registration Statement . . . read prior to investing in the IPO" are not relevant to any party's claim or defense.  Plaintiff further objects to this Interrogatory to the extent that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery.

Subject to and without waiving any of the General Objections, in response to this Interrogatory, Plaintiff responds as follows:  Plaintiff Dugan believes he reviewed a portion of the Registration Statement before investing in Talis common stock but is not able to identify which portion with specificity.

**INTERROGATORY NO. 8:**

Identify all sources of market news or other information that You or Your personnel with responsibility for Your transactions in Talis Securities consult or consulted for market- or investment-related information.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff incorporates his General Objections by reference. Plaintiff objects to this Interrogatory as overbroad, unduly burdensome and seeking information that is not relevant or proportional to the needs of the case. This is a Securities Act action where reliance is not an element of any cause of action, and the "sources of market news or other information" that were "consulted" are not relevant to any party's claim or defense. Plaintiff further objects to this Interrogatory to the extent that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery.

Subject to and without waiving any of the General Objections, in response to this Interrogatory, Plaintiff responds as follows: While it is not possible to provide a precise or exhaustive list, Plaintiff Dugan has generally consulted publicly available sources, such as Bloomberg, CNBC, and company websites for market- and investment-related information.

**INTERROGATORY NO. 11:**

Identify all information You had regarding the FDA's requirements and/or guidance on the sensitivity of comparator assays and reliability of COVID-19 diagnostic tests in the clinical setting, and when You acquired that knowledge.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff incorporates his General Objections by reference. Plaintiff objects to this Interrogatory as overbroad, unduly burdensome and seeking information that is not relevant or proportional to the needs of the case. Plaintiff further objects to this Interrogatory to the extent that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery. Plaintiff further objects to this Interrogatory on the grounds that it seeks information that is part of the record in this Action, is equally available to Defendants, or is already in the Defendants' possession. Plaintiff further objects to this Interrogatory to the extent that the Interrogatory seeks information that

may be derived or ascertained from documents already in Defendants' possession, pursuant to Federal Rule of Civil Procedure 33(d).

Subject to and without waiving any of the General Objections, in response to this Interrogatory, Plaintiff responds as follows:  Plaintiff Dugan did not have information "regarding the FDA's requirements and/or guidance on the sensitivity of comparator assays and reliability of COVID-19 diagnostic tests in the clinical setting" at the time of his transactions in Talis common stock.

Dated: October 20, 2023

By: */s/ Joseph A. Fonti*
**BLEICHMAR FONTI & AULD LLP**
Joseph A. Fonti (*pro hac vice*)
jfonti@bfalaw.com
Evan A. Kubota (*pro hac vice*)
ekubota@bfalaw.com
7 Times Square, 27th Floor
New York, New York 10036
Tel: (212) 789-1340
Fax: (212) 205-3960

– and –

Lesley E. Weaver (Bar No. 191305)
lweaver@bfalaw.com
Matthew S. Melamed (Bar No. 260272)
mmelamed@bfalaw.com
1330 Broadway, Suite 630
Oakland, California 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020

*Counsel for Co-Lead Plaintiff Martin Dugan and Co-Lead Counsel for the Putative Class*

**THE SCHALL LAW FIRM**
Brian Schall (Bar No. 290685)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Co-Lead Plaintiff Martin Dugan*

9                                    Case No. 3:22-CV-00105-SI
CO-LEAD PLAINTIFF MARTIN DUGAN'S SUPPLEMENTAL RESPONSES AND OBJECTIONS
TO DEFS.' FIRST SET OF INTERROGATORIES

**VERIFICATION**

I, Martin Dugan, declare:

I have read the foregoing Supplemental Responses and Objections to Defendants' First Set of Interrogatories, and all answers provided therein are true to the best of my knowledge, information, and belief following a reasonable investigation.

I declare under penalty of perjury that the foregoing is true and correct.

10/20/2023

Dated: October __, 2023
Malibu, California

DocuSigned by:

*Martin Dugan*

2FG1738043F143D...

Martin Dugan

CO-LEAD PLAINTIFF MARTIN DUGAN'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFS.' FIRST SET OF INTERROGATORIES