# EXHIBIT 11

**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (Bar No. 191305)
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

*Counsel for Lead Plaintiff Martin Dugan*
*and Lead Counsel for the Putative Class*

*[Additional counsel on signature page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 3:22-cv-00105-SI<br><br>CLASS ACTION<br><br>**LEAD PLAINTIFF MARTIN DUGAN'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT TALIS BIOMEDICAL CORP.'S SECOND SET OF INTERROGATORIES**<br><br>Judge:        Hon. Susan Illston |

Propounding Party:    Talis Biomedical Corporation

Responding Party:    Lead Plaintiff Martin Dugan

Set Number:    Two (2)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Lead Plaintiff Martin Dugan ("Plaintiff"), by and through the undersigned counsel, provides the following supplemental responses and objections to Defendant Talis Biomedical Corporation's Second Set of Interrogatories to Lead Plaintiff Martin Dugan dated November 3, 2023 ("Interrogatories") in the above-captioned action (the "Action").

**GENERAL OBJECTIONS**

1.      The following objections ("General Objections") are incorporated into and apply to each Response to each Interrogatory as if fully set forth in each Response.

2.      Plaintiff's Responses to these Interrogatories are made for the sole purpose of the Action.  Plaintiff reserves all objections to the use of this Response, including all objections as to competence, relevance, materiality, propriety, admissibility, privilege, and privacy, and all other objections. Plaintiff reserves the right to amend, supplement or withdraw this Response.

3.      No incidental or implied admissions are intended in this Response.  Plaintiff's responses to all or any part of the Interrogatories should not be taken as an admission that: (i) Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by that Interrogatory; (ii) Plaintiff has in his possession, custody, or control any document responsive to that Interrogatory; or (iii) Plaintiff's Responses constitute admissible evidence.  Plaintiff's Response to all or any part of an Interrogatory is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of his objection(s) to that Interrogatory.

4.      These Responses are based upon information known and legal positions held at this time, and discovery is ongoing.  Plaintiff reserves the right to make use of, or to introduce at any deposition, hearing, and/or trial, documents or information responsive to the Interrogatories but discovered or newly determined to be responsive subsequent to the date of service of Plaintiff's objections and responses to the Interrogatories, including, but not limited

LEAD PLAINTIFF MARTIN DUGAN'S SUPP. RESPONSES AND OBJECTIONS
TO DEFS.' SECOND SET OF INTERROGATORIES

to, any documents or information obtained in discovery herein or any documents or information Plaintiff later determines to be responsive.

5.    Plaintiff objects to the Interrogatories to the extent the record has not yet been fully developed, and the parties have not finalized their legal positions or prepared for trial.

6.    Plaintiff objects to the Interrogatories, and the Definitions and Instructions, to the extent that they purport to impose obligations or burdens on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules.  Subject to and without waiving these Objections, in responding to the Interrogatories, Plaintiff will construe the Interrogatories in accordance with the Federal Rules of Civil Procedure and the Local Rules.

7.    Plaintiff objects to the Interrogatories to the extent they purport to seek information that is not relevant to any party's claims or defenses or that is not proportional to the needs of the Action.

8.    Plaintiff objects to the Interrogatories to the extent that they are vague, ambiguous, overly broad, unduly burdensome, lacking in particularity or unreasonable.

9.    Plaintiff objects to the Interrogatories, including their instructions and definitions, to the extent they seek "each," "every" and/or "all" documents, facts, or information without limitation, on the ground that such requests are overbroad and unduly burdensome.

10.    Plaintiff objects to the Interrogatories' definition of "You" and "Your" on the ground that it is ambiguous, overly broad, unduly burdensome, purports to impose requirements beyond those imposed by the Federal Rules of Civil Procedure and Local Rules, and purports to require Plaintiff to provide information that is not within his possession, custody, or control or protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection.  Plaintiff, in responding to the Interrogatories, defines "You" and "Your" to mean Plaintiff.

11.    Plaintiff objects to the Interrogatories' definition of "Talis Security" and "Talis Securities" on the ground that it is ambiguous, overly broad, unduly burdensome, and seeks

information that is not relevant to any party's claims or defenses or that is not proportional to the needs of the Action. For purposes of this Response, Plaintiff construes "Talis Security" and "Talis Securities" to mean the Talis common stock that is the subject of the Complaint and purchased or acquired between Talis's IPO and the January 7, 2022 filing of the Action.

12. Plaintiff objects to the Interrogatories' definition of "Identify" to the extent that it purports to impose requirements beyond those imposed by the Federal Rules of Civil Procedure and Local Rules.

