**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (Bar No. 191305)
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

*Counsel for Lead Plaintiff Martin Dugan*
*and Lead Counsel for the Putative Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 3:22-cv-00105-SI<br><br>CLASS ACTION<br><br>**DECLARATION OF EVAN A. KUBOTA IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:  February 9, 2024<br>Time:  10:00 A.M.<br>Courtroom:  1<br>Judge:  Hon. Susan Illston |

DECL. OF EVAN A. KUBOTA IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-00105-SI

I, Evan A. Kubota, hereby declare as follows:

1.      I am a Partner with the law firm Bleichmar Fonti & Auld LLP, counsel for Lead Plaintiff Martin Dugan and Lead Counsel for the Putative Class.  I am an attorney duly licensed to practice in the State of New York and have been admitted to practice *pro hac vice* in this matter.  I have knowledge of the matters stated herein and, should I be called upon, I could and would competently testify thereto.

**A.      Documents Cited in Plaintiff's Reply Brief**

2.      Attached as **Exhibit A** hereto is the Declaration of Professor Joshua Mitts, Ph.D., dated January 12, 2024.

3.      Attached as **Exhibit B** hereto is the excerpted transcript of the deposition of Martin Dugan, dated October 27, 2023.  Portions have been highlighted for the Court's convenience.

4.      Attached as **Exhibit C** hereto is a document produced by Defendants with Bates number TLIS_0032920.[1]

5.      Attached as **Exhibit D** hereto is a document produced by Defendants with Bates number TLIS_0396414.

6.      Attached as **Exhibit E** hereto is a document produced by Defendants with Bates number TLIS_0387833.

7.      Attached as **Exhibit F** hereto is a document produced by Defendants with Bates number TLIS_0035857.

8.      Attached as **Exhibit G** hereto is a document produced by Defendants with Bates number TLIS_0028295.

**B.      The Lee, Ludwig, and Shevlin Declarations and Exhibits Are Precluded under Rule 37(c)(1)**

9.      The following facts demonstrate Defendants' failures to provide information and identify witnesses as required by Rule 26(a) and (e), resulting in preclusion under Rule 37(c)(1).

---

[1] At Defendants' request, Exhibit C has been redacted to remove what Defendants have asserted is "irrelevant commercially sensitive pricing information."  Should the Court determine that access to the redacted information is required, Plaintiff will submit an unredacted version under seal.

2

DECL. OF EVAN A. KUBOTA IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-00105-SI

10. Defendants' Section 11 "tracing" argument relies entirely on the Declarations of Matthew Lee, Lia Ludwig, and Meghan Shevlin and their 13 exhibits (ECF 136-15 through 136-30).

11. However, Defendants failed to identify Lee, Ludwig, and Shevlin in their May 24, 2023 Initial Disclosures, attached as **Exhibit H**, which have never been amended. In addition, Defendants did not produce any of the 13 exhibits to the Lee, Ludwig, and Shevlin Declarations—or any other documents concerning "tracing"—before their December 12, 2023 opposition to class certification.

12. Further, Defendants affirmatively assured Plaintiff and the Court as late as December 7, 2023 that their "existing initial disclosures are complete and up to date." (ECF 132.)

13. The parties' correspondence following Defendants' December 12, 2023 filing (attached as **Exhibits I-M**) reveals that Defendants spent weeks identifying witnesses and collecting non-public documents on "tracing," but disclosed nothing prior to filing. In particular:

   a. Defendants' counsel contacted Ms. Shevlin in November 2023. (*See* Ex. J at 2.) While Defendants have not disclosed the specific date when they first contacted Ms. Shevlin, on November 15, 2023, Ms. Shevlin created three exhibits within a six-minute period: Shevlin Exhibits 5, 6, and 8 were generated at 12:06:56 PM, 12:06:33 PM, and 12:13:53 PM (ECF 136-26, 136-27, 136-29).

   b. On November 17, 2023, two days later, Defendants' counsel suddenly sought Plaintiff's consent to an Amended Answer. (Ex. N at 8.) Notably, Defendants had not raised "tracing" in their initial Answer, filed on May 12, 2023 (ECF 117). However, Defendants' November 27, 2023 draft Amended Answer (excerpted as Exhibit O) asserted as the purported "Fourth Affirmative Defense" that "Plaintiffs and/or other members of the Putative Class lack standing to assert them to the extent they did not purchase Talis stock in or traceable to Talis's Initial Public Offering." (Ex. O at 42.)

   c. On November 29 at 9:16:52 AM, Shevlin Exhibit 7 was generated (ECF 136-28).

   d. On November 30, 2023, Plaintiff's counsel requested that Defendants

3

"immediately identify the specific factual basis (if any) for the five new purported defenses" and "produce all documents concerning these purported defenses immediately" to "mitigate the prejudice from Defendants' belated, untimely effort to assert new defenses over six months after discovery commenced." (Ex. N at 5-6.)

e. On December 1, Defendants' counsel "spoke to Ms. Ludwig at Broadridge for the first time." (Ex. J at 2.) Defendants have not disclosed when they first determined to contact Ms. Ludwig or when the first written communications or attempted calls occurred.

f. On December 4, 2023, Defendants' counsel stated that "we have *already provided* initial disclosures of the individuals likely to have discoverable information that our clients may use to support their defenses, and we have an *ongoing obligation to supplement* those disclosures," and "there is *absolutely no risk* of your client running out of time or being unable to take complete discovery relating to these [newly added] affirmative defenses." (Ex. N at 2 (emphasis added).)

g. In the December 7, 2023 stipulation filed with the Court, Defendants affirmed to Plaintiff and the Court that their "*existing initial disclosures are complete and up to date*, including with respect to the affirmative defenses in the Amended Answer" (ECF 132).

h. By December 7, as shown above, Defendants had contacted Ms. Shevlin and Ms. Ludwig and Ms. Shevlin had generated at least four relevant documents (none of which had been produced). In addition, on December 7 at 8:08:09 PM, Shevlin Exhibit 9 was generated (ECF 136-30).

i. On December 8, the Ludwig Declaration was signed (ECF 136-17), and Defendants' counsel "first spoke to" Matthew Lee. (Ex. J at 1.) Defendants have not disclosed when they first determined to contact Mr. Lee or when the first written communications or attempted calls occurred.

