# EXHIBIT L



Patrick E. Gibbs                                                      By E-Mail ekubota@bfalaw.com
T: +1 650 843 5535
pgibbs@cooley.com

December 20, 2023

Evan A. Kubota
Bleichmar Fonti & Auld LLP
7 Times Square, 27th Floor
New York, NY 10036

**Re:     In re Talis Biomedical Securities Litigation, No. 22-cv-00105-SI (N.D. Cal.)**

Dear Evan:

I write in response to your letter of December 19, 2023, demanding "complete discovery" on "tracing" by this Friday, December 22, 2023, along with written assurances that our production on this topic is complete as of that date and that Defendants will not use any additional witnesses, facts, or documents concerning "tracing" at any point during this litigation.

Your demands are baseless. They are not tethered to any conceivable "harm" arising from the disclosure of the Lee, Shevlin, and Ludwig declarations (and related exhibits) on December 12, 2023, as opposed to some number of days prior to that. They are not justified by the existing case schedule, and you have made no effort to explain why they are necessary for you to file your reply in support of your motion for class certification. Indeed, far from a serious, good faith attempt to ameliorate any alleged "harm" from the timing of our disclosure, your demands are a transparent attempt to manufacture a dispute in an effort to avoid having to address this issue at the class certification stage. We therefore reject those demands.

We have already offered to discuss an extension of time for Plaintiff to file his reply in support of class certification to accommodate reasonable discovery related to those witnesses and exhibits. You did not even respond to that offer, and yet seek to use the due date as an excuse to demand an immediate production of documents and information on a scale that you well know could not possibly be completed in three days. Your position amounts to a demand for an immediate, separate discovery cut-off for a discrete issue ("tracing"), just because we made an argument about the class certification implications of the tracing requirement. Yet you cite no legal or factual basis for that demand.

Your letter suggests that you believe this issue should await summary judgment. You are free to make that legal argument if you wish (although we have cited ample authority for addressing it now), but that is not a basis for demanding immediate and full discovery on this issue. Your suggestion of unfair surprise rings hollow: As noted in my letter (and completely ignored in your response), tracing is an element of your client's claim (and one that you chose to incorporate into your proposed class definition). It did not become an issue in this case just because we made an argument in opposition to class certification or because (in an abundance of caution) we asserted lack of standing as an affirmative defense. If you wished to take discovery on tracing, you had every reason to do so, and plenty of time, and yet you never served a single discovery request specifically directed at tracing and never before claimed that any of your discovery requests called for documents pertaining to tracing.

As noted in my most recent letter (and as is completely ignored in your response), the very earliest we could have disclosed any of Mr. Lee, Ms. Shevlin, or Ms. Ludwig as potential witnesses would have been some number of days before we filed our opposition brief on December 12. It is absurd to suggest that this



Evan A. Kubota
December 20, 2023
Page Two

purported "delay" in supplementing our initial disclosures (even assuming such a supplement was required) makes it necessary for us to immediately provide complete discovery on an issue that you have chosen to completely ignore before now, weeks before the substantial completion deadline and before the Court has even set a discovery cut-off.  Indeed, even if we had identified these individuals in our initial disclosures in May, you would have no basis now for demanding either an immediate discovery cut-off on this issue or an assurance that we would never supplement our disclosures or discovery responses on this topic.

If you wish to talk about targeted discovery that is reasonably necessary for you to respond to the evidence and arguments in our opposition brief (and/or an extension of time for you to file your reply in order to complete that discovery), we remain willing to have that conversation.  Otherwise, we will continue to produce documents responsive to your pending discovery requests in accordance with the existing schedule, and we will look forward to receiving your reply brief on January 12, 2024.

Sincerely,

Patrick E. Gibbs

cc:     Joseph A. Fonti (jfonti@bfalaw.com)
        Jonathan D. Park (jpark@pomlaw.com)

295716837