# EXHIBIT N

# Evan Kubota

| | |
|---|---|
| **From:** | Simpson LaGoy, Jessie <jsimpsonlagoy@cooley.com> |
| **Sent:** | Wednesday, December 6, 2023 12:25 AM |
| **To:** | Gibbs, Patrick; Evan Kubota; Jonathan Park; Joseph Fonti; Joseph Baier; Matthew Melamed; Lesley Weaver |
| **Cc:** | Eagan, Shannon; Cook, Timothy; Sisko, Zach; Blankenship, Sam J. |
| **Subject:** | RE: Talis - Amended Answer |
| **Attachments:** | Talis - Stip re_ Filing of Amended Answer.docx |

Evan,

Please see the attached draft stipulation for your review.  We will send the final versions of Exhibits 1 and 2 tomorrow, but they will be in the same form as what Patrick sent you yesterday.

Thanks,
Jessie

Jessie Simpson LaGoy
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5087 office
+1 650 849 7400 fax
jsimpsonlagoy@cooley.com

www.cooley.com

**From:** Gibbs, Patrick <pgibbs@cooley.com>
**Sent:** Monday, December 4, 2023 4:17 PM
**To:** Evan Kubota <ekubota@bfalaw.com>; Simpson LaGoy, Jessie <jsimpsonlagoy@cooley.com>; Jonathan Park <jpark@pomlaw.com>; Joseph Fonti <jfonti@bfalaw.com>; Joseph Baier <jbaier@bfalaw.com>; Matthew Melamed <mmelamed@bfalaw.com>; Lesley Weaver <lweaver@bfalaw.com>
**Cc:** Eagan, Shannon <seagan@cooley.com>; Cook, Timothy <tcook@cooley.com>; Sisko, Zach <zsisko@cooley.com>; Blankenship, Sam J. <sblankenship@cooley.com>
**Subject:** RE: Talis - Amended Answer

Evan,

You are correct – we will make substantial completion of documents pertaining to these new affirmative defenses by the substantial completion date of January 15, 2024, and as of today, our initial disclosures are complete and up to date.

We will send over a proposed stipulation and order.

**From:** Evan Kubota <ekubota@bfalaw.com>
**Sent:** Monday, December 4, 2023 2:58 PM
**To:** Gibbs, Patrick <pgibbs@cooley.com>; Simpson LaGoy, Jessie <jsimpsonlagoy@cooley.com>; Jonathan Park <jpark@pomlaw.com>; Joseph Fonti <jfonti@bfalaw.com>; Joseph Baier <jbaier@bfalaw.com>; Matthew Melamed <mmelamed@bfalaw.com>; Lesley Weaver <lweaver@bfalaw.com>
**Cc:** Eagan, Shannon <seagan@cooley.com>; Cook, Timothy <tcook@cooley.com>; Sisko, Zach <zsisko@cooley.com>; Blankenship, Sam J. <sblankenship@cooley.com>
**Subject:** RE: Talis - Amended Answer

1

[External]

Patrick, thank you for this clarification.  We understand from your email that (1) Defendants will substantially complete production of documents relating to the affirmative defenses in the amended answer by January 15, 2024, and (2) Defendants' existing initial disclosures are complete and up to date, including with respect to the affirmative defenses in the amended answer.  If our understanding is correct, Plaintiff consents to the filing of the amended answer you sent earlier today.  Otherwise, please let us know immediately.

Evan A. Kubota
Partner
Bleichmar Fonti & Auld LLP
75 Virginia Road
White Plains, NY 10603
O: (212) 789-1347
F: (212) 205-3960
ekubota@bfalaw.com
www.bfalaw.com

**From:** Gibbs, Patrick <pgibbs@cooley.com>
**Sent:** Monday, December 4, 2023 11:08 AM
**To:** Evan Kubota <ekubota@bfalaw.com>; Simpson LaGoy, Jessie <jsimpsonlagoy@cooley.com>; Jonathan Park <jpark@pomlaw.com>; Joseph Fonti <jfonti@bfalaw.com>; Joseph Baier <jbaier@bfalaw.com>; Matthew Melamed <mmelamed@bfalaw.com>; Lesley Weaver <lweaver@bfalaw.com>
**Cc:** Eagan, Shannon <seagan@cooley.com>; Cook, Timothy <tcook@cooley.com>; Sisko, Zach <zsisko@cooley.com>; Blankenship, Sam J. <sblankenship@cooley.com>
**Subject:** RE: Talis - Amended Answer

Evan,

I write with an update and a response to your proposed conditions for an agreed-upon amendment of our answer.

