# EXHIBIT O

COOLEY LLP
Patrick E. Gibbs (183174)
(pgibbs@cooley.com)
Shannon M. Eagan (212830)
(seagan@cooley.com)
~~Samantha A. Kirby (307917)~~
~~(skirby@cooley.com)~~
Jessie Simpson LaGoy (305257)
(jsimpsonlagoy@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Zachary Sisko (appearance pro hac vice)
(zsisko@cooley.com)
500 Boylston Street
14th Floor
Boston, Massachusetts 02116-3736
Telephone:  +1 617 937 2300
Facsimile:   +1 617 937 2400

*Attorneys for Defendants Talis Biomedical Corporation, Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 22-cv-00105-SI<br><br>CLASS ACTION<br><br>**DEFENDANTS' FIRST AMENDED ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Judge:     Honorable Susan Illston<br>Date Filed: 01/07/2022 |

Defendants Talis Biomedical Corporation, Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott ("Defendants") hereby answer Co-Lead Plaintiffs' Amended

DEFENDANTS' FIRST AMENDED ANSWER TO
~~AMENDED~~
AMENDED CLASS ACTION COMPLAINT
3:22-CV-00105-SI

Consolidated Class Action Complaint (the "Amended Complaint" or "AC").  Defendants deny any and all liability under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act").

The numbered paragraphs of this answer correspond to the paragraphs as numbered in the Amended Complaint.  To the extent paragraphs in the Amended Complaint are grouped under headings, Defendants respond generally that such headings and groupings are conclusions of law or fact and deny each and every allegation made or implied by such headings or groupings.

The Amended Complaint contains purported excerpts from, and references to, a number of documents and third-party publications.  Such documents and third-party publications speak for themselves, and Defendants refer to the respective documents and third-party publications for the contents thereof.

Any allegations contained in the Amended Complaint that state a legal conclusion do not require a response and, to the extent that any response is required, such allegations are denied.

Any allegation that is not specifically admitted below is hereby denied.  Defendants generally deny any averments in the Amended Complaint's table of contents, headings, subheadings, footnotes, unnumbered paragraphs, appendices, exhibits, and prayer for relief. Defendants further answer the numbered paragraphs in the AC as follows.

1.    Paragraph 1 constitutes Plaintiffs' characterization of their own Amended Complaint and requires no response.

2.    The first two sentences of Paragraph 2 of the AC assert legal conclusions to which no response is required.  The remaining allegations in Paragraph 2 constitute Plaintiffs' characterization of their own Amended Complaint and require no response.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 2.

3.    In response to Paragraph 3 of the AC, Defendants admit that Talis raised approximately $254 million as a result of its February 2021 IPO, but lack knowledge or information sufficient to form a belief as to the allegation that the capital Talis raised came "largely from the Class."  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 3.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT CLASS
ACTION COMPLAINT
3:22-CV-00105-SI

The AC fails to state a claim upon which relief can be granted as it has not pleaded plausible, actionable misrepresentations or omissions, or manipulative or deceptive devices in connection with the sale of securities by the Defendants.

SECOND AFFIRMATIVE DEFENSE

(Bespeaks Caution)

Plaintiffs' claims are barred, in whole or in part, because any allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other challenged statements, with respect to which the liability of the Defendants is asserted, contained sufficient cautionary language or risk disclosures to protect the Defendants against claims of securities violations, and are thus rendered nonactionable by the "bespeaks caution" doctrine.

THIRD AFFIRMATIVE DEFENSE

(Rule 23 – Class Certification)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege and cannot prove facts necessary to demonstrate that the requirements for class certification in Federal Rule of Civil Procedure 23 are satisfied.

FOURTH AFFIRMATIVE DEFENSE

(Standing)

The AC, and each and every cause of action alleged therein, is barred by Plaintiff's lack of standing pursuant to Federal Rule of Civil Procedure 23.1.

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or other members of the Putative Class lack standing to assert them to the extent they did not purchase Talis stock in or traceable to Talis's Initial Public Offering.

FIFTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and members of the putative class were expressly advised in statements made to them, including in the Registration Statement and other public documents and sources, regarding the material facts concerning their

investments. Plaintiffs and members of the putative class therefore assumed the risk of any loss and are estopped from recovering any relief.

### SIXTH AFFIRMATIVE DEFENSE

#### (No Proximate Cause)

The AC, and each and every cause of action alleged therein, is barred because the alleged misstatements or omissions were not the proximate cause of any loss suffered by Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Truth)

The AC, and each and every cause of action alleged therein, is barred by virtue of the truth of the Registration Statement.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Negative Causation)

The AC, and each and every cause of action alleged therein, is barred because the stock drops were caused by something other than the allegedly material misstatements or omissions or any alleged corrective disclosure.

### NINTH AFFIRMATIVE DEFENSE

#### (Good Faith)

Plaintiffs' claims are barred, in whole or in part, because any alleged misstatements by Defendants were made in good faith and with genuine belief and had a reasonable factual and historical basis.

### TENTH AFFIRMATIVE DEFENSE

#### (Available Contrary Information Actual Knowledge)

Plaintiffs' claims are barred, in whole or in part, because any alleged misstatements were rebutted by contrary information received by or otherwise readily available of alleged misrepresentations and omissions, which are denied, are barred to the extent any allegedly misstated facts or omissions were known to Plaintiffs and/or other members of the putative class.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

43

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED CLASS ACTION COMPLAINT CLASS
ACTION COMPLAINT
3:22-CV-00105-SI

ELEVENTH AFFIRMATIVE DEFENSE

(Nonactionable Opinion)

Plaintiffs' claims are barred, in whole or in part, because some or all of the allegedly false or misleading statements consisted of nonactionable statements of vague and indefinite opinion or corporate optimism.

