# EXHIBIT P

COOLEY LLP
Patrick E. Gibbs (183174)
(pgibbs@cooley.com)
Shannon M. Eagan (212830)
(seagan@cooley.com)
Samantha A. Kirby (307917)
(skirby@cooley.com)
Jessie Simpson LaGoy (305257)
(jsimpsonlagoy@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Attorneys for Defendants Talis Biomedical Corporation,*
*Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond*
*Cheong, Melissa Gilliam, Rustem F. Ismagilov,*
*Kimberly J. Popovits, Matthew L. Posard, and Randal*
*Scott*

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **DEFENDANTS' RESPONSES AND OBJECTIONS TO CO-LEAD PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| ALL ACTIONS | Date:<br>Time:<br>Courtroom:    1<br>Judge:        Hon. Susan Illston |

**PROPOUNDING PARTY:**      **CO- LEAD PLAINTIFFS MARTIN DUGAN, LEON YU, MAX WISDOM TECHNOLOGY LIMITED**

**RESPONDING PARTY:**      **DEFENDANTS TALIS BIOMEDICAL CORPORATION, BRIAN COE, J. ROGER MOODY, JR., FELIX BAKER, RAYMOND CHEONG, MELISSA GILLIAM, RUSTEM F. ISMAGILOV, KIMBERLY J. POPOVITS, MATTHEW L. POSARD, AND RANDAL SCOTT**

**SET NUMBER:**      **ONE (1)**

Defendants Talis Biomedical Corporation ("Talis" or the "Company"), Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J.

COOLEY LLP

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants object that this Request seeks information that is not relevant to the issues in this case, which concerns the challenged statements and alleged omissions in the February 11, 2021 Registration Statement, as alleged in the Amended Complaint.

Pursuant to the foregoing General and Specific Objections, Defendants will conduct a reasonable search for and produce relevant, non-privileged documents sufficient to show the basis for the quoted language.

**REQUEST FOR PRODUCTION NO. 54:**

Documents sufficient to show how Talis "used all of the net proceeds" of the IPO, as reported on November 3, 2022 (¶233), including the identity of each recipient of those funds and the date, amount, and purpose of each payment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants object that this Request seeks information that is not relevant to the claims and issues in this case, which concerns the challenged statements and alleged omissions in the February 11, 2021 Registration Statement, as alleged in the Amended Complaint. Defendants further object to the Request as unduly burdensome and disproportionate to the needs of this case. As written, the Request would require Defendants to identify each and every transaction occurring since February 11, 2021 that utilized proceeds from Talis's IPO, which is not reasonably possible.

Pursuant to the foregoing General and Specific Objections, Defendants will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 55:**

Documents sufficient to show any actual or potential financial interest in, or sale or purchase of, Talis Securities (including short and hedging transactions) by any Individual Defendant; any members of their immediate families, friends, or any entity over which any Individual Defendant (or any Talis officer or director) had or has control or had or has any interest; any non-officer employee of Talis; Baker Bros. Advisors LP; and any individuals and entities affiliated with Baker

Cooley LLP

RESPONSES AND OBJECTIONS TO REQUESTS FOR
PRODUCTION OF DOCUMENTS
CASE NO. 22-CV-00105-SI

Bros. Advisors LP. These Documents shall include those: (i) sufficient to reflect the extent of any such interest and to show all such purchases, sales, holdings, gains and/or losses; and (ii) relating to any Rule 10b5-1 trading plan regarding Talis Securities and any modifications or amendments of the terms thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants object that this Request seeks information that is not relevant to the issues in this case, which concerns the challenged statements and alleged omissions in the February 11, 2021 Registration Statement, as alleged in the Amended Complaint. Because Plaintiffs' claims under the Securities Act of 1933 are premised on strict liability, documents or information relating to the "actual or potential financial interest in, or sale or purchase of, Talis Securities" for any of the Individual Defendant is not relevant to the claims at issue. Plaintiffs' pursuit of the same information for the Individual Defendants' families and friends is similarly irrelevant, overbroad, intrusive, and harassing, as is the Request for the same information for *any* entity over which *any* Talis officer or director, including non-defendants, has *any* interest. The same objection applies to Plaintiffs' request for this information as to "any non-officer employee of Talis," whose financial interests in Talis is not relevant to this case. Defendants further object to the Request inasmuch as it seeks documents outside Defendants' possession, custody, or control, particularly with regard to the securities interests of Baker Bros. Advisors LP and the undefined set of "any individuals and entities affiliated with Baker Bros. Advisors LP."

Pursuant to the foregoing General and Specific Objections, Defendants will conduct a reasonable search for and produce relevant, non-privileged documents sufficient to show any trading by Individual Defendants of Talis Securities that are within Defendants' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 56:**

Documents sufficient to show Talis's organizational structure and reporting lines during the Relevant Period.

Subject to and without waiving the foregoing General and Specific Objections, Defendants respond as follows: Defendants incorporate by reference their responses to Request Nos. 1 through 57.

**REQUEST FOR PRODUCTION NO. 59:**

To the extent not requested above, all Documents relevant to the allegations in the Amended Complaint, Defendants' Answer to the Amended Complaint (including any denial or defense asserted therein), and/or the claims or defenses in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants object that this Request is vague, ambiguous, and lacking in specificity as it fails describe with reasonable particularity each item or category of items to be produced, as required by Federal Rule of Civil Procedure 34(b)(1)(A). For example, the Request seeks "all Documents relevant to the allegations in the Amended Complaint [and] Defendants' Answer to the Amended Complaint," without specifying a single allegation in the 70-page Amended Complaint or response, denial, or defense in Defendants' equally lengthy Answer. Defendants further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request as premature to the extent it seeks documents, contentions, or testimony prior to the relevant deadlines for production of such material. Lastly, Defendants object to this Request to the extent that it seeks information that is outside of Defendants' possession, custody, and control.

Pursuant to the foregoing General and Specific Objections, Defendants will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 60:**

Documents sufficient to show all policies of insurance issued to You or to any other person that may be used to satisfy all or part of any judgment in this Action rendered against You personally, or to indemnify or reimburse any payments made to satisfy any judgment rendered against You personally, including, but not limited to, Documents sufficient to establish whether the carriers of any such insurance policies have agreed to provide coverage.

Cooley LLP

RESPONSES AND OBJECTIONS TO REQUESTS FOR
PRODUCTION OF DOCUMENTS
CASE NO. 22-CV-00105-SI

Dated:  June 12, 2023

COOLEY LLP


By:   /s/ Patrick E. Gibbs
        Patrick E. Gibbs

*Attorneys for Defendants Talis Biomedical Corporation, Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2023, a copy of the foregoing was served on Plaintiffs' counsel of record by email, pursuant to the parties' agreement to accept service by email.

/s/ *Patrick E. Gibbs*
Patrick E. Gibbs