# EXHIBIT Q

COOLEY LLP
Patrick E. Gibbs (183174)
(pgibbs@cooley.com)
Shannon M. Eagan (212830)
(seagan@cooley.com)
Jessie Simpson LaGoy (305257)
(jsimpsonlagoy@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Zachary Sisko (*appearance pro hac vice*)
(zsisko@cooley.com)
500 Boylston Street, 14th Floor
Boston, Massachusetts 02116-3736
Telephone: +1 617 937 2300
Facsimile: +1 617 937 2400

*Attorneys for Defendants Talis Biomedical Corporation,*
*Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond*
*Cheong, Melissa Gilliam, Rustem F. Ismagilov,*
*Kimberly J. Popovits, Matthew L. Posard, and Randal*
*Scott*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **DEFENDANTS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO CO-LEAD PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| ALL ACTIONS | |
| | Judge:  Hon. Susan Illston |

**PROPOUNDING PARTY:**    CO- LEAD PLAINTIFFS MARTIN DUGAN, LEON YU, MAX WISDOM TECHNOLOGY LIMITED

**RESPONDING PARTY:**    DEFENDANTS TALIS BIOMEDICAL CORPORATION, BRIAN COE, J. ROGER MOODY, JR., FELIX BAKER, RAYMOND CHEONG, MELISSA GILLIAM, RUSTEM F. ISMAGILOV, KIMBERLY J. POPOVITS, MATTHEW L. POSARD, AND RANDAL SCOTT

**SET NUMBER:**    ONE (1)

COOLEY LLP

Defendants Talis Biomedical Corporation ("Talis" or the "Company"), Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott, (collectively, the "Individual Defendants," and together with Talis, "Defendants"), by and through their counsel, hereby respond and object to Co-Lead Plaintiffs Martin Dugan, Leon Yu, and Max Wisdom Technology Limited's ("Plaintiffs") First Request for Production of Documents to Defendants (the "Requests," each a "Request") served on May 11, 2023, as follows:

## I.  GENERAL RESPONSES

1.    Defendants' responses to the Requests are made to the best of Defendants' present knowledge, information, and belief.  With respect to Defendant Talis, the response is based on current management's present knowledge, information, and belief.  The responses are, at all times, subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Defendants' recollection, information, and belief, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Defendants' further discovery or investigation.

2.    Defendants reserve the right to make any use of, or to introduce at any proceeding or at trial, or elsewhere, information and/or documents responsive to the Requests but discovered and produced subsequent to the date of Defendants' initial responses, including but not limited to any such information or documents obtained in discovery in this case.

3.    Defendants will produce documents in response to these Requests upon entry of, and subject to, a protective order ("Protective Order") and a stipulation governing the production of electronically stored information ("ESI Stipulation") to be entered in this case.

4.    Defendants will produce documents deemed to embody material that is private, business confidential, proprietary, trade secret or otherwise protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c)(7), Federal Rule of Evidence 501, California Evidence Code section 1060, or California Constitution, Article I, section 1, only subject to a Protective Order.

5.    To the extent that Defendants agree to produce information or documents in response to any particular Request, Defendants will produce only responsive, non-privileged

**REQUEST FOR PRODUCTION NO. 54:**

Documents sufficient to show how Talis "used all of the net proceeds" of the IPO, as reported on November 3, 2022 (¶233), including the identity of each recipient of those funds and the date, amount, and purpose of each payment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants object that this Request seeks information that is not relevant to the claims and issues in this case, which concerns the challenged statements and alleged omissions in the February 11, 2021 Registration Statement, as alleged in the Amended Complaint.  Defendants further object to the Request as unduly burdensome and disproportionate to the needs of this case.  As written, the Request would require Defendants to identify each and every transaction occurring since February 11, 2021 that utilized proceeds from Talis's IPO, which is not reasonably possible.

Pursuant to the foregoing General and Specific Objections, Defendants will not produce documents in response to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Subject to and without waiving the foregoing General and Specific Objections, Defendants respond as follows:  Defendants will conduct a reasonable search for and produce relevant, non-privileged documents sufficient to show payments made to Zollner, Auer, and thinXXS to the extent such documents exist in a centralized, identifiable location.  Within the scope of this agreement, based on a reasonable inquiry, no responsive, non-privileged materials are being withheld on the basis of the foregoing objections.  Beyond the scope of this agreement, Defendants will not be reviewing or producing documents potentially responsive to this Request pursuant to their objections based on relevance and proportionality.

