# EXHIBIT R

COOLEY LLP
Patrick E. Gibbs (183174)
(pgibbs@cooley.com)
Shannon M. Eagan (212830)
(seagan@cooley.com)
Jessie Simpson LaGoy (305257)
(jsimpsonlagoy@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Zachary Sisko (*appearance pro hac vice*)
(zsisko@cooley.com)
500 Boylston Street, 14th Floor
Boston, Massachusetts 02116-3736
Telephone: +1 617 937 2300
Facsimile: +1 617 937 2400

*Attorneys for Defendants Talis Biomedical Corporation,*
*Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond*
*Cheong, Melissa Gilliam, Rustem F. Ismagilov,*
*Kimberly J. Popovits, Matthew L. Posard, and Randal*
*Scott*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION, <br><br> THIS DOCUMENT RELATES TO: <br><br> ALL ACTIONS | Case No. 3:22-cv-00105-SI <br><br> CLASS ACTION <br><br> **DEFENDANTS' RESPONSES AND OBJECTIONS TO CO-LEAD PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** <br><br> Judge:   Hon. Susan Illston |

**PROPOUNDING PARTY:**   **CO- LEAD PLAINTIFFS MARTIN DUGAN, LEON YU, MAX WISDOM TECHNOLOGY LIMITED**

**RESPONDING PARTY:**   **DEFENDANTS TALIS BIOMEDICAL CORPORATION, BRIAN COE, J. ROGER MOODY, JR., FELIX BAKER, RAYMOND CHEONG, MELISSA GILLIAM, RUSTEM F. ISMAGILOV, KIMBERLY J. POPOVITS, MATTHEW L. POSARD, AND RANDAL SCOTT**

**SET NUMBER:**   **TWO (2)**

Defendants Talis Biomedical Corporation ("Talis" or the "Company"), Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott, (collectively, the "Individual Defendants," and together with Talis, "Defendants"), by and through their counsel, hereby respond and object to Co-Lead Plaintiffs Martin Dugan, Leon Yu, and Max Wisdom Technology Limited's ("Plaintiffs") Second Request for Production of Documents to Defendants (the "Requests," each a "Request") served on October 20, 2023, as follows:

## I. GENERAL RESPONSES

1. Defendants' responses to the Requests are made to the best of Defendants' present knowledge, information, and belief. With respect to Defendant Talis, the response is based on current management's present knowledge, information, and belief. The responses are, at all times, subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Defendants' recollection, information, and belief, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Defendants' further discovery or investigation.

2. Defendants reserve the right to make any use of, or to introduce at any proceeding or at trial, or elsewhere, information and/or documents responsive to the Requests but discovered and produced subsequent to the date of Defendants' initial responses, including but not limited to any such information or documents obtained in discovery in this case.

3. Defendants will produce documents in response to these Requests subject to the protective order ("Protective Order", ECF 121) and stipulation governing the production of electronically stored information ("ESI Stipulation", ECF 123) entered in this case.

4. Defendants will produce documents deemed to embody material that is private, business confidential, proprietary, trade secret or otherwise protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c)(7), Federal Rule of Evidence 501, California Evidence Code section 1060, or California Constitution, Article I, section 1, only subject to the Protective Order.

5. To the extent that Defendants agree to produce information or documents in response to any particular Request, Defendants will produce only responsive, non-privileged

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

DEFS' RESPONSES AND OBJECTIONS TO
CO-LEAD PLFS' SECOND SET OF RFPS
3:22-CV-00105-SI

information or documents in their possession, custody, or control. Defendants have no duty to, and will not, produce or identify information or documents that are not in their possession, custody, or control.

6.     By stating in their response that Defendants will search for or produce information or documents, Defendants do not represent that any such information or documents actually exist. Rather, Defendants represent that they will undertake a good faith search and reasonable inquiry to ascertain whether the information or documents described in any such response do, in fact, exist, and they will produce such information or documents if they are found to exist, are within Defendants' possession, custody, or control, and are otherwise responsive to the Request, subject to Defendants' general responses and objections.

