# EXHIBIT S

COOLEY LLP
Patrick E. Gibbs (183174)
(pgibbs@cooley.com)
Shannon M. Eagan (212830)
(seagan@cooley.com)
Jessie Simpson LaGoy (305257)
(jsimpsonlagoy@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Zachary Sisko (*appearance pro hac vice*)
(zsisko@cooley.com)
500 Boylston Street, 14th Floor
Boston, Massachusetts 02116-3736
Telephone: +1 617 937 2300
Facsimile: +1 617 937 2400

*Attorneys for Defendants Talis Biomedical Corporation,*
*Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond*
*Cheong, Melissa Gilliam, Rustem F. Ismagilov,*
*Kimberly J. Popovits, Matthew L. Posard, and Randal*
*Scott*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION, | Case No. 3:22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **TALIS BIOMEDICAL CORPORATION'S RESPONSES AND OBJECTIONS TO CO-LEAD PLAINTIFFS' SECOND SET OF INTERROGATORIES** |
| ALL ACTIONS | |

**PROPOUNDING PARTY:**   **CO- LEAD PLAINTIFFS MARTIN DUGAN, LEON YU, MAX WISDOM TECHNOLOGY LIMITED**

**RESPONDING PARTY:**   **DEFENDANT TALIS BIOMEDICAL CORPORATION**

**SET NUMBER:**   **TWO (2)**

Defendant Talis Biomedical Corporation ("Talis" or the "Company"), by and through its counsel, hereby responds and objects to Co-Lead Plaintiffs Martin Dugan, Leon Yu, and Max Wisdom Technology Limited's ("Plaintiffs") Second Set of Interrogatories to Talis (the "Interrogatories") served on October 20, 2023, as follows:

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

RESPONSE TO CO-LEAD PLAINTIFFS'
SECOND SET OF INTERROGATORIES TO TALIS
3:22-CV-00105-SI

## I.    GENERAL RESPONSES

Defendant makes the following General Objections, whether or not separately set forth in response to each Interrogatory:

**1.** Defendant's responses to the Interrogatories are made to the best of Defendant's present knowledge, information, and belief. The responses are based on current management's present knowledge, information, and belief. The responses are, at all times, subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Defendant's recollection, information, and belief, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Defendant's further discovery or investigation.

**2.** Defendant reserves the right to make any use of, or to introduce at any hearing and at trial, information responsive to the Interrogatories but discovered subsequent to the date of this response, including, but not limited to, any such information obtained in discovery in this action.

**3.** Defendant reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of its response, any information provided, and any document or thing identified or produced in response to the Interrogatories.

**4.** Defendant reserves the right to object on any ground at any time to such other or supplemental interrogatories as Plaintiffs may at any time propound involving or relating to the subject matter of these Interrogatories.

**5.** Defendant reserves the right to supplement or amend its responses to the Interrogatories as discovery in this matter proceeds.

## II.    GENERAL OBJECTIONS

Defendant makes the following General Objections, whether or not separately set forth in response to each Interrogatory, to each and every Instruction, Definition, and Interrogatory made in Plaintiffs' Interrogatories:

**1.** Defendant objects generally to each Definition, Instruction, and Interrogatory, insofar as they seek information or production of documents protected by the attorney-client

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

RESPONSE TO CO-LEAD PLAINTIFFS'
SECOND SET OF INTERROGATORIES TO TALIS
3:22-CV-00105-SI

privilege or the work product doctrine. Such information or documents shall not be provided in response to Plaintiffs' interrogatories and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege with respect to such information or documents, or of any work product immunity which may attach thereto.

2.    Defendant objects to all Definitions, Instructions, and Interrogatories to the extent they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, and/or other applicable law.

## III.    SPECIFIC OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.    Defendant objects to the definition of "Including" because it is defined as "including without limitation," indicating that these Interrogatories are not confined to the categories of information described, and are thus vague, ambiguous, uncertain, overbroad, compound, and unduly burdensome.

