COOLEY LLP
Patrick E. Gibbs (183174)
(pgibbs@cooley.com)
Shannon M. Eagan (212830)
(seagan@cooley.com)
Jessie Simpson LaGoy (305257)
(jsimpsonlagoy@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Zachary Sisko (*appearance pro hac vice*)
(zsisko@cooley.com)
500 Boylston Street
14th Floor
Boston, Massachusetts 02116-3736
Telephone:    +1 617 937 2300
Facsimile:    +1 617 937 2400

*Attorneys for Defendants Talis Biomedical Corporation,*
*Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond*
*Cheong, Melissa Gilliam, Rustem F. Ismagilov,*
*Kimberly J. Popovits, Matthew L. Posard, and Randal*
*Scott*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION REPLY BRIEFING** |
| ALL ACTIONS | Date:    February 9, 2024<br>Time:    10:00 a.m.<br>Crtm:    1<br>Judge:   Hon. Susan Illston |

COOLEY LLP

Pursuant to Civil Local Rule 7-3(d)(1) and Federal Rule of Evidence ("FRE") 702, Defendants lodge the following objections to the Declaration of Professor Joshua Mitts, Ph.D. (ECF 138-1, the "Mitts Report") and Exhibits C–G to the Declaration of Evan Kubota (the "Kubota Declaration"), submitted in support of Plaintiff's Reply in Support of his Motion for Class Certification (ECF 137, the "Reply").[1]

## I.   THE COURT SHOULD EXCLUDE THE MITTS REPORT IN FULL

### A.   The Mitts Report Is Untimely

The Mitts Report[2] is untimely and should be excluded on that ground.  The Court's scheduling order (ECF 119) required Plaintiff to serve "Plaintiffs' class certification expert report (if any)" by October 13, 2023.  Indeed, Plaintiff submitted an expert report with his Motion for Class Certification (ECF 126, the "Motion" or "Mot.") on October 13, 2023, but that report (and the underlying expert opinion) did not address any tracing issues.  *See* Defendants' Opposition to the Motion at 25 n.12 (ECF 136, the "Opposition" or "Opp.").  The Mitts Report, which addresses tracing, was not served on Defendants until January 12, 2024, three months after the expert report deadline.  This untimely disclosure, by itself, justifies striking the Mitts Report in full.

"[P]arties must disclose experts and provide written reports 'at the times and in the sequence that the court orders.'" *Haas v. Travelex Ins. Servs. Inc.*, 2023 WL 4281248, at *3 (C.D. Cal. June 27, 2023) (citation omitted).  Late-filed expert reports are regularly excluded based on prejudice to the non-moving party.  In *Haas*, the court excluded a rebuttal expert report where the movant disclosed the expert three weeks after the deadline and simply filed the report with their opposition to summary judgment.  *Id.* (rejecting arguments that untimely disclosure was harmless because nonmovants were provided opportunity to depose expert and address arguments in reply brief, characterizing those arguments as "unpersuasive and not well-taken"); *see also Perez v. McNamee*, 2007 WL 2255228, at *2 (N.D. Cal. Aug. 3, 2007) (excluding expert report as untimely where it was provided two weeks after the deadline, and untimeliness was not harmless given need to offer

---

[1] Defendants reserve the right to submit full or further briefing challenging the Mitts Report, including because they will not have the opportunity to depose Prof. Mitts until January 29, 2024.

[2] Although Plaintiff characterizes Prof. Mitt's report as a "Declaration"—and avoids the word "expert" in the Reply—the Mitts Report is plainly an expert report.  Indeed, it purports to meet all the requirements set forth in Federal Rule of Civil Procedure 26(a)(2)(B).

COOLEY LLP

DEFENDANTS' OBJECTIONS TO PLAINTIFFS'
EVIDENCE IN SUPPORT OF REPLY BRIEFING
22-CV-00105-SI

supplement expert reports in response and take new expert's deposition); *Churchill v. United States*, 2011 WL 444849 at *8, *10 (E.D. Cal. Feb. 8, 2011) (striking expert reports where party failed to file reports or disclose experts by the deadline, and filed report over a month after initial deadline).

There is no justification for this late disclosure. Plaintiff may argue that tracing first arose when Defendants filed their Opposition, but that is not the case—the parties had been discussing discovery about tracing long before that.[3] More importantly, Plaintiff has always had the burden of proving traceability, *see Slack Techs., LLC v. Pirani*, 598 U.S. 759, 770 (2023), and as the party seeking class certification, Plaintiff also has the burden of proving (among other things) that common issues predominate. *See, e.g.*, *Willis v. City of Seattle*, 943 F.3d 882, 885 (9th Cir. 2019). Indeed, Plaintiffs' own class definition incorporates traceability (*see* Mot. at 2-3). That Plaintiff chose not to address this issue in his opening brief does not justify the untimely disclosure.

