# EXHIBIT A



Shannon Eagan                                                                Via Email
T: +1 650 843 5909
seagan@cooley.com


October 11, 2023

Evan Kubota
Bleichmar Fonti & Auld LLP
75 Virginia Road
White Plains, NY 10603

**Re:    *In re Talis Biomedical Securities Litigation*, Case No. 22-cv-00105-SI (N.D. Cal.)**

Mr. Kubota:

I write in response to Lead Plaintiffs' September 18, 2023 Responses and Objections (the "R&Os") to Defendant Talis's First Set of Requests for Production (the "RFPs") and First Set of Interrogatories (the "Interrogatories," together with the RFPs the "Requests") served on August 18, 2023, and our subsequent September 27, 2023 meet and confer (the "Meet and Confer").

Plaintiffs' blanket refusal to produce a single document or respond to a single Interrogatory is improper. Moreover, while you agreed to meet and confer regarding the R&Os (and wrote in response to some RFPs that you were willing to meet and confer), you refused to meaningfully engage with the meet and confer process. Instead, you asked for a written explanation for each RFP discussed, which has a significant chance to delay the schedule that you have thus far been insisting is a priority for Plaintiffs.

Please provide a date certain by which we can expect to receive amended R&Os, along with documents responsive to our RFPs. As you know, the depositions for Lead Plaintiffs are being set and additional improper delay in providing us the documents and information to which we are entitled puts the schedule in jeopardy and risks prejudice to Defendants.

**I.     PLAINTIFFS FAIL TO COMPLY WITH RULE 34(B)(2)(C)**

As an initial matter, Plaintiffs' R&Os are deficient in the same manner that Plaintiffs faulted Defendants for in their initial responses and objections: for failing to comply with Rule 34(b)(2)(C). However, unlike Defendants, Plaintiffs have not negotiated in good faith and failed to make clear through the meet and confer process whether "any responsive materials are being withheld on the basis of [any] objection." *See, e.g., Emerson v. Iron Mountain Info. Mgmt. Servs., Inc.*, 2021 WL 8085488, at *1 (N.D. Cal. Sep. 2, 2021). Indeed, the majority of your responses contain *no* substantive response at all.

For example, Plaintiff Max Wisdom's response to RFP No. 3, which requests "All Communications between or among Lead Plaintiffs regarding this Action, Talis, or any matter alleged in the Complaint," reads in full:

> Plaintiff incorporates his General Objections by reference. Plaintiff objects to this Request as overbroad, unduly burdensome and seeking information that is not relevant or proportional to the needs of the case. Plaintiff further objects to this Request to the extent that it calls for the disclosure of information that comes within the scope of the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or that is otherwise exempted from discovery.



Evan Kubota
October 11, 2023
Page Two

This response leaves Defendants to guess whether Max Wisdom is withholding documents on the basis of one or more of its five objections, or whether the Lead Plaintiffs have never communicated regarding "this Action, Talis, or any matter alleged in the Complaint."

There are similar problems with Plaintiffs' statements that they "do[] not have any documents responsive to this Request."  *See* Plaintiff Max Wisdom's Responses and Objections to RFP Nos. 18, 19, 21, 45; Plaintiff Dugan's R&Os to RFP Nos. 11, 12, 14, 38; Plaintiff Yu's R&Os to RFP Nos. 11, 12, 14, 38.  It is not clear from this response whether Plaintiffs have no documents responsive to these RFPs at all or "whether [] responsive materials are being withheld on the basis of th[ose] objection[s]."  FRCP 34(b)(2)(C).  We are currently interpreting these responses to indicate there are no documents responsive to the relevant RFPs *at all*.  Please confirm.

We expect Plaintiffs' amended R&Os to cure these deficiencies and provide Defendants the required basis to assess the adequacy of Plaintiffs' responses.

## II.    PLAINTIFFS IMPROPERLY WITHHOLD DOCUMENTS AND INFORMATION

Defendants' Requests seek relevant, discoverable information that Plaintiffs are improperly withholding.  The scope of discovery is broad and encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" regardless of whether it will ultimately "be admissible in evidence."  FRCP 26(b)(1).

