# EXHIBIT B



Evan A. Kubota
212 789 1347 direct
212 205 3960 fax
ekubota@bfalaw.com

October 16, 2023

**BY E-MAIL**

Shannon Eagan
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304

Re:    *In re Talis Biomedical Securities Litigation*, No. 22-cv-00105-SI (N.D. Cal.)

Dear Shannon:

On behalf of Plaintiffs, we are writing in response to your October 11, 2023 discovery letter and our September 27, 2023 meet and confer regarding Defendants' First Requests for Production of Documents (the "RFPs") and Interrogatories to Co-Lead Plaintiffs.[1]

Defendants have the "burden of establishing" that their requests "satisf[y] the relevancy requirements of Rule 26(b)(1)," *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012), which limits discovery to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). As detailed below, the requests at issue are irrelevant; your letter does not connect them to any class certification issue under Rule 23, any element of Plaintiffs' Securities Act claims, or any cognizable defense. Many of them also seek privileged and protected information.

Nonetheless, as a compromise, we are producing additional documents and offer significant additional information below. We are willing to continue conferring about any remaining disputes. To be clear, however, any further meet-and-confer must be scheduled promptly, and Defendants' positions must include relevant case law responding to the controlling authority set forth below. We will oppose any attempt by Defendants to delay this action.

**Plaintiffs Have Conferred in Good Faith and Remain Willing to Do So**

To begin, your statement that Plaintiffs have engaged in a "blanket refusal" to produce discovery and "refused to meaningfully engage with the meet and confer process" is inaccurate.

On August 18, 2023, Defendants served each Plaintiff with over 40 RFPs and 16 Interrogatories. Plaintiffs responded and objected on September 18, 2023, and we conferred on September 27, 2023. During this initial meet and confer, we noted that it would be helpful for Defendants to send a follow-up written explanation and to provide authority supporting their

---

[1] Capitalized terms not defined herein have the meanings stated in the Amended Complaint (ECF 104). Emphasis is added and citations are omitted unless otherwise noted.



October 16, 2023
Page 2

positions on certain issues.  This is standard practice in any litigation.  (Indeed, on June 20, you asked us for authority supporting certain of Plaintiffs' positions, which we provided that day.)

Far from refusing "to meaningfully engage," we made clear on September 27 that we were willing to discuss any issues, and we proceeded to spend over an hour conferring with you.  Your letter largely ignores the contents of those discussions, as well as various compromises that we proposed and you agreed to consider.  Nonetheless, we remain willing to continue those discussions, although you have not sought to do so.

We are concerned about Defendants' tactic of serving facially irrelevant, objectionable requests, then using Plaintiffs' legitimate objections and the resulting meet-and-confer process as a pretext to seek delay.  Your assertions that this process could "prejudice" Defendants or "delay the schedule" are incorrect.  Defendants waited to serve discovery requests until over three months after Plaintiffs did so, and after our September 27 meet and confer, your follow-up letter took two weeks.  Having first explained their positions in writing only days ago, Defendants cannot credibly complain that Plaintiffs have yet to produce additional documents.  We note that Defendants did not produce a single substantive document in response to Plaintiffs' May 11 requests until July 21, 2023, over two months later.  In any event, Defendants' opposition to class certification is due on December 12, nearly two months from now.  There is no "prejudice."

### Plaintiffs Will Supplement Their Rule 34 Responses on a Mutual Basis

Your letter asks that Plaintiffs supplement their Rule 34 responses and objections to the RFPs.  While we are willing to do so, we remind you that none of Defendants' responses to Plaintiffs' RFPs specify whether any responsive documents are being withheld on the basis of any objection, nor have Defendants provided that information in any other form.

Although Defendants agreed in their July 11, 2023 letter to supplement their own responses and objections to specify what materials "will be withheld based on objections to Plaintiffs' RFPs . . . within a reasonable time once the parties have concluded the meet and confer process, including agreement on custodians and search terms," they have not yet done so.  Please advise when Defendants will be in a position to serve their own supplemental responses, and Plaintiffs are willing to serve supplemental responses on a similar timeline.

In any event, we respond below to your questions about specific RFPs, which should put the matter to rest:

- Dugan and Yu RFP Nos. 11, 12, 14, 38 / Max Wisdom RFP Nos. 18, 19, 21, 45: No responsive materials are being withheld on the basis of any objection.

