COOLEY LLP
Patrick E. Gibbs (183174)
(pgibbs@cooley.com)
Shannon M. Eagan (212830)
(seagan@cooley.com)
Jessie Simpson LaGoy (305257)
(jsimpsonlagoy@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

Zachary Sisko (*appearance pro hac vice*)
(zsisko@cooley.com)
500 Boylston Street
14th Floor
Boston, Massachusetts 02116-3736
Telephone:    +1 617 937 2300
Facsimile:    +1 617 937 2400

*Attorneys for Defendants Talis Biomedical Corporation,*
*Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond*
*Cheong, Melissa Gilliam, Rustem F. Ismagilov,*
*Kimberly J. Popovits, Matthew L. Posard, and Randal*
*Scott*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **DEFENDANTS' MOTION FOR LEAVE TO FILE A RESPONSIVE EXPERT REPORT AND TO ENLARGE TIME TO ALLOW FILING THEREOF** |
| ALL ACTIONS | |

COOLEY LLP

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Civil Local Rules 6-1(b) and 6-3, this motion seeks leave to submit a "class certification responsive expert report" and to modify or enlarge the deadline for Defendants to do so.  Defendants file this motion so they can respond to Lead Plaintiff Martin Dugan's ("Plaintiff") belated class certification expert report, disclosed for the first time in his Reply in Support of Motion for Class Certification (ECF No. 137, the "Reply").  For clarity, Defendants seek to modify or enlarge one date in the Court's June 2, 2023 scheduling order (ECF No. 119, the "Scheduling Order").  No other case deadlines are affected by this motion.

Good cause exists to grant this requested modification.  Plaintiff filed his *first* class certification expert report on October 13, 2023.  That report did not opine on tracing despite that it is part of Plaintiff's proposed class definition, and that he bears the burden of proof on tracing, commonality, and predominance.  Two months later, Defendants filed their opposition to Plaintiff's motion for class certification, relying in part on evidence from fact witnesses—but not expert testimony.  ECF No. 136 (the "Opposition" or "Opp.").  On January 12, 2024, without prior disclosure or permission from the Court, Plaintiff filed a *second* class certification export report (ECF No. 138-1, the "Mitts Report") that purported to opine on tracing.  Defendants objected to the Mitts Report, seeking its exclusion in full because it is untimely, proffers improper legal conclusions, and violates Rule 702.  But if the Court considers some or all of the Mitts Report, Defendants seek modification of the Scheduling Order so that they may fairly respond to Plaintiff's undisclosed expert report.  Courts routinely permit modifications to scheduling orders under these circumstances.  This case should be no different.

For the reasons described herein, the Court should grant this motion and permit Defendants to file a responsive expert report to the Mitts Report on or before February 2, 2024.

## I.   RELEVANT BACKGROUND

On June 2, 2023, the Court entered the following relevant deadlines in its Scheduling Order: "Class certification motion" and "Plaintiff's class certification expert report (if any)" due October 13, 2023; "Opposition to class certification motion" and "Defendants' class certification responsive expert report (if any)" due December 12, 2023; and "Reply on class certification motion" due December 12, 2023.  The class motion hearing is set for February 9, 2024 at 10:00 AM.

COOLEY LLP

1

Consistent with the Scheduling Order, on October 13, 2023, Plaintiff filed the Motion for Class Certification (ECF 126, the "Motion") and Expert Report of Zachary Nye, Ph.D (ECF No. 127-1, the "Nye Report"). The Nye Report sets forth a single boilerplate opinion: that "damages under Section 11 of the Securities Act can be calculated for investors who purchased or otherwise acquired Talis common stock pursuant and/ or traceable to the Registration Statement issued on connection with the Company's IPO using a method that is common to the Class." Nye Report, ¶ 18. The Nye Report did not opine on tracing, which Dr. Nye conceded in his deposition. ECF 136-13, Nye Depo. Tr., 46:15-20, 47:17-23 (testifying that he was "not offering any opinion in this case at this time as to whether and how one might determine that a given share of Talis common stock was purchased pursuant to or traceable to the registration statement" and that he had no "view, opinion, or understanding as to how one might go about determining whether a given share of stock was purchased pursuant to or traceable to the registration statement"); *see also* Opp. at 25 n.12.

