COOLEY LLP
Patrick E. Gibbs (183174)
(pgibbs@cooley.com)
Shannon M. Eagan (212830)
(seagan@cooley.com)
Jessie Simpson LaGoy (305257)
(jsimpsonlagoy@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:     +1 650 843 5000
Facsimile:     +1 650 849 7400

Zachary Sisko (*appearance pro hac vice*)
(zsisko@cooley.com)
500 Boylston Street
14th Floor
Boston, Massachusetts 02116-3736
Telephone:     +1 617 937 2300
Facsimile:     +1 617 937 2400

*Attorneys for Defendants Talis Biomedical Corporation,
Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond
Cheong, Melissa Gilliam, Rustem F. Ismagilov,
Kimberly J. Popovits, Matthew L. Posard, and Randal
Scott*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **DECLARATION OF JESSIE SIMPSON LAGOY IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE A RESPONSIVE EXPERT REPORT AND TO ENLARGE TIME TO ALLOW FILING THEREOF** |
| ALL ACTIONS | |

COOLEY LLP

I, Jessie Simpson LaGoy, hereby declare:

1.     I am an Associate with the law firm of Cooley LLP, counsel of record for Defendants Talis Biomedical Corporation, Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott ("Defendants"), in the above-captioned matter.  I am an attorney duly licensed to practice before all of the courts of the State of California and this Court.  I have personal knowledge of the following facts and, if called to testify, could and would testify competently thereto.

2.     Pursuant to Civil Local Rule 6-3, I set forth the following facts:

3.     Plaintiff's deadline to file a "Class certification motion" and "class certification expert report (if any)" was October 13, 2023.  ECF No. 119 (the "Scheduling Order").

4.     On October 13, 2023, Plaintiff filed the Motion for Class Certification (ECF No. 126, the "Motion").  In support of the Motion, Plaintiff submitted the Expert Report of Zachary Nye, Ph.D. (ECF No. 127-1, the "Nye Report").  The Nye Report did not opine on tracing.  Defendants confirmed this in their deposition of Dr. Nye on December 8, 2023.

5.     Defendants' deadline to file an "Opposition to class certification motion" and "class certification responsive expert report (if any)" was December 12, 2023.  ECF No. 119.

6.     On December 12, 2023, Defendants filed their Opposition to Plaintiff's Motion (ECF No. 136, the "Opposition").  Because the Nye Report did not opine on tracing, Defendants had no need to file a "responsive expert report" with their Opposition.  Instead, in support of the Opposition, Defendants submitted factual evidence in the form of documents and declaration from fact witnesses identified in the course of preparing the Opposition.

7.     On January 12, 2024, Plaintiff filed his Reply in Support of the Motion (ECF No. 137, the "Reply").  In support of the Reply, Plaintiff submitted the Declaration of Professor Joshua Mitts, Ph.D. on January 12, 2023 (ECF No. 138-1, the "Mitts Report).  Though characterized as a Declaration, the Mitts Report is plainly an expert report.  Plaintiff concedes as much in the parties' January 24, 2024 Stipulation re Defendants' Filing of Sur-reply.  *See* ECF No. 143 at 2 (acknowledging that "the Reply responded to Defendants' tracing arguments raised in the Opposition, including **an expert declaration** from Professor Joshua Mitts, Ph.D.") (emphasis

added).  The Report itself confirms as much.  For example, it sets forth Prof. Mitts's "qualifications, publications, and expert witness testimony over the past five years" in an attached curriculum vitae. Mitts Report ¶ 7.  It also sets out several "opinions."  *Id.* ¶ 10.  And, Professor Mitts appears to have no personal knowledge of the matters described in his declaration.  Plaintiff had not previously disclosed Professor Mitts to Defendants.

8.     Counsel for Plaintiff has informed counsel for Defendants that Professor Mitts is not available for deposition until January 29, 2024.  *See* ECF No. 143.

9.     On January 19, 2024, pursuant to Civil Local Rule 7-3(d)(1), Defendants objected to the Mitts Report and moved to exclude it in its entirety.  ECF No. 141.  However, pursuant to Local Rule 7-3(d)(1), Defendants did "not include further argument on the motion."

10.     Defendants believe they are entitled to respond to the expert opinions in the Mitts Report with expert testimony of their own.  Accordingly, Defendants seek leave to submit a "class certification responsive expert report," and to enlarge their deadline to do so from December 12, 2023 to February 2, 2024.

11.     Defendants have been diligent in retaining a rebuttal expert and attempting to obtain a stipulation from Plaintiff regarding this limited enlargement of time and modification of the Scheduling Order.  By January 18, 2024, just six days after the Reply, Defendants had identified a responsive expert and disclosed this fact to Plaintiff's counsel.  Specifically, on January 18, 2024, in an effort avoid motion practice, Defendants sought Plaintiff's agreement to permit Defendants to submit a responsive expert report and to modify the Scheduling Order accordingly.  The parties exchanged correspondence on this request, as well as Defendants' request to file a sur-reply.  While the parties were able to reach agreement regarding Defendants' filing of a sur-reply (*see* ECF No. 143), Plaintiff confirmed on January 22, 2024 that he would not agree that Defendants should be permitted to submit a responsive expert report.

12.     Without the ability to provide expert opinions in response to Plaintiff's expert opinions on tracing, Defendants will be substantially prejudiced.  Plaintiff has unilaterally and without any prior disclosure filed a second expert report in support of his motion for class certification three months after his deadline to do so as contemplated by the Court's Scheduling

Order.  The Mitts Report reaches conclusions outside the scope of a reasonable lay person's knowledge, and which require expert knowledge to effectively rebut.  Though Defendants were permitted to, and timely did, object to the Mitts Report coming into evidence pursuant to Local Rule 7-3(d)(1), they were not permitted under that rule to "include further argument."

13.    In connection with the parties' agreement on the sur-reply, Defendants have agreed to make their expert available for deposition, and to allow Plaintiff to make evidentiary objections under L.R. 7-3(d)(1) to any new evidence in Defendants' sur-reply, in advance of the class certification hearing.  *See* ECF No. 143.

14.    To the best of my knowledge, the parties have not previously sought to modify time in this case.

15.    Defendants' proposed modification or enlargement of time would have no effect on the Court's Scheduling Order or the broader schedule for the case.  The dates for close of fact discovery and trial are not currently set.  And Defendants request to submit a responsive expert report in support of their Opposition to class certification on or before February 2, 2024—one week ahead of the February 9, 2024 class certification hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 24th of January, 2024, at Palo Alto, California.

By:    */s/ Jessie Simpson LaGoy*
Jessie Simpson LaGoy

**Attestation Pursuant to Civ. L.R. 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatory.

Dated: January 24, 2024        */s/ Patrick E. Gibbs*
Patrick E. Gibbs

COOLEY LLP

4

DECLARATION OF JESSIE SIMPSON LAGOY
CASE NO. 22-CV-00105-SI