**Pages 1 - 12**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Susan Illston, Judge Presiding

JOHN MODRAK; et al.,          )
                                      )
        Plaintiffs,     )
                                      )
  VS.                    )      **NO. 3:22-cv-00105 SI**
                                      )
TALIS BIOMEDICAL CORPORATION;  )
et al.,                  )
                                      )
        Defendants.    )
_____)

San Francisco, California
Friday, February 9, 2024

<u>**TRANSCRIPT OF PROCEEDINGS BY ZOOM WEBINAR**</u>

<u>**APPEARANCES BY ZOOM WEBINAR:**</u>

For Plaintiffs:
                    BLEICHMAR FONTI & AULD LLP
                    7 Times Square - 27th Floor
                    New York, New York  10036
              **BY:  EVAN A. KUBOTA, ATTORNEY AT LAW**
                    **JOSEPH A. FONTI, ATTORNEY AT LAW**
                    **LESLEY A. WEAVER, ATTORNEY AT LAW**

                    POMERANTZ LLP
                    600 Third Avenue
                    New York, New York  10016
              **BY:  JONATHAN D. PARK, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Reported By:  Kelly Shainline, CSR No. 13476, RPR, CRR
              Official Stenographic Reporter

**APPEARANCES BY ZOOM WEBINAR**:   (CONTINUED)

For Defendants:
                        COOLEY LLP
                        3175 Hanover Street
                        Palo Alto, California   94304
                   **BY:   PATRICK E. GIBBS, ATTORNEY AT LAW**

**Friday - February 9, 2024**                                    **10:04 a.m.**

**P R O C E E D I N G S**

**---000---**

**THE CLERK:**  Now calling Civil matter 22-cv-105, In re Talis Biomechanic Securities Litigation.

Counsel, please state your appearances for the record starting with plaintiff.

**MR. KUBOTA:**  Good morning, Your Honor.  Evan Kubota from Bleichmar Fonti & Auld for plaintiff.

**THE COURT:**  Good morning.

**MR. FONTI:**  Good morning, Your Honor.  Joseph Fonti from Bleichmar Fonti & Auld as well.

**THE COURT:**  Good morning.

**MS. WEAVER:**  Leslie Weaver also of Bleichmar Fonti & Auld for the plaintiffs.  Good morning, Your Honor.

**THE COURT:**  Good morning.

**MR. PARK:**  And good morning, Your Honor.  Jonathan Park of Pomerantz LLP for the plaintiffs.

**THE COURT:**  Good morning.

**MR. GIBBS:**  Good morning, Your Honor.  Patrick Gibbs from Cooley on behalf of the defendants here all by myself.

**THE COURT:**  Good morning.  You are outnumbered, Mr. Gibbs.

**MR. GIBBS:**  I am.  I'll see what I can do.

**THE COURT:**  This is plaintiffs' motion for class

certification.  I've read your papers, including the more recent papers that have been submitted.  The defendants argue that the named representative plaintiff -- is it Dugan?  Is that --

MR. KUBOTA:  Mr. Dugan, yes.

THE COURT:  -- Mr. Dugan is inadequate and atypical, and I've reviewed the materials on that.  I also read through his whole deposition, and I'm inclined to find that he is adequate and typical for these purposes, but I'll be happy to hear from you, Mr. Gibbs.

With respect to the second question, which is with respect to tracing -- let me first ask, who's speaking for the plaintiffs?

MR. KUBOTA:  That's me, Your Honor.

THE COURT:  Okay.  Mr. Blackman -- is it Blackman or Bleichman?

MR. KUBOTA:  Mr. Kubota.

THE COURT:  Kubota.  Oh, well, neither.

Okay.  Mr. Kubota, what's the endpoint of the class period you would like?

MR. KUBOTA:  Your Honor, the effective endpoint of the class period that we would like is January 7th, 2022, which is the date of suit and really the relevant date for Section 11 statutory damages formula.

