**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (Bar No. 191305)
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

*Counsel for Lead Plaintiff Martin Dugan*
*and Lead Counsel for the Class*

*[Additional counsel on signature page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
|---|---|
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **STIPULATION AND [PROPOSED] ORDER REGARDING DISSEMINATION OF CLASS NOTICE** |
| ALL ACTIONS | Judge:        Hon. Susan Illston |

IT IS HEREBY STIPULATED AND AGREED by Defendants Talis Biomedical Corporation ("Talis"), Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott (jointly with Talis, "Defendants"), and Lead Plaintiff Martin Dugan ("Plaintiff", collectively with Defendants, the "Parties"), by and through their respective counsel, subject to the Court's approval:

1.    On February 9, 2024, the Court certified this action as a class action under Rule 23 of the Federal Rules of Civil Procedure (Dkt. No. 153).

2.    The Class consists of:

All persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive, and were damaged thereby.

Excluded from the Class by definition are:

Excluded from the Class are (i) Defendants and any affiliates or subsidiaries thereof; (ii) present and former officers and directors of Talis and its subsidiaries or affiliates, and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant has or has had a controlling interest; (v) Talis's employee retirement and benefits plan(s); and (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories.

3.    The proposed procedures for giving notice to the Class as set forth in this Stipulation and [Proposed] Order comply with the requirements of due process and with Rule 23 of the Federal Rules of Civil Procedure and constitute the best notice practicable under the circumstances.

4.    The firm of A.B. Data, Ltd. ("Notice Administrator") is appointed and authorized to supervise and administer the notice procedure.

5.    Defendant Talis has caused its securities transfer agent to produce a list, in electronic form, of the names and addresses of all persons who purchased or otherwise acquired Talis common stock at any time during the Class Period (the "Transfer List").

STIPULATION AND [PROPOSED] ORDER REGARDING
DISSEMINATION OF CLASS NOTICE
CASE NO. 22-CV-00105-SI

6.      No later than thirty (30) days after the Court's approval and entry of this Stipulation and Order (the "Notice Date"), the Notice Administrator shall send, by first class mail, the agreed-upon proposed Notice of Pendency of Class Action (the "Notice"), substantially in the form attached hereto as **Exhibit A**, to each person or entity identified on the Transfer List.  For all Notices returned as undeliverable, the Notice Administrator shall use best efforts to locate updated addresses.

7.      The Notice Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities who may have purchased or acquired Talis common stock during the Class Period for the beneficial interest of persons or entities other than themselves.  Such nominees shall either (i) within seven (7) calendar days of receipt of the Notice, forward the Notice to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Notice Administrator, and the Notice Administrator is ordered to send the Notice promptly to such identified  beneficial owners.  Nominees who elect to send the Notice to their beneficial owners shall send a  statement to the Notice Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.  The Notice Administrator shall follow up with brokers and custodians to ensure the Notice is sent to beneficial owners in a timely manner.  Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Notice Administrator with proper documentation supporting the expenses for which reimbursement is sought.   Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

8.      Contemporaneously with the mailing of the Notice, the Notice Administrator shall establish a website for the Action, www.TalisSecuritiesLitigation.com, from which Class Members may download copies of the Notice, the Long-Form Notice substantially in the form attached hereto as **Exhibit B**, the Summary Notice, the operative Complaint, the Defendants' Answer to the operative Complaint, the Court's order certifying the Class, and this Stipulation and Order.  In addition, Class Counsel shall post the Notice, Long-Form Notice, and other documents referenced in the preceding sentence on its website, www.bfalaw.com.

STIPULATION AND [PROPOSED] ORDER REGARDING
DISSEMINATION OF CLASS NOTICE
CASE NO. 22-CV-00105-SI

9.      Within ten (10) business days after the Notice Date, the Notice Administrator shall cause the Summary Notice, substantially in the form attached hereto as **Exhibit C**, to be published in *The Wall Street Journal* and *Investor's Business Daily* and to be transmitted over *PR Newswire.*

10.     The Notice shall provide an address for the purpose of receiving requests for exclusion from the Class and requests for additional copies of the Notice. The requests for exclusion from the Class shall be made by submitting a written request for exclusion as set forth in the Notice and shall be postmarked within sixty (60) days after the Notice Date (the "Exclusion Date").

11.     The Notice Administrator shall identify and number all exclusion requests received and create copies of those requests for counsel for all parties.  The Notice Administrator shall provide via email weekly reports of exclusion requests received to counsel for all parties.  The Notice Administrator will maintain original requests in its files.

12.     No later than fifteen (15) business days after the Exclusion Date, Class Counsel shall file with the Court proof of mailing of the Notice, proof of publication of the Summary Notice, and an affidavit setting forth a list of all persons and entities who have requested exclusion from the Class.

13.     The  costs of the notice process shall be borne by the Class Representative, and not by Defendants, subject to reimbursement from any settlement or other recovery.

14.     This Order may be modified by the Court upon motion by either or both parties, for good cause shown.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

STIPULATION AND [PROPOSED] ORDER REGARDING
DISSEMINATION OF CLASS NOTICE
CASE NO. 22-CV-00105-SI

Dated:  May 21, 2024

By:  */s/ Joseph A. Fonti*

**BLEICHMAR FONTI & AULD LLP**
Joseph A. Fonti (*pro hac vice*)
jfonti@bfalaw.com
Evan A. Kubota (*pro hac vice*)
ekubota@bfalaw.com
300 Park Avenue, Suite 1301
New York, New York 10022
Tel: (212) 789-1340
Fax: (212) 205-3960

– and –

Lesley E. Weaver (Bar No. 191305)
lweaver@bfalaw.com
1330 Broadway, Suite 630
Oakland, California 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020

*Counsel for Lead Plaintiff Martin Dugan and Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (Bar No. 290685)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Martin Dugan*

**POMERANTZ LLP**
Jennifer Pafiti (Bar No. 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

Jeremy A. Lieberman (*pro hac vice* application forthcoming)
J. Alexander Hood II (*pro hac vice*)
James M. LoPiano (*pro hac vice*)
Jonathan D. Park (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com

By:  */s/ Patrick E. Gibbs*

**COOLEY LLP**
Patrick E. Gibbs (Bar No. 183174)
Shannon M. Eagan (Bar No. 212830)
Jessie Simpson LaGoy (Bar No. 305257)
3175 Hanover Street
Palo Alto, California 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
pgibbs@cooley.com
seagan@cooley.com
jsimpsonlagoy@cooley.com

– and –

Zachary Sisko (*pro hac vice*)
500 Boylston Street
14th Floor
Boston, Massachusetts  02116-3736
Telephone:    +1 617 937 2300
Facsimile:    +1 617 937 2400
zsisko@cooley.com

*Attorneys for Defendants Talis Biomedical Corporation, Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott*

ahood@pomlaw.com
jlopiano@pomlaw.com
jpark@pomlaw.com

*Additional Counsel for the Class*

## **ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I, Joseph A. Fonti, hereby attest that the concurrence to the filing of the foregoing document has been obtained from the signatories.

Dated:  May 21, 2024                                      */s/ Joseph A. Fonti*
                                                          Joseph A. Fonti

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED.**

Dated: _____, 2024          _____
                                                          The Honorable Susan Illston
                                                          United States District Judge

STIPULATION AND [PROPOSED] ORDER REGARDING
DISSEMINATION OF CLASS NOTICE
CASE NO. 22-CV-00105-SI