**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (Bar No. 191305)
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

*Counsel for Lead Plaintiff Martin Dugan*
*and Lead Counsel for the Class*

*[Additional counsel on signature page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 22-cv-00105-SI<br><br>CLASS ACTION<br><br>**CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge:      Hon. Susan Illston<br>Date:       November 8, 2024<br>Time:       10:00 a.m.<br>Courtroom:  1 – 17th Floor |

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ..................................................................................1

STATEMENT OF THE ISSUES TO BE DECIDED..........................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................2

I.      PRELIMINARY STATEMENT ...............................................................................2

II.     RELEVANT BACKGROUND .................................................................................4

    A.    History of the Litigation ...............................................................................4

    B.    The Parties' Mediation Efforts ....................................................................5

    C.    The Proposed Settlement ..............................................................................6

III.    THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL .............6

    A.    Applicable Legal Standards ..........................................................................6

    B.    The Court "Will Likely Be Able to" Approve the Proposed Settlement, Satisfying Rule 23(e)(1)(B)(i).................................................................................7

        1.    Co-Lead Counsel and Lead Plaintiff Have Adequately Represented the Class – Rule 23(e)(2)(A).............................................................7

        2.    The Settlement Is the Product of Arm's-Length Negotiations – Rule 23(e)(2)(B)..................................................................................8

        3.    The Proposed Settlement Provides Adequate Relief – Rule 23(e)(2)(C) ..........9

        4.    The Plan of Allocation Treats Class Members Equitably – Rule 23(e)(2)(D) .13

    C.    The Court "Will Likely Be Able to" Certify the Proposed Settlement Class, Satisfying Rule 23(e)(1)(B)(ii) ..................................................................13

    D.    The Notice Plan Satisfies Rule 23(e), Due Process, and the PSLRA ......................14

IV.     PROPOSED SCHEDULE OF SETTLEMENT EVENTS ..........................................16

V.      CONCLUSION.....................................................................................................17

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 1:22-CV-00105-SI

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Class Plaintiffs v. Seattle*,
  955 F.2d 1268 (9th Cir. 1992) ................................................................6

*Davis v. Yelp, Inc.*,
  No. 18-CV-00400-EMC, 2023 WL 3063823 (N.D. Cal. Jan. 27, 2023)................................12

*In re Fibrogen Sec. Litig.*,
  3:21-cv-02623-EMC, (N.D. Cal. Feb. 13, 2024)............................................8, 9, 13

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................................................7

*Hart v. Colvin*,
  No. 15-CV-00623-JST, 2016 WL 6611002 (N.D. Cal. Nov. 9, 2016)....................................6

*In re HealthSouth Corp. Sec. Litig.*,
  334 F. App'x 248 (11th Cir. 2009) .............................................................13

*In re HP Sec. Litig.*,
  No. 3:12-cv-05980-CRB, 2015 WL 4477936 (N.D. Cal. July 20, 2015)................................16

*Kendall v. Odonate Therapeutics*,
  2022 WL 188364 (S.D. Cal. Jan. 18, 2022).......................................................8

*Linney v. Cellular Alaska P'ship*,
  No. C-96-3008 DLJ, 1997 WL 450064 (N.D. Cal. July 18, 1997), *aff'd*, 151
  F.3d 1234 (9th Cir. 1998) .....................................................................8

*In re MGM Mirage Sec. Litig.*,
  708 F. App'x 894 (9th Cir. 2017) .............................................................16

*Moradpour v. Velodyne LIDAR, Inc.*,
  No. 3:21-cv-01486-SI, ECF 236 (N.D. Cal. Aug. 18, 2024) (Illston, J.) ...................12, 13, 16

*In re Portal Software, Inc. Sec. Litig.*,
  No. C-03-5138 VRW, 2007 WL 1991529 (N.D. Cal. June 30, 2007) ....................................8

*In re QuantumScape Sec. Litig.*,
  No. 21-CV-00058-WHO, 2024 WL 3491039 (N.D. Cal. July 18, 2024)................................11

*Satchell v. Fed. Express Corp.*,
  No. 03-cv-2659, 2007 WL 1114010 (N.D. Cal. Apr. 13, 2007).......................................8

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ...............................................................2, 6

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 1:22-CV-00105-SI

i

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ...................................................................................12

**Rules**

Fed. R. Civ. P. 10b-5..................................................................................................4

Fed. R. Civ. P. 23 ............................................................................................. passim

Fed. R. Civ. P. 30(b)(6)...............................................................................................5

**Statutes**

15 U.S.C. § 77z-1(a)(4)..............................................................................................12

15 U.S.C. § 77z-1(a)(7)..............................................................................................15

28 U.S.C. § 1715 ........................................................................................................16

**Other Authorities**

17 C.F.R. § 229.404 ...................................................................................................13

*Cornerstone Research, Securities Class Action Settlements – 2023 Review and
    Analysis*, available at https://www.cornerstone.com/wp-
    content/uploads/2024/03/Securities-Class-Action-Settlements-2023-Review-
    and-Analysis.pdf ......................................................................................................9

