# EXHIBIT 1

COOLEY LLP
Patrick E. Gibbs (183174)
(pgibbs@cooley.com)
Shannon M. Eagan (212830)
(seagan@cooley.com)
Jessie Simpson LaGoy (305257)
(jsimpsonlagoy@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

Zachary Sisko (*appearance pro hac vice*)
(zsisko@cooley.com)
500 Boylston Street, 14th Floor
Boston, Massachusetts 02116-3736
Telephone:    +1 617 937 2300
Facsimile:    +1 617 937 2400

*Attorneys for Defendants Talis Biomedical Corporation,*
*Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond*
*Cheong, Melissa Gilliam, Rustem F. Ismagilov,*
*Kimberly J. Popovits, Matthew L. Posard, and Randal*
*Scott*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **STIPULATION AND AGREEMENT OF SETTLEMENT** |
| ALL ACTIONS | Judge:        Hon. Susan Illston |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated September 30, 2024 (the "Stipulation" or "Settlement"), is entered into by and among the following parties to the above-captioned action (the "Action") by and through their counsel of record in the Action: (a) Martin Dugan, as court-appointed lead plaintiff and class representative ("Lead Plaintiff" or "Class Representative"), on behalf of himself and the Settlement Class (defined below); (b) (i) defendant Talis Biomedical Corporation ("Talis" or the "Company"); and (ii) defendants Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott (the "Individual Defendants"; together with Talis, the "Defendants"; and together with Lead Plaintiff, the "Parties") and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and the Released Claims (as defined below).

## I.    THE ACTION

### A.    The Pleading Stage and Overview of Plaintiff's Claims

The original complaints in this Action were filed in January and February 2022.[2]  On June 3, 2022, the Court consolidated those actions, appointed Martin Dugan, Leon Yu, and Max Wisdom Technology Limited as co-lead plaintiffs[3], and approved co-lead plaintiffs' selection of co-lead counsel (ECF No. 15).

On July 1, 2022, co-lead plaintiffs filed the Consolidated Class Action Complaint (the "Consolidated Complaint"), asserting claims under Sections 11 and 15 the Securities Act of 1933 (the "Securities Act") and under Sections 10(b) and 20(a) of the Exchange Act of 1934 (ECF No. 74). Defendants moved to dismiss the Consolidated Complaint on August 8, 2022 (ECF No. 83);

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

[2] The original complaint in this Action, filed January 7, 2022, asserted a claim under Section 11 of the Securities Act against the Underwriters.  The subsequent complaints did not assert any claims against the Underwriters.

[3] On November 30, 2023, Yu and Max Wisdom Technology Ltd. withdrew as co-lead plaintiffs, leaving Dugan as the sole remaining Lead Plaintiff.  (ECF No. 131.)

co-lead plaintiffs filed their opposition on September 16, 2022 (ECF No. 88); and Defendants filed their reply on October 14, 2022 (ECF No. 91). The Court heard oral argument on November 4, 2022, and on December 9, 2022, the Court dismissed the Consolidated Complaint with leave to amend (ECF No. 101).

On January 13, 2023, co-lead plaintiffs filed the Amended Consolidated Class Action Complaint ("Amended Complaint") (ECF No. 104). The Amended Complaint asserts claims under Section 11 of the Securities Act against Defendants and under Section 15 of the Securities Act against the Individual Defendants, on behalf of all persons and entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the Registration Statement issued in connection with the Company's February 2021 initial public offering, and were allegedly damaged thereby. In particular, the Amended Complaint alleges that the Registration Statement contained materially false and misleading statements, and material omissions in violation of Items 303 and 105 of SEC Regulation S-K, regarding the Talis One.

On February 17, 2023, Defendants moved to dismiss the Amended Complaint (ECF No. 107). Co-lead plaintiffs filed their opposition on March 24, 2023. (ECF No. 109.) On April 14, 2023, Defendants filed their reply. (ECF No. 112.) On April 28, 2023, the Court denied Defendants' motion to dismiss the Amended Complaint (ECF No. 115).

Defendants filed their Answer to the Amended Complaint on May 12, 2023 (ECF No. 117) and their First Amended Answer to the Amended Complaint on December 7, 2023 (ECF No. 134).

**B.    Discovery Proceedings**

Over the course of the Action, Lead Plaintiff sought discovery from Defendants, as well as several third parties. Defendants sought discovery from co-lead plaintiffs. Specifically, co-lead plaintiffs served their First Requests for Production of Documents to Defendants on May 11, 2023 and their First Set of Interrogatories to Talis on June 24, 2023. Defendants served their First Set of Requests for Production of Documents and their First Set of Interrogatories to co-lead plaintiffs on August 18, 2023 and their Second Set of Requests for Production of Documents on September 15, 2023. On October 20, 2023, co-lead plaintiffs served their Second Requests for Production of Documents to Defendants and their Second Set of Interrogatories to Talis. On November 3, 2023,

1   Defendants served their Second Set of Interrogatories to co-lead plaintiffs.  On December 6, 2023,

2   Lead Plaintiff served his Third Set of Requests for Production of Documents.  On May 7, 2024,

3   Lead Plaintiff served his First Set of Requests for Admission.  On May 13, 2024, Defendants served

4   their Third Set of Interrogatories and First Set of Requests for Admission to Lead Plaintiff.

5       Between September 2023 and January 2024, Lead Plaintiff also issued third party

6   subpoenas to Zollner Electronics, Inc., BofA Securities, Inc., J.P. Morgan Securities LLC,

7   Torchiana, Inc., DeWitte P. Hoff, Cambria Regulatory Consulting, Inc., Baker Bros. Advisors LP,

8   CapLinked, Inc., Broadridge Financial Solutions, Inc., Depository Trust & Clearing Corporation,

9   and Financial Industry Regulatory Authority.

10      Over the course of many months, the Parties engaged in extensive correspondence and

11  numerous meet-and-confer sessions over search terms and custodians for their respective document

12  searches and productions.  The Parties also produced numerous documents in response to the

13  aforementioned document requests, with Defendants producing over 170,000 documents covering

14  more than 780,000 pages of documents from 27 different custodians.

15      The Parties also took 18 depositions between October 2023 and the close of fact discovery

16  on June 12, 2024.   Specifically, Defendants took the deposition of Lead Plaintiff and two of his

17  class certification experts.  Lead Plaintiff deposed Defendants' class certification expert, each

18  Individual Defendant, three former employees of Talis, and two third parties.

19      **C.    Class Certification**

20      On October 13, 2023, co-lead plaintiffs filed their Motion for Class Certification, attaching

21  the expert report of Zachary Nye, Ph.D.  (ECF No. 126, 127-1.)  Defendants took the deposition of

22  Lead Plaintiff Martin Dugan on October 27, 2023 and the deposition of Dr. Nye on December 8,

23  2023.  On November 30, 2023, then-co-lead plaintiffs Leon Yu and Max Wisdom Technology

24  Limited withdrew as lead plaintiffs, leaving Martin Dugan as the sole Lead Plaintiff.  (ECF No.

25  131.)  Defendants filed their Opposition to the Motion for Class Certification on December 12,

26  2023.  (ECF No. 136.)  On January 12, 2024, Lead Plaintiff filed his reply in support of class

27  certification, attaching the expert report of Joshua Mitts, Ph.D.  (ECF No. 137, 138-1.)  On January

28  19, 2024, Defendants objected to certain evidence filed in support of Lead Plaintiff's class

Cooley LLP

4

certification reply brief. (ECF No. 141.) On January 24, 2024, the Parties stipulated to Defendants' filing of a sur-reply in support of their class certification opposition brief. (ECF No. 142.) Defendants took the deposition of Dr. Mitts on January 29, 2024. On February 2, 2024, Defendants filed their sur-reply, attaching the expert rebuttal report of Mr. Jack R. Wiener. (ECF No. 149, 149-3). Lead Plaintiff took the deposition of Mr. Wiener on February 5, 2024 and objected to certain evidence filed in support of Defendants' sur-reply on February 6, 2024. (ECF No. 151.)

On February 9, 2024, the Court conducted a hearing on Plaintiff's motion for class certification. The same day, the Court granted the motion. (ECF No. 153.) In the order, the Court appointed Lead Plaintiff as Class Representatives and Co-Lead Counsel as Co-Class Counsel, and certified a class of persons or entities that purchased or acquired Talis common stock pursuant and/or traceable to the Registration Statement between February 11, 2021 and August 11, 2021. *Id.* While Lead Plaintiff had moved to certify a class through January 7, 2022, the Parties disputed whether shares purchased or acquired after August 11, 2021 (when Talis' IPO lock-up expired) were traceable to the Registration Statement. In its order, the Court only certified a class between February 11, 2021 and August 11, 2021, noting that during that time period, there were no issues with tracing. *Id.* The Court held that Lead Plaintiff could renew his request for certification regarding the latter time period if he could later demonstrate that tracing was possible on a classwide basis. *Id.*

### D. Mediation and Settlement Negotiations

On March 14, 2024, the Parties and Defendants' directors' and officers' liability insurance carriers participated in all-day virtual mediation session with mediator Michelle Yoshida of Phillips ADR. Prior to the mediation, each side submitted comprehensive mediation statements setting forth their respective positions on various legal and factual issues, which included detailed information obtained through the extensive discovery process. During the mediation, the Parties provided their respective views on liability and damages, including "negative causation" issues. At the conclusion of the mediation, the Parties were at an impasse and agreed to continue litigation efforts. No further settlement negotiations were scheduled.

In June 2024, while active litigation remained ongoing, the Parties resumed settlement discussions, which included numerous telephonic and video conferences, and an in-person meeting in Chicago.  The Parties re-engaged Ms. Yoshida in July 2024 and held a follow-up all-day mediation session in person in Chicago on July 30, 2024.  Again, the Parties set forth their respective positions and exchanged several offers and counter-offers.  While no agreement was reached during the formal session, Ms. Yoshida continued her active role in attempting to bring the Parties together for a resolution, and the Parties continued to exchange additional offers and counteroffers.  Ultimately, these discussions culminated in a mediator's proposal for $32.5 million, which the Parties accepted on August 21, 2024.

## II.     CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Based on Lead Plaintiff's evaluation, Lead Plaintiff and his counsel have determined that the terms set forth in this Stipulation are fair, reasonable, adequate, and in the best interests of the Settlement Class.  Based upon their investigation and prosecution of the case, Lead Plaintiff believes that the claims asserted in the Action have merit and that the evidence developed to date supports those claims.  The Stipulation shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff or any of the Settlement Class Members that any of their claims are without merit, that any defenses asserted by Defendants have merit, or that the damages recoverable in the Action would not have exceeded the Settlement Fund (as defined herein).  However, Lead Plaintiff recognizes and acknowledges the potential expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals.

Lead Plaintiff has also taken into account the uncertain outcome and risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays of such litigation.  Furthermore, Lead Plaintiff took into account Defendants' ability to pay a more sizable settlement, particularly in light of Defendants' wasting directors' and officers' liability insurance policy and the Company's current financial condition.  Lead Plaintiff is also mindful of the inherent difficulties of proof associated with, and possible defenses to, the securities law violations asserted

in the Action.  Lead Plaintiff believes that the terms set forth in this Stipulation confer substantial benefits upon the Settlement Class.

### III.     DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Throughout this Action, Defendants have denied, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants have denied, and continue to deny, the allegations that any statements in the Registration Statement were false and misleading, or that Lead Plaintiff or any Settlement Class Member has suffered damages or was harmed by any of the conduct alleged in the Action or that could have been alleged as part of the Action.  Defendants maintain that they have meritorious defenses to all claims in the Action.

Although Defendants continue to believe the claims asserted against them in the Action are without merit, they have agreed to enter into the Settlement Agreement set forth in this Stipulation solely to avoid the expense, distraction, time, and uncertainty associated with the Action.  Having taken into account the risks inherent in any litigation, especially in complex cases such as this Action, Defendants have concluded that it is desirable and beneficial that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

### IV.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiff (on behalf of himself and the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e), that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Claims as against the Released Defendant Parties and all Released Defendants' Claims as against the Released Plaintiff Parties shall be settled and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth below.

#### 1.     <u>Definitions</u>

As used in this Stipulation and any exhibit attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

COOLEY LLP

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 22-CV-00105-SI

1.1.    "Action" means the consolidated securities class action entitled *In re Talis Biomedical Securities Litigation*, Case No. 22-cv-00105-SI, pending in the United States District Court for the Northern District of California before the Honorable Susan Illston.

1.2.    "Alternative Judgment" means a form of final judgment that may be entered by the Court herein that is not materially different from the Judgment provided for in this Stipulation.

1.3.    "Amended Complaint" means the Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws filed by Lead Plaintiff on January 13, 2023 (ECF No. 104).

1.4.    "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

1.5.    "Claim" means a Proof of Claim Form or electronic claim submitted to the Claims Administrator.

1.6.    "Claim Form" or "Proof of Claim Form" means in the form attached hereto as Exhibit A-3, or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action and approved by the Court, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

1.7.    "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

1.8.    "Claims Administrator" means A.B. Data, Ltd., the firm retained by Lead Plaintiff and Co-Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

1.9.    "Co-Class Counsel" or "Co-Lead Counsel" means Bleichmar Fonti & Auld LLP ("BFA") and Pomerantz LLP.

1.10.    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

1.11.   "Court" means the United States District Court for the Northern District of California.

1.12.   "Defendants" means Talis and the Individual Defendants.

1.13.   "Defendants' Counsel" means Cooley LLP.

1.14.   "D&O Insurers" means Defendants' directors' and Officers' liability insurance carriers: Berkley Insurance Company, XL Specialty Insurance Company, Hudson Insurance Group, and National Union Fire Insurance Company of Pittsburgh, Pa.

1.15.   "Effective Date," or the date upon which the Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶ 8.1 of this Stipulation have been met, have occurred, or have been waived.

1.16.   "Escrow Accounts" means the interest-bearing escrow accounts established by the Escrow Agents pursuant to ¶ 2.1 of this Stipulation wherein the Settlement Amount shall be deposited and held in escrow under the control of Co-Class Counsel.

1.17.   "Escrow Agents" means The Huntington National Bank and Esquire Bank, National Association.

1.18.   "Escrow Agreements" means the agreements between Lead Counsel BFA and the Escrow Agents setting forth the terms under which the Escrow Agents shall maintain the Escrow Accounts.

1.19.   "Final," with respect to the Judgment or, if applicable, the Alternative Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, i.e., thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys'

fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

1.20.    "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.   As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

1.21.    "Individual Defendants" means Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott.

1.22.    "IPO" or "Initial Public Offering" means the public offering, pursuant to the Registration Statement, of Talis common stock that commenced on February 11, 2021 and closed on February 17, 2021.

1.23.    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement, as well as any final judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B and where none of the Parties elects to terminate this Settlement by reason of such variance, consistent with the terms of this Stipulation.

1.24.    "Lead Plaintiff" means Martin Dugan.

1.25.    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action for which Co-Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

1.26.    "Long-Form Notice" means the Long-Form Notice of Pendency and Proposed Settlement of Class Action, in the form attached hereto as Exhibit A-2, or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action and approved by the Court, which is to be disseminated via the Settlement website.

1.27.    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the

Court; (iv) any attorneys' fees awarded by the Court; and (v) other Court-approved deductions, including any award to Lead Plaintiff pursuant to the PSLRA.

1.28.    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, in the form attached hereto as Exhibit A-1, or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action and approved by the Court, which is to be mailed to Settlement Class Members.

1.29.    "Notice and Administration Costs" means the reasonable costs, fees and expenses that are actually incurred by the Claims Administrator and/or Co-Lead Counsel in connection with: (i) providing notice of the Settlement to the Settlement Class, including posting Notices by mail, publication, and other means of locating potential Settlement Class Members; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Accounts.

1.30.    "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

1.31.    "Parties" means Defendants and Lead Plaintiff, on behalf of themselves and the Settlement Class.

1.32.    "Plaintiff's Counsel" means Co-Lead Counsel and The Schall Law Firm.

1.33.    "Plan of Allocation" means the proposed plan or formula for allocation of the Net Settlement Fund to Authorized Claimants as set forth in the Long-Form Notice.  Any Plan of Allocation is not part of the Stipulation, and Released Defendant Parties shall have no responsibility for the Plan of Allocation or its implementation and no liability with respect thereto.  Any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Judgment or any other orders entered by the Court pursuant to this Stipulation.

