United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN MODRAK, et al.,

Plaintiffs,

v.

TALIS BIOMEDICAL CORPORATION, et al.,

Defendants.

Case No. 22-cv-00105-SI

**ORDER CONTINUING HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL AND DIRECTING SUPPLEMENTAL BRIEFING**

Plaintiff's motion for preliminary approval of the class settlement is scheduled for a hearing on November 8, 2024. The Court CONTINUES the hearing to November 22, 2024 at 10 a.m. via zoom.

The Court has reviewed plaintiff's motion and finds that the motion does not comply with the Northern District of California's Procedural Guidance for Class Action Settlements in at least three ways. First, the proposed timeline provides for 14 days between the filing of the fee motion and the deadline for opt-outs. However, the Procedural Guidance states that "[t]he parties should ensure that class members have at least thirty-five days to opt out or object to the settlement and the motion for attorney's fees and costs." Procedural Guidance ¶ 9, found at https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/. Second, the proposed notice requires objectors to mail objections to the court and to counsel for the parties, but the Procedural Guidance states that "[t]he notice should instruct class members who wish to object to the settlement to send their written objections *only* to the court." *Id*. ¶ 5 (emphasis added). Third, the motion does not include complete information about comparable outcomes. *See id*. ¶ 11 (requiring, *inter alia*, information to be presented in a chart and to include information about types of claims released, attorneys' fees, and total exposure if plaintiffs prevailed on every claim).

The Court directs plaintiff to file a supplemental brief containing the chart required by the Procedural Guidance and to include information about more than one comparable Section 11 case. In addition, the Court directs plaintiff to file a revised notice and proposed order that contain the correct timeline for the fee motion and process for objections.  In addition, the notice and proposed order should be revised to eliminate categories (4)-(6)[1] of the information that objectors are required to provide because the Court concludes that the information required in categories (1)-(3) is sufficient and that requiring categories (4)-(6) is burdensome.  Plaintiff's supplemental filings are due by November 18, 2024.

**IT IS SO ORDERED**.

Dated: November 7, 2024

SUSAN ILLSTON
United States District Judge

---

[1] Those categories are  (4) "identify any other class action settlement(s) in which the objector or the objector's attorney has objected"; (5) "include copies of any papers or other documents upon which the objection is based"; and (6) "include the objector's signature, even if the objector is represented by counsel."

2