13. Plaintiff objects to the Interrogatories to the extent that they purport to seek the disclosure of information, documents, or communications protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection.

14. Plaintiff objects to the Interrogatories to the extent that they purport to seek the disclosure of information, documents, or communications outside Plaintiff's possession, custody or control.

15. Plaintiff objects to the Interrogatories to the extent that they call for the disclosure of information, documents or communications that have already been produced in this Action.

## SPECIFIC RESPONSES AND OBJECTIONS

In addition, and subject to the General Objections set forth in this Response, Plaintiff submits the following Specific Responses and Objections to each Specific Interrogatory. To the extent that any Objection is set forth in responding to a Specific Interrogatory, that Objection is set forth because it is believed to be particularly pertinent to such Specific Interrogatory and does not constitute a waiver or limitation of any other Objections.

**INTERROGATORY NO. 17:**

Identify the dates, times, participants, and approximate duration of any phone calls, virtual meetings, or in-person meetings You have had with Your Counsel in this

LEAD PLAINTIFF MARTIN DUGAN'S SUPP. RESPONSES AND OBJECTIONS
TO DEFS.' SECOND SET OF INTERROGATORIES

Action through the present that relate directly or indirectly to this Action, Including the mode of communication (i.e., phone, Zoom/Teams, in-person).

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff incorporates his General Objections by reference.  Plaintiff objects to this Interrogatory as overbroad, unduly burdensome and seeking information that is not relevant or proportional to the needs of the case.  Plaintiff further objects to this Interrogatory on the grounds that it seeks information that is part of the record in this Action, including through Plaintiff's October 27, 2023 deposition testimony.  Plaintiff further objects to this Interrogatory on the ground that it defines "You" to include Plaintiff's "attorneys," rendering the Interrogatory's request to identify interactions "You have had with Your Counsel" circular.  As stated above, in responding to the Interrogatory, Plaintiff defines "You" and "Your" to mean Plaintiff.

Subject to and without waiving any of the General Objections, Plaintiff provides the following response to this Interrogatory.  This list reflects reasonably available information, may not be exhaustive, and does not include Plaintiff's written communications with counsel and other time Plaintiff has devoted to this action.  By providing this response, Plaintiff does not waive attorney-client privilege, the attorney work-product doctrine, and any other applicable privilege or protection, and Plaintiff expressly reserves all such privileges and protections.

| Date | Participant(s) (other than Plaintiff Dugan) | Format |
| --- | --- | --- |
| March 4, 2022 | Rina Restaino | Phone |
| March 7, 2022 | Javier Bleichmar; Brian Schall | Phone |
| March 8, 2022 | Brian Schall | Phone |
| May 27, 2022 | Brian Schall | Phone |
| June 3, 2022 | Rina Restaino | Phone |
| June 27, 2022 | Brian Schall | Phone |
| July 8, 2022 | Brian Schall | Phone |
| May 18, 2023 | Evan Kubota; Rina Restaino | Phone |
| August 30, 2023 | Evan Kubota; Rina Restaino | Phone |
| October 19, 2023 | Evan Kubota; Ross Shikowitz; Rina Restaino | Zoom |

| October 26, 2023 | Evan Kubota; Ross Shikowitz; Brian Schall; Rina Restaino | Zoom |
|---|---|---|
| October 27, 2023 | Evan Kubota; Ross Shikowitz; Rina Restaino | In-person (deposition) |

Dated: December 4, 2023

By: */s/ Joseph A. Fonti*
**BLEICHMAR FONTI & AULD LLP**
Joseph A. Fonti (*pro hac vice*)
jfonti@bfalaw.com
Evan A. Kubota (*pro hac vice*)
ekubota@bfalaw.com
7 Times Square, 27th Floor
New York, New York 10036
Tel: (212) 789-1340
Fax: (212) 205-3960

– and –

Lesley E. Weaver (Bar No. 191305)
lweaver@bfalaw.com
Matthew S. Melamed (Bar No. 260272)
mmelamed@bfalaw.com
1330 Broadway, Suite 630
Oakland, California 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020

*Counsel for Lead Plaintiff Martin Dugan and Lead Counsel for the Putative Class*

**THE SCHALL LAW FIRM**
Brian Schall (Bar No. 290685)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Martin Dugan*

LEAD PLAINTIFF MARTIN DUGAN'S SUPP. RESPONSES AND OBJECTIONS
TO DEFS.' SECOND SET OF INTERROGATORIES