4

DECL. OF EVAN A. KUBOTA IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-00105-SI

j.  On December 11, the Lee Declaration was signed (ECF 136-15).

k.  On December 12, the Shevlin Declaration was signed (ECF 136-21).

14.  In addition to the independent disclosure requirements of Rule 26, Plaintiff had served numerous discovery requests calling for the identification of these witnesses and production of the documents attached to the Lee, Ludwig, and Shevlin Declarations.  For example:

a.  RFP No. 55 (served May 11, 2023) seeks documents concerning (among other things) any "actual or potential financial interest in, or sale or purchase of, Talis Securities" by "any non-officer employee of Talis."  (Ex. P (excerpts) at 46-47.)  Defendants have stated that trading by "any non-officer employee of Talis" is "not relevant to this case" (*id.* at 47), yet their December 12 filings rely on documents concerning trading by Lee, a former Talis employee.

b.  RFP No. 59 (served May 11, 2023) seeks all documents relevant to "Defendants' Answer to the Amended Complaint (including any denial or defense asserted therein), and/or the claims or defenses" (among other things). (*Id.* at 50.)  On June 12, 2023, Defendants refused to produce any documents in response (*id.*).  On November 10, 2023, Defendants agreed to produce "all documents relevant to their defenses" (Ex. Q (excerpts) at 67), but did not produce any of the Lee, Ludwig, or Shevlin exhibits.

c.  RFP No. 64 (served October 20, 2023) seeks all "Communications with any former employee of Talis concerning this Action and/or the matters at issue in the Complaint." (Ex. R.)  On November 20, 2023, Defendants offered to "meet and confer" (*id.*) but did not produce any communications with Lee, a former employee of Talis.

d.  RFP No. 65 (served October 20, 2023) seeks all "Documents constituting or relating to any Communications between You and any non-party concerning this Action" and "any matter alleged in the Complaint" (among other things). (Ex. R at 12.)  On November 20, 2023, Defendants refused to produce any documents outside certain search parameters (*id.*) and did not produce any of

5

DECL. OF EVAN A. KUBOTA IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-00105-SI

the Lee, Ludwig, or Shevlin exhibits or any communications with non-parties Lee and Ludwig.

e. Interrogatory No. 5 (served October 20, 2023) seeks the identity of "all sources, including witnesses and Documents, of each response other than an admission, and each purported affirmative defense, in Your Answer to the Complaint (together with an identification of the corresponding response or affirmative defense)." (Ex. S at 4.) On November 20, 2023, Defendants offered to "meet and confer" (*id.* at 5) but did not identify Lee, Ludwig, Shevlin, or any of the exhibits to their Declarations.

f. Interrogatory No. 6 (served October 20, 2023) seeks the identity of "all Persons that You believe to have knowledge pertaining to any matter alleged in the Complaint, and separately for each such Person, the nature of such knowledge." (Ex. S at 5.) On November 20, 2023, Defendants identified certain individuals and entities (*id.* at 5-6) but did not identify Lee, Ludwig, or Shevlin.

15. Defendants' violations are neither substantially justified nor harmless. Defendants assert that Rule 26 did not require any disclosure until December 10 or later because they "were still investigating facts and gathering evidence while also conceptualizing, researching, and drafting [their] opposition brief." (Ex. J at 2.) According to Defendants, the "press of time and work preparing [their] opposition papers" means any "delay of one or two business days" was "substantially justified." (*Id.* at 3.) Defendants further assert that they "have not passed any document production deadlines." (*Id.*)

16. However, Rule 26(a)(1)(A)(i) applies to witnesses that a party "may use," and Rule 26(e)(1)(A) requires supplementing discovery responses "in a timely manner" if "in some material respect the disclosure or response is incomplete or incorrect." Both requirements were triggered well before December 10. As shown above, Defendants' counsel contacted Ms. Shevlin in November 2023, Ms. Shevlin was creating exhibits no later than November 15, 2023, and Defendants' counsel was speaking with Ms. Ludwig no later than December 1, 2023.

17. Defendants' violations are not "harmless." Defendants did not disclose any of the facts supporting their "tracing" argument until two months after Plaintiff moved for class certification,

DECL. OF EVAN A. KUBOTA IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-00105-SI

despite the fact that Plaintiff had served extensive discovery requests to uncover these facts starting in May 2023, as detailed above.  Defendants' failure to disclose their witnesses and documents is inherently prejudicial, including because Defendants' fact-intensive "tracing" argument calls for follow-up discovery (such as obtaining documents from DTC and other sources), even as Defendants ask the Court to shorten the class period based on the materially incomplete record that their own Rule violations have created.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 12, 2024 in White Plains, New York.

Dated: January 12, 2024                    /s/ Evan A. Kubota
                                            Evan A. Kubota

## CERTIFICATION

Pursuant to Civil Local Rule 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from the other signatory.

                                            /s/ Joseph A. Fonti
                                            Joseph A. Fonti

DECL. OF EVAN A. KUBOTA IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
Case No. 3:22-cv-00105-SI