First, after further analysis, we have decided not to assert a defense of reliance upon experts.  I have attached a revised redline of our proposed amended answer reflecting that change.

Second, your proposed conditions are unwarranted, and your claim of prejudice is baseless.  With regard to documents, we will make substantial completion of documents relating to these affirmative defenses by the substantial completion date of January 15, 2024.  With regard to witnesses or others who may possess discoverable information, we have already provided initial disclosures of the individuals likely to have discoverable information that our clients may use to support their defenses, and we have an ongoing obligation to supplement those disclosures.  We will comply with that obligation.  With regard to the facts supporting the new affirmative defenses, we will respond to your client's contention interrogatories on an agreed upon schedule, consistent with your client's agreement to respond to our contention interrogatories.

Nothing more than this is required, and there is zero risk of prejudice to your client from the proposed amendment.  Other than the schedule for class certification and the substantial completion of document production, no dates have been set – there is no fact discovery cut-off, no date set for filing summary judgment motions, no date for expert disclosures, and no trial date.  As such, there is absolutely no risk of your client running out of time or being unable to take complete discovery relating to these affirmative defenses.  The fact that we have spent several months meeting and conferring and producing documents responsive to plaintiff's document requests does not change this fact.  Simply put, your client will not suffer any prejudice from the proposed amendment, and there is no need to

impose any special or additional discovery obligations regarding these proposed affirmative defenses.  This is particularly true given that the defenses themselves are quite simple and depend largely on public information and/or facts that are undisputed.

Please let us know as soon as possible whether your client will consent to the proposed amendment.  Otherwise, we will file the motion promptly.

Patrick E. Gibbs
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5535 office
+1 650 849 7400 fax
+1 650 248 6412 mobile
pgibbs@cooley.com

www.cooley.com

Cooley is one of Fortune's **100 Best Companies to Work For**

Cooley GO > **Start and build your business**

**From:** Evan Kubota <ekubota@bfalaw.com>
**Sent:** Friday, December 1, 2023 4:06 PM
**To:** Simpson LaGoy, Jessie <jsimpsonlagoy@cooley.com>; Jonathan Park <jpark@pomlaw.com>; Joseph Fonti <jfonti@bfalaw.com>; Joseph Baier <jbaier@bfalaw.com>; Matthew Melamed <mmelamed@bfalaw.com>; Lesley Weaver <lweaver@bfalaw.com>
**Cc:** Gibbs, Patrick <pgibbs@cooley.com>; Eagan, Shannon <seagan@cooley.com>; Cook, Timothy <tcook@cooley.com>; Sisko, Zach <zsisko@cooley.com>; Blankenship, Sam J. <sblankenship@cooley.com>
**Subject:** RE: Talis - Amended Answer

**[External]**

Jessie:

While we continue to disagree with your statements, Plaintiff would consent to the filing of the amended answer you sent on November 27 (the "Amended Answer") on two conditions:

1.  Defendants must commit to providing all facts and documents regarding each purported defense in the Amended Answer, with document production to be substantially complete by January 15, 2024.
2.  By an agreed-upon date in the first half of December 2023, Defendants must disclose all entities and individuals related to any purported defense in the Amended Answer, including any "experts" related to their proposed defense of "Reasonable Reliance on Experts."  This information—which should have been provided in Defendants' initial disclosures over six months ago—must be provided "in a timely manner" under Rule 26(e).

As we have explained, these conditions are necessary to mitigate the prejudice of Defendants' untimely attempt to amend their answer to assert new purported defenses after over six months of discovery.

We look forward to your response, and we are available to confer early next week if needed.  We reserve all rights in the event that we cannot resolve this issue by agreement.

Evan A. Kubota

3

Partner
Bleichmar Fonti & Auld LLP
75 Virginia Road
White Plains, NY 10603
O: (212) 789-1347
F: (212) 205-3960
ekubota@bfalaw.com
www.bfalaw.com

---

**From:** Simpson LaGoy, Jessie <jsimpsonlagoy@cooley.com>
**Sent:** Thursday, November 30, 2023 11:32 PM
**To:** Evan Kubota <ekubota@bfalaw.com>; Jonathan Park <jpark@pomlaw.com>; Joseph Fonti <jfonti@bfalaw.com>; Joseph Baier <jbaier@bfalaw.com>; Matthew Melamed <mmelamed@bfalaw.com>; Lesley Weaver <lweaver@bfalaw.com>
**Cc:** Gibbs, Patrick <pgibbs@cooley.com>; Eagan, Shannon <seagan@cooley.com>; Cook, Timothy <tcook@cooley.com>; Sisko, Zach <zsisko@cooley.com>; Blankenship, Sam J. <sblankenship@cooley.com>
**Subject:** RE: Talis - Amended Answer