TWELFTH AFFIRMATIVE DEFENSE

(Materiality)

Plaintiffs' claims are barred, in whole or in part, because some or all of the allegedly false or misleading statements are non-material.

THIRTEENTH AFFIRMATIVE DEFENSE

(No Duty to Disclose)

Plaintiffs' claims are barred, in whole or in part, because Defendants had no duty to disclose the allegedly omitted information.

FOURTEENTH AFFIRMATIVE DEFENSE

(No Underlying Section 11 Liability)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot establish the primary violation of Section 11 necessary to assert a control-person claim under Section 15 of the Securities Act.

FIFTEENTH AFFIRMATIVE DEFENSE

(Statutory Damages Limitation)

Any recovery for damages allegedly incurred by Plaintiffs or members of the putative class is barred, in whole or in part, by the damages limitations of the Securities Act of 1933.

SIXTEENTH AFFIRMATIVE DEFENSE

(General Statement of Optimism or Puffery)

Plaintiffs' claims are barred, in whole or part, because some or all of the purported misstatements or omissions alleged in the Amended Complaint reflect or pertain to non-actionable statements of corporate optimism or puffery.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

DEFENDANTS' FIRST AMENDED ANSWER TO AMENDED ~~CLASS ACTION COMPLAINT~~ CLASS ACTION COMPLAINT
3:22-CV-00105-SI

SEVENTEENTH AFFIRMATIVE DEFENSE

(No Violation of Item 303)

To the extent Plaintiffs' claims are premised on one or more alleged violations of Item 303 of Regulation S-K, 17 C.F.R. § 229.303, they are barred on the grounds that the Registration Statement did not omit any trend, event, or uncertainty, or alternatively, if such trend, event, or uncertainty was omitted, Defendants could not have reasonably known of its existence or that it would have a material impact on Talis's sales, revenue, or other aspects of its operations.

EIGHTEENTH AFFIRMATIVE DEFENSE

(No Violation of Item 105)

To the extent Plaintiffs' claims are premised on one or more alleged violations of Item 105 of Regulation S-K, 17 C.F.R. § 229.105, they are barred on the grounds that the Registration Statement did not omit any material factors that rendered an investment in Talis speculative or risky, or alternatively, if any such material factors were omitted, Defendants could not have reasonably known of its existence or that it would have rendered an investment in Talis speculative or risky.

NINETEENTH AFFIRMATIVE DEFENSE

(Due Diligence)

The Individual Defendants had, after reasonable investigation, reasonable grounds to believe and did believe, at the time the Registration Statement became effective, that the statements therein were true and that there was no omission of any required material fact necessary to make the statements not misleading.

TWENTIETH AFFIRMATIVE DEFENSE

(Reasonable Reliance on Experts)

With respect to portions of the Registration Statement purporting to be made on the authority of experts, the Individual Defendants had no reasonable ground to believe and did not believe, at the time such part of the Registration Statement became effective, that the statements therein were untrue or that there was an omission of any material fact required to be stated therein

Cooley LLP
Attorneys at Law
Palo Alto

45

Defendants' First Amended Answer to Amended ~~Class Action Complaint~~ Class Action Complaint
3:22-cv-00105-SI

or necessary to make the statements therein not misleading.

## TWENTY-FIRST AFFRIMATIVE DEFENSE

### (No Reliance)

Plaintiffs' claims are barred, in whole or in part, to the extent any Plaintiff or member of the putative class did not rely on the alleged misstatements and/or omissions of material fact alleged in the Complaint.

## Reservation of Rights

Defendants expressly reserve the right to amend or supplement their Answer, defenses, and all other pleadings as permitted by law. Defendants further reserve the right to assert any and all additional defenses under any applicable law in the event that discovery indicates such defenses would be appropriate, and to assert any crossclaims, counterclaims, and/or third-party claims.

## Prayer for Relief

WHEREFORE, Defendants prays for relief and judgment as follows:

1. For judgment in favor of Defendants;

2. That Plaintiffs take nothing by their Amended Complaint;

3. For costs, attorneys' fees, and expert witness fees;

4. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury.

Cooley LLP
Attorneys at Law
Palo Alto

46

Defendants' First Amended Answer to
Amended Class Action Complaint Class
Action Complaint
3:22-cv-00105-SI

Dated:  November 27, 2023

COOLEY LLP

By: */s/ Patrick E. Gibbs*
    Patrick E. Gibbs (183174)

Attorneys for Defendant
TALIS BIOMEDICAL CORPORATION,
BRIAN COE, J. ROGER MOODY, JR.,
FELIX BAKER, RAYMOND CHEONG,
MELISSA GILLIAM, RUSTEM F.
ISMAGILOV, KIMBERLY J. POPOVITS,
MATTHEW L. POSARD, and RANDAL
SCOTT

294243405 v2

DEFENDANTS' FIRST AMENDED ANSWER TO
AMENDED ~~CLASS ACTION COMPLAINT~~ CLASS
ACTION COMPLAINT
3:22-CV-00105-SI

| Summary report: Litera Compare for Word 11.2.0.54 Document comparison done on 11/27/2023 11:29:08 AM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Draft Answer.docx | |
| **Modified DMS:** iw://na-active.cooley.com/NAACTIVE/294243405/2 | |
| **Changes:** | |
| Add | 29 |
| Delete | 8 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 37 |