**REQUEST FOR PRODUCTION NO. 55:**

Documents sufficient to show any actual or potential financial interest in, or sale or purchase of, Talis Securities (including short and hedging transactions) by any Individual Defendant; any members of their immediate families, friends, or any entity over which any Individual Defendant (or any Talis officer or director) had or has control or had or has any interest; any non-officer

Cooley LLP

62

Supp. Responses And Objections To
Requests For Production Of Documents
Case No. 22-Cv-00105-Si

employee of Talis; Baker Bros. Advisors LP; and any individuals and entities affiliated with Baker Bros. Advisors LP. These Documents shall include those: (i) sufficient to reflect the extent of any such interest and to show all such purchases, sales, holdings, gains and/or losses; and (ii) relating to any Rule 10b5-1 trading plan regarding Talis Securities and any modifications or amendments of the terms thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants object that this Request seeks information that is not relevant to the issues in this case, which concerns the challenged statements and alleged omissions in the February 11, 2021 Registration Statement, as alleged in the Amended Complaint. Because Plaintiffs' claims under the Securities Act of 1933 are premised on strict liability, documents or information relating to the "actual or potential financial interest in, or sale or purchase of, Talis Securities" for any of the Individual Defendant is not relevant to the claims at issue. Plaintiffs' pursuit of the same information for the Individual Defendants' families and friends is similarly irrelevant, overbroad, intrusive, and harassing, as is the Request for the same information for *any* entity over which *any* Talis officer or director, including non-defendants, has *any* interest. The same objection applies to Plaintiffs' request for this information as to "any non-officer employee of Talis," whose financial interests in Talis is not relevant to this case. Defendants further object to the Request inasmuch as it seeks documents outside Defendants' possession, custody, or control, particularly with regard to the securities interests of Baker Bros. Advisors LP and the undefined set of "any individuals and entities affiliated with Baker Bros. Advisors LP."

Pursuant to the foregoing General and Specific Objections, Defendants will conduct a reasonable search for and produce relevant, non-privileged documents sufficient to show any trading by Individual Defendants of Talis Securities that are within Defendants' possession, custody, or control.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Subject to and without waiving the foregoing General and Specific Objections, Defendants respond as follows: Within the scope of the foregoing agreement, based on a reasonable inquiry,

no responsive, non-privileged materials are being withheld on the basis of the foregoing objections. Defendants will not be reviewing or producing documents potentially responsive to this Request outside the scope of the foregoing agreement, pursuant to their objections based on relevant, burden, overbreadth, and proportionality.

**REQUEST FOR PRODUCTION NO. 56:**

Documents sufficient to show Talis's organizational structure and reporting lines during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants object that this Request is overbroad to the extent it seeks documents reflecting Talis's organizational structure up to *years* before and after its IPO, which have no bearing on the claims in the Amended Complaint.

Subject to and without waiving the foregoing General and Specific Objections, Defendants respond as follows:  Defendants will produce organizational charts sufficient to show Talis's organizational structure and reporting lines as they existed on August 1, 2020 and February 11, 2021. Defendants further agree to meet and confer regarding the scope of this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Subject to and without waiving the foregoing General and Specific Objections, Defendants further respond as follows:  Defendants are not searching for or producing documents potentially responsive to this Request outside the timeframe indicated based on their overbreadth objection that the Request is nonspecific as to time.  Aside from the temporal limitation, based on a reasonable inquiry, no responsive, non-privileged materials are being withheld on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to show: a. The systems and structures You use to store, maintain, or utilize ESI; b. Your policies and procedures concerning the use of text messaging, instant messaging and chat applications (such as iMessage, Slack, Teams, WhatsApp, and Telegram)