7.     Production of documents in response to any of these Requests does not constitute a waiver of any objection regarding the use of that document in these proceedings. Defendants reserve all objections or other questions as to competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of Defendants' responses herein and any information, document, or thing produced in response to the Requests.

8.     Defendants reserve the right to object on any grounds at any time to such other or supplemental document requests as Plaintiffs may at any time propound involving or relating to the subject matter of these Requests.

9.     To the extent Defendants agree to produce any documents in response to a Request, Defendants will produce responsive and non-privileged materials on a rolling basis as such documents are reviewed and become available for production. Defendants will meet and confer with Plaintiffs regarding the schedule for production as may be necessary and reserve the right to supplement their production, if necessary. Defendants will produce documents on a rolling basis consistent with the schedule in this Action, after reaching agreement with Plaintiffs on reasonable, proportional search parameters, including but not limited to agreement on custodians, search terms, and date ranges.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

DEFS' RESPONSES AND OBJECTIONS TO
CO-LEAD PLFS' SECOND SET OF RFPS
3:22-CV-00105-SI

**10.** Defendants are willing to meet and confer with Plaintiffs regarding any objection or response to the Requests.

## II.    GENERAL OBJECTIONS

Defendants make the following General Objections, whether or not separately set forth in response to each Request or to each and every Instruction and Definition in Plaintiffs' Requests:

**1.** Defendants object generally to all Instructions, Definitions, or Requests insofar as they are vague, ambiguous, or unintelligible; fail to describe the documents sought with sufficient particularity to allow for a meaningful response; and/or require Defendants to speculate as to the nature or scope of the documents sought. Notwithstanding this Objection, when possible, Defendants have endeavored to respond based upon a reasonable interpretation of each such Request.

**2.** Defendants object generally to all Instructions, Definitions, or Requests insofar as they seek to require the production of documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Such documents or information will not be produced in response to the Requests and any production thereof shall not be deemed a waiver of any privilege or immunity with respect to such documents or information or any work product protection that may attach thereto.

**3.** Defendants object to each Request to the extent that it seeks "all" documents or communications in response to the Request on the grounds that such requirements are overbroad and unduly burdensome and impose burdens different from or in addition to those required under the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Northern District of California, and/or other applicable law.

**4.** Defendants object generally to all Instructions, Definitions, or Requests insofar as they contain the phrase "concerning" or "relating to" as they are vague and ambiguous and would require subjective judgment on the part of Defendants. Defendants will construe "concerning" and "relating to" as referring to the specific subject matter of the Request.

**5.** Defendants object generally to all Instructions, Definitions, or Requests insofar as they are overbroad, duplicative, oppressive, unduly burdensome, and/or call for documents that are

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4

DEFS' RESPONSES AND OBJECTIONS TO
CO-LEAD PLFS' SECOND SET OF RFPS
3:22-CV-00105-SI

obtainable from some other source, person, or entity that is more convenient, less burdensome, or less expensive.

6.     Defendants object to each Request to the extent that it seeks documents already in the possession of Plaintiffs or that are available to Plaintiffs through public sources or records on the ground that it subjects Defendants to unreasonable and undue burden and expense.

7.     Defendants object generally to all Definitions, Instructions, and Requests to the extent that any Request seeks ESI not reasonably accessible to Defendants because of undue burden or cost.  Examples of such ESI include, but are not limited to, documents stored on systems for archival or recovery purposes, data at off-site premises on backup tapes, data residing in hardware buffer memories, deleted files that have not been fully overwritten, replica data resulting from automatic back-up functions, or systems no longer in use that cannot be accessed.

8.     Defendants object to all Definitions, Instructions, and Requests to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific Request on the ground that such enlargement, expansion, or alteration renders said Request vague, ambiguous, unintelligible, overbroad, and unduly burdensome.

9.     Defendants object to each Request to the extent that it seeks documents that are not relevant to the claims or defenses of any party or are not proportional to the needs of the case, considering the importance of the issues at stake in the Action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

10.    Defendants object to all Definitions, Instructions, and Requests to the extent they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Northern District of California, and/or other applicable law.