2.    Defendant objects to the definitions of "Talis" and the "Company" because they are overbroad, unduly burdensome, not proportional to the needs of the case, and seek to impose obligations on Defendant different from or greater than those imposed by the Federal Rules of Civil Procedure. Further, Defendant objects to the phrases "any owner, director, officer, employee, agent, custodian, parent, subsidiary, affiliate, predecessor, successor, attorney, accountant, consultant, or representative of Talis" and "any other person purporting to act on Talis's behalf" as vague and ambiguous. Defendant will interpret "Talis" and the "Company" to mean Talis Biomedical Corporation.

3.    Defendant objects to the definition of "You" and "Your" because it incorporates the definition of "Talis." Defendant incorporates its objections to the term "Talis," as used in the definition of "You" and "Your," and shall interpret the definition of "Talis" to mean Talis Biomedical Corporation.

4.    Defendant objects to Instruction Nos. 2 through 4 to the extent they impose obligations on Defendant that are different from or greater than those of the Federal Rules of Civil Procedure and the Local Civil Rules. Defendant will comply with the Federal Rules of Civil

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

RESPONSE TO CO-LEAD PLAINTIFFS'
SECOND SET OF INTERROGATORIES TO TALIS
3:22-CV-00105-SI

Procedure and Local Civil Rules, consistent with the Specific and General Objections herein.

**5.** Defendant objects to Instruction No. 6 as vague, ambiguous, unduly burdensome, and overbroad to the extent this Instruction calls for information not confined to the categories of information sought.

**6.** Defendant's Objections and Responses to the Interrogatories do not constitute, and shall not be interpreted as, Defendant's agreement with, or admission as to the truth or accuracy of, any legal or factual characterization or allegation stated or implied in Plaintiffs' Definitions, Instructions, or any of the individual Interrogatories.

**IV.    SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

Without waiving or limiting in any manner any of the foregoing General Responses, General Objections, and Specific Objections and Responses to Instructions and Definitions, but rather incorporating them into each of the following responses to the extent applicable, Defendant responds to the specific interrogatories in Plaintiffs' Interrogatories as follows:

**INTERROGATORY NO. 5:**

Identify all sources, including witnesses and Documents, of each response other than an admission, and each purported affirmative defense, in Your Answer to the Complaint (together with an identification of the corresponding response or affirmative defense).

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendant objects to this Interrogatory as unnecessary and propounded for an improper purpose, including to harass. Defendant further objects to this Interrogatory as it seeks irrelevant information to the extent the Complaint contains allegations beyond those needed to state a claim under Section 11 and 15 of the Securities Act. Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is not proportional to the needs of the case. Defendant also objects to this Interrogatory to the extent that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery. Defendant further objects to this Interrogatory on the grounds that it seeks information

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4

RESPONSE TO CO-LEAD PLAINTIFFS'
SECOND SET OF INTERROGATORIES TO TALIS
3:22-CV-00105-SI

that is part of the record in this Action, is equally available to Plaintiffs, is the subject of ongoing discovery, and/or is already in the Plaintiffs' possession.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant is willing to meet and confer regarding an appropriate scope to this Interrogatory that does not implicate the disclosure of attorney work product.

**INTERROGATORY NO. 6:**

Identify all Persons that You believe to have knowledge pertaining to any matter alleged in the Complaint, and separately for each such Person, the nature of such knowledge.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendant objects to this Interrogatory as unnecessary and propounded for an improper purpose, including to harass. Defendant further objects to this Interrogatory as it seeks irrelevant information to the extent the Complaint contains allegations beyond those needed to state a claim under Section 11 and 15 of the Securities Act. Defendant further objects to this Interrogatory as overbroad, unduly burdensome and seeking information that is not proportional to the needs of the case. Defendant also objects to this Interrogatory to the extent that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery. Defendant further objects to this Interrogatory on the grounds that it seeks information that is part of the record in this Action, is equally available to Plaintiffs, is the subject of ongoing discovery, and/or is already in the Plaintiffs' possession. Defendant further objects that the term "Persons" is not defined. Defendant construes the term "Persons" to mean any natural person or any business, legal, or governmental entity.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant refers Plaintiffs to its May 24, 2023 initial disclosures. Defendant further refers Plaintiffs to the agreed upon custodian list between the parties, which is an overinclusive list of individuals who may have knowledge pertaining to matters alleged in the Complaint. Defendant further identifies the following third parties: Zollner Electronics, Inc., the Food and Drug

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5

Administration ("FDA"), the National Institutes of Health ("NIH"), J.P. Morgan Securities LLC, BofA Securities, Inc., Piper Sandler & Co., and BTIG, LLC.