Nor is the delay harmless. Defendants now have just weeks before the Court's February 9, 2024, hearing to take Prof. Mitts' deposition and (if leave is granted) prepare and file a sur-reply and rebuttal expert report.[4] The Mitts Report should be excluded as untimely.

### B.    The Mitts Report Improperly Offers Legal Opinions

Separately, the Mitts Report should be excluded because the opinions are improper legal opinion.[5] Experts may not "opine on questions which are matters of law for the court" or which "'invade the province of' the jury." *MediaTek Inc., v. Freescale Semiconductor, Inc.*, 2014 WL 971765, at *1 (N.D. Cal. Mar. 5, 2014) (citation omitted); *see also United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) ("an expert cannot testify to a matter of law amounting to a legal conclusion").

---

[3] *See* Ex. A to the Declaration of Jessie Simpson LaGoy ("LaGoy Decl.") (Oct. 11, 2023 Ltr. from S. Eagan to E. Kubota explaining that several of Defendants' discovery requests served in August 2023 and the subject of prior meet and confer "target Lead Plaintiffs' ability to prove traceability, which is relevant to class certification and their ability to prove membership in the putative class") and LaGoy Decl. Ex. B (Oct. 16, 2023 Ltr. from E. Kubota to S. Eagan agreeing to produce transaction records bearing on traceability but disagreeing about relevance to class certification).

[4] Defendants will promptly be seeking leave to submit a sur-reply and modify the Scheduling Order to permit a responsive report in the event any of these objections are overruled.

[5] It is well established that the Court's gate-keeping role under *Daubert* and Rule 702 applies to expert testimony offered at class certification. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011) (holding that the same evaluation of the expert's opinion that takes place before trial also applies at the class certification stage).

Prof. Mitts opines that the declarations submitted in support of Defendants' Opposition do not "establish[] that unregistered shares of Talis common stock were commingled with registered shares" or "preclude tracing." Mitts Report ¶10 ("Opinion 1"). This opinion seeks to "usurp the role of the . . . jury." *BP Prods. N. Am., Inc. v. Grand Petroleum, Inc.*, 2021 WL 4482138, at *1 (N.D. Cal. Sept. 30, 2021). In other words, Opinion 1 "constitutes mere personal belief as to the weight of the evidence," which "invades the province of the fact-finder." *Chemipal Ltd. v. Slim-Fast Nutritional Foods Int'l, Inc.*, 350 F. Supp. 2d 582, 588 (D. Del. 2004); *see also Fujifilm Corp. v. Motorola Mobility LLC*, 2015 WL 757575, at *27 (N.D. Cal. Feb. 20, 2015) (striking expert opinion relaying "observations and inferences that [factfinders] are perfectly capable of making for themselves"); *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1060 (9th Cir. 2008) ("[E]vidence that merely tells the jury what result to reach is not sufficiently helpful to the trier of fact to be admissible.") (citation omitted).

Prof. Mitts also opines that traceability is "amenable to Class-wide proof" and "do[es] not require an individualized inquiry." Mitts Report ¶¶ 10, 48 ("Opinion 3"); *see also id.* ¶¶ 49-50 (opining that "accounting methods like FIFO and LIFO do not depend on facts and circumstances which are unique to each Plaintiff," such that "the choice of an appropriate tracing methodology is a Class-wide determination which does not turn on individualized facts and circumstances"). But this is pure legal argument. The question of whether there is "common evidence" as to the class is an ultimate legal issue reserved for the Court. *See LD v. United Behav. Health*, 2023 WL 2806323, at *3 (N.D. Cal. Mar. 31, 2023) (striking expert opinion of professor who "analyze[d] the class certification issues," holding they were "unambiguously legal opinions"); *Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, 2018 WL 10472794, at *3 (N.D. Cal. Sept. 25, 2018) (excluding expert opinion, holding "whether an individualized inquiry is necessary to the extent that the class cannot be certified is a legal conclusion"); *Haas*, 2023 WL 4281248, at *4 (striking expert report for proffering legal conclusions and explaining it is "well-settled law that experts may not act as advocates opining on ultimate issues of law"). These opinions should be excluded.

## C.    The Mitts Report Does Not Satisfy Fed. R. Evid. 702

To be reliable (and therefore admissible), an expert opinion must come from one who is