In the Meet and Confer, Plaintiffs refused to engage in a good faith dialogue even as to the most basic of Requests—such as updating Lead Plaintiffs' transactions in Talis stock (Interrogatory No. 1), and producing communications among the Lead Plaintiffs (RFP No. 3[1]) and the fee arrangement with counsel (RFP No. 13)—instead insisting that Defendants provide written support for their position that the Requests seek relevant information.  The following explanation obliges this request.  Defendants note, however, that though Plaintiffs have objected to burden (among a laundry list of identical objections) in response to every single RFP, Plaintiffs have yet to articulate a credible claim of burden that would render the Requests disproportionate to the needs of the case, even where the parties disagree as to relevance.[2]

### A.    Section 11 Claims and Defenses

Defendants' Requests are relevant to one or more of the foregoing claims, elements, and/or affirmative defenses to a Section 11 putative class action claim.[3]

---

[1] For simplicity's sake, and unless otherwise stated, the RFP numbering herein is based on the Requests to Plaintiffs Dugan and Yu, which are identical.

[2] The discovery burden already weighs significantly heavier on Defendants. Defendants note that they have agreed to review over 130,000 documents in response to Plaintiffs' document requests, many of which are outside what Defendants view as a relevant subject matter and time period for a Section 11 claim.

[3] Defendants break up the foregoing rationale into categories for clarity's sake, but the rationale themselves are not, and are not intended to be, exhaustive or mutually exclusive.  For instance, discovery relevant to actual knowledge may also be relevant to class certification.



Evan Kubota
October 11, 2023
Page Three

### 1.    *Class Certification*

First, numerous Requests[4] are probative of discovery Defendants need to oppose class certification, including the elements of commonality, adequacy, typicality, predominance, and superiority.  *See* FRCP 23(a), 23(b)(3).  Matters relating to class certification are within the scope of discoverable information.  *See Franklin v. Ocwen Loan Servicing, LLC*, 2019 WL 1130477 (N.D. Cal. Mar. 12, 2019) (Illston, J.) (granting motion to compel production of information "relevant to [the plaintiff's] motion for class certification"); *Willner v. Manpower, Inc.*, 2012 WL 4902994, at *5 (N.D. Cal. Oct. 16, 2012) (holding plaintiff was entitled to information "necessary to determine whether Plaintiff's claims are typical of the class, and ultimately whether the action may be maintained as a class action").

In just one example, RFP No. 45 to Plaintiff Yu targets the predominance element, which includes the "desirability or undesirability of concentrating the litigation of the claims in the particular forum," FRCP 23(b)(3)(C), and the "likely difficulties in managing a class action."  FRCP 23(b)(3)(D).  It seeks "Documents sufficient to show any actual or attempted trips You have taken to the United States since January 1, 2022, Including any trips that were ultimately canceled."  In his responses, Plaintiff Yu left open the possibility that he has tried and failed to enter the United States since filing the Complaint—a fact that would be highly relevant to his ability to manage the class action, let alone to actually litigate his claims in his chosen forum.

Likewise, RFP Nos. 1–3 target the relationship and communications among the Lead Plaintiffs.  This information is relevant to their ability to fairly and adequately represent the interests of the class.  Indeed, Plaintiff Dugan's Declaration (ECF No. 54-3) premised his appointment as co-Lead Plaintiff with Mr. Yu and his company Max Wisdom Technology Limited on his ability to coordinate with Mr. Yu via email.  ECF No. 54-3 ¶ 6 ("I have Mr. Yu's contact information and we have been in contact by email.  I am fully prepared to jointly prosecute this case with Mr. Yu and oversee and monitor the litigation together…").  Defendants are entitled to these referenced, non-privileged communications.

### 2.    *Actual Knowledge*

Second, several Requests[5] seek information relating to actual knowledge.  There can be no question that discovery relating to actual knowledge is relevant and in fact required from Plaintiffs.  *See* 15 U.S.C. § 77k(a) (providing standing for "any person acquiring [a covered] security (*unless it is proved that at the time of such acquisition he knew of such untruth or omission*)") (emphasis added); ECF No. 117 (Defendants' Answer to Lead Plaintiffs' Amended Consolidated Class Action Complaint (the "Complaint," ECF No. 104)) (asserting affirmative defenses including standing and available contrary information).