- RFP No. 3:  Responsive materials are being withheld on the basis of privilege and work-product protection.



October 16, 2023
Page 3

### The Disputed Requests Are Irrelevant to Any Claim or Defense

"Only relevant evidence is discoverable . . . ."  *Drummond Co., Inc. v. Collingsworth*, 2013 WL 6074157, at *17 (N.D. Cal. Nov. 18, 2013).  Evidence is relevant if it has "any tendency to make ... more or less probable ... [a] fact [that] is of consequence in determining the action." Fed. R. Evid. 401.  Relevance is thus defined by the claims and defenses.  Discovery that goes beyond what "plaintiffs are required to establish in order to recover damages" is "irrelevant" and "would have no bearing on either the merits of the case or on the motion for class certification." *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423–24 (9th Cir. 1995) (per curiam).

Within this framework, Defendants' requests are irrelevant because they do not relate to class certification under Rule 23, any element of Plaintiffs' Securities Act claims, or any cognizable defense.  This is a Securities Act action where Plaintiffs must "only show a material misstatement or omission" in the Registration Statement to prove liability, *Herman & MacLean v. Huddleston*, 459 U.S. 375, 382 (1983), and damages are measured by a fixed statutory formula. Because "reliance is irrelevant in a § 11 case, a § 11 case will never demand individualized proof as to an investor's reliance or knowledge . . . ." *Hildes v. Arthur Andersen LLP*, 734 F.3d 854, 859 (9th Cir. 2013).  Indeed, investors are not required "to look beyond a given document to discover what is true and what is not," and even if "truthful information is available elsewhere," that "does not relieve a defendant from liability for misrepresentations."  *Miller v. Thane Intern., Inc.*, 519 F.3d 879, 887 (9th Cir. 2008).

Below, we address each of the four topics in your letter.

**The Requests Are Not Relevant to "Class Certification":**  In conclusory fashion, your letter asserts that dozens of requests are relevant to "commonality, adequacy, typicality, predominance, and superiority."  However, your letter offers no reasoning for the vast majority of the cited requests (36 RFPs and 9 Interrogatories).  These requests are irrelevant to class certification.  For example:

- Numerous requests are improperly directed to reliance.  (*See, e.g.*, RFP Nos. 22 and 27 and Interrogatory Nos. 1 and 6.)  Indeed, Interrogatory No. 6 expressly seeks a "list" of the documents and information Plaintiffs "relied on."  Because "reliance is irrelevant in a § 11 case," *Hildes*, 734 F.3d at 859, these requests are irrelevant and cannot support any unique defense.[2]

---

[2] *See also Ciuffitelli v. Deloitte & Touche LLP*, No. 3:16-CV-00580-AC, 2018 WL 7893052, at *4 (D. Or. Dec. 10, 2018) (discovery requests targeting "knowledge, sophistication, and understanding of risks" were "not relevant [to] any unique defenses or knowledge possessed by a particular Plaintiff that somehow bears on class certification" given strict liability statute under which "only a purchaser's actual knowledge of a misrepresentation or omission is relevant"), *aff'd*, 2019 WL 1442222 (D. Or. Feb. 21, 2019).

**BLEICHMAR
FONTI & AULD LLP**

October 16, 2023
Page 4

- RFP Nos. 6-7, 15-18, and 30, which seek broad discovery about investment guidelines and investment managers, similarly fail (and, as explained below, Plaintiff Dugan does not have written guidelines and did not use any manager).

- RFP No. 24 and Interrogatory Nos. 9-10 and 16—about transactions in securities of companies *other than Talis*—are irrelevant to both Rule 23 and the merits. "[I]n securities class actions, courts routinely deny general discovery into a plaintiff's trading and investment strategy in other securities." *In re New Century*, 2009 WL 10691336, at *3 (C.D. Cal. Dec. 7, 2009).[3]

- RFP No. 42, seeking "any investment that You considered making as a complete or partial alternative to Your investment in the IPO," is irrelevant because damages are measured by Section 11's fixed statutory formula. *See* 15 U.S.C. § 77k(e).

- RFP No. 13, seeking Lead Plaintiffs' fee arrangement with counsel, is irrelevant. "[D]efendants often request discovery regarding fee arrangements between plaintiffs and their counsel, but courts usually find such discovery to be irrelevant to the issue of class certification." *In Re Riddell Concussion Reduction Litig.*, 2016 WL 7325512, at *2 (D.N.J. Jan. 19, 2016).