On December 12, 2023, Defendants filed their Opposition. Relying on the fact that Dr. Nye was Plaintiff's sole expert, Defendants did not retain a responsive expert before their December 12, 2023 deadline. In the Opposition, Defendants demonstrated (through documents and fact witnesses first identified in the course of preparing their Opposition) that if any class can be certified, it should be limited to shareholders who purchased Talis stock prior to the expiration of the Lock-Up on August 11, 2021, because after that point—once non-IPO shares became comingled with IPO shares held in fungible bulk by DTC—Plaintiff cannot prove traceability at all, much less on a class-wide basis. Opp. at 22-25. Accordingly, extending the class definition beyond the expiration of the Lock-Up would require an individualized tracing inquiry for each class member who acquired shares of Talis's common stock after August 11, 2021. *Id.*

On January 12, 2024, Plaintiff filed his Reply in support of the Motion. In support of his tracing arguments, Plaintiff filed a *second, undisclosed*[1] expert report: the Declaration of Professor Joshua Mitts (ECF No. 138-1; the "Mitts Report").[2] The Mitts Report contains new theories,

---

[1] In December 2023, counsel exchanged several letters relating to the Opposition (*see* ECF Nos. 138-10–13), and not once did Plaintiff disclose a second class certification expert, seek Defendants' agreement to submit one after his deadline for doing so, or move to modify the Scheduling Order.

[2] Although characterized as a "Declaration," the Mitts Report is an "expert declaration." *See* ECF No. 143. Indeed, it mimics the requirements in Federal Rule of Civil Procedure 26(a)(2)(B).

opinions, and arguments regarding traceability. *See, e.g.*, Mitts Report ¶ 10.  Counsel for Plaintiff has informed counsel for Defendants that Professor Mitts is not available for deposition until January 29, 2024.  Simpson LaGoy Decl. ¶ 8; ECF 143.

On January 19, 2024, pursuant to Civil Local Rule 7-3(d)(1), Defendants objected to the Mitts Report and sought to exclude it in its entirety because it is untimely, offers improper legal opinions, and fails to comply with Federal Rule of Evidence 702.  ECF No. 141.  Pursuant to Local Rule 7-3(d)(1), Defendants did "not include further argument on the motion."

Should the Court overrule any of Defendants' objections to the Mitts Report such that it remains in the class certification record, good cause exists to seek a limited modification to the Scheduling Order to allow Defendants to file a responsive expert report that rebuts the Mitts Report.

**II.    GOOD CAUSE EXISTS TO PERMIT DEFENDANTS TO FILE A RESPONSIVE EXPERT REPORT**

"A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "[T]he focus of the [good cause] inquiry is upon the moving party's reasons for seeking the modification" and "requires a showing of diligence."  *Fujifilm Corp. v. Motorola Mobility LLC*, 2014 WL 8094582, at *1 (N.D. Cal. Nov. 19, 2014) (citation omitted).  What constitutes "good cause" is case-specific, but "[w]hen the modification is necessitated by acts of the opposing party or by the opponent's failure to act, relief … has been deemed appropriate." Wright & Miller, et al., Fed. Prac. & Proc. § 1522.2 (3d ed. 2018).  Further, "'[g]ood cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."  *Landes v. Skil Power Tools*, 2013 WL 6859837, at *3 (E.D. Cal. Dec. 30, 2013) (citation omitted).  Each of these factors is present here.

This Court's decision in *Whitlock v. Pepsi Americas* is instructive.  2015 WL 603182 (N.D. Cal. Feb. 11, 2015).  In granting a party's request to supplement an existing expert report outside of the case schedule, the Court credited the following factors: (1) the supplement was "diligent" because it contained "analysis" that the expert "could not have conducted earlier" before the deadline; (2) the non-movants would not be "unduly prejudiced"; (3) the movant would "suffer extreme prejudice" if the motion was denied; and (4) no trial date had been set. *Id.* at *2.

Good cause exists here for many of the same reasons, and Defendants will be substantially prejudiced if they are not permitted to respond to Plaintiff's belated and untimely expert report.

**First**, Defendants have acted diligently in retaining a responsive expert. Within six days of Plaintiff's surprise filing of the Mitts Report, Defendants had identified a responsive expert and disclosed this fact to Plaintiff's counsel. Simpson LaGoy Decl. ¶ 11. Specifically, on January 18, 2024, Defendants sought Plaintiff's agreement to modify the Scheduling Order to permit Defendants to submit a responsive expert report. *Id.* Plaintiff declined to agree to a stipulation, and Defendants promptly filed the instant motion. *Id.* As in *Whitlock*, Defendants could not have submitted their responsive expert report any "earlier" because they were not aware of the Mitts Report until January 12, 2024. 2015 WL 603182, at *2; *see also Jones v. Nat'l R.R. Passenger Corp.*, 2022 WL 689000, at *3 (N.D. Cal. Feb. 23, 2022) (granting substitution of expert where counsel began searching for a new expert witness and conferring with the other side promptly upon learning substitution was necessary).