THE COURT:  Okay.  So then the question becomes:  What

about tracing during the interim period between when the freeze period ended and January 7th, 2022?  You've put in competing expert analyses on whether that can be done.  I am not prepared at this time to actually see if it can be done or not.  I think there's more that we need to do to answer that question.

So I guess what I'm inclined to do -- and I'll tell you this now and then you can all respond -- is I'm inclined to certify the class through August 11th without prejudice to considering at a later date extending it, and then we would have to talk about how and who decides the question of tracing. So that's where I'm starting.

So, Mr. Kubota, if you'd like to go first, it's your motion.

**MR. KUBOTA:**  Yes, Your Honor.  Thank you.  And I have a few -- I'll focus on the tracing issue first.

With respect to the August 11th date, one minor clarification.  I think defendants' position now is that actually August 13th should be the end date.  There was some suggestion in their opposition brief that August 11th was the relevant date, but the surreply read closely talks about August 13th and the entry of non-IPO shares on that date.

More substantively, I think Your Honor is correct that tracing through August 13th is not in dispute; but with respect to that later period of approximately four months, I think there is significant practical and case management and legal

reasons to certify the full class period now, and one significant point is that there's no prejudice to defendants from doing so.

As Your Honor commented, you know, whether the methodology works or not is an issue that will be tested once our expert actually obtains the data and applies the methodology.  There's no prejudice to defendants if the methodology -- if they ultimately defeat what our expert is doing because the Court obviously has discretion to revisit the certification order under Rule 23(c).

By contrast, declining to certify that last period of approximately four months now could expose those purchasers to additional arguments; and I'm not saying I agree with these, but I'm just noting the prejudice.

For example, defendants may argue that there's a timeliness or reposed issue and that those purchasers can't be brought into the class later.  That's something that we would obviously rigorously contest, but it's a case management issue that can certainly be avoided by certifying the full class subject to revisiting the order if defendants defeat our expert's methodology.

I would also point out that as you often see in this type of posture, you know, at class certification, the methodology itself has been proposed and our expert has very strong explanations that it's reliable.

In the *Bayer* case in this district last year, which we cite in our objection to defendants' expert, a similar methodology was accepted by Chief Judge Seeborg for purposes of Morrison tracing purchases ADR to the U.S., which has a similar methodology to Section 11 tracing as Dr. Mitts testified at his deposition.  So defendants' argument that this is something that is completely unprecedented and untested is not correct in our view.

And so I would really focus on the fact that this is a methodology that has been applied.  Dr. Mitts was deposed at length and testified that he's also used it in ongoing class actions, although on a consulting basis so they're not public yet, coupled with the significant prejudice that would result from exposing the last four months of valid claims to additional arguments about repose and other issues, combined with the fact that there's really no prejudice to defendants from certifying those purchasers now.

**THE COURT:**  All right.  Thank you.

Mr. Gibbs.

**MR. GIBBS:**  Thank you, Your Honor.

On that issue, first of all, the *Bayer* case, as Mr. Kubota has suggested but didn't come right out and say, does not involve tracing under Section 11, period.  And I would reject any argument that Morrison tracing for purposes of whether a trade took place in one place or another is remotely analogous

to tracing for purposes of Section 11, which is a unique statutory requirement.  It has been strictly construed over and over and over again most recently by the United States Supreme Court.

And so with all due respect, Judge Seeborg's decision in the *Bayer* case does not support the notion that Professor Mitts' methodology is appropriate for Section 11 tracing.

And on that point, no court anywhere, no federal court anywhere has ever approved of a methodology anything like what Professor Mitts proposes here to trace for purposes of Section 11, and that matters.

On the question of sort of the initial class certification decision and what the Court might or might not do later, prejudice doesn't enter into it.  You don't certify a class just because you think no harm, no foul.  That's not what the Supreme Court requires.  That's not what the federal rules require.