Class Representative's Notice of Motion and Motion for Preliminary Approval of Proposed Class Action Settlement
Case No. 1:22-cv-00105-SI

ii

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on November 8, 2024, at 10:00 a.m. PST, or as soon thereafter as this matter may be heard, Lead Plaintiff and Class Representative Martin Dugan, on behalf of himself and the Class, by and through Class Counsel, shall and hereby does, respectfully move this Court for an entry of the Preliminary Approval Order, pursuant to Federal Rule of Civil Procedure 23, in the above-captioned action (the "Action"): (1) granting preliminary approval of the proposed settlement to resolve the Action (the "Settlement"); (2) approving the form and substance of the proposed Notice of Pendency and Proposed Settlement of Class Action ("Notice"), the Long-Form Notice of Pendency and Proposed Settlement of Class Action ("Long-Form Notice"), the Proof of Claim and Release form ("Proof of Claim"), and the Summary Notice ("Summary Notice"), and the methods of disseminating notice to the Class, and the selection of A.B. Data, Ltd. ("A.B. Data") as Claims Administrator; (3) setting deadlines for Class Members to exercise their rights in connection with the proposed Settlement; and (4) scheduling a hearing date for final approval of the Settlement and Plan of Allocation and application(s) for attorneys' fees, litigation expenses, and an award to Class Representative (the "Final Approval Hearing").[1]

This Motion is based on the Memorandum of Points and Authorities below, the Stipulation and exhibits thereto, filed herewith,[2] the Declaration of Rochelle J. Teichmiller (Kubota Decl. Ex. 2), and the papers and pleadings filed in this action.

## STATEMENT OF THE ISSUES TO BE DECIDED

The issues to be decided on this Motion are:

1. Whether the proposed $32.5 million recovery and other terms of the Settlement, as set forth in the Stipulation, warrants preliminary approval;

2. Whether the Court should approve the form and substance of the proposed Notice, Long-Form Notice, Proof of Claim, and Summary Notice attached as Exhibits A-1 through A-4 to

---

[1] Capitalized terms shall have the same meaning as set forth in the Stipulation of Settlement dated September 30, 2024 (the "Stipulation"), attached as Exhibit 1 to the Kubota Declaration.  Unless otherwise noted, all emphasis is added and all internal citations and quotation marks are omitted.

[2] The attachments to the Stipulation include: the Proposed Order Preliminarily Approving Settlement and Providing for Class Notice (Exhibit A); the proposed Notice (Exhibit A-1); the proposed Long-Form Notice (Exhibit A-2); the proposed Proof of Claim (Exhibit A-3); the proposed Summary Notice (Exhibit A-4); and the proposed Judgment (Exhibit B).

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 1:22-CV-00105-SI

1

the Stipulation, as well as the manner and timing of notifying the Class of the Settlement (the "Notice Plan") and the selection of A.B. Data as Claims Administrator; and

3.   Whether the Court should schedule a Final Approval Hearing to determine whether the Settlement and Plan of Allocation should be finally approved, and whether applications for attorneys' fees, litigation expenses, and an award to Class Representative should be approved.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT

After over two years of hard-fought litigation and extensive discovery, Lead Plaintiff and Co-Lead Counsel Bleichmar Fonti & Auld LLP ("BFA") have achieved a highly favorable settlement for the Class: a recovery of $32.5 million in cash.  This exceptional recovery—which represents up to 72% of potentially recoverable damages as calculated by Plaintiff's expert—exhausts more than half of Talis's remaining cash.  Lead Plaintiff respectfully requests that the Court grant preliminary approval of the Settlement so that notice can be disseminated and the Final Approval Hearing can be scheduled.

Under Rule 23(e)(1)(B), preliminary approval should be granted because the Court "will likely be able" to (i) grant final approval under Rule 23(e)(2), and (ii) certify the Settlement Class.

First, the Court "will likely be able" to grant final approval because the proposed Settlement is "fundamentally fair, adequate, and reasonable," *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003), satisfying Rule 23(e)(2).  This Securities Act class action began almost three years ago.  The parties reached the proposed Settlement after lengthy arm's-length mediation under the auspices of Michelle Yoshida of Phillips ADR.  Despite two full-day mediation sessions in March and July 2024, including detailed discussions of liability, damages, and Talis's financial condition, the parties were unable to reach agreement.  Following protracted further negotiations, the parties finally accepted Ms. Yoshida's recommendation to settle the action for $32.5 million.

The $32.5 million Settlement is fair, reasonable, and adequate.  Indeed, the $32.5 million recovery is up to 72% of damages, and 20% of maximum damages using Section 11's statutory formula—nearly three times higher than the average 7.5% recovery in Section 11 settlements.

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 1:22-CV-00105-SI

2

This outstanding result did not come quickly or easily. Rather, to achieve the proposed Settlement, Lead Plaintiff and Co-Lead Counsel shouldered substantial risks and vigorously prosecuted the action from inception. Co-Lead Counsel defeated Defendants' second motion to dismiss, achieved class certification (following three expert depositions and a full-day deposition of Lead Plaintiff), conducted extensive discovery (including securing over 865,000 pages of documents and taking 14 fact depositions), and served three opening expert reports.

Nonetheless, significant risks remained. Defendants vigorously contested liability, including whether the Registration Statement contained any material misstatement or omission, threatening to defeat the Class's claims outright. Defendants' statutory negative causation defense also raised a real risk of foreclosing a significant amount of the recoverable damages, if not all damages. Meanwhile, Talis—which never launched a commercial product—was rapidly depleting its remaining cash and insurance and warned that it may pursue bankruptcy (*see* ECF 167 at 3-4). This raised a substantial risk that the Class's claims against Talis would never reach summary judgment, let alone trial.