1.34.    "Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class, in the form attached hereto as Exhibit A, or in such other form as approved by the Court.

1.35.   "Prospectus" has the meaning set forth in ¶ 1.37.

1.36.   "PSLRA" means the Private Securities Litigation Reform Act of 1995, including 15 U.S.C. § 78u-4 and 15 U.S.C. § 77z-1, as amended.

1.37.   "Registration Statement" means the Registration Statement on Form S-1 originally filed by Talis with the SEC on January 22, 2021 and the amendments thereto filed on Form S-1/A, which was declared effective on February 11, 2021, and any documents incorporated therein, including the final prospectus filed by Talis on Form 424B4 with the SEC on February 12, 2021 (the "Prospectus").

1.38.   "Related Persons" means (i) with respect to Defendants,  Defendants' Counsel, D&O Insurers, and Underwriters, and each of their respective current and former Officers, directors, agents, parents, members, partners, principals, controlling shareholders, advisors (including financial or investment advisors), auditors, accountants, consultants, underwriters, affiliates, subsidiaries, predecessors, successors, advisors, trustees, insurers, reinsurers, assigns, assignees, employees, and attorneys, in their capacities as such; and (ii) with respect to the Individual Defendants, their respective spouses, Immediate Family members, heirs, successors, executors, estates, administrators, attorneys, agents, accountants, insurers or reinsurers, personal representatives, trusts, community property, and any other entity in which any of them has a controlling interest.

1.39.   "Released Claims" means all Released Defendants' Claims and all Released Plaintiff's Claims.

1.40.   "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement, (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court, or (iii) any claims that may be asserted derivatively against any Defendant and/or their Related Persons.

1.41.   "Released Defendant Parties" means each and all Defendants, Defendants' Counsel, D&O Insurers, Underwriters, and their respective Related Persons.

1.42.   "Released Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiff or any other member of the Settlement Class asserted in the Action, and/or could have asserted in any forum, that arise out of, relate to, or are based upon both (i) the allegations, acts, transactions, facts, events, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action, including all claims arising out of or relating to Talis' IPO, and (ii) the solicitation, purchase, holding, disposition, and/or acquisition of any shares of Talis common stock during the period February 11, 2021 through August 11, 2021, inclusive. Released Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

1.43.   "Released Plaintiff Parties" means Lead Plaintiff, all former plaintiffs in the Action, Plaintiffs' Counsel, and all other Settlement Class Members, as well as each of their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

1.44.   "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

1.45.   "Releases" means the releases set forth in ¶¶ 4.2–4.4 of this Stipulation.

1.46.   "SEC" means the Securities and Exchange Commission.

1.47.   "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

1.48.   "Settlement Amount" means thirty-two million five hundred thousand U.S. dollars ($32,500,000.00) in cash.

Cooley LLP

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 22-CV-00105-SI

1.49.    "Settlement Class" or "Class" means "All persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive, and were damaged thereby. Excluded from the Class are (i) Defendants and any affiliates or subsidiaries thereof, (ii) present and former officers and directors of Talis and its subsidiaries or affiliates, and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant has or has had a controlling interest; (v) Talis's employee retirement and benefits plan(s); and (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories." (ECF No. 153.)  Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with the Preliminary Approval Order.

1.50.    "Settlement Class Member(s)" or "Member(s)" means members of the Settlement Class.

1.51.    "Settlement Fund" means the Settlement Amount together with interest earned thereon.

1.52.    "Settlement Hearing," "Settlement Fairness Hearing" or "Final Approval Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.53.    "Stipulation" or "Settlement Agreement" means this Stipulation of Settlement, including the recitals and exhibits hereto (the "Exhibits"), each of which is incorporated by reference as though set forth in the Stipulation itself.

1.54.    "Summary Notice" means the Summary Notice of the (i) Proposed Settlement, (ii) Plan of Allocation, (iii) Final Approval Hearing; and (iv) application for attorneys' fees and Litigation Expenses, in the form attached hereto as Exhibit A-4, to be published as set forth in the Preliminary Approval Order, or in such other form as may be approved in writing by all of the

Parties acting by and through their respective counsel of record in the Action and approved by the Court.

1.55. "Tax" or "Taxes" means: (i) all federal, foreign, state and/or local taxes of any kind, fees, levies, duties, tariffs, imposts and other charges of any kind (including any estimated taxes, interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Co-Lead Counsel and/or the Escrow Agents in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

1.56. "Tax Expenses" means any expenses and costs incurred in connection with the calculation and payment of Taxes or the preparation of tax returns and related documents including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶¶ 2.8 and 2.9.

1.57. "Termination Notice" has the meaning set forth in ¶ 9.1.

1.58. "Underwriters" means collectively J.P. Morgan Securities LLC, BofA Securities, Inc., Piper Sandler & Co., and BTIG, LLC.

1.59. "Unknown Claims" means any Released Plaintiff's Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant or any other Released Defendant Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement, including but not limited to, whether or not to object to this Settlement or to the release of any Released Claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Released Plaintiff Parties and Released Defendant Parties shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law or

foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Released Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims but they are, notwithstanding this potential, entering into the Stipulation and intend it to be a full, final, and permanent resolution of the Released Claims and this Action. Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Released Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## 2.    The Settlement

### a.    The Settlement Fund

2.1    Subject to the terms of this Stipulation, Defendants shall cause the Settlement Amount to be paid into the Escrow Accounts designated by the Escrow Agents within thirty (30) days of (i) preliminary approval of the Settlement in the District Court, or (ii) if Talis commences a case under Title 11 of the United States Code (the "Bankruptcy Case") in accordance with Section 12 of this Agreement, entry of an order of the Bankruptcy Court confirming a plan that implements the settlement described herein (or entry of a separate Bankruptcy Court order granting preliminary approval of the Settlement, if earlier), in each case provided that Talis has received all information necessary to effectuate a transfer of funds, including the bank name and ABA routing number, as well as verbal confirmation of such information for fraud protection purposes, and a signed W-9.

2.2    Until the Settlement Amount is deposited into the Escrow Accounts, Talis agrees to maintain no less than $27.5 million, for the purpose of funding the Settlement Amount, in a nonoperating account that is separate from the account that Talis uses for operations.

2.3    Defendants and/or XL Specialty Insurance Company's failure to timely pay the Settlement Amount shall result in the accrual of interest on any unpaid amount at the then-current rate of interest on the T-bill maturing 90 days after the payment date.

2.4    The payments described in ¶ 2.1 (and the cost of compliance with any Class Action Fairness Act notice requirements, described in ¶ 11.3) are the only payments to be made by or on behalf of any and all of the Released Defendant Parties in connection with this Settlement. All fees, costs, and expenses incurred by or on behalf of Lead Plaintiff and members of the Settlement Class associated with this Settlement, including, but not limited to, (a) any Taxes or Tax Expenses; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) other Court-approved deductions, shall be paid from the Settlement Fund, and in no event shall any Released Defendant Party bear any responsibility or liability for any such fees, costs, or expenses.

b.    **Use of Settlement Fund**

2.5    Subject to the terms and conditions of this Stipulation and the Settlement, the Settlement Fund shall be used to pay: (a) any Taxes or Tax Expenses; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any award to Lead Plaintiff pursuant to the PSLRA. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 6.1–6.15 below, or as otherwise ordered by the Court.

2.6    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Accounts prior to the Effective Date. All funds held by the Escrow Agents shall be deemed to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation or further order(s) of the Court. At the written direction of Lead Counsel BFA, the Escrow Agents shall invest the Settlement Fund exclusively in United States Agency or Treasury securities or other instruments backed by the full faith and credit of the United States Government or an agency thereof, or fully insured by the Federal Deposit Insurance Corporation or the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as

1  they mature in other such instruments at their then-current market rates.  All risks related to the

2  investment of the Settlement Fund shall be borne by the Escrow Agents, and the Released

3  Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect

4  to any investment decisions or actions taken, or any transactions executed by, the Escrow Agents.

5         2.7      The Escrow Agents shall not disburse the Settlement Fund except as provided in the

6  Stipulation or by an order of the Court.

7         2.8      The Parties agree that the Settlement Fund is intended to be a Qualified Settlement

8  Fund within the meaning of Treasury Regulation § 1.468B-1 and that Co-Lead Counsel, as

9  administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3),

10  shall be solely responsible for filing or causing to be filed all informational and other tax returns as

11  may be necessary or appropriate (including, without limitation, the returns described in Treasury

12  Regulation § 1.468B-2(k)) for the Settlement Fund.  Co-Lead Counsel shall also be responsible for

13  causing payment to be made from the Settlement Fund of any Taxes owed with respect to the

14  Settlement Fund.  The Released Defendant Parties shall not have any liability or responsibility for

15  any such Taxes.  Upon written request, Defendants will provide to Co-Lead Counsel the statement

16  described in Treasury Regulation § 1.468B-3(e).  Co-Lead Counsel, as administrators of the

17  Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make

18  such elections as are necessary or advisable to carry out this paragraph, including, as necessary,

19  making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the

20  Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or

21  cause to be taken all actions as may be necessary or appropriate in connection therewith.  Such

22  elections shall be made in compliance with procedures and requirements contained in such

23  regulations.  It shall be the responsibility of Co-Lead Counsel to timely and properly prepare and

24  deliver the necessary documentation for signature by all necessary parties, and thereafter to cause

25  the appropriate filing to timely occur.

26         2.9      All Taxes and Tax Expenses shall be paid out of the Settlement Fund, and shall be

27  timely paid by the Escrow Agents pursuant to the disbursement instructions to be set forth in the

28  Escrow Agreements, and without further order of the Court.  Any tax returns prepared for the

Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Released Defendant Parties shall have no responsibility or liability for the acts or omissions of the Claims Administrator, the Escrow Agents, Co-Lead Counsel, or their agents with respect to the payment of Taxes, as described herein, or the filing of any tax returns or other documents in connection with the Settlement Fund.

2.10    The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Released Defendant Party, or any person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund. In no instance shall any Released Defendant Party be required to pay any amount other than as specified in ¶ 2.1 and ¶ 11.3.

2.11    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Co-Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, reasonable Notice and Administration Costs actually incurred and paid or payable. Subsequent to the Effective Date, Co-Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, reasonable Notice and Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agents. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to any of the

Released Defendant Parties, or any person or entity who or which paid any portion of the Settlement Amount.

### 3. Class Certification and Preliminary Approval Order

3.1    Solely for the purposes of the Settlement and for no other purpose, the Parties stipulate and agree to certify the Settlement Class.

3.2    As soon as practicable after execution of the Stipulation, and on or before September 12, 2024, Lead Plaintiff shall file the Stipulation (together with its exhibits) and motion for preliminary approval of the Settlement.  Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for entry of the Preliminary Approval Order, in the form attached hereto as Exhibit A, approval for mailing the Notice in the form of Exhibit A-1 attached hereto, approval for disseminating the Long-Form Notice in the form of Exhibit A-2 attached hereto, and approval for publication of the Summary Notice in the form of Exhibit A-4 attached hereto, or for each, in such other forms as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action and approved by the Court.  In addition, Lead Plaintiff's motion shall request the scheduling of a hearing for consideration of final approval of the Settlement.

### 4. Release of Claims

4.1    The satisfaction of the obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as against Released Defendant Parties and as to any and all Released Claims.

4.2    Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, the Released Plaintiff Parties shall be deemed to have, and by operation of the Judgment (or, if applicable, the Alternative Judgment) shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiff's Claims against each and every one of the Released Defendant Parties. Upon the Effective Date, the Released Plaintiff Parties will be forever barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative or other forum, foreign or domestic, asserting the Released Plaintiff's

Claims against any and all of the Released Defendant Parties, whether or not such Released Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund. In exchange for the mutual releases and other consideration set forth herein, including full payment of the Settlement Amount by or on behalf of Defendants, Lead Plaintiff will, as provided for in the Judgment, or Alternative Judgment, consent to the dismissal with prejudice of the Action as set forth herein.  This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

4.3     Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Released Defendant Parties shall be deemed to have, and by operation of the Judgment (or, if applicable, the Alternative Judgment) shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against the Released Plaintiff Parties. Upon the Effective Date, the Released Defendant Parties will be forever barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative or other forum, foreign or domestic, asserting the Released Defendants' Claims against any and all of the Released Plaintiff Parties. Claims to enforce the terms of this Stipulation are not released.  Notwithstanding the foregoing, nothing in this Stipulation or its exhibits shall be construed as limiting, modifying, or otherwise affecting any insurance coverage or policies or contractual indemnity that may be available to any of the Released Defendant Parties.  This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

4.4     Notwithstanding ¶¶ 4.2 and 4.3 above, nothing in the Judgment shall restrict or impair the rights of any Party to enforce or effectuate the terms of this Stipulation or the Judgment.

**5.     Terms of the Judgment**

5.1     If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, in the form attached hereto as Exhibit B, which shall, among other things, provide for the dismissal with

1  prejudice of the Action against the Released Defendant Parties, without costs to any Party, except

2  for the payments expressly provided for herein.

3       **6.      Notice and Settlement Administration**

4       6.1      As part of the Preliminary Approval Order, Lead Plaintiff shall seek appointment of

5  a Claims Administrator.  The Claims Administrator shall administer the Settlement, including, but

6  not limited to, the process of receiving, reviewing, and approving or denying Claims, under Co-

7  Lead Counsel's supervision and subject to the jurisdiction of the Court.  None of the Released

8  Defendant Parties shall have any involvement in or any responsibility, authority, or liability

9  whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration

10 of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have

11 no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any

12 other Settlement Class Members, or Co-Lead Counsel, in connection with the foregoing.

13 Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably

14 necessary to effectuate its terms.

15      6.2      In accordance with the terms of the Preliminary Approval Order to be entered by

16 the Court, Co-Lead Counsel shall cause the Claims Administrator to mail the Notice to those

17 members of the Settlement Class as may be identified through reasonable effort.  Co-Lead Counsel

18 shall also cause the Claims Administrator to disseminate the Long-Form Notice and Proof of Claim

19 Form via the Settlement website, and to have the Summary Notice published, in accordance with

20 the terms of the Preliminary Approval Order to be entered by the Court.

21      6.3      The Claims Administrator shall receive Claims and determine first, whether the

22 Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's pro rata share of

23 the Net Settlement Fund based upon each Authorized Claimant's recognized claim compared to the

24 total recognized claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth

25 in the Long-Form Notice, or in such other plan of allocation as the Court approves).

26      6.4      The Plan of Allocation proposed in the Long-Form Notice is not a necessary term

27 of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this

28 Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Co-

Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Released Defendant Parties shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Released Defendant Party shall have any involvement with or liability, obligation, or responsibility whatsoever in connection with the Plan of Allocation or any other Court-approved plan of allocation.

6.5    Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in the Preliminary Approval Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of this Stipulation, the Settlement, and all proceedings, determinations, orders and judgments in the Action relating to the Settlement, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) shall be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Released Defendant Parties.

6.6    Any Settlement Class Member who does not submit a valid Claim Form by the deadline set by the Court (unless and to the extent the deadline is extended by the Court) will not be entitled to receive any distribution from the Net Settlement Fund, but will, nevertheless, upon the occurrence of the Effective Date, be bound by all of the terms of this Stipulation and Settlement (including the terms of the Judgment) and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Defendant Parties with respect to the Released Plaintiff's Claims.

6.7    Co-Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Released Defendant Party shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Co-Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Co-Lead Counsel shall have the right, but

1   not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms

2   submitted in the interests of achieving substantial justice.

3        6.8    The Net Settlement Fund shall be distributed to Authorized Claimants only after the

4   later of the Effective Date; the Court having approved a plan of allocation in an order that has

5   become Final; and the Court issuing a Class Distribution Order that has become Final.