Evan,

These conditions are not required by Rule 15, which states that courts "should freely give leave to" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Indeed, the Ninth Circuit applies this policy with "extreme liberality," because "disputes should be determined on their merits, and not on the technicalities of pleading rules."  *Watson v. Ford Motor Co.*, 2018 WL 3869563, at *1 (N.D. Cal. Aug. 15, 2018) (citation omitted).

Your suggestion that you require the specific factual bases for the amendment for a futility argument lacks merit.  As an initial matter, "[c]ourts rarely deny a motion for leave to amend for reason of futility." *Hynix Semiconductor Inc. v. Toshiba Corp.*, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006).  Moreover, the burden is not on Defendants to put forth a specific factual basis for the amendment.  Rather, the non-moving party has the burden of demonstrating that there is no set of facts under which the affirmative defenses would be valid.  *Id.*  Here, where the defenses are rooted in the plain language of Section 11, and where discovery on all of these affirmative defenses is ongoing, that cannot be the case.

In any event, because we have been actively litigating these defenses, Plaintiffs are well aware of Defendants' arguments:

- For Standing, Plaintiff lacks standing to assert a Section 11 claim after the lock-up expired and the shares were no longer traceable to the Registration Statement.
- For Actual Knowledge, Mr. Dugan had actual knowledge of allegedly omitted information before making any investment in Talis.  And, the same could be true of putative class members.
- For No Reliance, when Mr. Dugan purchased Talis stock in April and May 2022, he was not relying on any statements in the Registration Statement (to the extent he ever did).
- For Due Diligence & Reliance on Experts, discovery is ongoing and Defendants' investigation into these defenses is subject to attorney client privilege and work product, but Defendants have the right to argue that based on the information presented to them, the Individual Defendants had reasonable ground to believe, and did believe, "that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading."  15 U.S.C. § 77k(b)(3)

Defendants provide this information not because it is necessary for their amendment, but in good faith, in the hope of avoiding burdening the Court with unnecessary motion practice.

4

As to your first supposed "condition," Interrogatory No. 5 does not seek the specific factual bases of Defendants' affirmative defenses. It seeks the "sources, including witnesses and Documents, of . . . each purported affirmative defense." The parties have both asserted work product over this Interrogatory and agreed to meet and confer on it. Indeed, Plaintiffs have only agreed to provide the documents cited in the Complaint and identify the FEs, on work product grounds. We have yet to meet and confer on Plaintiffs' Interrogatory No. 5, and we cannot agree to waive our work product objection or to hold up the filing of our amended answer on the meet and confer process. In any event, Defendants have already provided the names of all persons that they believe to have knowledge pertaining to any matter alleged in the Complaint. *See* Response to Plfs' Interrogatory No. 6. And, Defendants intend to produce all of the materials presented to the Talis Board of Directors in their next production.

As to your second "condition," there has been no undue delay, and Plaintiffs cannot credibly claim any prejudice, when the parties have been actively litigating these defenses, when discovery is ongoing, when Plaintiffs have not yet taken any depositions, when we are a month and half from the substantial completion deadline, and when there is no deadline for fact discovery, summary judgment, or trial affected by this amendment. Defendants cannot agree to an arbitrary December 5 deadline to produce all documents relevant to these defenses. Discovery is ongoing. But, as above, we do plan to produce the board materials next week.

If Defendants are going to need to move, we need to do it tomorrow in order to avoid any further suggestion of untimeliness. We cannot engage in a protracted meet and confer process on this. Please come to tomorrow's meet and confer with a yes or a no (or let us know before then).

Thanks,
Jessie

Jessie Simpson LaGoy
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5087 office
+1 650 849 7400 fax
jsimpsonlagoy@cooley.com

www.cooley.com

**From:** Evan Kubota <ekubota@bfalaw.com>
**Sent:** Thursday, November 30, 2023 12:03 PM
**To:** Simpson LaGoy, Jessie <jsimpsonlagoy@cooley.com>; Jonathan Park <jpark@pomlaw.com>; Joseph Fonti <jfonti@bfalaw.com>; Joseph Baier <jbaier@bfalaw.com>; Matthew Melamed <mmelamed@bfalaw.com>; Lesley Weaver <lweaver@bfalaw.com>
**Cc:** Gibbs, Patrick <pgibbs@cooley.com>; Eagan, Shannon <seagan@cooley.com>; Cook, Timothy <tcook@cooley.com>; Sisko, Zach <zsisko@cooley.com>; Blankenship, Sam J. <sblankenship@cooley.com>
**Subject:** RE: Talis - Amended Answer

**[External]**

Jessie:

While we continue to reserve all rights, we would consider consenting to the amendment on two conditions.