**REQUEST FOR PRODUCTION NO. 59:**

To the extent not requested above, all Documents relevant to the allegations in the Amended Complaint, Defendants' Answer to the Amended Complaint (including any denial or defense asserted therein), and/or the claims or defenses in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants object that this Request is vague, ambiguous, and lacking in specificity as it fails describe with reasonable particularity each item or category of items to be produced, as required by Federal Rule of Civil Procedure 34(b)(1)(A).  For example, the Request seeks "all Documents relevant to the allegations in the Amended Complaint [and] Defendants' Answer to the Amended Complaint," without specifying a single allegation in the 70-page Amended Complaint or response, denial, or defense in Defendants' equally lengthy Answer.  Defendants further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine.  Defendants further object to this Request as premature to the extent it seeks documents, contentions, or testimony prior to the relevant deadlines for production of such material.  Lastly, Defendants object to this Request to the extent that it seeks information that is outside of Defendants' possession, custody, and control.

Pursuant to the foregoing General and Specific Objections, Defendants will not produce documents in response to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Subject to and without waiving the foregoing General and Specific Objections, Defendants further respond as follows:  Defendants will produce all documents relevant to their defenses.  Further, no relevant, non-privileged materials are being withheld on the basis of the foregoing objections to the extent they are determined to be responsive to any other Request to which Defendants have agreed to respond.  Beyond the scope of this agreement, Defendants will not be reviewing or producing documents potentially responsive to this Request pursuant to their objections based on the foregoing objections.

COOLEY LLP

SUPP. RESPONSES AND OBJECTIONS TO
REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. 22-CV-00105-SI

**REQUEST FOR PRODUCTION NO. 60:**

Documents sufficient to show all policies of insurance issued to You or to any other person that may be used to satisfy all or part of any judgment in this Action rendered against You personally, or to indemnify or reimburse any payments made to satisfy any judgment rendered against You personally, including, but not limited to, Documents sufficient to establish whether the carriers of any such insurance policies have agreed to provide coverage.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Subject to and without waiving the foregoing General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants respond as follows:  Defendants will produce their insurance policies relevant to this case.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Subject to and without waiving the foregoing General and Specific Objections, Defendants further respond as follows:  Based on a reasonable inquiry, no responsive, non-privileged materials are being withheld on the basis of the foregoing objections.

Dated: November 10, 2023                COOLEY LLP


By: _____
          Patrick E. Gibbs

*Attorneys for Defendants Talis Biomedical Corporation, Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott*

## PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, California 94304-1130. On the date set forth below I served the documents described below in the manner described below:

**DEFENDANTS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO CO-LEAD PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP** <br> Lesley E. Weaver (lweaver@bfalaw.com) <br> Matthew S. Melamed (mmelamed@bfalaw.com) <br> 1330 Broadway, Suite 630 <br> Oakland, California 94612 <br><br> Joseph A. Fonti (*pro hac vice*) (jfonti@bfalaw.com) <br> Evan A. Kubota (*pro hac vice*) (ekubota@bfalaw.com) <br> 7 Times Square, 27th Floor <br> New York, New York 10036 | *Counsel for Co-Lead Plaintiff Martin Dugan and Co-Lead Counsel for the Putative Class* |
| **POMERANTZ LLP** <br> Jennifer Pafiti (jpafiti@pomlaw.com) <br> 1100 Glendon Avenue, 15th Floor <br> Los Angeles, California 90024 <br><br> Jeremy A. Lieberman (*pro hac vice* application forthcoming) (jalieberman@pomlaw.com) <br> J. Alexander Hood II (*pro hac vice*) (ahood@pomlaw.com) <br> James M. LoPiano (*pro hac vice*) (jlopiano@pomlaw.com) <br> Jonathan D. Park (*pro hac vice*) (jpark@pomlaw.com) <br> 600 Third Avenue, 20th Floor <br> New York, New York 10016 | *Counsel for Co-Lead Plaintiff Leon Yu and Max Wisdom Technology Limited and Co-Lead Counsel for the Putative Class* |

COOLEY LLP

1

PROOF OF SERICE
CASE NO. 22-CV-00105-SI

| **THE SCHALL LAW FIRM**<br>Brian Schall (brian@schallfirm.com)<br>2049 Century Park East, Suite 2460<br>Los Angeles, California 90067 | *Additional Counsel for Co-Lead*<br>*Plaintiff Martin Dugan* |
| --- | --- |

Executed on November 10, 2023, at San Bruno, California.

_____
                                                        Elia Madrigal

COOLEY LLP