11.    Subject to the parties' meet and confer, Defendants reserve the right to withhold documents from production based on the foregoing General Objections, in addition to the Specific Objections set forth to each Request, Instruction, and Definition herein.

Cooley LLP
Attorneys at Law
Palo Alto

5

DEFS' RESPONSES AND OBJECTIONS TO
CO-LEAD PLFS' SECOND SET OF RFPs
3:22-CV-00105-SI

## III.    SPECIFIC OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

**1.**    Defendants object to the definition of "Document" to the extent it seeks to impose obligations on Defendants different from or greater than those imposed by the Federal Rules of Civil Procedure. Defendants will comply with the Federal Rules of Civil Procedure with considerations of, among other things, relevance, proportionality, and production of information and documents in a reasonably useable form.

**2.**    Defendants object to the definition of "Communication(s)" to the extent that it seeks to impose requirements beyond those imposed by the Federal Rules of Civil Procedure and Local Rules.

**3.**    Defendants object to the definition of "Including" to the extent it calls for documents and information beyond the categories of documents or information described by the Requests, and renders any such Request overbroad, compound, and/or unduly burdensome in scope.

**4.**    Defendants object to the definition of "Talis" as overbroad, unduly burdensome, not proportional to the needs of the case, and seeks to impose obligations on Defendants different from or greater than those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Northern District of California, and/or other applicable law. Further, Defendants object to the phrase "any owner, director, officer, employee, agent, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, consultant, or representative of Talis, or any other person purporting to act on Talis's behalf" as vague, ambiguous, unintelligible, and not proportional to the needs of the case, as the definition does not specify any limited timeframe for identifying these individuals or entities, and includes documents that are not within Defendants' possession, custody, or control. Defendants further object to the extent the definition's inclusion of "attorneys" or "representatives" of Talis Biomedical Corporation purports to require Defendants to produce documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Defendants will construe "Talis" to mean Talis Biomedical Corporation.

**5.**    Defendants object to the definition of "You" and "Your" as overbroad, unduly burdensome, not proportional to the needs of the case, and seeks to impose obligations on

Cooley LLP
Attorneys at Law
Palo Alto

6

DEFS' RESPONSES AND OBJECTIONS TO
CO-LEAD PLFS' SECOND SET OF RFPs
3:22-CV-00105-SI

Defendants different from or greater than those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Northern District of California, and/or other applicable law.  Further, Defendants object to the phrase "anyone acting on their behalf, including without limitation any present and former employees, affiliates, agents, representatives, attorneys, brokers, accountants, financial advisors, contractors, and consultants" as vague, ambiguous, unintelligible, and not proportional to the needs of the case, as the definition does not specify any limited timeframe for identifying these individuals or entities, and includes documents that are not within Defendants' possession, custody, or control.  Defendants further object to the extent the definition's inclusion of "attorneys" or "representatives" of Defendants purports to require Defendants to produce documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.  Defendants will construe "You" or "Your' to mean Defendants in this Action.

6.    Defendants object to Instruction No. 2 as overbroad, unduly burdensome, and not proportional to the needs of the case.  The time period of the Requests as defined by Plaintiffs is January 1, 2020 through the present, which extends over a year before and nearly three years after Talis's IPO, and therefore seeks information during a period of time that is not relevant to this Action.  Defendants will construe the Relevant Period consistent with the agreed upon date ranges in the agreement reached between the parties on September 13, 2023 (as clarified by Defendants' September 22 email).

7.    Defendants object to Instruction No. 3 as vague, ambiguous, unintelligible, and overbroad.  The phrase "You or by Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, consultants, investigators" contains terms that are not defined with reasonable specificity, are not confined by a time period, and would require subjective judgment on the part of Defendants and their attorneys.  Defendants further object to Instruction No. 3 as not proportional to the needs of the case and as having no regard for whether certain documents or other data and information are reasonably accessible.  Defendants further object to Instruction No. 3 to the extent it purports to require Defendants to produce documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege; or that are

Cooley LLP
Attorneys at Law
Palo Alto

7

Defs' Responses and Objections to
Co-Lead Plfs' Second Set of RFPs
3:22-cv-00105-SI

not within their possession, custody, or control. Defendants further object to Instruction No. 3 to the extent to seeks to expand the meaning of which documents are information are in the "possession, custody or control" of Defendants. Defendants will comply with the Requests consistent with the Federal Rules of Civil Procedure and relevant federal caselaw.