**INTERROGATORY NO. 7:**

Separately for each statement from the Registration Statement that the Complaint alleges was false or misleading at the time of the IPO, state all facts that You contend render the statement truthful, not misleading, and/or immaterial, and when each such fact became public.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendant objects to this Interrogatory as unnecessary and propounded for an improper purpose, including to harass. Defendant further objects to this Interrogatory as overbroad, unduly burdensome and seeking information that is not proportional to the needs of the case. Defendant also objects to this Interrogatory to the extent that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery. Defendant further objects to this Interrogatory on the grounds that it seeks information that is part of the record in this Action, is equally available to Plaintiffs, is the subject of ongoing discovery, and/or is already in the Plaintiffs' possession. Defendant further objects to this Interrogatory on the grounds that it is premature at this stage of the litigation, when discovery is ongoing, the record has not yet been fully developed, and the parties have not finalized their legal positions or prepared for trial. Defendant further objects to this Interrogatory to the extent it prematurely seeks information related to experts, expert testimony, expert opinion and/or expert work at a time when Defendants have not designated any experts.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Consistent with the parties' agreement on October 23, 2023, Defendant will consider supplementing its response to this Interrogatory after the completion of expert discovery.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6

RESPONSE TO CO-LEAD PLAINTIFFS'
SECOND SET OF INTERROGATORIES TO TALIS
3:22-CV-00105-SI

**INTERROGATORY NO. 8:**

Identify all facts supporting any negative causation defense pursuant to 15 U.S.C. § 77k(e), including all reasons why the price of Talis common stock declined from its $16.00 offering price in the IPO to $3.31 on January 7, 2022.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, Defendant objects to this Interrogatory as unnecessary and propounded for an improper purpose, including to harass. Defendant further objects to this Interrogatory as overbroad, unduly burdensome and seeking information that is not proportional to the needs of the case. Defendant also objects to this Interrogatory to the extent that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery. Defendant further objects to this Interrogatory on the grounds that it seeks information that is part of the record in this Action, is equally available to Plaintiffs, is the subject of ongoing discovery, and/or is already in the Plaintiffs' possession. Defendant further objects to this Interrogatory on the grounds that it is premature at this stage of the litigation, when discovery is ongoing, the record has not yet been fully developed, and the parties have not finalized their legal positions or prepared for trial. Defendant further objects to this Interrogatory to the extent it prematurely seeks information related to experts, expert testimony, expert opinion and/or expert work at a time when Defendants have not designated any experts.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will supplement its response to this Interrogatory after the completion of expert discovery.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7

RESPONSE TO CO-LEAD PLAINTIFFS'
SECOND SET OF INTERROGATORIES TO TALIS
3:22-CV-00105-SI

Dated:     November 20, 2023                    COOLEY LLP


By:  */s/ Patrick E. Gibbs*
     Patrick E. Gibbs

*Attorneys for Defendants*
*Talis Biomedical Corporation, Brian Coe,*
*J. Roger Moody, Jr., Felix Baker,*
*Raymond Cheong, Melissa Gilliam,*
*Rustem F. Ismagilov, Kimberly J. Popovits,*
*Matthew L. Posard, and Randal Scott*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8

RESPONSE TO CO-LEAD PLAINTIFFS'
SECOND SET OF INTERROGATORIES TO TALIS
3:22-CV-00105-SI

**VERIFICATION**

I, Michael Corrigan, declare:

I am the Vice President of Manufacturing of Talis Biomedical Corporation ("Talis"), a defendant in this matter, and am authorized to makes this verification on Talis's behalf.

I have read the foregoing Responses and Objections to Co-Lead Plaintiffs' Second Set of Interrogatories, and all answers provided therein are true to the best of my knowledge, information, and belief following a reasonable investigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed by me on November 20, 2023 in Chicago, Illinois.

/s/ Michael Corrigan
Michael Corrigan

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9

RESPONSE TO CO-LEAD PLAINTIFFS'
SECOND SET OF INTERROGATORIES TO TALIS
3:22-CV-00105-SI