"qualified . . . by knowledge, skill, experience, training, or education . . . ." Fed. R. Evid. 702(a). "[R]eliability concerns may focus upon personal knowledge or experience," including "whether the expert's experience supports the expert's conclusions, . . . whether the expert's reasoning is circular, speculative, or otherwise flawed, . . . or whether the expert's reasoning is adequately explained . . . ." *United States v. Holguin*, 51 F.4th 841, 855 (9th Cir. 2022). Experts are regularly excluded due to lack of personal knowledge or experience. *See, e.g.*, *Mesfun v. Hagos*, 2005 WL 5956612, at *9 (C.D. Cal. Feb. 16, 2005) (excluding expert opinion due to lack of experience: "Because [expert] has no apparent training in [subject of opinion] or any other relevant discipline, he is likewise not qualified to testify to these matters, and his opinions regarding them are unreliable"). Further, FRE 702 was recently amended to make clear that an expert's opinion must be based on "reliable principles and methods" and "reflect a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(c), (d); *see also Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 502-503 (9th Cir. 1994) (affirming exclusion of expert testimony where the "basis" of the opinion was speculative and noting that expert conclusions must be "based on scientific knowledge" or "scientific methods and procedures," not on "mere subjective beliefs or unsupported speculation"); *Chemipal*, 350 F. Supp. 2d at 588 ("The subject of an expert's testimony must be grounded in the methods and procedures of science and based on more than a subjective belief or speculation.").

Here, Prof. Mitts opines that "ownership of securities in 'fungible bulk' form" does not preclude tracing using certain accounting methods (FIFO or LIFO). Mitts Report ¶ 10 ("Opinion 2"). This Opinion (as well as Opinion 3, which necessarily relies upon Opinion 2) does not meet the requirements of Fed. R. Evid. 702. Nothing in the Report or Prof. Mitts's CV shows that he has any experience, training, skill, or education that would qualify him to opine on this question. He is a law professor who teaches courses touching on securities issues. Mitts Report ¶¶ 1-7. But he does not purport to have used his proposed method successfully in any real-world scenario, does not claim that this method has ever been tested and found reliable as a method for tracing shares held in fungible bulk, and cites no other aspect of his background, training, or experience that would qualify him to present what amounts to an academic theory as if it were "expert" opinion. It is sheer speculation, and as such should be ignored. *See, e.g.*, *Claar*, 29 F.3d at 502.

Indeed, all three of Prof. Mitts' opinions are flawed because they rest on unsupported assertions about what records DTC keeps and what they might show. Mitts Report ¶¶ 35-37, 44-45, 48-49. Prof. Mitts alludes to unspecified "experience" (*e.g.*, Mitts Report ¶¶ 36-37, 49) with DTC trading records, but does not explain what that experience is, much less why it qualifies him to testify about what DTC's trading records would show for Talis' stock. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (a "trial judge must determine whether [] [expert] testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'") (citation omitted); *Nelson v. Matrixx Initiatives*, 2012 WL 3627399, at *11 (N.D. Cal. Aug. 21, 2012), *aff'd sub nom. Nelson v. Matrixx Initiatives, Inc.*, 592 F. App'x 591 (9th Cir. 2015) (excluding doctor's opinion as "unreliable" where he had "weak qualifications . . . coupled with unsupported speculation and unreliable methodology"). All three Opinions should be excluded as unreliable.[6]

## II.    THE COURT SHOULD EXCLUDE EXHIBITS C–G TO THE KUBOTA DECLARATION

Separate from the Mitts Report, the Reply improperly cites new evidence that (a) was known to Plaintiff at the time of the Motion, (b) is irrelevant to the class certification inquiry, (c) is outside the scope of any argument Defendants made in the Opposition, and (d) does not afford Defendants an opportunity to respond. *See* Reply at 3 (quoting documents out of context and claiming that "[d]iscovery has already borne out Plaintiff's allegations"). "[R]eply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion." *Stiner v. Brookdale Senior Living, Inc.*, 2023 WL 2722294, at *14 (N.D. Cal. Mar. 30, 2023) (citations omitted) ("New evidence submitted as part of a reply is improper because it does not allow the defendant an adequate opportunity to respond."). The Court should exclude Exhibits C–G to the Kubota Declaration (ECF 138-3–138-7).

## III.    CONCLUSION

For the foregoing reasons, the foregoing evidence should be excluded in its entirety.

---

[6] In Prof. Mitts's limited expert experience, he has already been criticized by a court in England for some of the issues identified herein, including usurping the role of the Court and offering unsubstantiated opinions. *See* LaGoy Decl., Ex. C [*Burford Capital Ltd. v. London Stock Exch. Grp. plc.,* [2020] EWHC 1183 (Comm)] ¶ 71 ("The conclusions to draw from those features or patterns are for the court, and not a matter for Prof Mitts.") & ¶ 124 (noting that the conclusions are "speculative" and that "the data analysis simply does not support the claims Prof Mitts made").

Dated:  January 19, 2024                COOLEY LLP


                                        By:    /s/ Patrick E. Gibbs
                                                Patrick E. Gibbs

                                        *Attorneys for Defendants Talis Biomedical
                                        Corporation, Brian Coe, J. Roger Moody, Jr.,
                                        Felix Baker, Raymond Cheong, Melissa
                                        Gilliam, Rustem F. Ismagilov, Kimberly J.
                                        Popovits, Matthew L. Posard, and Randal Scott*

297010626