Specifically, a number of the Requests seek information about what Lead Plaintiffs *actually knew* at the time they acquired Talis securities.  *See, e.g.,* Interrogatory No. 5 ("Separately for each of Your transactions in Talis Securities, list all Documents or other sources of information, and each portion thereof, that You consulted or reviewed in connection with entering into such transaction").  Others seek information regarding the timing and means by which Lead Plaintiffs gained knowledge regarding their allegations.  *See, e.g.,* RFP No. 9 ("All Documents constituting or relating to communications with any of the Defendants concerning Talis"); RFP No. 35 ("All Documents constituting a source of any allegation in the Complaint").

---

[4] *See, e.g.*, RFP Nos. 1-3, 6-9, 13, 15-18, 20-22, 24, 27-31, 33, 35-37, 40-42, 44; RFP to Plaintiff Yu No. 45; RFP to Plaintiff Max Wisdom Nos. 1, 4, 11-17, 46; and Interrogatory Nos. 1, 3-6, 9-11, 16.  *See also infra*, Section II.B.

[5] *See, e.g.*, RFP Nos. 4-6, 9, 15, 16, 19-21, 23-27, 29-32, 34-37, 42, 44; RFP to Plaintiff Max Wisdom Nos. 12, 13, 46; and Interrogatory Nos. 3-12, 15, 16.  *See also infra*, Section II.B.



Evan Kubota
October 11, 2023
Page Four

Defendants are entitled to understand the source of information behind Plaintiffs' allegations, which very well may go to actual knowledge. Plaintiffs allege, for example, that the FDA "required 'high sensitivity' comparator assays to have a limit of detection (LoD) of no more than 18,000 NAAT Detectable Units…" Complaint ¶ 17; *see also* ¶¶ 18, 166-167, 174, 180, 196. Plaintiffs must produce information and documents that are related to that allegation. (*See* RFP No. 35.) If Lead Plaintiffs' source of information predated the IPO, they would have known Talis' comparator assay did not meet this purported standard and thus would have had actual knowledge of the risks Talis purportedly failed to disclose. Unless it is Lead Plaintiffs' position that there is no source for this alleged FDA standard (in which case they should say so), Lead Plaintiffs must produce documents supporting this and all other factual allegations in the Complaint.

### 3.   *Materiality*

Third, many of the Requests[6] are relevant to the materiality of the alleged misstatements and omissions in the Complaint. FRCP 26(b)(1). During the Meet and Confer, you seemed to rely on an objection that Defendants already have access to public information regarding materiality, such as market news and public FDA guidance; however, these Requests seek information that *only* Lead Plaintiffs possess (or could possess), including documents indicative of what Lead Plaintiffs considered material. The line of Requests bearing on investment guidelines and advisors' policies, for example, are probative of what *Lead Plaintiffs and their advisors* considered material in making their investment in Talis. *See, e.g.,* RFP No. 6 to Plaintiff Dugan ("All Documents constituting or relating to any investment guidelines applicable to Your investments in Talis Securities, or any of Your portfolios containing Talis Securities, including any investment manager guidelines given to or imposed on any investment manager or broker through which You have transacted in Talis Securities"). Such documents and information also bear on class certification matters such as typicality.

Moreover, Requests seeking documents and information between Lead Plaintiffs and any putative class members are relevant to materiality. *See, e.g.*, RFP No. 21 to Plaintiff Dugan ("All Documents constituting or relating to any Communications between You and any member of the putative class (as defined at any time in this Action) concerning this Action, Talis, or any matter alleged in any complaint You have filed in this Action"). Any such communications discussing the statements in the Registration Statement or the allegations in the Complaint would be probative to the fact-intensive materiality inquiry.

Plaintiffs' position that documents and information regarding their investment strategy are per se irrelevant is untenable.

### 4.   *Traceability*

Fourth, some of the Requests[7] target Lead Plaintiffs' ability to prove traceability, which is relevant to class certification and their ability to prove membership in the putative class, which the Complaint defines as:

> All persons and entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or *traceable to the Registration Statement* issued in connection with the Company's February 2021 initial public offering, and were damaged thereby.