The four RFPs discussed in your letter are also improper. RFP Nos. 1-3 seek communications among the Lead Plaintiffs, but any such communications are plainly privileged and protected as work product. The fourth request, RFP No. 45, regarding Lead Plaintiff Yu's "actual or attempted trips . . . to the United States since January 1, 2022," has nothing to do with Yu's current ability to travel. It is also unrelated to predominance and superiority, which are established by the extent of Class-wide issues and the clear efficiency in concentrating all Talis-related securities claims in this Court.

Finally, the two cases you cite lend no support to Defendants' position, since both ordered discovery from **defendants** to support class certification issues like numerosity.[4] Neither permitted discovery that has "no bearing on either the merits of the case or on the motion for class certification," as Defendants seek here. *Epstein*, 54 F.3d at 1423–24.

**Plaintiffs Fully Responded to Defendants' Sole Request on Actual Knowledge:** Your letter contends that 39 requests relate to Defendants' narrow "actual knowledge" defense, which

---

[3] During our meet and confer, you suggested that investments in other companies could relate to negative causation, and we invited you to send any relevant authority. Your letter correctly abandons that argument, as any such transactions have nothing to do with the reasons why the value of *Talis* common stock declined.

[4] *See Franklin v. Ocwen Loan Servicing, LLC*, 2019 WL 1130477, at *2 (N.D. Cal. Mar. 12, 2019) (Illston, J.) (ordering production of "information regarding the number of recorded calls defendant made," which was relevant to class certification and damages issues); *Willner v. Manpower, Inc.*, 2012 WL 4902994, at *5 (N.D. Cal. Oct. 16, 2012) (ordering production of "the contact information of putative class members" to "substantiate class allegations and to meet the certification requirements under Rule 23").



October 16, 2023
Page 5

requires Defendants to "prove[] that at the time of such acquisition [plaintiff] knew of [the] untruth[s] or omission[s]" at issue.  15 U.S.C. § 77k(a).

To begin, Defendants' Answer (ECF 117) does not assert an actual knowledge defense.[5] Setting that defect aside, Plaintiffs fully responded to Defendants' *only* actual request regarding actual knowledge—RFP No. 38, seeking "All Documents concerning any knowledge You had in February 2021 of any matter that You allege was misrepresented or misleadingly omitted in the Registration Statement."  Plaintiffs confirmed that they do not have any responsive documents, and none are being withheld based on objections, as stated above.  This resolves the matter.

Remarkably, your letter ignores RFP No. 38—the only request concerning actual knowledge—and instead points to dozens of other unrelated requests.  Those requests are grossly overbroad and irrelevant.  For example, Interrogatory No. 5 broadly seeks "all Documents or other sources of information" that Lead Plaintiffs consulted or reviewed, but identifying "sources of information" is irrelevant to whether Lead Plaintiffs "knew of [any] untruth or omission."  15 U.S.C. § 77k(a).

Further, several of the requests improperly seek work product and privileged material, and Plaintiffs have properly objected on this ground.  For example, RFP No. 35, broadly seeking the "source of any allegation in the Complaint," ignores that the Complaint is the result of "the investigation conducted by and through Lead Counsel."  (ECF 104 at 5 of 70.)

**The Requests Are Not Relevant to Materiality:**  Your contention that various requests about "investment strategy" bear on "what *Lead Plaintiffs and their advisors* considered material" (emphasis in original) fails because materiality is a Class-wide issue governed by an objective standard.  The Supreme Court held almost 50 years ago that the "question of materiality, it is universally agreed, is an ***objective one***, involving the significance of an omitted or represented fact to a reasonable investor."  *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 445 (1976).  Under controlling law, "materiality can be proved through evidence common to the class."  *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 467 (2013).