**Second**, Plaintiff would suffer no prejudice should the Court grant this motion. Indeed, it was Plaintiff who made the unilateral decision to flout the Court's Scheduling Order and file the Mitts Report with no warning to Defendants or the Court. Plaintiff's claim that he could not have offered the Mitts Report sooner because Defendants "did not disclose any facts concerning non-IPO shares or 'tracing' until their opposition brief" (Reply at 14 n. 19) is a red herring. Traceability is incorporated into Plaintiff's proposed class definition.[3] At all times, including when Plaintiff filed his opening brief, he had the burden of proving traceability, *see Slack Techs., LLC v. Pirani*, 598 U.S. 759, 770 (2023), and that common issues predominate. *See, e.g.*, *Willis v. City of Seattle*, 943 F.3d 882, 885 (9th Cir. 2019). Moreover, Defendants' tracing argument can hardly have been a surprise. Defendants sought discovery on tracing in August 2023, and the parties been meeting and conferring on that discovery (including tracing) for months. *See, e.g.*, ECF Nos. 141-2 and 141-3. In any event, Defendants were under no obligation to inform Plaintiff of the grounds under

---

[3] Motion at 2-3 (defining the proposed class as "All persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or **traceable** to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's February 11, 2021 initial public offering and were damaged thereby.") (emphasis added).

COOLEY LLP

4

which they would be opposing class certification before filing the Opposition. That Defendants used fact witnesses to support their tracing argument is not an excuse for Plaintiff to file and serve a belated expert report on elements where he bears the burden of proof. Finally, any claim of purported prejudice is particularly feeble because Defendants have agreed to make their expert available for deposition, and to allow Plaintiff to make evidentiary objections under L.R. 7-3(d)(1) to any new evidence in Defendants' sur-reply, in advance of the class certification hearing. *See* ECF No. 143. Accordingly, Plaintiff "will have adequate opportunity to conduct any additional discovery necessitated by [Defendants'] report." *Whitlock*, 2015 WL 603182, at *2.

**Third,** by contrast, *Defendants* stand to "suffer extreme prejudice" if this motion is not granted. Plaintiff chose to limit his first class certification expert report to the opinions set forth in the Nye Report. Because the Nye Report did not address tracing, Defendants had no need to file a "responsive expert report" with their Opposition. Under the existing schedule, as a result of Plaintiff's decision not to address tracing in his opening brief, Defendants would be deprived of the opportunity to substantively respond to the flaws in the Mitts Report, an exercise that requires the opinions of a rebuttal expert. "Fairness requires that adequate notice be given for Defendants to check the findings and conclusions of Plaintiff's expert[]." *Padilla v. United States*, 2019 WL 13107441, at *2 (S.D. Cal. July 31, 2019) (modifying schedule to permit defendant to file rebuttal report in response to plaintiff's new, untimely expert opinions) (cleaned up).

**Fourth**, Defendants' proposed modification would not impact any other date in the Scheduling Order, including the Class Motion Hearing scheduled for February 9, 2024. Defendants propose to file their responsive expert report with their sur-reply on February 2, 2024, to allow the Court time to review the papers in advance of the Class Motion Hearing. As no trial date or fact discovery cutoff have been set, Defendants' proposed change of time would have no other effect on the case schedule. *See Whitlock*, 2015 WL 603182 at *2.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court enlarge the time for Defendants to file an expert report in response to the Mitts Report, and for such report to be due on or before February 2, 2024.

COOLEY LLP

DEFENDANTS' MOTION TO ENLARGE TIME
CASE NO. 22-CV-00105-SI

Dated:  January 24, 2024                    COOLEY LLP


By:    /s/ Patrick E. Gibbs
          Patrick E. Gibbs

*Attorneys for Defendants Talis Biomedical
Corporation, Brian Coe, J. Roger Moody, Jr.,
Felix Baker, Raymond Cheong, Melissa
Gilliam, Rustem F. Ismagilov, Kimberly J.
Popovits, Matthew L. Posard, and Randal Scott*

297133961

6