The Court is required by the federal rules to certify a class only if the Court can affirmatively find by a preponderance of evidence that the requirements for class certification have been met; and if the Court cannot conclude on this record at this time that tracing is possible, then I would submit that the requirements have not been met for the class period beyond the lockup expiration and the class is not

properly certified.

I don't know offhand what are the statute of limitations of repose issues.  I'm skeptical that they're going to be an issue, but I suspect they can be dealt with; but, in any event, the question here is whether plaintiffs have met their burden to get a class certified; and given what I've heard about the Court's current view on the tracing issue, I think the answer is no for that period.

And just for clarity, August 13th is the first date where we have specifically put forward evidence of nonregistered shares being commingled into the fungible bulk, but conceptually our position is the class period should end on August 12th.  I'm not sure it makes a huge difference either way, but I just wanted to be clear.

**THE COURT:**  We've got 11 and we've got 13 and now we've got 12.

**MR. GIBBS:**  The lockup expired on the 11th at midnight, and so August 12th is the first date where nonregistered shares could have been transferred into street name and, therefore, created a commingling problem.  The evidence we have happens to relate to a transfer on August 13th.  But conceptually we think what's consistent with the case law is to go with the date after the lockup -- the first date after the lockup expired, and that's our position.

I won't -- I don't want to belabor the point because I

know Your Honor's carefully considered it, but we would submit that this issue is pretty well covered by prior cases and pretty well established once one considers the import of the *Slack* decision.

The courts have consistently applied a very strict tracing rule and have consistently cited tracing and the tracing requirement as a basis for cutting off the class period, so we think that would be the right result here.

Class certification is obviously something that is subject to be revisited; and if the Court decides to revisit that later, we'll, of course, try to help the Court get to the right decision at that time. But I think as things stand now, the question of prejudice just doesn't enter into the equation; but even if it did, you know, Your Honor is well aware of the import of the class period to potential damages, to settlement negotiations, and the pressures that defendants face when a class has been certified, and so I don't think that we should be lightly certifying a class just because someone says, oh, no harm, no foul. It matters a lot. So we think that cutting off the class period, if any class is going to be certified, is the right result.

I have other things to say about adequacy and typicality, but only if it would be helpful to the Court. If the Court has --

**THE COURT:** As I say, I read that whole deposition,

which took me back.

MR. KUBOTA:  It was a long one, Your Honor.

THE COURT:  For those of you who haven't read it, I urge you to read it start to finish and then take a breather.

So I don't think I need further argument on that at this time.

MR. GIBBS:  Okay.  We won't belabor it, Your Honor.

THE COURT:  I think I understand the positions of both of you.

I'll say this, Mr. Kubota, that if there were to be prejudice based on statute of limitations or latches or some kind of thing like that, I think the Court probably could take care of that by -- in a number of different ways to avoid that specific prejudice.

So I thank you all.  The matter will be submitted.  You'll hear from me shortly.

MR. GIBBS:  Thank you, Your Honor.

MR. KUBOTA:  Thank you, Your Honor.

If I could just respond briefly to Mr. Gibbs' one point.

THE COURT:  Yes.

MR. KUBOTA:  What wasn't addressed is the fact that tracing for the last four-month period really is a common issue.  It rises and falls as a group of a common answer.  And so, again, we offer the methodology, but it really is not a class cert issue because there's a common answer for that

four-month period consistent with *Amgen*.

THE COURT:  Well, but if you can't even state a claim for them, how could I certify a class?

MR. KUBOTA:  Our position, Your Honor, is that the methodology our expert has proposed meets the burden at this stage to propose a methodology to trace, and the testing of the methodology is a merits issue that is better addressed at summary judgment.

THE COURT:  Okay.  All right.  Thank you.

MR. KUBOTA:  Thank you, Your Honor.

MR. GIBBS:  Thank you, Your Honor.

(Proceedings adjourned at 10:17 a.m.)

---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:    Monday, February 26, 2024

_____

Kelly Shainline, CSR No. 13476, RPR, CRR
U.S. Court Reporter