Lead Plaintiff and BFA successfully navigated these risks to achieve the proposed Settlement, which provides the Settlement Class with a prompt, certain, and substantial recovery that is well within the range of reasonableness. The $32.5 million Settlement Amount will be funded by (a) $27.5 million from Talis's remaining cash, and (b) $5 million from insurance, representing all of the remaining D&O insurance coverage available.

<u>Second</u>, the Court will be able to certify the proposed Settlement Class, which is identical to the previously certified Class (ECF 153). The proposed notice program similarly mirrors the previously approved notice program for class certification (*see* ECF 166), and will ensure that Settlement Class Members are promptly apprised of the proposed Settlement so they can participate, exclude themselves, or object before the Final Approval Hearing.

Lead Plaintiff thus respectfully requests that the Court grant this unopposed motion and enter the proposed Preliminary Approval Order.

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 1:22-CV-00105-SI

3

## II.    RELEVANT BACKGROUND

### A.    History of the Litigation

The initial complaint in this Action was filed on January 7, 2022.  (ECF No. 1.)  On June 3, 2022, the Court appointed Martin Dugan, Leon Yu and Max Wisdom Technology Limited as co-lead plaintiffs[3] and BFA and Pomerantz LLP as co-lead counsel.  (ECF No. 64.)

Upon appointment, Lead Plaintiff, through counsel, immediately commenced an extensive investigation that included interviews with confidential witnesses; comprehensive analysis of publicly available information such as SEC filings, news articles, industry publications, analyst reports, and academic literature; and review of Talis's government contracts, patents, and relevant federal regulations.  In addition, counsel utilized freedom of information act laws to issue requests for information and documents to federal regulators.

On July 1, 2022, Lead Plaintiff filed a Consolidated Class Action Complaint for Violations of the Federal Securities Laws, which alleged violations of Sections 11 and 15 of the Securities Act of 1933 as well as Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder. (ECF No. 74.)  On December 9, 2022, the Court dismissed the Complaint with leave to amend.  (ECF No. 101.)

On January 13, 2023, after further investigation, Lead Plaintiff filed an Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint"), which solely alleged non-fraud violations of Sections 11 and 15 of the Securities Act and included allegations based on three additional confidential witnesses.  (ECF No. 104.)

On April 28, 2023, the Court denied Defendants' motion to dismiss the Amended Complaint, finding that it "states claims under Sections 11 and 15 of the Securities Act."  (ECF No. 115.)

Upon denial of Defendants' motion to dismiss the Amended Complaint, the PSLRA discovery stay was lifted, and Lead Plaintiff, through Co-Lead Counsel, engaged in extensive discovery.  Co-Lead Counsel secured over 865,000 pages of documents from Talis and third

---

[3] Mr. Yu and Max Wisdom withdrew in November 2023, leaving Mr. Dugan as sole Lead Plaintiff.  (ECF No. 131.)

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 1:22-CV-00105-SI

4

parties, requiring extensive meet-and-confers concerning the scope and manner of productions. Co-Lead Counsel also conducted 14 fact depositions, comprised of all nine Individual Defendants; three Talis manufacturing and regulatory executives; and Rule 30(b)(6) depositions of the contract manufacturer of Talis One instruments and the lead underwriter for Talis's IPO.

In parallel, Defendants pursued discovery from Lead Plaintiff Dugan, who produced documents, responded to written discovery, and was deposed for a full day on October 27, 2023. Defendants also vigorously opposed Lead Plaintiff's motion for class certification, and in connection with class certification, the parties exchanged reports from three experts, each of whom was deposed.

On February 9, 2024, the Court certified a Class consisting of all persons or entities (with certain exceptions) who purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive, and were damaged thereby. (ECF No. 153.)

At the time of the Settlement, the parties were in the midst of expert discovery, having exchanged opening reports on July 26, 2024. (*See* ECF No. 173.)

**B.    The Parties' Mediation Efforts**

On March 14, 2024, following certification of the Class, the parties engaged in a full-day mediation session with Ms. Yoshida via Zoom. Prior to the March 14 session, the parties submitted and exchanged detailed mediation statements and exhibits. On March 14, the parties engaged in good faith, arm's-length negotiations supervised by Ms. Yoshida, but did not agree on a resolution.

In June 2024, the parties resumed settlement discussions. On July 30, 2024, the parties participated in a second full-day mediation session with Ms. Yoshida, held in person. Prior to the July 30 session, Lead Plaintiff submitted a supplemental mediation statement for exchange with Defendants and a further mediation statement for the mediator's eyes only. On July 30, the parties again engaged in good-faith, arm's-length negotiations and made progress, but did not agree on a resolution.

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 1:22-CV-00105-SI

5

After the July 30 session, negotiations continued under Ms. Yoshida's auspices. After further negotiations, including inquiry into Talis's financial condition, Ms. Yoshida presented a mediator's proposal to resolve the matter for $32.5 million in cash. The parties accepted the mediator's proposal on August 21, 2024, then negotiated a term sheet and the Stipulation.