6        6.9     For purposes of determining the extent, if any, to which a Settlement Class Member

7   shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

8             a.    Each Settlement Class Member shall be required to submit a Claim Form, in

9   the form attached hereto as Exhibit A-3, or in such other form as may be approved in writing by all

10  of the Parties acting by and through their respective counsel of record in the Action and approved

11  by the Court, supported by such documents as are designated therein, including proof of the

12  Claimant's loss, or such other documents or proof as the Claims Administrator or Co-Lead Counsel,

13  in their discretion, may deem acceptable;

14            b.    All Claim Forms must be submitted by the date set by the Court in the

15  Preliminary Approval Order and specified in the Notice, unless extended by the Court.  Any

16  Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred

17  from receiving any distribution from the Net Settlement Fund or payment pursuant to this

18  Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted),

19  but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement,

20  including the terms of the Judgment and by the releases provided for herein and therein, and will

21  be permanently barred and enjoined from bringing any action, claim, or other proceeding of any

22  kind against any Released Defendant Party with respect to any Released Claim.  Provided that it is

23  mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when

24  postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail

25  and addressed in accordance with the instructions thereon.  In all other cases, including online via

26  the Settlement website, the Claim Form shall be deemed to have been submitted on the date when

27  actually received by the Claims Administrator;

28

c.     Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Co-Lead Counsel, who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

d.     Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim(s) the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim(s) is/are to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

e.     If any Claimant whose Claim(s) has/have been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, the Claimant must move the Court within twenty (20) days to have the Claim reviewed; this deadline may be extended at Co-Lead Counsel's discretion to facilitate resolving any disputes before their presentation to the Court.

6.10    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim(s).  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

6.11    Co-Lead Counsel will apply to the Court for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Accounts; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Accounts.

6.12    If an Authorized Claimant's distribution amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), the Claims Administrator shall, if feasible, reallocate such balance (which may occur on multiple occasions) among Authorized Claimants who received payment or negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00.  These redistributions shall be repeated so long as they are economically feasible.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be donated to a non-profit, charitable organization serving the public interest and unaffiliated with the Parties or their counsel, selected by Co-Lead Counsel.

6.13    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members who do not submit a Claim or whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action; and by the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Released Defendant Parties with respect to any and all of the Released Claims.

6.14    No Claimant or Settlement Class Member shall have any claim against Lead Plaintiff, Plaintiff's Counsel, Defendants' Counsel, any Parties' damages experts, the Claims Administrator (or any other agent designated by Co-Lead Counsel), or the Released Defendant

Parties based on any investments, costs, expenses, administration, allocations, calculation, Claim determinations, payments, the withholding of taxes (including interest and penalties) owed by the Settlement Fund (or any losses incurred in connection therewith), or distributions that are made substantially in accordance with this Stipulation and the Settlement, the plan of allocation approved by the Court, or further orders of the Court.

6.15    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

**7.    Attorneys' Fees and Litigation Expenses**

7.1    Co-Lead Counsel BFA will apply to the Court for distributions from the Settlement Fund for: (i) an award of attorneys' fees; plus (ii) Litigation Expenses; plus (iii) any interest on such fees and expenses at the same rate and for the same time periods as earned by the Settlement Fund (until paid), as may be awarded by the Court.  In addition, Lead Plaintiff may request an award pursuant to the PSLRA in connection with his representation of the Settlement Class.  BFA reserves the right to make additional applications for distributions from the Settlement Fund for fees and expenses incurred.  The application or applications described in this paragraph are not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

7.2    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to  BFA immediately upon the Court's issuance of an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiff's Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees or Litigation

Expenses is reduced or reversed, and such order reducing or reversing the award has become Final. Plaintiff's Counsel shall make the appropriate refund or repayment in full (including any interest earned thereon) no later than thirty (30) business days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees or Litigation Expenses has become Final. An award of attorneys' fees or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Plaintiff's Counsel agree that they are subject to the jurisdiction of the Court for the purpose of enforcing this paragraph. Neither Lead Plaintiff nor Plaintiff's Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees or Litigation Expenses.

7.3     BFA shall allocate the attorneys' fees awarded amongst Plaintiff's Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action. Released Defendant Parties shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to BFA shall be payable solely from the Escrow Accounts.

**8.     Conditions of Settlement**

8.1     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

a.     entry of the Preliminary Approval Order, in the form set forth in Exhibit A attached hereto, in accordance with Section 3 above;

b.     the Settlement Amount has been deposited into the Escrow Accounts in accordance with the provisions of ¶ 2.1 above;

c.     entry of the Judgment in accordance with ¶ 5.1 above and the Judgment has become Final, as defined in ¶ 1.19 above, or the Court has entered an Alternative Judgment and none of the Parties seek to terminate the Settlement and the Alternative Judgment has become Final; and

d.    that the Settlement is not otherwise terminated pursuant to the terms set forth in this Stipulation.

8.2    Upon the occurrence of all of the events referenced in ¶ 8.1 hereof, any and all remaining interest or right of Defendants or the D&O Insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶ 8.1 above are not met, then this Stipulation shall be canceled and terminated subject to ¶ 9.4 below, unless Lead Plaintiff and Defendants mutually agree in writing to proceed with this Stipulation.

**9.    Rights of Termination and Effects Thereof**

9.1    Talis and Lead Plaintiff shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to counsel for the other Parties within thirty (30) days after the date on which any of the following occurs:

a.    the Court declines to grant Preliminary or Final Approval of the Settlement, and the Parties are unable to reach a resolution to resolve any concerns raised by the Court as set forth in ¶ 9.4 below;

b.    the Court declines to enter the Judgment in any material respect;

c.    the Judgment is modified or reversed in any material respect on appeal;

d.    in the event that the Court enters a judgment other than the one in the form of Exhibit B attached hereto, and neither Lead Plaintiff or Talis elect to terminate the Settlement, the date that such other judgment is modified or reversed in any material respect on appeal.

9.2    In addition to the grounds set forth in ¶ 9.1 above, Talis, at its sole discretion, shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Talis's confidential supplemental agreement with Lead Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Plaintiff and Talis concerning its interpretation or application, in

which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

9.3    Copies of all Requests for Exclusion received shall be delivered to Defendants' Counsel no later than four (4) calendar days after the deadline for submitting Requests for Exclusion.  Copies of all written revocations of Requests for Exclusion (if any) shall be delivered to Defendants' Counsel upon receipt.

9.4    If the Court declines to grant preliminary or final approval of the Settlement for any reason, that shall not be an immediate basis for either Lead Plaintiff or Defendants to terminate the Settlement; instead, in such a scenario, the Parties agree to work in good faith to make appropriate modifications, as may be necessary, to the Settlement to resolve any concerns raised by the Court. If the Parties cannot reach resolution after discussing in good faith, either Lead Plaintiff or Talis may elect to terminate the Settlement.

9.5    Unless otherwise ordered by the Court, in the event this Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within ten (10) business days after written notification of such event is sent by Defendants' Counsel or Co-Lead Counsel to the Escrow Agents, the Escrow Agents for the Settlement Fund shall, upon written instructions from Defendants' Counsel, cause the Settlement Fund, including any attorneys' fees and costs paid from the Settlement Fund pursuant to Section 7 above, to revert back to the party that made the deposit into the Settlement Fund, together with any interest earned thereon, less any deductions for: (1) any Taxes and Tax Expenses paid, incurred or due and owing pursuant to ¶¶ 2.8 and 2.9 above; and (2) any amounts reasonably and actually paid, incurred or due and owing pursuant to ¶ 2.11 above in connection with notice and administration of the Settlement provided for herein.  If this Stipulation is terminated pursuant to its terms, the Escrow Agents, at the request of Defendants or Lead Plaintiff, shall apply for any tax refund owed to the Settlement Fund and pay the proceeds of the tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to Defendants (or their designate(s)).

9.6    If this Stipulation is terminated pursuant to its terms, each of the Parties shall be deemed to have reverted to his, her or its status immediately prior to the execution of this

Stipulation, and they shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, shall retain all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.  In such event, the terms and provisions of the Stipulation, with the exception of provisions of ¶¶ 2.11, 7.2, 9.5, 10.1, 11.2, 11.4, 11.7, 11.8, and 11.22 shall have no further force and effect with respect to each of the Parties and shall not be used in this Action or in any other proceeding for any purpose.

9.7    For the avoidance of doubt, no order of the Court or modification or reversal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, and expenses awarded by the Court shall constitute a condition to the Effective Date or grounds for cancellation or termination of the Stipulation.

**10.    No Admission of Wrongdoing**

10.1    Neither this Stipulation nor the Settlement set forth herein, whether or not consummated, nor any facts or terms of this Stipulation, negotiations, discussions, proceedings, acts performed, or documents executed pursuant to or in furtherance of this Stipulation or the Settlement:

a.    shall be (i) offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to (a) the truth of any fact alleged by Lead Plaintiff or any Settlement Class Member; (b) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (c) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; (d) any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties; or (e) any damages suffered by Lead Plaintiff or the Settlement Class; or (ii) in any way referred to for any other reason against any of the Released Defendant Parties, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b.    shall be (i) offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any

of the Released Plaintiff Parties (a) that any of their claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount; or (b) with respect to any liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

c.     shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if this Stipulation is approved by the Court, the Parties, Released Parties, and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

**11.    Miscellaneous Provisions**

11.1    This Stipulation and the Exhibits attached hereto constitute the entire agreement between the Parties with regard to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Parties.

11.2    No modification or amendment of this Stipulation shall be valid unless made in writing and signed by or on behalf of each party hereto, or their respective successors-in-interest. No representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits, other than the representations and warranties contained and memorialized in such documents.  Except as otherwise provided for herein, each party shall bear his, her, or its own attorneys' fees and costs and expenses.

11.3    Pursuant to 28 U.S.C. § 1715, Defendants shall be responsible for compliance with any Class Action Fairness Act ("CAFA") notice requirements (including the costs of compliance) and shall take steps to comply with such notice requirements in as expeditious a manner as possible, including without limitation by serving the notice required under 28 U.S.C. § 1715 within five (5) days of the filing of the Stipulation and motion for preliminary approval in the District Court.

Defendants shall file proof of compliance with CAFA with the Court at least thirty-five (35) calendar days prior to the Final Approval Hearing.

11.4    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Settlement Class Members against the Released Defendant Parties with respect to the Released Plaintiff's Claims.  Accordingly, the Parties agree that each has complied fully with Rule 11 at all times during the Action.  No Party shall assert any claims or allegations of any violation of any Party's discovery obligations under the Federal Rules.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

11.5    The Parties and their counsel, in any statement made to any media representative (whether or not for attribution), will not assert that (a) the Action was commenced, prosecuted, defended, or resolved in bad faith, or (b) the Settlement constitutes an admission of any claim or defense alleged.

11.6    Defendants and any Released Defendant Party may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.7    All agreements made, and orders entered, during the course of the Action relating to the confidentiality of information shall survive this Settlement whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs.

11.8    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use

Cooley LLP

STIPULATION AND AGREEMENT OF SETTLEMENT
CASE NO. 22-CV-00105-SI

their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

11.9    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

11.10   The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Defendants.

11.11   Co-Lead Counsel, on behalf of the Settlement Class, is expressly authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to this Stipulation, pursuant to ¶ 11.10, on behalf of the Settlement Class which they deem appropriate.

11.12   All counsel and any other person executing this Stipulation and any of the Exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

11.13   Co-Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

11.14   This Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or email, or by a .pdf/.tif image of the signature transmitted via email.  The signatures so transmitted shall be given the same effect as the original signatures.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

11.15   This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

11.16   This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

11.17   All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by the terms of this Stipulation or by order of Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which case the period shall run until the end of the next day that is not one of the aforementioned days.  As used in the preceding sentence, "legal holiday" includes New Year's Day, Martin Luther King, Jr. Day, Presidents' Day, Memorial Day, Juneteenth, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day, and any other appointed as a federal holiday.

11.18   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

11.19   The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Co-Lead Counsel, and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.  Provided, however, that in the event that Talis files a Bankruptcy Case, the administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Bankruptcy Court.

11.20   The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

COOLEY LLP

11.21   Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in this Court.

11.22   In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned (but not promptly deposited into the Settlement Fund by others), then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants shall jointly move the Court to vacate and set aside the releases given and the Judgment, in which event the releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the Litigation as provided in ¶¶ 9.5 and 9.6 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided herein.

11.23   This Stipulation and the Exhibits hereto shall be governed by the laws of New York, without regard to any conflict of laws principles that would result in applying the substantive law of a jurisdiction other than New York.

11.24   If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery, facsimile, or email transmission.  Any written notice required pursuant to or in connection with this Stipulation shall be addressed to counsel as follows:

For Lead Plaintiff:

BLEICHMAR FONTI & AULD LLP
Joseph A. Fonti
jfonti@bfalaw.com
Evan A. Kubota
ekubota@bfalaw.com
300 Park Avenue, Suite 1301
New York, New York 10022
Telephone: (212) 789-1340
Facsimile: (212) 205-3960

For the Defendants:

Patrick E. Gibbs
pgibbs@cooley.com

Shannon M. Eagan
seagan@cooley.com
Jessie Simpson LaGoy
jsimpsonlagoy@cooley.com
3175 Hanover Street
Palo Alto, California 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

11.25   No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  It is the sole responsibility of each Settlement Class Member to determine the amount of and pay his, her, or its own taxes, plus any penalties and interest, on any amount received pursuant to the Settlement, and the Released Parties shall have no liability for such taxes, penalties, or interest.  It is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

11.26   Except as otherwise provided herein, each Party shall bear its own costs.

**12.     Bankruptcy**

12.1     The Parties acknowledge that Talis may, after execution of this Agreement, elect to commence a Bankruptcy Case.  The Parties agree that notwithstanding the filing of a Bankruptcy Case, Sections 1, 2, 4, 5, 7, 8, 9, 10, 11, 12 of this Agreement shall survive and the Parties agree to remain bound by such provisions, and the Bankruptcy Court, to the extent necessary to obtain final approval from the Court, will have jurisdiction over this Settlement in accordance with the relevant provisions of the Bankruptcy Code and Title 28 of the United States Code.

12.2     In the event Talis elects to commence a Bankruptcy Case, the Parties shall execute, as promptly as possible, a plan support agreement (the "Plan Support Agreement") consistent with the Parties' August 29, 2024 term sheet that binds the Parties to support, and expeditiously seek confirmation of, a chapter 11 plan of liquidation for Talis (the "Chapter 11 Plan") so long as the Chapter 11 Plan is consistent with the relevant terms of this Stipulation, the Plan Support Agreement, and the Parties' August 29, 2024 term sheet, and that it does not seek to delay or prevent the consummation of the Settlement set forth herein.

12.3     Subject to applicable law, in the event of a Bankruptcy Case, Defendants' obligation to pay, and cause the D&O Insurers to pay, the Settlement Amount, and the D&O Insurers' obligation to pay the Settlement Amount, shall not be stayed or affected in any way by the commencement by or against any Defendant of a case or proceeding under the Bankruptcy Code (including Chapters 7, 11, and 15 thereunder) or any foreign equivalent, any foreign or state insolvency or receivership law, or any foreign or state law relating to general assignment for the benefit of creditors, composition, marshaling, or other similar arrangements and procedures. For the avoidance of doubt, the Settlement Fund and Escrow Accounts shall be held strictly in escrow and Defendants shall have no property interest therein, except as may otherwise arise in accordance with Sections 8 and 9 of this Agreement.  As such, subject to the occurrence of the Effective Date, the Escrow Accounts, the Settlement Fund, and all amounts on deposit therein from time to time, including but not limited to the Settlement Amount, are not, and shall not be deemed to be, property of the estate of any Defendant or any other Person (including but not limited to any of the Released Defendant Parties) within the meaning of 11 U.S.C. § 541 or any similar provision of any other law, and each of the Defendant Released Parties hereby disclaims, releases, and waives any right to assert to the contrary in any forum whatsoever, including the right to assert that the Escrow Agent is holding any funds in the Escrow Accounts for the benefit of any of the Defendant Released Parties.  Subject to the occurrence of the Effective Date, none of the Defendants or any of the Defendant Released Parties shall at any time have any right, title, or other interest in or to, or custody, control or possession of, the Escrow Accounts or any amounts on deposit therein, including but not limited to the Settlement Fund, and therefore shall not have any ability to pledge, convey, hypothecate, or grant as security all or any portion of the Settlement Fund or the Escrow Accounts or any amounts on deposit therein at any time.

12.4     Subject to the occurrence of the Effective Date, each of the Defendants, on behalf of themselves and their respective Defendant Released Parties, hereby disclaims, releases, and waives any right whatsoever to assert any right, title (equitable or otherwise), or other interest to the Settlement Fund or the Escrow Accounts or any amounts on deposit therein from time to time.