First, Defendants would need to immediately identify the specific factual basis (if any) for the five new purported defenses outlined in Defendants' proposed amended answer. We requested this information in our Interrogatory No. 5 (served on October 20) and on November 21. It is necessary because amendment is futile if the purported defenses have no factual basis. If they do have a factual basis, we are entitled to know what that is so we can litigate on a level playing field.

5

Second, we would need Defendants' agreement to produce all documents concerning these purported defenses immediately and no later than December 5.  This is necessary to mitigate the prejudice from Defendants' belated, untimely effort to assert new defenses over six months after discovery commenced.  We trust that you have already identified and reviewed such documents in deciding to seek leave to amend.

We are available to confer tomorrow if needed.


Evan A. Kubota
Partner
Bleichmar Fonti & Auld LLP
75 Virginia Road
White Plains, NY 10603
O: (212) 789-1347
F: (212) 205-3960
ekubota@bfalaw.com
www.bfalaw.com

**From:** Simpson LaGoy, Jessie <jsimpsonlagoy@cooley.com>
**Sent:** Wednesday, November 29, 2023 6:15 PM
**To:** Evan Kubota <ekubota@bfalaw.com>; Jonathan Park <jpark@pomlaw.com>; Joseph Fonti <jfonti@bfalaw.com>; Joseph Baier <jbaier@bfalaw.com>; Matthew Melamed <mmelamed@bfalaw.com>; Lesley Weaver <lweaver@bfalaw.com>
**Cc:** Gibbs, Patrick <pgibbs@cooley.com>; Eagan, Shannon <seagan@cooley.com>; Cook, Timothy <tcook@cooley.com>; Sisko, Zach <zsisko@cooley.com>; Blankenship, Sam J. <sblankenship@cooley.com>
**Subject:** RE: Talis - Amended Answer

Evan,

Please let us know your position on the amendment.  We would like to file our motion for leave this week, if needed.

Thanks,
Jessie

Jessie Simpson LaGoy
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5087 office
+1 650 849 7400 fax
jsimpsonlagoy@cooley.com

www.cooley.com

**From:** Simpson LaGoy, Jessie <jsimpsonlagoy@cooley.com>
**Sent:** Monday, November 27, 2023 1:27 PM
**To:** Evan Kubota <ekubota@bfalaw.com>; Jonathan Park <jpark@pomlaw.com>; Joseph Fonti <jfonti@bfalaw.com>; Joseph Baier <jbaier@bfalaw.com>; Matthew Melamed <mmelamed@bfalaw.com>; Lesley Weaver <lweaver@bfalaw.com>
**Cc:** Gibbs, Patrick <pgibbs@cooley.com>; Eagan, Shannon <seagan@cooley.com>; Cook, Timothy <tcook@cooley.com>; Sisko, Zach <zsisko@cooley.com>; Blankenship, Sam J. <sblankenship@cooley.com>
**Subject:** RE: Talis - Amended Answer

Evan,

The suggestion that the parties have not been actively discussing and litigating these defenses is difficult to square with the fact that Plaintiffs pointed out several of these issues in the context of responding to Defendants' discovery letter asserting relevance based on these very defenses. With their amended answer, Defendants seek only to clarify their Affirmative Defenses (actual knowledge), correct a typographical error (standing), correct inadvertently omitted defenses (due diligence and reliance on experts) so that this case can be decided on the merits, and respond to the newly learned fact that Plaintiff Dugan purchased Talis stock after March 15, 2022 (reliance).  There is no prejudice to Plaintiffs, as both parties have been and are seeking discovery on these subjects.  *See, e.g.*, Plaintiffs' RFP Nos. 35 and 36; Defendants' RFP Nos. 9 and 38; Defendants' Interrogatory Nos. 5 and 8.

Per your request, we attach for a redline of our proposed Amended Answer and we look forward to hearing whether you will agree to the amendment.