**8.**    Defendants object to Instruction Nos. 4 through 6 to the extent they impose obligations on Defendants that are different from or greater than those of the Federal Rules of Civil Procedure and the ESI Stipulation. Defendants will produce documents in accordance with the ESI Stipulation.

**9.**    Defendants object to Instruction No. 7 to the extent it imposes obligations on Defendants that are different from or greater than those of the Federal Rules of Civil Procedure and the ESI Stipulation. Defendants further object to the extent it applies to any documents that were lost or removed from Defendants' possession, custody, or control before any obligation on Defendants to preserve documents arose. Defendants will produce documents in accordance with the ESI Stipulation.

**10.**    Defendants object to Instruction No. 8 to the extent it imposes obligations on Defendants that are different from or greater than those of the Federal Rules of Civil Procedure and the ESI Stipulation. Defendants further object to the extent it requires Defendants to produce "all prior versions and all drafts of all Documents" unlimited by time, responsiveness to the Requests, or any applicable privilege. Defendants will produce responsive, non-privileged documents in accordance with the ESI Stipulation.

**11.**    Defendants object to Instruction Nos. 9 through 11 to the extent they impose obligations on Defendants that are different from or greater than those of the Federal Rules of Civil Procedure and the Local Civil Rules. Defendants will comply with the Federal Rules of Civil Procedure and Local Civil Rules, consistent with the Specific and General Objections herein.

**12.**    Defendants object to Instruction No. 13 to the extent it imposes obligations on Defendants that are different from or greater than those of the Protective Order and ESI Stipulation. Defendants will produce a privilege log in accordance with the Protective Order and ESI Stipulation.

CooLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8

DEFS' RESPONSES AND OBJECTIONS TO
CO-LEAD PLFS' SECOND SET OF RFPS
3:22-CV-00105-SI

**13.**    Defendants object to Instruction No. 15 as vague, ambiguous, unduly burdensome, and overbroad to the extent this Instruction calls for information not confined to the categories of information sought.

**14.**    These Specific Objections to Definitions and Instructions shall be deemed incorporated in full into each of the individual responses set forth below.

**IV.    SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

Without waiving or limiting in any manner any of the foregoing General and Specific Objections, but rather incorporating them into each of the following responses to the extent applicable, Defendants respond to the specific Requests as follows:

**REQUEST FOR PRODUCTION NO. 61:**

All Documents concerning Your denial of any allegation in the Complaint or constituting a source of Your denial of any allegation in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants object to this Request as unnecessary and propounded for an improper purpose, including to harass.  Defendants also object that this Request is vague, ambiguous, and lacking in specificity as it fails describe with reasonable particularity each item or category of items to be produced, as required by Federal Rule of Civil Procedure 34(b)(1)(A).  For example, the Request seeks "all Documents" concerning or constituting a source of any denial of any allegation in Defendants' 269-paragraph Answer.  Defendants further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine.  Defendants further object to this Request as premature to the extent it seeks documents, contentions, or testimony prior to the relevant deadlines for production of such material.  Defendants further object to this Interrogatory as it seeks irrelevant information to the extent the Complaint contains allegations beyond those needed to state a claim under Section 11 and 15 of the Securities Act.  Defendants further object that this Request is overbroad, unduly burdensome, and seeks information that is not proportional to the needs of the case.  Defendants further object to this Request on the grounds that it seeks information that is part of the record in this Action, is

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9

**DEFS' RESPONSES AND OBJECTIONS TO
CO-LEAD PLFS' SECOND SET OF RFPS
3:22-CV-00105-SI**

equally available to Plaintiffs, is the subject of ongoing discovery, and/or is already in the Plaintiffs' possession. Defendants further object that this Request is duplicative of Request No. 59.