---

[6] *See, e.g.*, RFP Nos. 4-6, 9, 15-27, 29-32, 34, 35, 44; RFP to Max Wisdom Nos. 12, 13, 46; and Interrogatory Nos. 3-8, 11, 16. *See also infra*, Section II.B.
[7] RFP Nos. 8, 28; Interrogatory No. 1.



Evan Kubota
October 11, 2023
Page Five

ECF No. 104 ¶ 241 (emphasis added).[8]

### B.    The Requests Are Supported by One or More of These Claims and Defenses

The charts below set forth the rationale for most of the Requests.  We have not included Requests to which Plaintiffs indicated there are no responsive documents, or where they agreed to produce documents.  We reserve all rights with respect to all Requests, including the right to assert additional grounds of relevance.

| #[9] | Request for Production (Common to Each Plaintiff)[10] | Applicable Rationale |
|---|---|---|
| 1 MW2 | Documents sufficient to show the relationship between or among You, Leon Yu, and/or Max Wisdom Technology Limited. | Class Certification |
| 2 | All Communications between You and Leon Yu. | Class Certification |
| 3 | All Communications between or among Lead Plaintiffs regarding this Action, Talis, or any matter alleged in the Complaint. | Class Certification |
| 4 MW5 | Documents sufficient to identify all investment consultants You used or had retained during any period in which You transacted in Talis Securities, including the particular investment consultant personnel involved in providing services to you, the nature of such services, and all contracts with any such consultant. | Materiality; Actual Knowledge |
| 5 MW6 | Documents sufficient to identify all investment managers or brokers through which You have transacted in Talis Securities, including all requests for proposals, responses, and contracts with any such investment manager or broker. | Materiality; Actual Knowledge |
| 6 MW7 | All Documents constituting or relating to any investment guidelines applicable to Your investments in Talis Securities, or any of Your portfolios containing Talis Securities, including any investment manager guidelines given to or imposed on any investment manager or broker through which You have transacted in Talis Securities. | Materiality; Actual Knowledge; Class Certification |
| 7 MW8 | All Documents constituting or relating to any performance review or any audit of any investment manager or broker through which You have transacted in Talis Securities. | Class Certification |
| 8 MW9 | Records of all of Your transactions, of any kind, in or involving Talis Securities, including but not limited to premarket purchases, open market purchases, sales, short-sales, pledges, and securities lending transactions. | Class Certification; Traceability |

---

[8] As set forth in the chart below, some of the Requests additionally seek information relevant to others of Defendants' affirmative defenses, including assumption of risk and proximate cause.

[9] The numbers preceded by "MW" reflect the numbering for the RFPs to Plaintiff Max Wisdom, to the extent they differ from the numbering for Plaintiffs Dugan and Yu. Additional Requests are listed in the chart below.

[10] To avoid repetition, we include here the RFPs as written to Plaintiff Dugan.

# Cooley

Evan Kubota
October 11, 2023
Page Six

| #[9] | Request for Production (Common to Each Plaintiff)[10] | Applicable Rationale |
|---|---|---|
| 9 MW10 | All Documents constituting or relating to communications with any of the Defendants concerning Talis. | Class Certification; Actual Knowledge; Materiality |
| 13 MW20 | Documents sufficient to identify the fee structure under which Your counsel are being or will be compensated in connection with this Action. | Class Certification |
| 15 MW22 | All Documents setting forth Your investment policies, guidelines, and parameters for Your overall investment portfolio, and for every internal or external fund, portfolio, or sub-group of investments within that overall portfolio. | Class Certification; Actual Knowledge; Materiality |
| 16 MW23 | All Documents concerning Your policies, practices, and procedures (or those of Your investment advisors, investment managers, brokers, or dealers) for obtaining and monitoring information about development stage, emerging growth, biomedical, life science, or health care, companies in which You invested or considered investing, including (i) any internal practices or procedures for monitoring press releases or news articles concerning such companies; (ii) any internal practices or procedures for monitoring SEC filings relating to such companies; (iii) any contracts or other agreements between You and any outside advisor, consultant, manager, or other agent or independent contractor to monitor press releases, news articles, or SEC filings concerning such companies; (iv) any contracts, subscriptions, or other agreements between You and any person or entity providing electronic research or other information monitoring services (including companies or services that send "e-mail alerts" or other electronic notifications when a news article or SEC filing about a particular company is filed or made public); and (v) documents sufficient to identify Your officers and employees with any responsibility for any of the foregoing. | Class Certification; Actual Knowledge; Materiality; Assumption of Risk Proximate Cause |
| 17 MW24 | All Documents setting forth Your policies, guidelines, and parameters—including from Your investment managers, investment advisors, brokers, or dealers—concerning when or under what circumstances to institute litigation regarding Your investments or investment losses. | Class Certification; Materiality; Proximate Cause |
| 18 MW25 | All Documents setting forth Your policies, guidelines, and parameters—including from Your investment managers, investment advisors, brokers, or dealers—concerning when or under what circumstances to sell or transfer Your stock holdings. | Class Certification; Materiality; Proximate Cause |
| 19 MW26 | All Documents concerning Your discovery or detection of the facts underlying the allegations of the Complaint. | Actual Knowledge; Materiality; Assumption of Risk |
| 20 MW27 | All Documents pertaining to the decision to authorize the filing of this Action. | Class Certification; Actual Knowledge; Materiality |