Thus, by definition, materiality is an objective Class-wide issue that does not warrant discovery into Lead Plaintiffs' individual circumstances, views, or communications.  As a result, Defendants' request for "information that *only* Lead Plaintiffs possess" (emphasis in original) is irrelevant.  *See, e.g.*, *In re Worlds of Wonder Sec. Litig.*, 1992 WL 330411, at *6 (N.D. Cal. July 9, 1992) ("the evidence sought from the institutional investors would not be relevant to . . . materiality").  Your conclusory assertion that "[s]uch documents and information also bear on

---

[5] Your letter refers to purported affirmative defenses of "standing" and "available contrary information."  However, Defendants' purported "Fourth Affirmative Defense" of "Standing" merely cites Federal Rule of Civil Procedure 23.1, an irrelevant rule regarding derivative actions.  Defendants' purported "Tenth Affirmative Defense" of "Available Contrary Information" asserts that "any alleged misstatements were rebutted by contrary information received by or otherwise readily available to Plaintiffs."  But under the Securities Act, "that truthful information is available elsewhere does not relieve a defendant from liability for misrepresentations."  *Miller*, 519 F.3d at 887.



October 16, 2023
Page 6

class certification matters such as typicality" also fails, since "a § 11 case will never demand individualized proof as to an investor's reliance or knowledge . . . ." *Hildes*, 734 F.3d at 859. Moreover, many of the requests in this category—such as Defendants' broad requests for investment guidelines and policies (RFP Nos. 6, 16-18, 30) and transactions in other companies' securities (RFP Nos. 24, 29)—do not even relate to Talis, confirming that they are irrelevant.

**Traceability:**  We disagree with your conclusory, citation-free assertion that traceability "is relevant to class certification and their ability to prove membership in the putative class." Nonetheless, Plaintiffs are willing to produce additional transaction records for the two RFPs you cite (Nos. 8 and 28), as discussed below, to resolve the matter.

**The Requests Are Not Relevant to Any Purported Affirmative Defenses:**  Finally, in a conclusory footnote citing no authority, you assert that certain requests are relevant to "Defendants' affirmative defenses, including assumption of risk and proximate cause."  But assumption of risk is not a defense; the Securities Act "substitute[d] a philosophy of full disclosure for the philosophy of *caveat emptor* . . . ." *SEC v. Capital Gains Research Bureau, Inc.*, 375 U.S. 180, 186 (1963).  "[P]roximate cause" is not an element of Plaintiffs' Securities Act claims.  Nor are these requests relevant to negative causation.  For example, Plaintiffs' transactions in the securities of other companies (RFP No. 24) or any "effort[s] to mitigate losses" (RFP No. 40) have nothing to do with whether "the depreciation of the value of [Talis common stock] resulted from factors other than the alleged false and misleading statements." *Hildes*, 734 F.3d at 861.

<u>**Plaintiffs Offer Significant Additional Information to Resolve Any Issues**</u>

While Defendants have failed to demonstrate relevance for any of the requests at issue, below, Plaintiffs offer additional information.  This is more than reasonable.

For Plaintiff Dugan, today we are producing additional trading records sufficient to show all of Mr. Dugan's transactions in Talis common stock (*see* RFP Nos. 8 and 28 and Interrogatory No. 1, among others).  Following a reasonable search, other than trading records, Mr. Dugan has not identified any responsive, non-privileged and non-protected documents concerning Talis at this time.

In addition, based on reasonable inquiry:

- No "investment consultants" or "investment managers" were involved in Mr. Dugan's transactions in Talis Securities (RFP Nos. 4, 5, 7, 26).

- Defendants' definition of "brokers" (RFP No. 5) is unclear, but Mr. Dugan's transactions in Talis Securities were conducted through E*Trade.  Mr. Dugan directed each of these transactions (Interrogatory No. 4).

BLEICHMAR
FONTI & AULD LLP

October 16, 2023
Page 7

- Mr. Dugan does not have written "investment policies, "guidelines," "parameters," "processes," or "procedures" (RFP No. 15, 17, 18, 30) or written information monitoring "policies, practices, and procedures" (RFP No. 16).

- Mr. Dugan did not make "the decision to authorize the filing of this Action" at its inception (RFP No. 20).

- Mr. Dugan does not have documents "relating to the FDA's requirements and/or guidance on the sensitivity of comparator assays and reliability of COVID-19 diagnostic tests" (RFP No. 25) and did not have such information at the time of his transactions in Talis common stock (Interrogatory No. 11).

- Mr. Dugan does not have documents "relating to any working group, investment or other committee, shareholder meeting or board meeting at which Talis was discussed" (RFP No. 31).

We understand that counsel for Mr. Yu and Max Wisdom will respond separately on certain issues.

We expect that our production and this additional information resolves your questions, and we invite you to communicate with us about any remaining concerns.

Sincerely,

Evan A. Kubota


cc:  Jonathan Park (Pomerantz LLP)