**C.    The Proposed Settlement**

The terms of the proposed Settlement are set forth in the parties' Stipulation. In short, the settlement amount of $32.5 million in cash (the "Settlement Amount") will be paid by Talis and Defendants' director and officer liability insurers into interest-bearing escrow accounts within 30 days after entry of an order granting preliminary approval of the Settlement. (Stipulation ¶ 2.1.)

The Net Settlement Fund (*i.e.*, the Settlement Amount, plus accrued interest, minus Notice and Administration Costs, Taxes and Tax Expenses, and any Court-approved attorneys' fees, expenses, awards or other Court-approved deductions) will then be distributed to Settlement Class Members who submit valid Proof of Claim forms ("Authorized Claimants") in accordance with a plan of allocation to be approved by the Court.[4]

**III.    THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL**

**A.    Applicable Legal Standards**

"The Ninth Circuit maintains a 'strong judicial policy' that favors the settlement of class actions." *Hart v. Colvin*, No. 15-CV-00623-JST, 2016 WL 6611002, at *4 (N.D. Cal. Nov. 9, 2016) (quoting *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)). In the context of a class settlement, the Court must determine whether the settlement is "fundamentally fair, adequate and reasonable" under Rule 23(e). *Staton*, 327 F.3d at 959. Rule 23(e) provides that the Court should approve a class action settlement if the Court finds it "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

Judicial approval of a class action settlement is a two-step process. <u>First</u>, the Court performs a preliminary review of the terms of the proposed settlement to determine whether to send notice of the proposed settlement to the class. *See* Fed. R. Civ. P. 23(e)(1). <u>Second</u>, after

---

[4] Closely tracking the claims alleged, the claims to be released in the Settlement include the claims asserted in the Amended Complaint and certified for class treatment, and all claims arising out of or relating to Talis's IPO and trading or holding Talis common stock during the Class Period. *See* Stipulation ¶ 1.42.

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 1:22-CV-00105-SI

6

notice is provided and a hearing is held, the Court determines whether to grant final approval of the settlement. *See* Fed. R. Civ. P. 23(e)(2).

Under Rule 23(e)(1)(B), preliminary approval is warranted where the Court "will likely be able" to (i) grant final approval of the settlement under Rule 23(e)(2), and (ii) certify the settlement class. As discussed below, the proposed Settlement satisfies both requirements, and the enclosed Appendix (Kubota Decl. Ex. 3) provides cross-references for the items to address at preliminary approval under the Northern District's Procedural Guidance for Class Action Settlements.

**B.** **The Court "Will Likely Be Able to" Approve the Proposed Settlement, Satisfying Rule 23(e)(1)(B)(i)**

In determining settlement approval, Rule 23(e)(2), as amended in 2018, requires the Court to consider whether the settlement "is fair, reasonable, and adequate after considering whether:"

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Prior to the Rule 23 amendment, the Ninth Circuit provided similar factors for consideration, including "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; [and] the experience and views of counsel." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

**1.** **Co-Lead Counsel and Lead Plaintiff Have Adequately Represented the Class – Rule 23(e)(2)(A)**

Satisfying Rule 23(e)(2)(A)'s adequacy requirement, Lead Plaintiff and Co-Lead Counsel have vigorously pursued this action since appointment over two years ago, defeating Defendants' second motion to dismiss, achieving class certification, and securing relevant discovery to support the Class's claims and achieve a substantial settlement. The Court previously found Lead Plaintiff adequate in certifying the Class earlier this year (*see* ECF 153 at 6-13), and Lead Plaintiff's interest

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 1:22-CV-00105-SI

7

in obtaining the largest possible recovery is fully aligned with the Class. Lead Plaintiff has also protected the Class's interests by retaining and overseeing qualified and experienced counsel, including Co-Lead Counsel BFA.

### 2. The Settlement Is the Product of Arm's-Length Negotiations – Rule 23(e)(2)(B)

A settlement is presumed to be fair and reasonable when it is the "product of arms-length negotiations." *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2007 WL 1991529, at *6 (N.D. Cal. June 30, 2007). Courts have recognized that "[t]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." *Satchell v. Fed. Express Corp.*, No. 03-cv-2659, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007).

Here, the Settlement was only reached after the Court certified the Class and after two full-day mediation sessions and further negotiations under Ms. Yoshida's auspices. These extensive arm's-length negotiations—resulting in the issuance of a mediator's recommendation—confirm that the proposed settlement is the product of serious, informed, non-collusive negotiations. *See In re Fibrogen Sec. Litig.*, No. 3:21-cv-02623-EMC, ECF 244 ¶5(a) (N.D. Cal. Feb. 13, 2024) ("[T]he parties arrived at settlement after multiple rounds of mediation before Michelle Yoshida, Esq. . . . Ms. Yoshida is regularly recognized as an experienced mediator."); *Kendall v. Odonate Therapeutics*, 2022 WL 188364, at *6 (S.D. Cal. Jan. 18, 2022) ("serious, informed, and non-collusive negotiations" where parties "participated in a full day of voluntary mediation before Michelle Yoshida, Esq. of Phillips ADR Enterprises and an additional three weeks of negotiations before reaching an agreement to settle in principle").