12.5    Defendants are not aware of any claims that would dilute the Settlement Class's recovery in any Bankruptcy Case, and the filing of a Bankruptcy Case shall not serve to reduce the Settlement Amount payable hereunder.  The Individual Defendants waive any indemnification claims against Talis that would dilute the Settlement Class's recovery.

12.6    Subject to the occurrence of the Effective Date, (a) this Stipulation shall not be, and shall not be deemed or considered to be, executory, as that term has been interpreted under 11 U.S.C. § 365 and similar law, and (b) no further obligations of any Defendant pursuant to this Stipulation or any further effort or responsibility to defend against any appeal or proceeding shall render the Settlement or all or any portion of this Stipulation executory, as that term has been interpreted under 11 U.S.C. § 365 and similar law.

12.7    Talis confirms that it represented in its term sheet that, before giving effect to the payment of the Settlement Amount into escrow, as of August 23, 2024: (i) Talis's unrestricted cash balance is $47,820,466,[4] (ii) Talis estimates the amount of cash that would remain, following a bankruptcy process, for distribution to current holders of Talis equity and the Class (the "Estimated Available Cash for Distribution"), would be $35,713,385, and (iii) the remaining D&O insurance coverage is $5,000,000 (XL Specialty Insurance Company Policy # ELU173306-21).  In the event that Talis files a Bankruptcy Case, Talis agrees to identify the Estimated Available Cash for Distribution as of August 23, 2024 in a disclosure statement that it files with the Bankruptcy Court. This representation is a material term of the Parties' agreement; however, Plaintiff acknowledges that the Estimated Available Cash for Distribution only reflects Talis's estimate as August 23, 2024. If the final cash available for distribution for current holders of Talis equity and the Class as of the earlier of the effective date of a plan or the closing of the Bankruptcy Case differs from the Estimated Available Cash for Distribution, such difference does not constitute a breach of this Stipulation or a basis to terminate the Settlement.

---

[4]    The total cash balance, as of August 23, 2024, was $50,124,466.  The cash balance includes $1.5 million that is restricted to fund the D&O tail policy self-insured retention deductible and $804,000 backing a Letter of Credit, which amounts are not available to fund operations or for any other purpose.

12.8    Talis represents and warrants, as of the time of its entry into this Stipulation that it is not insolvent, nor will payment of the Settlement Amount render Talis insolvent within the meaning and for the purposes of title 11 of the United States Code (including but not limited to §§ 101, 547, and 548 thereof).

12.9    Defendants each stipulate and agree that the releases being provided by Class Representative and the Settlement Class to Defendants and the Defendant Released Parties are fair, adequate, and substantial consideration for the payment of the Settlement Amount.

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of September 30, 2024.

**[SIGNATURES TO FOLLOW]**

1

2    By: _____        By: _____

3    **BLEICHMAR FONTI & AULD LLP**        **COOLEY LLP**
     Joseph A. Fonti (*pro hac vice*)       Patrick E. Gibbs (Bar No. 183174)
4    jfonti@bfalaw.com                      pgibbs@cooley.com
     Evan A. Kubota (*pro hac vice*)        Shannon M. Eagan (Bar No. 212830)
5    ekubota@bfalaw.com                     seagan@cooley.com
     300 Park Avenue, Suite 1301            Jessie Simpson LaGoy (Bar No. 305257)
6    New York, New York 10022               jsimpsonlagoy@cooley.com
     Telephone: (212) 789-1340              3175 Hanover Street
7    Facsimile: (212) 205-3960              Palo Alto, California 94304
                                            Telephone: (650) 843-5000
8       – and –                             Facsimile: (650) 849-7400

9    Lesley E. Weaver (Bar No. 191305)         – and –
     lweaver@bfalaw.com
10   1330 Broadway, Suite 630               Zachary Sisko (pro hac vice)
     Oakland, California 94612              zsisko@cooley.com
11   Telephone: (415) 445-4003              500 Boylston Street, 14th Floor
     Facsimile: (415) 445-4020              Boston, Massachusetts 02116-3736
                                            Telephone: (617) 937-2300
12                                          Facsimile: (617) 937-2400
     *Counsel for Lead Plaintiff Martin Dugan and*
13   *Lead Counsel for the Putative Class*

14   **THE SCHALL LAW FIRM**               *Attorneys for Defendants Talis Biomedical*
     Brian Schall (Bar No. 290685)         *Corporation, Brian Coe, J. Roger Moody, Jr.,*
15   brian@schallfirm.com                  *Felix Baker, Raymond Cheong, Melissa Gilliam,*
     2049 Century Park East, Suite 2460    *Rustem F. Ismagilov, Kimberly J. Popovits,*
16   Los Angeles, California 90067         *Matthew L. Posard, and Randal Scott*
     Telephone: (424) 303-1964

17
     *Additional Counsel for Lead Plaintiff Martin*
18   *Dugan*

19   **POMERANTZ LLP**
     Jennifer Pafiti (Bar No. 282790)
20   jpafiti@pomlaw.com
     1100 Glendon Avenue, 15th Floor
21   Los Angeles, California 90024
     Telephone: (310) 405-7190
22   Facsimile: (212) 661-8665

23

     Jeremy A. Lieberman (*pro hac vice*
24   application forthcoming)
     jalieberman@pomlaw.com
25   J. Alexander Hood II (*pro hac vice*)
     ahood@pomlaw.com
26   James M. LoPiano (*pro hac vice*)
     jlopiano@pomlaw.com
27   Jonathan D. Park (*pro hac vice*)
     jpark@pomlaw.com
28   600 Third Avenue, 20th Floor

1    New York, New York 10016
     Telephone: (212) 661-1100
2    Facsimile: (212) 661-8665

3    *Additional Counsel for the Putative Class*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR CLASS NOTICE** |
| ALL ACTIONS | Judge:        Hon. Susan Illston |

WHEREAS, the consolidated securities class action entitled *In re Talis Biomedical Securities Litigation*, Case No. 22-cv-00105-SI (the "Action") is pending before the Court;

WHEREAS, the Parties have entered into a Stipulation and Agreement of Settlement, dated September 30, 2024 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiff's Counsel has made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement in accordance with the Stipulation,  which, together with the Exhibits annexed thereto, allows notice to the Settlement Class members, as more fully described below, certifies a Settlement Class, as described below, and sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action on the merits and with prejudice upon the terms and conditions set forth therein;

WHEREAS, the Court has read and considered (i) Co-Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (ii) the Stipulation, and the Exhibits annexed thereto;

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement**.  The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing described below.

2. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of informed, extensive arm's-length, and non-collusive negotiations between experienced counsel, including mediation under the direction of an experienced mediator, Michelle Yoshida; (ii) eliminating risks to the Parties of continued litigation; (iii) falling within a range of reasonableness warranting final approval; (iv) having no obvious deficiencies; and (v) warranting notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the Final Approval Hearing described below.

3.      Pending final determination of whether the Settlement should be approved, Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts Released Plaintiff's Claims against the Released Defendant Parties (other than continuing proceedings related to the Settlement).

4.      **Settlement Hearing**.  A hearing (the "Final Approval Hearing") shall be held before this Court on _____, 2025 [at least ninety (90) calendar days from the date of this Order], at __:__ _.m., at the Phillip Burton Federal Building & United States Courthouse, United States District Court for the Northern District of California, 450 Golden Gate Avenue San Francisco, CA 94102, or at such other location or via telephonic or video appearance as determined by the Court.

(a)      The purposes of the Final Approval Hearing shall be to: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (ii) determine whether a Judgment as defined in ¶1.23 of the Stipulation should be entered herein; (iii) determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified, whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class, and whether Co-Lead Counsel Bleichmar Fonti & Auld LLP ("BFA") should be finally appointed as Class Counsel for the Settlement Class; (iv) determine whether the proposed Plan of Allocation for the Net Settlement Fund is fair and reasonable and should be approved; (v) consider BFA's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead Plaintiff for reimbursement of his reasonable costs and expenses directly related to his representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") (the "Fee and Expense Application")); (vi) hear any objections by Settlement Class Members to the Settlement, Plan of Allocation, or BFA's or Lead Plaintiff's application(s); and (vii) consider such other matters the Court deems appropriate. Notice of the Settlement and the Final Approval Hearing shall be given to Settlement Class Members as set forth in paragraphs 7 and 8 of this Order.

(b)     The Court may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or Litigation Expenses.  The Court may also adjourn the Final Approval Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class.   Any such changes shall be posted on the website of the Claims Administrator.

5.     **Class Certification**.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement only, a Settlement Class of all persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive, and were damaged thereby. Excluded from the Settlement Class are (i) Defendants and any affiliates or subsidiaries thereof, (ii) present and former officers and directors of Talis and its subsidiaries or affiliates, and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant has or has had a controlling interest; (v) Talis's employee retirement and benefits plan(s); and (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories.  Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with the Preliminary Approval Order.

6.     **Settlement Class Findings**.  With respect to the Settlement Class, the Court preliminarily finds, for purposes of effectuating this Settlement only, that (i) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of Lead Plaintiff are typical of the claims

of the Settlement Class; (iv) Lead Plaintiff and Plaintiff's Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

(a)    The Court hereby reaffirms its prior finding that pursuant to Rule 23, Lead Plaintiff is an adequate Class Representative for the Settlement Class.  The Court also reaffirms its appointment of Bleichmar Fonti & Auld LLP as Co-Class Counsel.

7.    **Approval of Form and Content of Notice**.  The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Long-Form Notice of Pendency and Proposed Settlement of Class Action ("Long-Form Notice"), the Proof of Claim Form (the "Proof of Claim"), and the Summary Notice ("Summary Notice"), annexed hereto as Exhibits A-1, A-2, A-3, and A-4, respectively, and finds that they: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the Due Process Clause of the United States Constitution, 15 U.S.C. §78u-4(a)(7) and 15 U.S.C. §77z-1(a)(7), as amended by the PSLRA, and the rules of this Court.

8.    **Retention of Claims Administrator and Manner of Notice**.  Co-Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)    No later than _____, 2024 (the "Notice Date") [a date that is twenty-one (21) calendar days from the date of this Order], the Claims Administrator shall commence mailing a copy of the Notice, substantially in the form annexed hereto as Exhibit A-1, by First-Class Mail to (i) all Settlement Class Members who can be identified with reasonable effort, and (ii) brokers and nominees on the Claims Administrator's list of brokers and nominees that commonly hold securities for the benefit of investors.  Further, on the Notice Date, the Notice,

Long-Form Notice, Proof of Claim, and the Stipulation and its Exhibits shall be posted on the Settlement website, www.TalisSecuritiesLitigation.com;

(b)     No later than _____, 2024 [a date that is fourteen (14) calendar days after the Notice Date], the Claims Administrator shall cause the Summary Notice to be published once in a national news publication, and once over a national newswire service; and

(c)     On or before _____, 2024 [a date that is fourteen (14) calendar days prior to the Final Approval Hearing], Co-Lead Counsel shall cause to be served on Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing, publishing, and posting.

9.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor Plaintiff's Counsel shall have any obligation to repay any amounts disbursed or incurred pursuant to ¶¶2.8, 2.9 or 2.11 of the Stipulation.

10.     **Nominee Procedures**. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities who may have purchased or acquired Talis common stock during the Settlement Class Period for the beneficial interest of persons or entities other than themselves.   Such nominees shall either (i) within seven (7) calendar days of receipt of the Notice, forward the Notice to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator, and the Claims Administrator is ordered to send the Notice promptly to such identified  beneficial owners. Nominees who elect to send the Notice to their beneficial owners shall send a  statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.   The Claims Administrator shall follow up with brokers and custodians to ensure the Notice is sent to beneficial owners in a timely manner.   Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR CLASS NOTICE
CASE NO. 22-CV-00105-SI

1  Administrator with proper documentation supporting the expenses for which reimbursement is

2  sought.  Any disputes with respect to the reasonableness or documentation of expenses incurred

3  shall be subject to review by the Court.

4       11.  **Participation in the Settlement**.  All Members of the Settlement Class shall be

5  bound by all determinations and judgments in the Action concerning the Settlement, including, but

6  not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement

7  Class, regardless of whether such persons or entities seek or obtain by any means, including,

8  without limitation, by submitting a Proof of Claim or any similar document, any distribution from

9  the Settlement Fund or the Net Settlement Fund.

10       (a)  Settlement Class Members who wish to participate in the Settlement shall

11  complete and submit Proofs of Claim in accordance with the instructions contained therein.  Unless

12  the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically **no**

13  **later than _____, 2025 [a date that is ninety (90) calendar days after the Notice**

14  **Date]**.  Any Settlement Class Member who does not submit a Proof of Claim within the time

15  provided for (a) shall be bound by all determinations and judgments in the Action concerning the

16  Settlement, whether favorable or unfavorable to the Settlement Class, including, without limitation,

17  the Judgment and the releases provided for therein; (b) shall be barred from commencing,

18  maintaining, or prosecuting any of the Released Plaintiff's Claims against the Released Defendant

19  Parties, as more fully described in the Stipulation; and (c) shall be barred from sharing in the

20  distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

21  Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion (but not the obligation)

22  to accept late-submitted claims for processing by the Claims Administrator so long as distribution

23  of the Net Settlement Fund is not materially delayed thereby.  No person or entity shall have any

24  claim against Lead Plaintiff, Plaintiff's Counsel, or the Claims Administrator by reason of the

25  decision to exercise such discretion whether to accept late-submitted claims.

26       (b)  A Proof of Claim must satisfy the following conditions, unless otherwise

27  allowed pursuant to the Stipulation: (i) it must be properly completed, signed, and submitted in a

28  timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be

accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Co-Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of their current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    As part of the Proof of Claim, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

12.    **Exclusion from the Settlement Class**.  Any Person who desires to request exclusion from the Settlement Class shall do so by submitting a written request for exclusion to the Claims Administrator, which must be timestamped (for online submissions) or received by the Claims Administrator (for mailings) **no later than ___, 2024 [a date that is forty-five (45) calendar days after the Notice Date]**.  The request for exclusion must: (i) include the person's or entity's name, address, and telephone number; (ii) state that the person or entity wishes to be "excluded from the Settlement Class" in this Action; (iii) include proof (such as stockbroker confirmation slips, stockbroker statements, or other documents) adequately evidencing the date(s), price(s), and number(s) of all Talis common stock purchased and/or sold during the Class Period; and (iv) be signed by the person or entity requesting exclusion or their authorized representative (accompanied by proof of authorization).  No request for exclusion shall be effective unless it is timely and provides the required information. Upon receiving any request(s) for exclusion, the Claims Administrator shall promptly notify Co-Lead Counsel and Defendants' Counsel of such request(s) and provide them copies of such request(s) and the documentation accompanying them by facsimile or electronic mail.  All Persons who submit valid and timely requests for exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Action.  The Claims Administrator shall provide Co-Lead Counsel and Defendants' Counsel with copies of all requests

1  for exclusion as expeditiously as possible and, in any event, not more than four (4) calendar days

2  after receipt by the Claims Administrator.

3      13.    **Appearance and Objections at Final Approval Hearing**.  Any Member of the

4  Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually

5  or through counsel of his, her, or its own choice.  If he, she, or it does not enter an appearance, he,

6  she, or it will be represented by Co-Lead Counsel.