Finally, while you will see that Defendants have decided not to raise a Truth on the Market defense, we note that Defendants did not "refuse[] to answer Plaintiffs' Interrogatory No. 7."  To the contrary, consistent with the parties' agreement on Defendants' nearly identical interrogatory, Defendants agreed to postpone response until after expert discovery.

Best,
Jessie

Jessie Simpson LaGoy
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5087 office
+1 650 849 7400 fax
jsimpsonlagoy@cooley.com

www.cooley.com

**From:** Evan Kubota <ekubota@bfalaw.com>
**Sent:** Tuesday, November 21, 2023 3:05 PM
**To:** Simpson LaGoy, Jessie <jsimpsonlagoy@cooley.com>; Jonathan Park <jpark@pomlaw.com>; Joseph Fonti <jfonti@bfalaw.com>; Joseph Baier <jbaier@bfalaw.com>; Matthew Melamed <mmelamed@bfalaw.com>; Lesley Weaver <lweaver@bfalaw.com>
**Cc:** Gibbs, Patrick <pgibbs@cooley.com>; Eagan, Shannon <seagan@cooley.com>; Cook, Timothy <tcook@cooley.com>; Sisko, Zach <zsisko@cooley.com>; Blankenship, Sam J. <sblankenship@cooley.com>
**Subject:** RE: Talis - Amended Answer

[External]

Jessie:

We are surprised by your email, especially since Defendants filed their answer over six months ago, and we disagree with your statements that there is no prejudice to Plaintiffs and that the parties have been "actively discussing and litigating" these new purported defenses.

In all events, so we can consider your request, please (1) share a draft of your proposed amended answer and (2) identify the specific factual basis for the new purported defenses outlined in your email.

We need this information because we are not currently aware of any factual basis for the purported defenses you intend to assert.  Indeed, Defendants have failed to respond to Plaintiffs' discovery requests on this topic.  For example, you say that Defendants seek to add a purported "truth on the market" defense, but just last night, Defendants refused to answer Plaintiffs' Interrogatory No. 7, which seeks "all facts that You contend render [each challenged] statement

7

truthful, not misleading, and/or immaterial, and when each such fact became public," complaining (among other things) that it is "overbroad," "unduly burdensome," and was "propounded for an improper purpose, including to harass."  You also say that Defendants intend to challenge Plaintiffs' "standing" and add a purported defense of "reliance on experts," but you have identified no factual basis for either.  Plaintiffs reserve all rights.

Evan A. Kubota
Partner
Bleichmar Fonti & Auld LLP
75 Virginia Road
White Plains, NY 10603
O: (212) 789-1347
F: (212) 205-3960
ekubota@bfalaw.com
www.bfalaw.com

---

**From:** Simpson LaGoy, Jessie <jsimpsonlagoy@cooley.com>
**Sent:** Friday, November 17, 2023 2:17 PM
**To:** Evan Kubota <ekubota@bfalaw.com>; Jonathan Park <jpark@pomlaw.com>; Joseph Fonti <jfonti@bfalaw.com>; Joseph Baier <jbaier@bfalaw.com>; Matthew Melamed <mmelamed@bfalaw.com>; Lesley Weaver <lweaver@bfalaw.com>
**Cc:** Gibbs, Patrick <pgibbs@cooley.com>; Eagan, Shannon <seagan@cooley.com>; Cook, Timothy <tcook@cooley.com>; Sisko, Zach <zsisko@cooley.com>; Blankenship, Sam J. <sblankenship@cooley.com>
**Subject:** Talis - Amended Answer

Counsel,

In your October 16 letter regarding Defendants' discovery requests, you took the position that Defendants have not asserted an actual knowledge defense in their Answer.  While we believe the existing Defendants' Tenth Affirmative Defense covers actual knowledge, we want to avoid any misunderstanding.  You also pointed out in your letter that Defendants erroneously included Rule 23.1 language in their Fourth Affirmative Defense of Standing.  Defendants intend to amend their Answer under FRCP 15 in order to clarify they do assert an actual knowledge defense (together with a truth on the market defense) and to remedy both the erroneous inclusion of Rule 23.1 in their standing defense and the erroneous omission of two defenses on behalf of the individual defendants (due diligence and reliance on experts).  There is no prejudice to Plaintiffs, as these are all defenses that that the parties' have been actively discussing and litigating.

Please let us know by this Tuesday, November 21 whether you consent to Defendants' filing of an amended Answer.

Thanks,
Jessie

Jessie Simpson LaGoy
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5087 office
+1 650 849 7400 fax
jsimpsonlagoy@cooley.com

www.cooley.com

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.