Subject to and without waiving the foregoing General and Specific Objections, Defendants respond as follows: Defendants will produce all non-privileged documents relevant to their defenses. Further, Defendants will not withhold any relevant, non-privileged materials on the basis of the foregoing objections to the extent they are determined to be responsive to any other Request to which Defendants have agreed to respond. Beyond the scope of this agreement, Defendants will not be reviewing or producing documents potentially responsive to this Request pursuant to their objections based on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 62:**

All Documents concerning Your discovery or detection of the facts underlying the allegations of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants object to this Request as unnecessary and propounded for an improper purpose, including to harass. Defendants object that this Request is overbroad, unduly burdensome, and seeks information that is not relevant or proportional to the needs of the case. Defendants further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request as premature to the extent it seeks documents, contentions, or testimony prior to the relevant deadlines for production of such material. Defendants further object to this Request on the grounds that it seeks information that is part of the record in this Action, is equally available to Plaintiffs, is the subject of ongoing discovery, and/or is already in the Plaintiffs' possession. Defendants further object that this Request is duplicative of multiple other Requests.

Subject to and without waiving the foregoing General and Specific Objections, Defendants respond as follows: Defendants will produce all non-privileged documents relevant to their defenses. Further, Defendants will not withhold any relevant, non-privileged materials on the basis of the foregoing objections to the extent they are determined to be responsive to any other Request

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10

to which Defendants have agreed to respond. Beyond the scope of this agreement, Defendants will not be reviewing or producing documents potentially responsive to this Request pursuant to their objections based on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents constituting or relating to any Communications between You and any member of the putative class (as defined at any time in this Action) concerning this Action, Talis, or any matter alleged in any complaint filed in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants object to this Request as unnecessary and propounded for an improper purpose, including to harass. Defendants further object that this Request is overbroad, unduly burdensome, and seeks information that is not relevant or proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, Defendants respond as follows: Defendants are not searching for or producing documents potentially responsive to this Request pursuant to their objections based on relevance, overbreadth, burden, and proportionality.

**REQUEST FOR PRODUCTION NO. 64:**

All Communications with any former employee of Talis concerning this Action and/or the matters at issue in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants object to this Request as unnecessary and propounded for an improper purpose, including to harass. Defendants further object that this Request is overbroad, unduly burdensome, and seeks information that is not relevant or proportional to the needs of the case. Defendants further object that this Request is vague and ambiguous as to whether it seeks Communications with only "former employees" during the Relevant Period, or employees that are today "former employees" but were current employees during the Relevant Period.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

11

DEFS' RESPONSES AND OBJECTIONS TO
CO-LEAD PLFS' SECOND SET OF RFPS
3:22-CV-00105-SI

Subject to and without waiving the foregoing General and Specific Objections, Defendants respond as follows:  Defendants agree to meet and confer with Plaintiffs regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 65:**

All Documents constituting or relating to any Communications between You and any non-party concerning this Action, any matter alleged in the Complaint, any subpoena that You or Plaintiffs have served on any Person concerning this Action and/or the matters at issue in the Complaint, and any public records or Freedom of Information Act request concerning this Action and/or the matters at issue in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants object to this Request as unnecessary and propounded for an improper purpose, including to harass.  Defendants further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine.  Defendants further object that this Request is overbroad, unduly burdensome, and seeks information that is not relevant or proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, Defendants respond as follows: Defendants will conduct a reasonable search for and produce relevant, non-privileged communications responsive to this Request, subject to the agreement reached between the parties regarding custodians, search terms, and date ranges on September 13, 2023 (as clarified by Defendants' September 22 email and with the addition of DeWitte Hoff as a custodian).  Within the scope of that agreement, based on a reasonable inquiry, no responsive, non-privileged materials are being withheld on the basis of the foregoing objections.  Defendants will not be reviewing or producing documents outside the scope of that agreement pursuant to their objections based on relevance, overbreadth, burden, and proportionality.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents that are referenced or relied upon in Your response to any interrogatory or other discovery request served in this Action.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

12

DEFS' RESPONSES AND OBJECTIONS TO
CO-LEAD PLFS' SECOND SET OF RFPS
3:22-CV-00105-SI

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request on the grounds that it seeks information that is part of the record in this Action, is equally available to Plaintiffs, is the subject of ongoing discovery, and/or is already in the Plaintiffs' possession.