Evan Kubota
October 11, 2023
Page Seven

| #[9] | Request for Production (Common to Each Plaintiff)[10] | Applicable Rationale |
|---|---|---|
| 21 MW28 | All Documents constituting or relating to any Communications between You and any member of the putative class (as defined at any time in this Action) concerning this Action, Talis, or any matter alleged in any complaint You have filed in this Action. | Class Certification; Actual Knowledge; Materiality |
| 22 MW29 | All Documents concerning Your reasons and purposes for engaging in any transaction in Talis Securities from the period January 1, 2021 through the present. | Class Certification; Materiality; Assumption of Risk |
| 23 MW30 | All Documents concerning the risks facing development stage, emerging growth, biomedical, life science, or health care companies, Including those launching new life science tools and diagnostic products. | Actual Knowledge; Materiality; Assumption of Risk; Proximate Cause; Negative Causation |
| 24 MW31 | Documents sufficient to identify Your transactions in the securities of any development stage, emerging growth, biomedical, life science, or health care companies, Including those launching new life science tools, diagnostic products, or COVID-19 tests, and Your reasons for engaging in each such transaction. | Class Certification; Actual Knowledge; Materiality; Assumption of Risk; Proximate Cause; Negative Causation |
| 25 MW32 | All Documents relating to the FDA's requirements and/or guidance on the sensitivity of comparator assays and reliability of COVID-19 diagnostic tests in the clinical setting. | Actual Knowledge; Materiality |
| 26 MW33 | All Communications with any of Your investment managers, investment advisors, brokers, or dealers concerning Talis or the investment in development stage, emerging growth, biomedical, life science, or health care companies, Including the risks of those investments. | Actual Knowledge; Materiality; Assumption of Risk |
| 27 MW34 | All Documents reviewed or consulted in connection with any of Your transactions in Talis Securities, including but not limited to registration statements, annual reports on Form 10-K, quarterly reports on Form 10-Q, information releases on Form 8-K, pricing information, analyst reports, research reports, news articles, and other commentary. | Class Certification; Actual Knowledge; Materiality; Assumption of Risk |
| 28 MW35 | All Documents concerning any preliminary, tentative, or firm commitment to purchase Talis Securities in connection with the IPO, including but not limited to any such commitment made prior to the date the February 11, 2021 Registration Statement for the IPO was filed or became effective with the SEC. | Class Certification; Traceability |
| 29 MW36 | All Documents concerning any agreement, or the negotiation of any agreement, concerning Talis Securities purchased in connection with the IPO, including any term sheet, draft term sheet, or side letter, and all Documents relating thereto. | Class Certification; Actual Knowledge; Materiality |