In addition, settlements are presumptively fair if reached after relevant discovery has taken place. *See Linney v. Cellular Alaska P'ship*, No. C-96-3008 DLJ, 1997 WL 450064, at *5 (N.D. Cal. July 18, 1997) ("The involvement of experienced class action counsel and the fact that the settlement agreement was reached in arm's-length negotiations, after relevant discovery had taken place create a presumption that the agreement is fair."), *aff'd*, 151 F.3d 1234 (9th Cir. 1998).

Here, as summarized above, after defeating Defendants' second motion to dismiss, Lead Plaintiff engaged in over a year of extensive discovery that included securing over 865,000 pages of documents, taking 14 fact depositions of Defendants and non-parties, and serving opening

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 1:22-CV-00105-SI

8

expert reports on manufacturing and engineering issues, FDA regulatory matters, and damages. These efforts enabled Lead Plaintiff to make a well-informed assessment of the strengths and weaknesses of the case. The Settlement was not reached until days before the August 30, 2024 deadline for rebuttal expert reports, underscoring the advanced state of the litigation at the time.

### 3. The Proposed Settlement Provides Adequate Relief – Rule 23(e)(2)(C)

Rule 23(e)(2)(C) provides that the adequacy of relief should be assessed "taking into account:  (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)."

These factors are satisfied here. The non-reversionary, all-cash $32.5 million Settlement Amount represents between 20% and 72% of Plaintiff's estimated range of recoverable damages of $44.6 million to $162 million. The low end of this range, at 20% of maximum statutory damages, is nearly three times the median 7.5% recovery in Securities Act cases between 2014 and 2023.[5]  And if Defendants' negative causation defense had prevailed, constraining recoverable damages to at most $44.6 million under Plaintiff's estimate, the Settlement Amount would constitute a 72% recovery—nearly three-quarters of recoverable damages.[6]  The range of recovery here also compares favorably to securities class action settlements in this District.  *See, e.g.*, *Fibrogen*, ECF 244 ¶5(b) (granting preliminary approval where settlement recovered "approximately 3.4% to 6.4% of the maximum damages").

### a. The Costs, Risks, and Delay of Trial and Appeal

Talis's financial condition and the risks of further litigation confirm that the Settlement is fair, reasonable, and adequate.

As to Talis's financial condition, with no commercial product and no meaningful revenue source, Talis's cash position rapidly diminished during this action. By June 30, 2024, Talis's cash

---

[5] *See Cornerstone Research, Securities Class Action Settlements – 2023 Review and Analysis*, at 8, available at  https://www.cornerstone.com/wp-content/uploads/2024/03/Securities-Class-Action-Settlements-2023-Review-and-Analysis.pdf.

[6] $44.6 million is Plaintiff's estimate of damages after negative ecausation.  Defendants' position is that their negative causation defense would have foreclosed any recoverable damages if litigation had continued.

and cash equivalents had diminished to $59.9 million,[7] a figure that was significantly lower by the time of the Settlement in August 2024.  Talis warned in its most recent Form 10-Q that "the Company anticipates commencing a voluntary petition under Chapter 11 (the "Chapter 11 Case") of the United States Code (the "Bankruptcy Code") in the near future to seek resolution of all claims against the Company and an orderly liquidation of its assets and dissolution of the Company."[8]

Further litigation posed significant risks.  On the merits, Defendants vigorously denied any material misstatement or omission, and their negative causation defense threatened to foreclose the majority of statutory damages (or more).  Meanwhile, Talis's cash position continued to decrease during litigation, and defense costs had already significantly reduced the insurance available to Talis and the Individual Defendants.  In addition, a Talis Chapter 11 filing would, at minimum, trigger an automatic stay of the Class's strict liability claims against Talis, preventing those claims from reaching trial.  At the same time, additional expenses during a Chapter 11 proceeding would accelerate the depletion of Talis's cash and further constrain any possible recovery.

In short, Talis's financial condition and the real prospect of a near-term bankruptcy materially heightened the complexity and risk of further litigation.  Given these risks, the Settlement—which provides for Talis's payment of more than half of its remaining cash, and all of the remaining insurance available—is an exceptional result for the Class.

### b.    The Proposed Method for Distributing Relief Is Effective

As demonstrated below and in the supporting Declaration of Rochelle J. Teichmiller, the proposed method to distribute relief to the Settlement Class is effective, satisfying Rule 23(e)(2)(C)(ii).

The notice process resembles the previously approved procedure for disseminating notice of class certification (ECF 166) and includes direct mail notice to all those who can be identified with reasonable effort, including through nominees.  The Notice (Ex. A-1 to the Stipulation) is a

---

[7]  Talis Form 10-Q for the quarterly period ended June 30, 2024, at 2, available at https://investors.talisbio.com/static-files/0d97e096-a3c1-4d78-9654-074ef05fef4c

[8]  *Id.* at 14.

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 1:22-CV-00105-SI

10

postcard that contains all of the information required under the PSLRA and satisfies Rule 23 (*see infra* at III.D).  The postcard directs Settlement Class members to the case-specific website (https://www.talissecuritieslitigation.com) where they can submit claims electronically or download a copy of the Proof of Claim form (Ex. A-3 to the Stipulation).[9]  (*See* Teichmiller Decl. ¶13.)  The postcard also provides a toll-free phone number to contact the Claims Administrator and request a paper copy of the Proof of Claim.  (Stipulation Ex. A-1.)  The website also provides a Long-Form Notice (Ex. A-2 to the Stipulation) with additional detailed information, including in question-and-answer format, as well as copies of the Stipulation and other relevant documents.  (*See* Teichmiller Decl. ¶13; Stipulation Ex. A-2.)  Finally, in addition to direct mailing and the website, the notice program will include publication of the Summary Notice (Ex. A-4 to the Stipulation) in *The Wall Street Journal*, *Investor's Business Daily* and *PR Newswire*.  (Teichmiller Decl. ¶12.)