7      (a)    Any Settlement Class Member may file a written objection to the proposed

8  Settlement and show cause why the proposed Settlement of the Action should or should not be

9  approved as fair, reasonable, and adequate, why the Judgment should or should not be entered

10  thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and

11  Litigation Expenses should or should not be awarded to BFA or an award granted to Lead Plaintiff;

12  provided, however, that no Settlement Class Member or any other person or entity shall be heard

13  or entitled to contest such matters, unless that Person has mailed or delivered said objections,

14  papers, and briefs to the Class Action Clerk of the United States District Court for the Northern

15  District of California, **on or before _____, 2024 [a date that is twenty-one (21)**

16  **calendar days prior to the Final Approval Hearing]**, and delivered copies of any such papers to

17  the following counsel such that they are received on or before the same date:

18

19      *Court:*

20          Class Action Clerk
            United States District Court for the
21          Northern District of California
            United States Courthouse
22          450 Golden Gate Avenue
            San Francisco, CA 94102

23      *Lead Counsel:*

24          Evan A. Kubota
            BLEICHMAR FONTI & AULD LLP
25          300 Park Avenue, Suite 1301
            New York, NY 10022
26          Emailed copy to talissettlement@bfalaw.com

27

28

*Counsel for Defendants*:

> Patrick E. Gibbs
> Shannon M. Eagan
> COOLEY LLP
> 3175 Hanover Street
> Palo Alto, CA 94304-1130
> Emailed copy to seagan@cooley.com

To object, a Settlement Class Member must send a letter saying that he, she, or it objects to the Settlement in *In re Talis Biomedical Securities Litigation*, Case No. 22-cv-00105-SI (N.D. Cal.), which must (1) include the objector's name, address, and telephone number; (2) provide documentation establishing the objector's membership in the Settlement Class, including documents showing the number of shares of Talis common stock purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; (3) contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (4) identify any other class action settlement(s) in which the objector or the objector's attorney has objected; (5) include copies of any papers or other documents upon which the objection is based; and (6) include the objector's signature, even if represented by counsel.  Any Settlement Class Member who does not make his, her, or its objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the Fee and Expense Application, unless otherwise ordered by the Court.

(b)    Attendance at the Final Approval Hearing is not necessary.  However, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Final Approval Hearing.

1        (c)     Settlement Class Members do not need to appear at the hearing or take any

2    other action to indicate their approval.

3        (d)     At or after the Final Approval Hearing, the Court shall determine whether

4    the proposed Plan of Allocation, and any Fee and Expense Application, shall be approved.

5        14.     **Settlement Fund**.  The Court approves the establishment of the Escrow Accounts

6    into which the Settlement Amount will be deposited for the benefit of the Settlement Class.  All

7    funds held by the Escrow Agents shall be deemed and considered to be in *custodia legis* of the

8    Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall

9    be distributed pursuant to the Stipulation and/or further order(s) of the Court.  No person who is

10    not a Settlement Class Member or Plaintiff's Counsel shall have any right to any portion of, or to

11    any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise

12    provided in the Stipulation.

13        15.     **Supporting Papers**.  Co-Lead Counsel BFA shall file the opening papers in support

14    of the proposed Settlement, the Plan of Allocation, and the Fee and Expense Application **on or**

15    **before _____, 2024** [a date that is thirty-five (35) calendar days prior to the Final

16    Approval Hearing].  Any reply papers in response to objections shall be filed and served **on or**

17    **before _____, 2024** [a date that is seven (7) calendar days prior to the Final Approval

18    Hearing].

19        16.     None of the Released Defendant Parties shall have any involvement in or any

20    responsibility for, authority, or liability whatsoever for the Plan of Allocation, any Fee and Expense

21    Application, the selection of the Claims Administrator, the administration of the Settlement, the

22    Claims process, or the disbursement of the Net Settlement Fund, and shall have no liability

23    whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other

24    Settlement Class Members, or Co-Lead Counsel, in connection with the foregoing.  Such matters

25    will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

26        17.     **Use of this Order**.  Neither this Order nor the proposed Settlement (including the

27    Stipulation and any Exhibits annexed thereto), the Supplemental Agreement, nor any of the

28    negotiations or proceedings connected with it: (i) is or may be deemed to be or may be used as an

admission of, concession, or evidence of, the validity of any Released Claim, the truth of any fact alleged in the Action, the deficiency of any defense that has been or could have been asserted in the Action, any damages suffered by Lead Plaintiff or the Settlement Class, any alleged liability, negligence, fault, or other wrongdoing of the Released Defendant Parties, or that the consideration to be given under the Settlement represents the amount that could be or would have been recovered after trial; or (ii) is or may be used or in any way referred to for any other reason against any Released Defendant Party in any civil, criminal, or administrative proceeding in any court, administrative agency, or other forum or tribunal; *provided* that the Parties may use the Order as necessary to effectuate the provisions of the Stipulation, and the Released Defendant Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

18.     **Termination**.   In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants pursuant to the Stipulation, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.  The Parties shall be deemed to have reverted to their respective positions in the Action immediately prior to the execution of the Stipulation.

19.     **Stay of Proceedings**.  All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither Lead Plaintiff nor any Settlement Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any Released Defendant Party any action or proceeding in any court or tribunal asserting any of the Released Claims.

20.    **CAFA Notice.**  The Parties have indicated that Defendants will comply with the requirements of 28 U.S.C. § 1715, *et seq.*, by providing proper notice to the appropriate federal official and state officials specified in the statute within five (5) calendar days after the proposed Settlement was filed, which ensures that the Final Approval Hearing will be held at least ninety (90) days after the appropriate federal official and state officials are served.  Defendants shall file proof of compliance with CAFA with the Court at least thirty-five (35) calendar days prior to the Final Approval Hearing.

21.    **Taxes.**  Co-Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

22.    **Jurisdiction**.  The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED.

Dated: _____, 2024       _____
                                                                The Honorable Susan Illston
                                                                United States District Judge

# EXHIBIT A-1

**IMPORTANT NOTICE FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

*In re Talis Biomedical Corporation Securities Litigation*

**Claims Administrator**
**c/o A.B. Data, Ltd.**
**P.O. Box 173064**
**Milwaukee, WI 53217**

### NOTICE OF CLASS SETTLEMENT

If you purchased or otherwise acquired Talis common stock between February 11, 2021 and August 11, 2021, both inclusive, you may be entitled to receive a payment from a class action settlement.

**THE SETTLEMENT MAY AFFECT YOUR LEGAL RIGHTS. YOU MAY BE ELIGIBLE FOR A CASH PAYMENT. PLEASE READ THIS NOTICE CAREFULLY.**

**This Notice provides only limited information about the Settlement. For more information, please visit www.TalisSecuritiesLitigation.com (the "Settlement Website") or call the Claims Administrator at (877) 331-0411.**

Important Settlement Notice: *In re Talis Biomedical Corporaiton Securities Litigation,* **Case No. 22-cv-00105 (N.D. Cal.)  (the "Action")**

The Parties have reached a proposed Settlement that, if approved, will resolve the Released Claims against the Released Defendant Parties on behalf of the Settlement Class.

Defendants and/or their insurance carriers have agreed to pay $32,500,000 in total to resolve this case.  This amount, plus accrued interest, and after deduction of Court-approved attorneys' fees and Litigation Expenses (including any awards to Lead Plaintiff), Notice and Administration Costs, and Taxes, will be allocated, pursuant to the Plan of Allocation in the Long-Form Notice, among Settlement Class Members who submit valid claims.

You may be a Settlement Class Member if you purchased or otherwise acquired Talis common stock between February 11, 2021 and August 11, 2021, both inclusive.

**TO BE ELIGIBLE FOR PAYMENT, YOU MUST SUBMIT A VALID PROOF OF CLAIM ONLINE OR POSTMARKED BY ___, 2025. THE FORM IS AVAILABLE FROM THE SETTLEMENT WEBSITE, WWW.TALISSECURITIESLITIGATION.COM, OR BY MAIL UPON REQUEST THROUGH THE WEBSITE OR BY CALLING THE CLAIMS ADMINISTRATOR AT (877) 331-0411.**

<<MAIL ID>>
<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

For more information, please visit www.TalisSecuritiesLitigation.com (the "Settlement Website") or Call the Claims Administrator at (877) 331-0411.

**The Settlement Website contains a Long-Form Notice with additional information that you should review.**

**You must comply with the Long-Form Notice's complete instructions on how to submit a Proof of Claim, exclude yourself, or object. In summary, you have three options:**

**Option 1: Submit a Proof of Claim (with further options to object to the Settlement and/or appear at the Final Approval Hearing). Proof of Claim and Release forms ("Proof of Claim") are available at www.TalisSecuritiesLitigation.com and must be postmarked (if mailed) or received (if submitted online) on or before _____, 2025.**

**Option 2: Exclude yourself from the Settlement Class, as detailed in the Long-Form Notice. Exclusions must be received on or before _____, 2024.**

**Option 3: Do nothing. You will still be bound by the Settlement and will fully release all Released Claims against the Released Defendant Parties.**

You may write to the Court if you do not like this Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses. You will still be a Member of the Settlement Class. **Objections must be received by the Court and counsel for the Parties on or before _____, 2024. Submitting a written objection and notice of intention to appear by _____, 2024 allows you to speak in Court about the fairness of the Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses.** If you submit a written objection, you may (but you do not have to) attend the hearing and speak to the Court about your objection. The Court may change this date to a later date and/or time without further written notice to you.

**What is this case about? Why is there a settlement?** The Litigation alleges that the Defendants made false and misleading statements and material omissions about Talis One, the Company's molecular diagnostic platform designed to test for COVID-19 and other diseases at the point of care. Defendants deny all allegations of wrongdoing, liability, or any violation of the law whatsoever. The Parties disagree on liability and damages. Lead Plaintiff wishes to avoid the risk and delay of further litigation and secure a substantial benefit for the Settlement Class. Defendants wish to avoid the cost, distraction, burden, and uncertainty of further litigation.

**How much will I recover?** The estimated average recovery per affected share of Talis common stock is approximately $2.05, before deduction of Court-approved fees, expenses, and costs. This is an average, and your recovery will vary based on (among other things) the number of valid claims and the size and timing of your transactions in Talis common stock.

**The Court will hold a hearing on __, 2025 at _** to consider whether to approve the Settlement and Co-Lead Counsel Bleichmar Fonti & Auld LLP's request for attorneys' fees not to exceed 28% of the Settlement Amount and Litigation Expenses not to exceed approximately $1,800,000, plus interest at the same rate earned by the Settlement Fund, and an award to Lead Plaintiff of no more than $37,500 (an average of $0.69 per affected share of Talis common stock). You may, but are not required to, attend, and may also appear through counsel of your choice and at your own expense.

**How can I get more information?** Visit the Settlement Website at **www.TalisSecuritiesLitigation.com**, contact the Claims Administrator at (877) 331-0411, or contact Lead Counsel at (888) 879-9418 or TalisSettlement@bfalaw.com.

**SPECIAL NOTICE TO NOMINEES**

Nominees who purchased or otherwise acquired Talis common stock between February 11, 2021 and August 11, 2021, both inclusive, for the beneficial interest of other Persons or entities shall, within seven (7) days after receipt of the Notice, either (1) send the Notice to such beneficial owners of such Talis common stock, or (2) send a list of the names and addresses of such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners.

If you choose the first option, you must send a statement to the Claims Administrator confirming that the mailing was made and **you must retain your mailing records for use in connection with any further notices that may be provided in the Litigation**.

If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owners. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

# EXHIBIT A-2

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Talis Biomedical Corporation Securities Litigation* | Case No. 22-cv-00105-SI |

## <u>LONG-FORM NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION</u>

**TO:**   **All persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive, and were damaged thereby.**

**NOTICE OF SETTLEMENT:** This notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court"). Please be advised that the Court-appointed Lead Plaintiff Martin Dugan, on behalf of himself and the Court-certified Settlement Class, have reached a proposed settlement of the above-captioned securities class action (the "Action") for $32,500,000.00 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

This Long-Form Notice explains important rights you may have and what steps you must take if you wish to participate in the Settlement of this class action, wish to object, or wish to be excluded from the Settlement Class.  If you are a Member of the Settlement Class, your legal rights will be affected whether or not you act.

**The Action and Proposed Settlement**:  This Notice relates to a proposed Settlement of claims in a pending securities class action against Defendants Talis Biomedical Corporation ("Talis"), Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott (collectively, the "Individual Defendants," and together with Talis, the "Defendants").[1]  A more detailed description of the Action is set forth below. The proposed Settlement, if approved by the Court, will resolve the claims by Lead Plaintiff Martin Dugan that have been asserted on behalf of the Settlement Class.

**Settlement Fund**:  Subject to Court approval, Lead Plaintiff, on behalf of himself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $32,500,000.00 in cash.  Your

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated September 30, 2024 (the "Stipulation" or "Settlement").

recovery will depend in part on the type and amount of your transactions in Talis common stock purchased or acquired between February 11, 2021 and August 11, 2021 (both inclusive) and the timing of your purchases, acquisitions, and any sales. If claims are submitted for 100% of the eligible shares of Talis common stock, based on Plaintiff's expert's estimate of the number of damaged shares of Talis common stock eligible to recover under the Settlement, the estimated average recovery per affected Talis common share is approximately $2.05 per share of Talis common stock, before deduction of Court-approved fees, expenses, and costs. Settlement Class Members should note, however, that these are only estimates. The actual amount per share you could receive will depend on a number of factors, including those explained in the Plan of Allocation contained below.

**Average Amount of Damages Per Share**: The Parties do not agree on the average amount of damages per share of Talis Common Stock that would be recoverable if Plaintiff was to prevail in the Action. Among other things, Defendants deny that Plaintiff has asserted any valid claims and expressly deny all allegations of liability, wrongdoing, or damages whatsoever.

**Settlement Class**: The Court has certified a Class of all persons and entities who purchased or otherwise acquired Talis common stock between February 11, 2021 and August 11, 2021, both inclusive. Excluded from the Settlement Class are: Defendants and any affiliates or subsidiaries thereof, the present and former officers and directors of Talis (and its affiliates or subsidiaries) and their immediate family members, Defendants' liability insurance carriers and any affiliates or subsidiaries thereof, any entity in which any Defendant has or has had a controlling interest, Talis's employee retirement and benefits plan(s), and with respect to each of the foregoing, the legal representatives, heirs, estates, agents, successors, or assigns. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set by the Court, which are set forth in this Long-Form Notice of Pendency and Proposed Settlement of Class Action.

**Reasons for Settlement**: Lead Plaintiff's principal reason for entering into the Settlement is to secure a substantial benefit to the Settlement Class now and avoid the delay, costs and risks associated with continued litigation, including the danger of no recovery. Defendants, who deny all allegations of wrongdoing or liability or any violation of law whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, distraction, and expense of further protracted litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

**Statement on Potential Outcome If the Case Had Not Settled**: The Settlement must be compared to the risk of no recovery after contested motions, trial, and likely appeals. Litigation is a risky proposition and the Settlement Class might not have prevailed, including due to the risks posed by Talis's financial condition. The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony. The parties disagree on both liability and damages. Among the many key issues about which the two sides do not agree are: (1) whether Defendants made any statements that were materially false or misleading, or made material omissions in violation of a duty to disclose or that are otherwise actionable, under the federal securities laws; (2) the amount of damages (if any) that could be recovered at trial, including the average amount of damages per share that would be recoverable if Lead Plaintiff prevailed on each claim alleged. Defendants have denied and continue to deny any and all allegations of wrongdoing asserted in the Litigation, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions.