Subject to and without waiving the foregoing General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants respond as follows: Defendants will produce on a rolling basis any non-privileged documents in response to this Request as discovery proceeds. Based on a reasonable inquiry, no responsive, non-privileged materials are being withheld on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents that You intend to rely on at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Defendants object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine. Defendants further object to this Request on the grounds that it seeks information that is part of the record in this Action, is equally available to Plaintiffs, is the subject of ongoing discovery, and/or is already in the Plaintiffs' possession. Defendants further object to this Request as premature to the extent it seeks documents, contentions, or testimony prior to the relevant deadlines for production of such material. Defendants further object to this Request to the extent it prematurely seeks information related to experts, expert testimony, expert opinion and/or expert work at a time when Defendants have not designated any experts. Defendants further object to this Request to the extent that it exceeds Rule 26(a)'s requirements, including by seeking documents to be used solely for impeachment.

Subject to and without waiving the foregoing General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants respond as follows: Defendants will produce non-privileged documents that Defendants intend to rely on at trial (except documents to be used solely for impeachment), to the extent they are not already part of the record in this

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

13

DEFS' RESPONSES AND OBJECTIONS TO
CO-LEAD PLFS' SECOND SET OF RFPS
3:22-CV-00105-SI

Action, at an appropriate time pursuant to the Court's schedule for this Action, or otherwise agreed between the parties. Except as indicated, based on a reasonable inquiry, no responsive, non-privileged materials are being withheld on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents produced to You pursuant to any subpoena that You have served on any Person concerning this Action and/or the matters at issue in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Subject to and without waiving the foregoing General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants respond as follows:  Defendants will produce non-privileged documents produced in response to any subpoenas Defendants have served in this Action.  Based on a reasonable inquiry, no responsive, non-privileged materials are being withheld on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents produced to You pursuant to any public records or Freedom of Information Act request concerning this Action and/or the matters at issue in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Defendants object to this Request as unnecessary and propounded for an improper purpose, including to harass. Defendants object that this Request is overbroad, unduly burdensome, and seeks information that is not relevant or proportional to the needs of the case.  Defendants further object to this Request on the grounds that it seeks information that is part of the record in this Action, is equally available to Plaintiffs, is the subject of ongoing discovery, and/or is already in the Plaintiffs' possession.

Subject to and without waiving the foregoing General Responses and Objections and Specific Objections to Instructions and Definitions, Defendants respond as follows:  Defendants will produce non-privileged documents responsive to this Request.  Based on a reasonable inquiry, no responsive, non-privileged materials are being withheld on the basis of the foregoing objections.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

14

Dated:   November 20, 2023                    COOLEY LLP


                                              By: _/s/ Patrick E. Gibbs_____
                                                  Patrick E. Gibbs

                                              *Attorneys for Defendants*
                                              *Talis Biomedical Corporation, Brian Coe,*
                                              *J. Roger Moody, Jr., Felix Baker,*
                                              *Raymond Cheong, Melissa Gilliam,*
                                              *Rustem F. Ismagilov, Kimberly J. Popovits,*
                                              *Matthew L. Posard, and Randal Scott*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

**DEFS' RESPONSES AND OBJECTIONS TO
CO-LEAD PLFS' SECOND SET OF RFPS
3:22-CV-00105-SI**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2023, a copy of the foregoing was served on Plaintiffs' counsel of record by email, pursuant to the parties' agreement to accept service by email.

/s/ *Patrick E. Gibbs*
Patrick E. Gibbs

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

16

**DEFS' RESPONSES AND OBJECTIONS TO
CO-LEAD PLFS' SECOND SET OF RFPS
3:22-CV-00105-SI**