Evan Kubota
October 11, 2023
Page Eight

| #[9] | Request for Production (Common to Each Plaintiff)[10] | Applicable Rationale |
|---|---|---|
| 30 MW37 | All Documents concerning your policies, processes, and procedures for engaging or deciding whether to engage in transactions in United States equity securities, including but not limited to (i) internal rules or procedures; (ii) investment policies and guidelines; (iii) decision trees or flowcharts; (iv) approval checklists; (v) investment committee review or approval Documents; and (vi) computerized models, together with their inputs and outputs, predictions forecasted, and assumptions used. | Class Certification; Actual Knowledge; Materiality |
| 31 MW38 | All Documents relating to any working group, investment or other committee, shareholder meeting or board meeting at which Talis was discussed, including all notes, reports, presentations, agendas, and other Documents or analyses prepared in anticipation of, disseminated in connection with, or made available at such meetings. | Class Certification; Actual Knowledge; Materiality; Assumption of Risk |
| 32 WM39 | All Documents concerning the Talis One testing platform. | Actual Knowledge; Materiality; Assumption of Risk |
| 33 MW40 | All Documents reflecting the dates and times of any meetings or calls You have had with Your outside counsel in this Action that related directly or indirectly to this Action through the present. | Class Certification |
| 34 MW41 | All Documents concerning the prices for Talis Securities, including but not limited to Documents discussing the reasons for such prices or movements thereof. | Actual Knowledge; Materiality; Negative Causation |
| 35 MW42 | All Documents constituting a source of any allegation in the Complaint. | Class Certification; Actual Knowledge; Materiality |
| 36 MW43 | All Communications with any Person (other than Your counsel of record in this Action) concerning any matter alleged in the Complaint. | Class Certification; Actual Knowledge; Materiality |
| 37 MW44 | All Communications with any former employee of Talis. | Class Certification; Actual Knowledge; Materiality |
| 40 MW48 | All Documents concerning any effort to mitigate losses You experienced on Your investments in Talis Securities. | Class Certification; Negative Causation |
| 41 MW49 | All Documents relating to any contract, agreement, or transaction that was designed to hedge, in whole or in part, any of Your investments in Talis Securities or the overall investments of any portfolio containing Talis Securities. | Class Certification; Assumption of Risk |
| 42 MW50 | All Documents relating to any investment that You considered making as a complete or partial alternative to Your investment in the IPO. | Class Certification; Actual Knowledge; Assumption of Risk |
| 44 MW52 | To the extent not produced in response to the foregoing, all Documents concerning Defendants. | Class Certification; Actual Knowledge; Materiality |



Evan Kubota
October 11, 2023
Page Nine

\* \* \*

| # | Request for Production (Specific to Plaintiff Yu) | Applicable Rationale |
|---|---|---|
| 45 | Documents sufficient to show any actual or attempted trips You have taken to the United States since January 1, 2022, Including any trips that were ultimately canceled. | Class Certification |

\* \* \*

| # | Request for Production (Specific to Plaintiff Max Wisdom) | Applicable Rationale |
|---|---|---|
| 1 | Your articles of incorporation, bylaws, and any other formation documents required by the laws of Hong Kong. | Class Certification |
| 4 | Organizational charts or similar documents sufficient to identify the names, titles, and job responsibilities of Your members, shareholders, and owners, as well as all of Your personnel who had any responsibility (including direct or indirect supervisory responsibility) for Your investments in United States equities during any period in which You transacted in Talis Securities. | Class Certification |
| 11 | All contracts with any person or entity concerning any portfolio monitoring services. | Class Certification |
| 12 | All minutes, agendas, meeting materials, and handouts for meetings of Your board of directors, (or similar governing body) or any committee or subcommittee thereof, shareholders, and/or auditors to the extent such Documents concern Your investments. | Class Certification; Actual Knowledge; Materiality |
| 13 | All minutes, agendas, meeting materials, and handouts for meetings of Your investment committee (or similar body) or any subcommittee thereof. | Class Certification; Actual Knowledge; Materiality |
| 14 | Documents sufficient to identify every member of Your board of directors or similar governing body, and of every committee and subcommittee thereof. | Class Certification |
| 15 | Documents sufficient to identify every member of Your investment committee or similar body, and of every subcommittee thereof. | Class Certification |
| 16 | Documents sufficient to identify Your executive officers. | Class Certification |
| 17 | Documents sufficient to identify Your shareholders. | Class Certification |
| 46 | All periodic or other investment reports or updates You provided to any of Your members, shareholders, owners, or any government agency or department for the period January 1, 2021 through the present. | Class Certification; Actual Knowledge; Materiality |