The current estimate calls for direct mailing of the Notice to about 20,000 potential Settlement Class members.  (Teichmiller Decl. ¶15.)  Accordingly, direct mailing of the Notice and electronic dissemination of the Long-Form Notice and Proof of Claim (with paper copies available on request) significantly reduces administrative costs without impacting effectiveness, thereby preserving more assets for distribution to Settlement Class Members.  (*Id.* ¶23.)

The claims administration process will follow established procedures in securities class actions.  Settlement Class Members must complete the Proof of Claim and provide the transaction information and documentation necessary to calculate their Recognized Claims pursuant to the Plan of Allocation (set forth in the Long-Form Notice).  Once the Claims Administrator has processed all claims, notified claimants of deficiencies or ineligibility, processed responses, and made claim determinations, the Claims Administrator will make distributions to Authorized Claimants.  If any funds remain in the Net Settlement Fund after the initial distributions, the Claims

---

[9] Providing the long-form notice and claim form online (with direct mail notice provided by postcard) has been approved under the PSLRA and Rule 23 in other securities class settlements in this District.  *See, e.g.*, *In re QuantumScape Sec. Litig.*, No. 21-CV-00058-WHO, 2024 WL 3491039, at *2 (N.D. Cal. July 18, 2024) (approving notice through "mailing and distribution of the Postcard Notice, the posting of the Notice and Claim Form online, and the publication of the Summary Notice").

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 1:22-CV-00105-SI

11

Administrator will conduct re-distributions until it is no longer cost-effective to do so.  Any remaining balance will be contributed to a non-profit, charitable organization after Court approval.

### c.    The Terms and Timing of Payment of Attorneys' Fees and Expenses Are Reasonable

The proposed Settlement does not contemplate any specific fee and expense award, but rather recognizes that BFA will seek Court approval of a separate fee and expense application to be paid from the Settlement Fund.  BFA's fee and expense application will be fully briefed via formal motion in accordance with the Preliminary Approval Order.

As stated in the Notice, BFA will seek fees of no more than 28% of the Settlement Fund. This amount is consistent with percentage fees that this Court and other courts in this District have regularly approved in securities class actions.  *See, e.g.*, *Moradpour v. Velodyne LIDAR, Inc.*, No. 3:21-cv-01486-SI, ECF 236 (N.D. Cal. Aug. 18, 2024) (Illston, J.) (awarding 28% fee in $27.5 million securities settlement); *Davis v. Yelp, Inc.*, No. 18-CV-00400-EMC, 2023 WL 3063823, at *2 (N.D. Cal. Jan. 27, 2023) (awarding 33.3% fee in $22.25 million securities settlement). Given the amount of work necessary to litigate this action through two motions to dismiss, class certification, fact discovery, and into expert discovery, resulting in millions of dollars in lodestar, the fee request will result in a reasonable multiplier below 2, well within the range commonly awarded.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002) (affirming multiplier of 3.65).  BFA will also seek litigation expenses in an amount not to exceed approximately $1,800,000, and an award to Lead Plaintiff pursuant to 15 U.S.C. § 77z-1(a)(4) of no more than $37,500.  BFA believes Lead Plaintiff's requested award is fully supported by his involvement throughout this litigation, including participating in discovery and a lengthy deposition, which will be set forth in greater detail in the fee and expense application.

### d.    Lead Plaintiff Has Identified All Agreements Made in Connection with the Proposed Settlement

In addition to the Stipulation, the parties have entered into a confidential Supplemental Agreement providing specified options to terminate the settlement if Persons who otherwise would be Members of the Settlement Class, and timely choose to exclude themselves, purchased more than a certain number of shares of Talis common stock during the Class Period.  (Stipulation ¶9.2.)

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 1:22-CV-00105-SI

12

As is standard in securities class action settlements, such agreements are not made public to avoid incentivizing individual class members to leverage the opt-out threshold to seek disproportionate individual settlements at the expense of the broader class.[10]  Pursuant to its terms, the Supplemental Agreement may be submitted to the Court for *in camera* review.

### 4.     The Plan of Allocation Treats Class Members Equitably – Rule 23(e)(2)(D)

The proposed Plan of Allocation, set forth in the Long-Form Notice, "treats class members equitably relative to each other," satisfying Rule 23(e)(2)(D).  Specifically, the Plan of Allocation, which was prepared with expert assistance, satisfies this requirement by allocating each Authorized Claimant their *pro rata* share of the Net Settlement Fund based on their recognized losses in transactions in Talis common stock.  Those recognized losses are calculated under the Plan of Allocation using share prices at the time of purchase and sale, consistent with Section 11's statutory formula.  The Plan of Allocation is fair, reasonable, and adequate, and comparable to plans approved in other securities class actions in this District.  *See, e.g.*, *Velodyne LIDAR*, ECF 235 (N.D. Cal. Aug. 19, 2024) (approving plan of allocation); *Fibrogen*, ECF 256 (N.D. Cal. May 28, 2024) (same).