**Attorneys' Fees and Expenses**: Plaintiff's Counsel has not received any payment for its work investigating the facts, conducting this Litigation, and negotiating the Settlement on behalf of Lead Plaintiff and the Settlement Class. Co-Lead Counsel Bleichmar Fonti & Auld LLP will ask the Court for attorneys'

fees not to exceed 28% of the Settlement Amount and Litigation Expenses in an amount not to exceed approximately $1,800,000, plus interest, to be paid from the Settlement Fund.  In addition, Lead Plaintiff may request an award not to exceed $37,500 pursuant to 15 U.S.C. § 77z-1(a)(4) in connection with his representation of the Settlement Class (together with the request for attorneys' fees and Litigation Expenses, the "Fee and Expense Application").  If the Court approves the Fee and Expense Application in full, and if claims are submitted for 100% of the Talis common stock estimated to be eligible to recover under the Settlement, the average amount of fees and expenses is estimated to be approximately $0.69 per share of Talis common stock.    A copy of the Fee and Expense Application will be posted on www.TalisSecuritiesLitigation.com after it has been filed with the Court.

| **Claims Administrator:** | **Plaintiff's Counsel:** |
|---|---|
| Talis Biomedical Corporation | Evan A. Kubota |
| Securities Litigation | Bleichmar Fonti & Auld LLP |
| c/o A.B. Data, Ltd. | 300 Park Avenue, Suite 1301 |
| P.O. Box 173064 | New York, NY 10022 |
| Milwaukee, WI 53217 | Telephone: 1-888-879-9418 |
| Telephone: 1-877-331-0411 | TalisSettlement@bfalaw.com |
| info@TalisSecuritiesLitigation.com | |

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT IF YOU ARE A VALID MEMBER OF THE SETTLEMENT CLASS

| | |
|---|---|
| **SUBMIT A CLAIM** | This is the only way to be eligible to receive a payment.  If you are a Settlement Class Member, and do not exclude yourself from the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any "Released Plaintiff Claims" (as defined below) that you have against the Released Defendant Parties (as defined below).  **Proof of Claim and Release forms ("Proof of Claim") are available at www.TalisSecuritiesLitigation.com and must be postmarked (if mailed) or received (if submitted online) on or before _____, 2025.** |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that potentially allows you to participate in another lawsuit against the Released Defendant Parties relating to the Released Plaintiff Claims being released in this case.  Should you elect to exclude yourself from the Settlement Class, you should understand that the Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.  **Exclusions must be received on or before _____, 2024.** |
| **OBJECT** | You may write to the Court if you do not like this Settlement, the Plan of Allocation and/or the Fee and Expense Application.  You will still be a Member of the Settlement Class.  **Objections must be** |

| | received by the Court and counsel for the Parties on or before _____, 2024. |
|---|---|
| **GO TO A HEARING ON _____, 2025, at _____ _.m.** | **Submitting a written objection and notice of intention to appear by _____, 2024 allows you to speak in Court about the fairness of the Settlement, the Plan of Allocation and/or the Fee and Expense Application.** If you submit a written objection, you may (but you do not have to) attend the hearing and speak to the Court about your objection.[2] |
| **DO NOTHING** | **If you are a Member of the Settlement Class and you do not submit a Proof of Claim by _____, 2025, you will not be eligible to receive any payment from the Net Settlement Fund.** You will, however, remain a Member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will still be bound by any judgments or orders entered by the Court in the Litigation. |

- These rights and options – *and the deadlines to exercise them* – are explained in this Long-Form Notice.

- The Court in charge of this case must decide whether to approve the Settlement. Payments to Authorized Claimants (described below) will be made if the Court approves the Settlement, after Proofs of Claim are processed, and, if there are any appeals, after appeals are resolved. Please be patient.

### 1. WHY DID I RECEIVE THIS LONG-FORM NOTICE?

The Court authorized that this Long-Form Notice be disseminated because you or someone in your family has been identified as a potential Settlement Class Member who may have purchased or acquired shares of Talis common stock during the Settlement Class Period. The Court directed that this Long-Form Notice be made available to Settlement Class Members to explain the Litigation, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the Settlement.

Receipt of this Long-Form Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment. The Parties do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to timely submit the Proof of Claim available at www.TalisSecuritiesLitigation.com.

### 2. WHAT IS THIS LAWSUIT ABOUT?

This is a securities lawsuit filed in the United States District Court for the Northern District of California. The operative Amended Complaint in the Action names as defendants Talis; Brian Coe, Talis's co-founder and former President, Chief Executive Officer, and Board member; J. Roger Moody, Jr., Talis's former Chief

---

[2] The Court may change this date to a later date and/or time without further written notice to you. However, any different date or time will be posted on the Settlement website: www.TalisSecuritiesLitigation.com.

Financial Officer; and current and former Board members Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott. The Court appointed Lead Plaintiff Martin Dugan as Class Representative in this lawsuit.

      (a)    **THE CLASS REPRESENTATIVE'S CLAIMS**

The Class Representative, on behalf of the Class, alleges that Defendants violated Sections 11 and 15 of the Securities Act of 1933 based on materially false and misleading statements and omissions in the Registration Statement for Talis's February 11, 2021 initial public offering. The Class Representative alleges that Defendants made false and misleading statements and material omissions about Talis One, the Company's molecular diagnostic platform designed to test for COVID-19 and other diseases at the point of care. Specifically, the Amended Complaint alleges Defendants made misstatements about the ordering and manufacturing of Talis One instruments and Talis One's accuracy and reliability, as well as material omissions about the weakness of Talis's comparator assay and Talis One's unreliability.

      (b)    **DEFENDANTS' DENIAL OF LIABILITY**

Defendants deny all of these allegations, any wrongdoing or violation of law, and any and all liability under Sections 11 and 15 of the Securities Act of 1933.

   **3.**    **WHAT HAS HAPPENED SO FAR IN THIS CASE?**

The Litigation is currently pending in the United States District Court for the Northern District of California before Judge Susan Illston (the "Court"). The initial complaint in this Litigation was filed on January 7, 2022. (ECF No. 1.) On June 3, 2022, the Court appointed Martin Dugan, Leon Yu, and Max Wisdom Technology Lmtd. as Co-Lead Plaintiff and Bleichmar Fonti & Auld LLP and Pomerantz LLP as Co-Lead Counsel. (ECF No. 64.)

Lead Plaintiffs filed a Consolidated Class Action Complaint for Violations of the Federal Securities Laws on July 1, 2022 (ECF No. 74). The Complaint alleged violations of Sections 11 and 15 of the Securities Act of 1933, and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder. (ECF No. 74.) On December 9, 2022, the Court dismissed the Complaint with leave to amend. (ECF No. 101.)

Lead Plaintiffs filed the operative Amended Complaint (the "Amended Complaint") on January 13, 2023 (ECF No. 104), solely alleging violations of Sections 11 and 15 of the Securities Act of 1933. (ECF No. 104.)

On April 28, 2023, the Court denied Defendants' motion to dismiss the Amended Complaint. (ECF No. 115.)

On November 30, 2023, the Court entered an order allowing Yu and Max Wisdom to withdraw as Co-Lead Plaintiffs and as proposed Class Representatives, and appointed Martin Dugan as the sole Lead Plaintiff. (ECF No. 131.)

On February 9, 2024, the Court granted Lead Plaintiff's Motion for Class Certification, appointing Martin Dugan as the Class Representative, and Bleichmar Fonti & Auld LLP and Pomerantz LLP as Co-Class Counsel (ECF No. 153).

On March 14, 2024, following certification of the Class, the parties engaged in a full-day mediation session with Michelle Yoshida via Zoom. Prior to the March 14 session, the parties submitted and exchanged

detailed mediation statements and exhibits.  On March 14, the parties engaged in good faith, arm's-length negotiations supervised by Ms. Yoshida, but did not agree on a resolution.

On July 30, 2024, the parties participated in a second full-day mediation session with Ms. Yoshida, held in person.  Prior to the July 30 session, Lead Plaintiff submitted a supplemental mediation statement for exchange with Defendants and a further mediation statement for the mediator's eyes only.  On July 30, the parties again engaged in good-faith, arm's-length negotiations and made progress, but did not agree on a resolution.

After the July 30 session, negotiations continued under Ms. Yoshida's auspices.  After further negotiations, including inquiry into Talis's financial condition, Ms. Yoshida made a formal mediator's proposal that the case settle for $32,500,000 in cash.  On August 21, 2024, Plaintiff and Defendants accepted the proposal, and subsequently negotiated a term sheet and the Stipulation of Settlement.

### 4.  WHY IS THIS A CLASS ACTION?

In a class action, a class representative (in this case, the Court-appointed Lead Plaintiff Martin Dugan) sues on behalf of people who have similar claims.  Here, all these people are called the Settlement Class or Settlement Class Members.  One court resolves the issues for all class members at the same time, except for those who timely and validly exclude themselves from the class (the process for which is described more fully in Question 14 below).  Judge Susan Illston is presiding over this class action.

### 5.  WHY IS THERE A SETTLEMENT?

The Court did not decide in favor of Lead Plaintiff or Defendants.  Instead, both sides agreed to a settlement.  That way they avoid the cost and uncertainty of further litigation and a trial, and eligible Settlement Class Members who submit valid claims will receive compensation.  Particularly in light of the possibility that continued litigation could result in no greater recovery than the Settlement—or no recovery at all—Lead Plaintiff and Plaintiff's Counsel believe the settlement is in the best interest of all Settlement Class Members.  While Defendants have at all times denied all allegations of wrongdoing, liability, or any violation of law, they are entering into the Settlement to eliminate the uncertainty, burden, distraction, and expense of further protracted litigation.

## <u>WHO IS IN THE SETTLEMENT</u>

To see if you will receive money from this Settlement, you first have to determine if you are a Settlement Class Member.

### 6.  HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

The Settlement Class includes all persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive (the "Settlement Class Period"), and were damaged thereby.  Certain Persons and entities are excluded from this definition, as described below.

### 7.  WHAT ARE THE EXCEPTIONS TO BEING INCLUDED?

Excluded from the Settlement Class are:  (i) Defendants and any affiliates or subsidiaries thereof, (ii) present and former officers and directors of Talis and its subsidiaries or affiliates, and their immediate family

members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant has or has had a controlling interest; (v) Talis's employee retirement and benefits plan(s); and (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set by the Court, which are set forth in this Long-Form Notice of Pendency and Proposed Settlement of Class Action.

**8.  I'M STILL NOT SURE IF I AM INCLUDED.**

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator at www.TalisSecuritiesLitigation.com or by phone at (877) 331-0411, or you can fill out and return the Proof of Claim described in Question 11, to see if you qualify.

## PLEASE DO NOT CALL THE COURT OR DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**9.  WHAT DOES THE SETTLEMENT PROVIDE?**

Defendants have agreed to settle the litigation for a total of $32,500,000.00 in cash. This amount, plus any interest earned thereon, constitutes the Settlement Fund. The balance of this fund after payment of (i) Court-approved attorneys' fees and expenses, (ii) any award to Lead Plaintiff, (iii) the costs of claims administration, including the costs of distributing the Notice and the cost of publishing notice, and (iv) Taxes and Tax Expenses, is the "Net Settlement Fund." The Net Settlement Fund will be divided among all eligible Settlement Class Members who send in timely and valid Proofs of Claim in accordance with the Plan of Allocation described below.

**10. HOW MUCH WILL MY PAYMENT BE?**

Your payment (if any) will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Settlement Class Members submit; the number of shares of Talis common stock you purchased or acquired; how much you paid for those shares; when you purchased or acquired them; and if and when you sold your shares of Talis common stock and for how much. The Claims Administrator will apply the Plan of Allocation (appended below as Appendix A) to calculate the amount of your Recognized Claim, and your payment (if any) will be a portion of the Net Settlement Fund equal to your Recognized Claim divided by the total of all Authorized Claimants' Recognized Claims.

**11. HOW WILL I OBTAIN A PAYMENT?**

To qualify for payment, you must be an eligible Settlement Class Member, send in a timely and valid Proof of Claim, and properly document your claim as requested in the Proof of Claim. A Proof of Claim may be downloaded at **www.TalisSecuritiesLitigation.com** and is also available in paper form by contacting the Claims Administrator at **www.TalisSecuritiesLitigation.com**, by phone at (877) 331-0411, or at *Talis Biomedical Corporation Securities Litigation* c/o A.B. Data, Ltd. P.O. Box 173064 Milwaukee, WI 53217. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it such that it is **postmarked no later than _____, 2025, or submit it online by**

**no later than _____, 2025**.    Proofs of Claim may be completed and submitted online at www.TalisSecuritiesLitigation.com.

### 12. WHEN WILL I RECEIVE MY PAYMENT?

The Court will hold a hearing on _____, **2025, at __:__ _.m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

### 13. WHAT AM I GIVING UP TO RECEIVE A PAYMENT OR STAY IN THE SETTLEMENT CLASS?

Unless you timely and validly exclude yourself, you are a Settlement Class Member, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Released Defendant Parties about the Released Plaintiff's Claims.  It also means that all of the Court's orders, including a judgment ("Judgment") dismissing the Litigation with prejudice on the merits, will apply to you and legally bind you and you will release all Released Plaintiff's Claims in this case against the Released Defendant Parties.

"**Released Claims**" means all Released Defendants' Claims and all Released Plaintiff's Claims.

"**Released Defendants' Claims**" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement, (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court, or (iii) any claims that may be asserted derivatively against any Defendant and/or their Related Persons.

"**Released Plaintiff's Claims**" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiff or any other member of the Settlement Class asserted in the Amended Complaint, and/or could have asserted in any forum, that arise out of, relate to, or are based upon both (i) the allegations, acts, transactions, facts, events, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action, including all claims arising out of or relating to Talis' IPO, and (ii) the solicitation, purchase, holding, disposition, and/or acquisition of any shares of Talis common stock during the period February 11, 2021 through August 11, 2021, inclusive. Released Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

"**Unknown Claims**" means any Released Plaintiff's Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant or any other Released Defendant Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement, including but not limited to, whether or not to object to this Settlement or to the release of any Released Claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Released Plaintiff Parties and Released Defendant Parties shall be deemed to have waived, and by operation

of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Released Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims but they are, notwithstanding this potential, entering into the Stipulation and intend it to be a full, final, and permanent resolution of the Released Claims and this Action. Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Released Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

"**Released Parties**" means the Released Defendant Parties and the Released Plaintiff Parties.

"**Released Defendant Parties**" means each and all Defendants, Defendants' Counsel, D&O Insurers, Underwriters, and their respective Related Persons.

"**Defendants**" means Talis Biomedical Corporation and the Individual Defendants (Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott).

"**Defendants' Counsel**" means Cooley LLP.

"**D&O Insurers**" means Defendants' directors' and Officers' liability insurance carriers: Berkley Professional Liability, a W.R. Berkley Company, XL Specialty Insurance Company, Hudson Insurance Group, and National Union Fire Insurance Company of Pittsburgh, Pa.

"**Underwriters**" means collectively J.P. Morgan Securities LLC, BofA Securities, Inc., Piper Sandler & Co., and BTIG, LLC.

"**Related Persons**" means (i) with respect to Defendants, Defendants' Counsel, D&O Insurers, and Underwriters, and each of their respective current and former Officers, directors, agents, parents, members, partners, principals, controlling shareholders, advisors (including financial or investment advisors), auditors, accountants, consultants, underwriters, affiliates, subsidiaries, predecessors, successors, advisors, trustees, insurers, reinsurers, assigns, assignees, employees, and attorneys, in their capacities as such; and (ii) with respect to the Individual Defendants, their respective spouses, Immediate Family members, heirs, successors, executors, estates, administrators, attorneys, agents, accountants, insurers or reinsurers, personal representatives, trusts, community property, and any other entity in which any of them has a controlling interest.

"**Released Plaintiff Parties**" means Lead Plaintiff, all former plaintiffs in the Action, Plaintiffs' Counsel, and all other Settlement Class Members, as well as each of their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

"**Lead Plaintiff**" means Martin Dugan.

"**Plaintiff's Counsel**" means Co-Lead Counsel and The Schall Law Firm.

"**Co-Lead Counsel**" means Bleichmar Fonti & Auld LLP and Pomerantz LLP.

The Judgment will also provide that without further action by anyone, upon the Effective Date of the Settlement, the Released Plaintiff Parties shall be deemed to have, and by operation of the Judgment (or, if applicable, the Alternative Judgment) shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiff's Claims against each and every one of the Released Defendant Parties. These releases and waivers were separately bargained for and are essential elements of the Stipulation and the Settlement.

Moreover, upon the Effective Date, the Released Plaintiff Parties will be forever barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative or other forum, foreign or domestic, asserting the Released Plaintiff's Claims against any and all of the Released Defendant Parties, whether or not such Released Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this Settlement, and you want to keep the right to sue or continue to sue the Defendants or any of their Related Parties on your own for the Released Claims in this case, then you must take steps to get out of the Settlement Class.  This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.

**If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.**

**If you are excluded from the Settlement Class and pursue your own individual action, you may also have to produce information and/or documents upon the Defendants' request (a process known as "discovery"), which could include, but not be limited to, providing testimony under oath.**

**14. HOW DO I GET OUT OF THE SETTLEMENT CLASS?**

To exclude yourself from the Settlement Class, you must submit a written request for exclusion to the Claims Administrator online at www.TalisSecuritiesLitigation.com or by mail to the following address:

*Talis Biomedical Corporation Securities Litigation*
EXCLUSIONS
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

You cannot exclude yourself by telephone or email.  Your request for exclusion must state that you want to be excluded from *In re Talis Biomedical Securities Litigation,* Case No. 3:22-cv-00105-SI (N.D. Cal.), and must: (i) include the name, address, and telephone number for you or the entity seeking exclusion; (ii) state that you or the entity wish to be "excluded from the Settlement Class" in this Litigation; (iii) include

proof (such as stockbroker confirmation slips, stockbroker statements, or other documents) adequately evidencing the date(s), price(s), and number(s) of all shares of Talis common stock purchased and/or sold during the Class Period; and (iv) be signed by you or the entity requesting exclusion or their authorized representative (accompanied by proof of authorization).  No request for exclusion will be considered valid unless it is timely and provides all of the information described above.