\* \* \*

# Cooley

Evan Kubota
October 11, 2023
Page Ten

| # | Interrogatory (Common to Each Plaintiff) | Applicable Rationale |
|---|---|---|
| 1 | Identify each acquisition or sale of Talis Securities by You through the date of Your response to these Interrogatories, including without limitation, the identities of the Persons from whom You purchased Your Talis Securities, the dates on which You acquired or sold Your Talis Securities, the amounts and price of any such purchases or sales, any transfers of any interest in Your Talis Securities, and the reason(s) for each transaction. | Class Certification; Traceability |
| 3 | Describe in detail the investment approach and analysis You used or relied on in deciding to invest in any Talis Securities, including the IPO, including but not limited to whether the approach was based on a fundamental, quantitative, and/or other analysis, and all considerations and inputs You used in connection with such analysis. | Class Certification; Actual Knowledge; Materiality; Assumption of Risk |
| 4 | Separately for each of Your transactions in Talis Securities, Identify each Person who had any role or responsibility in connection with such transaction, together with the nature of such role or responsibility, the job title of such Person, the employer of such Person at the time of the transaction, and the current or last known contact information of such Person. | Class Certification; Actual Knowledge; Materiality |
| 5 | Separately for each of Your transactions in Talis Securities, list all Documents or other sources of information, and each portion thereof, that You consulted or reviewed in connection with entering into such transaction. | Class Certification; Actual Knowledge; Materiality; Assumption of Risk |
| 6 | Separately for each of Your transactions in Talis Securities, list all Documents or other sources of information, and each portion thereof, that You relied on in connection with entering into such transaction. | Class Certification; Actual Knowledge; Materiality; Assumption of Risk |
| 7 | Identify all portions of the Registration Statement that You read prior to investing in the IPO. | Actual Knowledge; Materiality; Assumption of Risk |
| 8 | Identify all sources of market news or other information that You or Your personnel with responsibility for Your transactions in Talis Securities consult or consulted for market- or investment-related information. | Actual Knowledge; Materiality; Assumption of Risk; Proximate Cause |
| 9 | Identify all Your investments and/or acquisitions of securities in companies engaged in the development and/or production of COVID-19 diagnostic tests through the present day, Including without limitation, the dates on which You made the acquisition or investment, the amount and price of any acquisition or investment, and the reason(s) for the acquisition or investment. | Class Certification; Actual Knowledge; Assumption of Risk; Negative Causation; Proximate Cause |
| 10 | For each security identified in Interrogatory No. 9, Identify every sale or transfer You made, Including the amount and price of the sale or transfer, and the reason(s) for the sale or transfer. | Class Certification; Actual Knowledge; Negative Causation; Proximate Cause |



Evan Kubota
October 11, 2023
Page Eleven

| # | Interrogatory (Common to Each Plaintiff) | Applicable Rationale |
|---|---|---|
| 11 | Identify all information You had regarding the FDA's requirements and/or guidance on the sensitivity of comparator assays and reliability of COVID-19 diagnostic tests in the clinical setting, and when You acquired that knowledge. | Class Certification; Actual Knowledge; Materiality; Assumption of Risk; Negative Causation; Proximate Cause |
| 12 | Identify all sources, including witnesses and Documents, of any allegation in the Complaint (together with an identification of the corresponding allegation). | Actual Knowledge; Probative of allegations in the Complaint |
| 15 | Separately for each statement identified in Interrogatory No. 14, state the date on which You claim investors or the market learned the "true" or omitted facts that rendered each statement false or misleading. | Actual Knowledge; Negative Causation; Proximate Cause |
| 16 | Identify, by company, all Securities You acquired, sold, or held from August 1, 2018 through the present. | Class Certification; Actual Knowledge; Materiality; Assumption of Risk |

* * *

With the explanation provided herein, Defendants expect that Plaintiffs will promptly—and in no event less than two weeks before the depositions of Lead Plaintiffs—provide responsive documents and information, or Defendants will need to raise Plaintiffs' stonewalling with the Court.

Sincerely,

Shannon Eagan

cc:     Lesley Weaver
        Matthew Melamed
        Jonathan Park (Pomerantz LLP)

Cooley LLP   3175 Hanover Street   Palo Alto, CA   94304-1130
t: +1 650 843 5000  f: +1 650 849 7400  cooley.com