### C.     The Court "Will Likely Be Able to" Certify the Proposed Settlement Class, Satisfying Rule 23(e)(1)(B)(ii)

The proposed Settlement Class is identical to the previously certified Class (*see* ECF 153) and consists of all persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive, and were damaged thereby.  (Stipulation ¶1.49.)[11]  The Court will be

---

[10] *See, e.g.*, *In re HealthSouth Corp. Sec. Litig.*, 334 F. App'x 248, 250 n.4 (11th Cir. 2009) ("The threshold number of opt outs required to trigger the blow provision is typically not disclosed and is kept confidential to encourage settlement and discourage third parties from soliciting class members to opt out.").

[11] Excluded from the Settlement Class are: (i) Defendants and any affiliates or subsidiaries thereof, (ii) present and former officers and directors of Talis and its subsidiaries or affiliates, and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant has or has had a controlling interest; (v) Talis's employee retirement and benefits plan(s); and (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories.  Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with the Preliminary Approval Order.

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 1:22-CV-00105-SI

13

able to certify the proposed Settlement Class because it meets each requirement for certification under Rules 23(a) and (b)(3), for the same reasons discussed in the Court's prior class certification order (ECF 153). In brief:

Numerosity – Rule 23(a)(1): The Settlement Class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Talis common stock traded on NASDAQ, and the Company issued nearly 16 million shares during the IPO. (ECF 153 at 5.)

Commonality – Rule 23(a)(2): This action presents "questions of law or fact common to" the Settlement Class, including whether the Registration Statement contained material false or misleading statements or material omissions. (ECF 153 at 5.)

Typicality – Rule 23(a)(3): Rule 23(a)(3) is satisfied because Lead Plaintiff's claims "are typical of the claims" of the Settlement Class. Like all Settlement Class Members, Lead Plaintiff purchased or acquired Talis common stock pursuant or traceable to the Registration Statement.

Adequacy – Rule 23(a)(4): Lead Plaintiff meets Rule 23(a)(4)'s "adequacy" requirement because he "will fairly and adequately protect the interests of the class."

Predominance and Superiority – Rule 23(b)(3): As is typical in securities class actions, "questions of law and fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3); *see also* ECF 153 at 13-14. Superiority is also satisfied. The Settlement Class consists of many geographically dispersed investors who may have small individual damages; Lead Plaintiff is not aware of any related actions seeking recovery for Class members; and concentrating the litigation in this Court has numerous benefits, including eliminating the risk of inconsistent adjudications. (*See* ECF 153 at 14-15.)

**D.** **The Notice Plan Satisfies Rule 23(e), Due Process, and the PSLRA**

Finally, the form and content of the Notice should be approved because they satisfy due process, the Federal Rules of Civil Procedure, and the PSLRA. Rule 23(e)(1) requires "notice in a reasonable manner to all class members who would be bound" by a proposed settlement, and Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 1:22-CV-00105-SI

14

Here, the Notice and Long-Form Notice (Exs. A-1 and A-2 to the Stipulation) are written in plain language and apprise Settlement Class members of the nature of the litigation, including the claims and issues involved; the definition of the Settlement Class; the terms of the proposed Settlement; that the Court will exclude any Settlement Class member who requests exclusion; the procedures and deadlines for exclusion requests and objections; and the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3)(B), among other disclosures.

The Notice and Long-Form Notice also satisfy the PSLRA's disclosure requirements for securities class settlements. *See* 15 U.S.C. § 77z-1(a)(7). Specifically, they disclose:

1. the amount of the settlement on an aggregate and per-security basis (Notice at 1-2; Long-Form Notice at 1), satisfying 15 U.S.C. § 77z-1(a)(7)(A);

2. the issues about which the parties disagree (Notice at page 2; Long-Form Notice at 2, 5), satisfying 15 U.S.C. § 77z-1(a)(7)(B)(ii);

3. the maximum amount of attorneys' fees and litigation expenses that BFA will seek (including on a per-share basis) (Notice at 2; Long-Form Notice at 2, 11), satisfying 15 U.S.C. § 77z-1(a)(7)(C);

4. the name, mailing address, and telephone number of the Claims Administrator and/or BFA, who will be available to answer questions from Settlement Class Members (Notice at 1-2; Long-Form Notice at 3, 14), satisfying 15 U.S.C. § 77z-1(a)(7)(D); and

5. a brief statement explaining the reasons why the parties are proposing the settlement (Notice at 2; Long-Form Notice at 6), satisfying 15 U.S.C. § 77z-1(a)(7)(E).

The notice plan, which is similar to the previously approved procedure for disseminating notice of class certification (ECF 166), should also be approved. The proposed Claims Administrator, A.B. Data, was previously approved by the Court to serve as the Notice Administrator. (*Id.*) A.B. Data was selected by BFA to serve as Notice and Claims Administrator following a competitive bidding process during which four firms submitted proposals. A.B. Data was chosen based on an assessment of their offered rates, experience, and proven track record. Other than in connection with this action, BFA has retained A.B. Data in one other matter in the past two years. (Teichmiller Decl. ¶6.) A.B. Data currently estimates that expenses related to claims administration will not exceed $225,000. (*Id.* ¶16.)