**Your exclusion request must be submitted online or received by the Claims Administrator no later than _____, 2024.**

Do not submit a request for exclusion as well as an objection and/or Proof of Claim.  If you do so, your objection and/or Proof of Claim will be disregarded and you will be excluded from the Settlement Class.

### 15. IF I DO NOT EXCLUDE MYSELF, CAN I SUE THE DEFENDANTS FOR THE SAME THING LATER?

No.  Unless you timely and validly exclude yourself, you give up any right to sue the Released Defendant Parties for the Released Claims in this Settlement.  If you have a pending lawsuit against any of these parties, including the Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is _____, 2024.

### 16. IF I EXCLUDE MYSELF, CAN I RECEIVE MONEY FROM THIS SETTLEMENT?

No.  If you exclude yourself, you are not a Settlement Class Member and cannot submit a Proof of Claim.

## THE LAWYERS REPRESENTING YOU

### 17. DO I HAVE A LAWYER IN THIS CASE?

The Court appointed the law firms of Bleichmar Fonti & Auld LLP and Pomerantz LLP to represent you and other Settlement Class Members.  These lawyers are called Co-Lead Counsel.  You will not be directly charged for these lawyers.  They will be paid from the Settlement Fund to the extent the Court approves BFA's application for fees and expenses.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18. HOW WILL THE LAWYERS BE PAID?

BFA will ask the Court for attorneys' fees not to exceed 28% of the Settlement Amount, and for expenses in an amount not to exceed approximately $1,800,000, plus interest that is incurred on these amounts at the same rate as earned by the Settlement Fund.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

The attorneys' fees and expenses requested will be the only payment to Plaintiff's Counsel for its efforts in achieving this Settlement and for its risk in undertaking this representation on a wholly contingent basis.  Plaintiff's Counsel has committed a substantial amount of time and significant expenses in litigating this case for the benefit of the Settlement Class.  To date, Plaintiff's Counsel has not been paid for its services in conducting this Litigation on behalf of Lead Plaintiff and the Settlement Class, nor for its expenses.  The fees requested will compensate counsel for its work in achieving the Settlement Fund for the benefit of the Settlement Class.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 19. HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees or expenses. You can state the reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the Settlement or to certain aspects of the Settlement in *In re Talis Biomedical Securities Litigation,* Case No. 3:22-cv-00105-SI (N.D. Cal.), which must (1) include the objector's name, address, and telephone number; (2) provide documentation establishing the objector's membership in the Settlement Class, including documents showing the type and number of shares of Talis common stock purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; (3) contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (4) identify any other class action settlement(s) in which the objector or the objector's attorney has objected; (5) include copies of any papers or other documents upon which the objection is based; and (6) include the objector's signature, even if represented by counsel. Unless otherwise ordered by the Court, any Settlement Class Member who does not timely object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, the request for attorneys' fees and expenses, and the requested award to Lead Plaintiff.

Any objection ***must*** be mailed or delivered such that it is ***received*** by ***each*** of the following (not simply postmarked) ***no later than _____, 2024***:

*Court:*

      Class Action Clerk
      United States District Court for the
      Northern District of California
      United States Courthouse
      450 Golden Gate Avenue
      San Francisco, CA 94102

*Lead Counsel:*

      Evan A. Kubota
      BLEICHMAR FONTI & AULD LLP
      300 Park Avenue, Suite 1301
      New York, NY 10022
      Emailed copy to talissettlement@bfalaw.com

*Counsel for Defendants*:

      Patrick E. Gibbs
      Shannon M. Eagan
      COOLEY LLP
      3175 Hanover Street
      Palo Alto, CA  94304-1130
      Emailed copy to seagan@cooley.com

Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making

any objection to any aspect of the proposed Settlement, the proposed Plan of Allocation, and any Fee and Expense Application. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

**20. WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object *only if* you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

**21. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The Court will hold a Final Approval Hearing at __:__ _.m., on _____, *2025*, at the Phillip Burton Federal Building & United States Courthouse, United States District Court for the Northern District of California, 450 Golden Gate Avenue San Francisco, CA 94102, or at such other location or via telephonic or video appearance as determined by the Court. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate, consider any objections, and listen to people who have asked to speak at the hearing.[3] The Court may move the date or time of the Final Approval Hearing to a later date and/or time without further written notice to you. If the date or time of the Final Approval Hearing is changed, the new date and/or time will be posted at www.TalisSecuritiesLitigation.com.

**22. DO I HAVE TO COME TO THE HEARING?**

No. Plaintiff's Counsel will answer any questions the Court may have, and Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval. If you send an objection or statement in support of the Settlement, you are not required to go to Court to discuss it; you may pay your own lawyer to attend, or attend at your own expense, but you are not required to do so.

**23. MAY I SPEAK AT THE HEARING?**

If you have timely filed an objection, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, your written objection must (in addition to the information specified in Question 19 above) state your intention to appear at the hearing, and must include the identity of any witnesses you may call to testify and copies of any exhibits you intend to introduce into evidence at the Final Approval Hearing. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

**24. WHAT HAPPENS IF I DO NOTHING AT ALL?**

---

[3] The papers in support of approval of the Settlement, the Plan of Allocation, and the Fee and Expense Application will be submitted to the Court no later than 35 days before the Final Approval Hearing, and posted on the Settlement website, www.TalisSecuritiesLitigation.com.

If you do nothing, you will be a Settlement Class Member. However, you will not receive any money from this Settlement unless you submit a Proof of Claim. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Released Defendant Parties about the Released Claims.

## GETTING MORE INFORMATION

### 25. HOW DO I GET MORE INFORMATION?

This Long-Form Notice summarizes the proposed Settlement but does not describe all of the details of the Settlement. More details are in the Stipulation. You can obtain a copy of the Stipulation by going to www.TalisSecuritiesLitigation.com or by calling or writing the Claims Administrator at (877) 331-0411, or at *Talis Biomedical Corporation Securities Litigation* c/o A.B. Data, Ltd. P.O. Box 173064 Milwaukee, WI 53217; by contacting Plaintiff's Counsel talissettlement@bfalaw.com or (888) 879-9418; or by visiting the Clerk's office at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, during regular business hours.

## PLEASE DO NOT TELEPHONE THE DEFENDANTS OR THE COURT REGARDING THIS NOTICE

If you have questions about the Settlement, you can contact the Claims Administrator by going to www.TalisSecuritiesLitigation.com, calling (877) 331-0411, or writing to *Talis Biomedical Corporation Securities Litigation* c/o A.B. Data, Ltd. P.O. Box 173064 Milwaukee, WI 53217, or contact Plaintiff's Counsel talissettlement@bfalaw.com or (888) 879-9418.

### APPENDIX A – PLAN OF ALLOCATION OF NET SETTLEMENT FUND

### PROPOSED PLAN OF ALLOCATION

1.      The objective of the Plan of Allocation is to fairly distribute the Net Settlement Fund to Authorized Claimants who suffered economic losses as a result of the alleged violations of the federal securities laws at issue in this Action. The calculations are not intended to estimate the damages the Class might have recovered after a trial or the amount Authorized Claimants will be paid under the Settlement. These calculations are only a method to weigh Authorized Claims against one another to make fair *pro rata* allocations of the Net Settlement Fund.

2.      Claims asserted in the Action under Section 11 of the Securities Act serve as the basis for the calculation of the Recognized Loss Amounts under the Plan of Allocation.[4] Accordingly, to have a Recognized Loss Amount under this plan, an Authorized Claimant must have purchased or acquired Talis common stock between February 11, 2021 and August 11, 2021. The formulas stated below, which were developed by Lead Plaintiff's damages expert, generally track the statutory formula.

---

[4] After market close on July 5, 2023, Talis effected a 1-for-15 reverse stock split of its common stock, resulting in Talis common stock trading on this reverse split basis as of July 6, 2023. All figures in the Plan regarding Talis common stock, including (but not limited to) the price per share and number of shares traded, are in pre-reverse split terms unless otherwise specified.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

3.      A "Recognized Loss Amount" will be calculated as set forth below for each share of Talis common stock purchased or acquired from February 11, 2021 through August 11, 2021, both dates inclusive, that is listed in the Claim Form and for which adequate documentation is provided. Purchase and sale prices in the formulas below shall exclude fees, taxes, and commissions. If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that number will be zero.

4.      For each share of Talis common stock purchased or otherwise acquired during the Class Period (*i.e.*, during the period from February 11, 2021 through and including August 11, 2021), and:

(a)      Sold before January 7, 2022,[5] the Recognized Loss Amount is the purchase price per share (not to exceed $16.00, the IPO price) *minus* the sale price per share.[6]

(b)      Sold from January 7, 2022 through and including the close of trading on January 12, 2022, the Recognized Loss Amount is the purchase price per share (not to exceed $16.00, the IPO price) *minus* the greater of: (i) the sale price per share, or (ii) $3.31 (the closing price of Talis common stock on January 7, 2022, the date the lawsuit was filed).

(c)      Held after the close of trading on January 12, 2022, the Recognized Loss Amount is the purchase price (not to exceed $16.00, the IPO price) *minus* $3.31 (the closing price of Talis common stock on January 7, 2022, the date the lawsuit was filed).

## ADDITIONAL PROVISIONS

5.      **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to Talis common stock.

6.      **FIFO Matching:**  All purchases/acquisitions and sales will be matched on a First In, First Out (FIFO) basis. Settlement Class Period sales will be matched against purchases/acquisitions in chronological order, beginning with any purchases/acquisitions made before the Settlement Class Period and continuing to the earliest purchase/acquisition made during the Settlement Class Period.

7.      **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of Talis common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Talis common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Talis common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Talis common stock unless (i) the donor or decedent purchased or otherwise acquired or sold Talis common stock during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Talis common stock.

---

[5] For purposes of the statutory calculations, January 7, 2022 is the date of suit.

[6] Any transactions in Talis common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

8. **Short Sales:** The Recognized Loss Amount on short sales and purchases covering short sales is zero. The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Talis common stock. The date of a "short sale" is deemed to be the date of sale of the Talis common stock.

9. **Common Stock Purchased/Sold Through the Exercise of Options:** The purchase or sale date is the exercise date of the option, and the purchase or sale price is the exercise price of the option.

10. **Determination of Distribution Amount:** If the total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

11. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

12. If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

13. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund a reasonable period of time after the initial distribution, if Co-Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining (after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution) to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Co-Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be donated to a non-profit, charitable organization serving the public interest and unaffiliated with the Parties or their counsel, selected by Co-Lead Counsel.

14. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, Defendants' Counsel, any Parties' damages experts, the Claims Administrator (or any other agent designated by Co-Lead Counsel), or the Released Defendant Parties based on any investments, costs, expenses, administration, allocations, calculation, payments, the withholding of taxes (including interest and penalties) owed by the Settlement Fund (or any losses incurred in connection therewith), or distributions that are made substantially in accordance with the Stipulation and the Settlement, the plan of allocation approved by the Court, or further orders of the Court.

15. The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.TalisSecuritiesLitigation.com.

DATED: _____, 2024.

>BY ORDER OF THE COURT:
>Judge Susan Illston
>United States District Judge
>United States District Court for the
>Northern District of California

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IN RE TALIS BIOMEDICAL
SECURITIES LITIGATION

Case No. 3:22-cv-00105-SI

CLASS ACTION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

Judge:  Hon. Susan Illston

**PROOF OF CLAIM AND RELEASE**

**EXHIBIT A-3**

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the Settlement Class based on your claims in the class action captioned *In re Talis Biomedical Securities Litigation,* Case No. 3:22-cv-00105-SI (N.D. Cal.) (the "Litigation"), you must complete and sign this Proof of Claim and Release form (the "Proof of Claim").[1]  If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement. Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Action.

2.    THIS PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **MUST BE SUBMITTED ONLINE AT: WWW.TALISSECURITIESLITIGATION.COM NO LATER THAN [date], 2025 OR, IF MAILED, BE POSTMARKED NO LATER THAN [date], 2025, ADDRESSED AS FOLLOWS:**

> *Talis Biomedical Corporation Securities Litigation*
> Claims Administrator
> c/o A.B. Data,  Ltd.
> P.O. Box 173064
> Milwaukee, WI 53217

Do not mail or deliver your Claim Form to the Court, the settling parties, or their counsel.

Submit your Claim Form only to the Claims Administrator at the address set forth above.

---

[1]    The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated September 30, 2024 (the "Stipulation"), which can be viewed at www.talissecuritieslitigation.com. All capitalized terms not defined in this Claim Form have the same meanings as in the Stipulation.

If you are NOT a Member of the Settlement Class, as defined in the Long-Form Notice of Pendency and Proposed Settlement of Class Action ("Long-Form Notice"), or if you have submitted a request for exclusion, DO NOT submit a Proof of Claim.

3.      If you are a member of the Settlement Class and you do not timely request exclusion by _____, 2024, you are bound by and subject to the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM OR RECEIVE A PAYMENT.

4.      Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

5.      You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below.  If you fail to timely submit a properly completed Proof of Claim, your claim may be rejected and may be precluded from receiving any distribution.

6.      It is important that you completely read and understand the Long-Form Notice that accompanies this Proof of Claim, including the Plan of Allocation of the Net Settlement Fund set forth in the Long-Form Notice.  The Long-Form Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Long-Form Notice also contains the definitions of many of the capitalized terms used in this Proof of Claim.  By signing and submitting this Proof of Claim, you will be certifying that you have read the Long-Form Notice, including the terms of the releases described in it and provided for by the Settlement.

- 2 -

## II.     CLAIMANT IDENTIFICATION

1.     If you purchased or acquired Talis common stock and held the certificate(s) in your name, you are the beneficial owner as well as the record holder.  If, however, the certificate(s) were registered in the name of a third party, such as a brokerage firm or other nominee, you are the beneficial owner and the third party is the record holder.

2.     Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Talis common stock that forms the basis of this claim, as well as the owner of record if different.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

3.     All joint owners must sign this claim. Executors, administrators, guardians, conservators, legal representatives, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

4.     A claim should be submitted for each separate legal entity (*e.g.*, a Proof of Claim of joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity on one Proof of Claim, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Proof of Claim).

### III.    IDENTIFICATION OF TRANSACTIONS

1.    Use **Part II** of this form entitled "Schedule of Transactions in Talis Common Stock" to supply all required details of your transaction(s) in Talis common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to your holdings, purchases, and sales of Talis common stock, including whether the transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.    List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.  All information, including the price per share and number of shares traded, should be provided **without** giving effect to the 1-for-15 reverse stock split of Talis common stock announced after market close on July 5, 2023.

4.    The date of covering a "short sale" is deemed to be the date of purchase of Talis common stock.  The date of a "short sale" is deemed to be the date of sale of Talis common stock.  A purchase or sale of Talis common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date; please provide any "contract" or "trade" dates in your claim.

5.    For each transaction, you must provide, together with this Proof of Claim, copies of broker confirmations, stockbroker statements, or other documentation adequately evidencing your transactions in Talis common stock.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS**.

6.       The above requests are designed to provide the minimum amount of information necessary to process the most simple claims.  The Claims Administrator may request additional information as required, and the failure to provide such information may delay processing of your claim or result in its rejection.

7.       NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  (This is different than the online claim portal on the Settlement website.)  All such Claimants MUST submit a signed Proof of Claim whether or not they also submit electronic copies.  If you wish to submit your claim electronically, you must visit www.talissecuritieslitigation.com or contact the Claims Administrator at 877-331-0411 to obtain the required file layout.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In re Talis Biomedical Securities Litigation,* Case No. 3:22-cv-00105-SI (N.D. Cal.)