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 1:22-CV-00105-SI

15

If preliminary approval is granted, the Claims Administrator will disseminate the Notice to all identified potential Settlement Class Members. To do so, it will utilize a list from Defendants' securities transfer agent of all persons who purchased or otherwise acquired Talis common stock during the Class Period, as well as all persons on A.B. Data's proprietary list of banks, brokerage firms, and nominees. In addition, A.B. Data will publish the Summary Notice in *The Wall Street Journal* and *Investor's Business Daily*, and on *PR Newswire*. A.B. Data will also post the Notice, Long-Form Notice, Proof of Claim, and other materials on the Settlement Website.

The proposed combination of mail, publication, and electronic notice satisfies Rule 23(c)(2)(B). *See, e.g.*, *In re MGM Mirage Sec. Litig.*, 708 F. App'x 894, 897 (9th Cir. 2017). This Court and others in this District have approved class notice plans, like that proposed here, that use direct mail, press releases, and posting of notice information on a dedicated website. *See, e.g.*, *Velodyne LIDAR*, ECF 227 ¶¶4-7 (N.D. Cal. April 23, 2024) (approving notice plan and finding that procedures for notice, including mailing individual notice, publication notice, and website, satisfy Rule 23 and PSLRA and constitute best notice practicable); *In re HP Sec. Litig.*, No. 3:12-cv-05980-CRB, 2015 WL 4477936, at *2 (N.D. Cal. July 20, 2015) (same).[12]

## IV.    PROPOSED SCHEDULE OF SETTLEMENT EVENTS

If the Court grants preliminary approval of the proposed Settlement, Lead Plaintiff respectfully proposes the schedule below for settlement-related events. The timing of each event is determined by the date the Preliminary Approval Order is entered and the date of the Final Approval Hearing.

| EVENT | DEADLINE |
|---|---|
| Deadline for A.B. Data to commence mailing of the Notice to Settlement Class Members (the "Notice Date") and to post copies of the Notice, Long-Form Notice, Proof of Claim, Stipulation, and its exhibits to the Settlement Website (www.TalisSecuritiesLitigation.com) | 21 calendar days from entry of the Preliminary Approval Order (Proposed Order ¶8(a)) |

---

[12] The Stipulation also requires Defendants to comply with Class Action Fairness Act ("CAFA") notice requirements, including by serving the notice required under 28 U.S.C. § 1715 within five (5) days of this filing, and to file proof of compliance with CAFA with the Court at least thirty-five (35) calendar days prior to the Final Approval Hearing. Stipulation ¶11.3. The Parties are not aware of any other required notices to government entities or others.

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 1:22-CV-00105-SI

16

| EVENT | DEADLINE |
|---|---|
| Deadline for A.B. Data to publish the Summary Notice in a national news publication and over a national newswire service | 14 calendar days from the Notice Date (Proposed Order ¶8(b)) |
| Deadline to submit written requests for exclusion | 45 calendar days from Notice Date (Proposed Order ¶12) |
| Deadline to submit Proof of Claim | 90 calendar days from Notice Date (Proposed Order ¶11(a)) |
| Deadline for motions for final approval of the Settlement, Plan of Allocation, and for attorneys' fees and expenses | 35 calendar days prior to the Final Approval Hearing (Proposed Order ¶15) |
| Deadline for objections and statements of intention to appear at the Final Approval Hearing | 21 calendar days prior to the Final Approval Hearing (Proposed Order ¶13(a)) |
| Deadline for replies to any Objections | 7 calendar days prior to the Final Approval Hearing (Proposed Order ¶15) |
| Deadline for Co-Lead Counsel to file with the Court proof of mailing and publication of the Notice, Long-Form Notice, Proof of Claim, Summary Notice, and Stipulation and its exhibits | 14 calendar days prior to the Final Approval Hearing (Proposed Order ¶8(c)) |
| Final Approval Hearing | No earlier than 90 days from the entry of the Preliminary Approval Order (Proposed Order ¶4) |

## V.    CONCLUSION

For the foregoing reasons, Class Representative respectfully requests that the Court grant preliminary approval of the Proposed Settlement, enter the Preliminary Approval Order, and schedule the Final Approval Hearing.


Dated: October 1, 2024                                Respectfully submitted,


By: /s/ Joseph A. Fonti
**BLEICHMAR FONTI & AULD LLP**
Joseph A. Fonti (*pro hac vice*)
jfonti@bfalaw.com
Evan A. Kubota (*pro hac vice*)
ekubota@bfalaw.com
300 Park Avenue, Suite 1301
New York, New York 10022
Tel: (212) 789-1340
Fax: (212) 205-3960

– and –

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 1:22-CV-00105-SI

17

Lesley E. Weaver (Bar No. 191305)
lweaver@bfalaw.com
1330 Broadway, Suite 630
Oakland, California 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020

*Counsel for Lead Plaintiff Martin Dugan and Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (Bar No. 290685)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Martin Dugan*

**POMERANTZ LLP**
Jennifer Pafiti (Bar No. 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

Jeremy A. Lieberman (*pro hac vice* application forthcoming)

J. Alexander Hood II (*pro hac vice*)
James M. LoPiano (*pro hac vice*)
Jonathan D. Park (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com
jpark@pomlaw.com

*Additional Counsel for the Class*

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
CASE NO. 1:22-CV-00105-SI

18