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than:

[DATE]

Please Type or Print

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN TALIS COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OR RESULT IN REJECTION OF YOUR CLAIM.**

**PART I – CLAIMANT IDENTIFICATION**

The Claims Administrator will use this information for all communications regarding this Proof of Claim. If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's First Name      MI    Beneficial Owner's Last Name

Co-Beneficial Owner's First Name      MI    Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

- 6 -

Address 1 (street name and number)

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Address 2 (apartment, unit, or box number)

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

City                                                                     State    ZIP/Postal Code

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐   ☐☐  ☐☐☐☐☐☐☐

Foreign Country (only if not USA)              Foreign County (only if not USA)

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Social Security Number (last four digits only)  Taxpayer Identification Number (last four digits)

☐☐☐-☐☐-☐☐☐☐  OR  ☐☐-☐☐☐☐☐☐☐

Telephone Number (home)                    Telephone Number (cell)

☐☐☐-☐☐☐-☐☐☐☐      ☐☐☐-☐☐☐-☐☐☐☐

Email address*

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Account Number (if filing for multiple accounts, file a separate Proof of Claim for each account)

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

*        Settlement payments may be sent to you digitally via email. Please provide a current, valid email address and mobile phone number on your Claim Form.  If the email address or mobile phone number you include with your submission becomes invalid for any reason, it is your responsibility to provide accurate contact information to the Claims Administrator to receive a payment.  When you receive the email and/or mobile phone text notifying you of your Settlement payment, you will be provided with a number of digital payment options, such as PayPal or a virtual debit card, to immediately receive your Settlement payment.  At that time, you will also have the option to request a paper check.

**SCHEDULES OF TRANSACTIONS IN TALIS COMMON STOCK**

**PART II:    TRANSACTIONS IN TALIS COMMON STOCK**

**1. BEGINNING HOLDINGS -** State the total number of shares of Talis common stock held at the opening of trading on February 11, 2021.  If none, write "0" or "Zero." (Must submit documentation.) _____

**2. PURCHASES** – Separately list each purchase or acquisition of Talis common stock between February 11, 2021, and January 12, 2022, both inclusive.  Use the checkbox to indicate any transactions that were **not** denominated in U.S. dollars.  (Must submit documentation.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) | Purchased in Non-U.S. Currency? |
|---|---|---|---|---|
| | | $ | $ | ☐ |
| | | $ | $ | ☐ |
| | | $ | $ | ☐ |
| | | $ | $ | ☐ |

**3. SALES** – Separately list each and every sale of Talis common stock between February 11, 2021, and January 12, 2022, both inclusive.  Use the checkbox to indicate any transactions that were **not** denominated in U.S. dollars.  (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) | Purchased in Non-U.S. Currency? |
|---|---|---|---|---|
| | | $ | $ | ☐ |
| | | $ | $ | ☐ |
| | | $ | $ | ☐ |
| | | $ | $ | ☐ |

**4. END HOLDINGS -** State the total number of shares of Talis common stock held at the close of trading on January 12, 2022.  If none, write "0" or "Zero."  (Must submit documentation.) _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE, ADD THE TRANSACTIONS, AND CHECK THIS BOX** ☐

**YOU MUST READ AND SIGN THE RELEASE IN SECTION V.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM**.

## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENT

By signing and submitting this Proof of Claim, the Claimant(s) or the person(s) acting on behalf of the Claimant(s) certify(ies) that: I (We) submit this Proof of Claim under the terms of the Plan of Allocation described in the accompanying Long-Form Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I (we) will be bound by and subject to the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in Talis common stock, if required to do so.  I (We) have not submitted any other claim covering the same transactions in Talis common stock that are the subject of this claim and know of no other person having done so on my (our) behalf.

## V.    RELEASES, WARRANTIES, AND CERTIFICATION

By signing and submitting this Proof of Claim, the Claimant(s) or the person(s) acting on behalf of the Claimant(s) certify(ies) as follows:

1.      I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Long-Form Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Parties" as defined in the accompanying Long-Form Notice.

2.      As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve,

- 9 -

relinquish, waive, and discharge with prejudice the Released Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Long-Form Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof and have not submitted any other claim covering the same purchases of Talis common stock and know of no other person or entity having done so on my (our) behalf.

4.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of Talis common stock that occurred during the relevant periods and the number of Talis common stock held by me (us), to the extent requested.

5.      I (We) certify that I am (we are) NOT subject to backup tax withholding.  (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

6.      I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

7.      Executed this _____ day of_____, 202_

_____          _____
Signature of Claimant, if any                    Type or print name of Claimant


_____          _____
Signature of Joint Claimant, if any              Type or print name of Joint Claimant


_____          _____
Signature of person signing on behalf          Type or print name of person signing

of Claimant                                    on behalf of Claimant

_____
Capacity of person signing on behalf of Claimant, if other than an individual (e.g., Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

## REMINDER CHECKLIST:

1.      You must sign this Proof of Claim.

2.      Remember to attach supporting documentation, if available.

3.      DO NOT HIGHLIGHT THE PROOF OF CLAIM OR YOUR SUPPORTING DOCUMENTATION.

4.      Attach only copies of supporting documentation, not originals, as these documents will not be returned to you.

5.      Keep a copy of your Proof of Claim for your records.

6.      If you move after submitting this Proof of Claim, please promptly notify the Claims Administrator of the change in your address; otherwise, you may not receive additional notices or payment.

# EXHIBIT A-4

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Talis Biomedical Corporation Securities Litigation* | Case No. 22-cv-00105-SI |

## <u>SUMMARY NOTICE OF CLASS SETTLEMENT</u>

**To:**    **All persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive, and were damaged thereby.[1]**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.   IT IS NOT A LAWYER SOLICITATION.   PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court") that a hearing will be held on _____, 2025, at __:__ _.m., before the Honorable Susan Illston, at the Phillip Burton Federal Building & United States Courthouse, United States District Court for the Northern District of California, 450 Golden Gate Avenue San Francisco, CA 94102, or at such other location or via telephonic or video appearance as determined by the Court, for the purpose of determining: (1) whether the proposed settlement of the above-captioned litigation (the "Litigation") for the sum of $32,500,000 in cash (the "Settlement") should be approved by the Court as fair, reasonable, and adequate; (2) whether a Settlement Class should be certified for purposes of the Settlement; (3) whether, thereafter, this Litigation should be dismissed with prejudice pursuant to the terms and conditions set forth in the Stipulation of Settlement dated September 30, 2024 (the "Stipulation"); (4) whether the proposed Plan of Allocation is fair, reasonable, and adequate and therefore should be approved; and (5) the reasonableness of the application for payment of attorneys' fees and expenses incurred in connection with this Litigation together with the interest earned thereon (and any payment to the Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 in connection with his representation of the Settlement Class) (the "Fee and Expense Application").  The Court may change the date of this hearing, or hold it remotely, without providing another notice.  You do NOT need to attend the hearing to receive a distribution from the Net Settlement Fund.

The Litigation has been certified as a class action on behalf of a Class of all persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or

---

[1] Any capitalized terms that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated September 30, 2024 (the "Stipulation"), which is available on the website established for the Settlement at www.TalisSecuritiesLitigation.com.

traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive, and were damaged thereby, except for certain persons or entities excluded from the Settlement Class, as defined in the full Long-Form Notice of Pendency and Proposed Settlement of Class Action ("Long-Form Notice"), which is available as described below.  If the Settlement is approved, it will resolve all claims in the Litigation.

A detailed description of the Litigation, including important information about your rights and options, is in the detailed Long-Form Notice available at www.TalisSecuritiesLitigation.com or by contacting the Claims Administrator at:  *Talis Biomedical Corporation Securities Litigation* c/o A.B. Data, Ltd. P.O. Box 173064 Milwaukee, WI 53217, or (877) 331-0411.

**If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form ("Proof of Claim") online at www.TalisSecuritiesLitigation.com or by mail postmarked no later than _____, 2025** [90 calendar days from Notice Date]**.  Failure to timely submit a Proof of Claim will subject your claim to possible rejection and may preclude you from receiving any payment from the Settlement.**

If you desire to be excluded from the Settlement Class, you must submit a request for exclusion electronically submitted or postmarked by _____, 2024 [45 calendar days from Notice Date], in the manner and form explained in the detailed Long-Form Notice referred to above.  All Members of the Settlement Class who do not timely and validly request exclusion from the Settlement Class will be bound by any judgment entered in the Litigation pursuant to the terms and conditions of the Stipulation.

Any objection to the Settlement, the Fee and Expense Application, and/or the proposed Plan of Allocation must be mailed or delivered to the Clerk of Court and counsel for the Parties at the addresses below such that it is received no later than _____, 2024 [21 calendar days prior to the Final Approval Hearing]:

*Court:*

Class Action Clerk
United States District Court for the
Northern District of California
United States Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

*Lead Counsel:*

Evan A. Kubota
BLEICHMAR FONTI & AULD LLP
300 Park Avenue, Suite 1301
New York, NY 10022
Emailed copy to talissettlement@bfalaw.com

*Counsel for Defendants*:

Patrick E. Gibbs
Shannon M. Eagan

COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
Emailed copy to seagan@cooley.com

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE**.  If you have any questions about the Settlement, you may contact counsel for Lead Plaintiff at the address listed above, email talissettlement@bfalaw.com, call (888) 879-9418, or go to the following website: www.TalisSecuritiesLitigation.com.

DATED:_____

BY ORDER OF THE COURT:
Judge Susan Illston
United States District Judge
United States District Court for the
Northern District of California

# EXHIBIT B

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **[PROPOSED] FINAL JUDGMENT APPROVING SETTLEMENT** |
| ALL ACTIONS | Judge:        Hon. Susan Illston |

1    This matter came before the Court for hearing pursuant to the Order Preliminarily

2  Approving Settlement and Providing for Class Notice ("Preliminary Approval Order" or "Order")

3  dated _____, on the application of the Parties for approval of the settlement set forth in

4  the Stipulation of Settlement dated September 30, 2024 (the "Stipulation")[1].  Due and adequate

5  notice having been given to the Settlement Class as required in the Order, and the Court having

6  considered all papers filed and proceedings held herein and otherwise being fully informed in the

7  premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED, AND

8  DECREED that:

9    1.    This Court has jurisdiction over the subject matter of the Action and all matters

10  relating to the Settlement, and personal jurisdiction over all Parties to the Action, including all

11  Members of the Settlement Class.

12    2.    All defined terms contained herein shall have the same meanings as set forth in the

13  Stipulation, unless otherwise defined herein.

14    3.    For settlement purposes only, the prerequisites for a class action under Rule 23(a)

15  and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (i) the Members of

16  the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is

17  impracticable; (ii) there are questions of law and fact common to the Settlement Class which

18  predominate over any individual questions; (iii) the claims of Lead Plaintiff are typical of the claims

19  of the Settlement Class; (iv) Lead Plaintiff and Plaintiff's Counsel have fairly and adequately

20  represented and protected the interests of all Settlement Class Members; and (v) a class action is

21  superior to other available methods for the fair and efficient adjudication of the controversy.

22    4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby

23  affirms its determination in the Order and finally certifies, for settlement purposes only, a

24  Settlement Class defined as:  All persons or entities that purchased or otherwise acquired common

25  stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued

26  in connection with the Company's February 11, 2021 initial public offering between February 11,

27

28  _____
[1] Any capitalized terms that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

2021 and August 11, 2021, inclusive, and were damaged thereby. Excluded from the Settlement Class are (i) Defendants and any affiliates or subsidiaries thereof, (ii) present and former officers and directors of Talis and its subsidiaries or affiliates, and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant has or has had a controlling interest; (v) Talis's employee retirement and benefits plan(s); and (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories.  Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with the Preliminary Approval Order.

5.      Pursuant to Rule 23, and for purposes of settlement only, the Court hereby affirms its determination in the Order and finally certifies Lead Plaintiff as Settlement Class Representative for the Settlement Class, and finally appoints the law firm of Bleichmar Fonti & Auld LLP as Settlement Class Counsel.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement, the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in this Action, as provided for therein) and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, the Settlement is, in all respects fair, reasonable, and adequate, having considered and found that: (i) Lead Plaintiff and Plaintiff's Counsel have adequately represented the Settlement Class; (ii) the proposal was negotiated at arm's length; (iii) the relief provided for the Settlement Class is adequate, having taken into account (a) the costs, risks, and delay of trial and appeal; (b) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' claims; (c) the terms of any proposed award of attorneys' fees, including timing of payment; and (d) any agreement required to be identified under Rule 23(e)(2); and (iv) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.

7.      Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class, the Court hereby dismisses the Action and all Released Claims of Lead Plaintiff and the Settlement Class with prejudice, without costs as to any of the Released Parties, except as and to the extent provided in the Stipulation and herein.

8.      All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Order, pursuant to their terms.

9.      The terms of the Stipulation and of this Judgment shall be forever binding on the Released Defendant Parties and the Released Plaintiff Parties (regardless of whether or not any individual Settlement Class Member submits a Proof of Claim and Release form ("Proof of Claim") or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

10.     Upon the Effective Date, and as provided in the Stipulation, the Released Plaintiff Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Plaintiff's Claims (including, without limitation, Unknown Claims) against the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim or participates in the Settlement Fund, and whether or not such Settlement Class Member objects to the Settlement.  Claims to enforce the terms of the Stipulation and Settlement are not released.  For the avoidance of doubt, the releases herein do not include any claims that any Defendant, and/or their Related Persons, may have against any other Defendant and/or their Related Persons.

11.     Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiff Parties from the Released Defendants' Claims.  Claims to enforce the terms of the Stipulation and Settlement are not released.

12.     Upon the Effective Date, the Released Plaintiff Parties who have not validly opted out of the Settlement Class, and anyone claiming through or on behalf of them, are forever barred

and enjoined from commencing, instituting, intervening in, prosecuting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Plaintiff's Claims against the Released Defendant Parties.

13.    Notwithstanding any of the foregoing, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

14.    The dissemination of the Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class ("Notice"), Long-Form Notice of Pendency and Proposed Settlement of Class Action, and Summary Notice in accordance with the Preliminary Approval Order entered on _____, 2024: (i) complied with the terms of the Stipulation and the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (iv) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (v) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the Due Process Clause of the United States Constitution, 15 U.S.C. §78u-4(a)(7) and 15 U.S.C. §77z-1(a)(7), as amended by the PSLRA, the rules of this Court, and all other applicable law and rules. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  Thus, it is hereby determined that all Members of the Settlement Class are bound by this Order and Final Judgment, except those persons listed on Exhibit 1 to this Final Judgment.

15.    Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA"), by timely mailing, or causing to be mailed, notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of each State.  The CAFA notice contains the documents and

information required by 28 U.S.C. § 1715(b)(1)-(8).   The Court finds that Defendants have complied in all respects with the notice requirements of CAFA.

16.    Any plan of allocation submitted by Plaintiff's Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

17.    Neither this Judgment,  the Stipulation (including any Exhibits annexed thereto), the Settlement, the Supplemental Agreement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or concession or evidence of, the validity of any Released Claim, the truth of any fact alleged in the Action, the deficiency of any defense that has been or could have been asserted in the Action, any damages suffered by Lead Plaintiff or the Settlement Class, or of any alleged liability, negligence, fault, or other wrongdoing  of the Released Defendants Parties, or that the consideration to be given under the Settlement represents the amount that could be or would have been recovered after trial; or (ii) is or may be used or in any way referred to for any other reason against any Released Defendant Party in any civil, criminal, or administrative proceeding in any court, administrative agency, proceeding, or other forum or tribunal.

18.    Released Defendant Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

19.    Without affecting the finality of this Judgment in any way, this Court shall retain jurisdiction with respect to implementation and enforcement of the Settlement and terms of the Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

20.    The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied fully with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Action.

21.     Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree in writing to reasonable extensions of time to carry out any provisions of the Stipulation.

22.     If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, all of whom shall revert to their respective positions in the Action immediately prior to the execution of the Stipulation.

23.     The Claims Administrator shall administer the claims administration process, including the calculation of claims submitted by Settlement Class Members and distribution of the Net Settlement Fund to Authorized Claimants pursuant to the Court-approved Plan of Allocation. All Settlement Class Members shall submit a Proof of Claim under penalty of perjury by the date set forth in the Notice sent to Settlement Class Members.  Co-Lead Counsel may, in its discretion, accept for processing any late-submitted Proof of Claim so long as the distribution of the Net Settlement Fund is not materially delayed.

24.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: _____, 2024          _____
                                                         The Honorable Susan Illston
                                                         United States District Judge