**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (Bar No. 191305)
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

*Counsel for Lead Plaintiff Martin Dugan
and Lead Counsel for the Class*

*[Additional counsel on signature page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **CLASS REPRESENTATIVE'S SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT** |
| ALL ACTIONS | |
| | Judge: Hon. Susan Illston |
| | Date: November 22, 2024 |
| | Time: 10:00 a.m. |
| | Courtroom: 1 – 17th Floor |

Pursuant to the Court's Order (ECF 184), Lead Plaintiff submits this supplemental brief to (1) provide the chart required by the Procedural Guidance, with information about more than one comparable Section 11 case; and (2) file a revised notice and proposed order to provide the correct timeline for the fee motion and process for objections.[1]

## I.   CHART OF COMPARABLE OUTCOMES

The following chart provides the information specified in the Procedural Guidance for securities class settlements that—like this action—involved claims under Sections 11 and 15 of the Securities Act.[2]

| Section 11 Case | Settlement | Notices Sent and Claims Filed | Recovery per Claimant | Admin. Costs | Attorneys' Fees and Expenses Awarded | Max. Damages |
|---|---|---|---|---|---|---|
| *Lyft*[3] | $25 million | 351,970 notices

72,320 claims (21%) | TBD; pre-distribution | $1,165,468.94 | Fees: 25%

Expenses: $498,683.75 | $535–$777 million |
| *Restoration Robotics*[4] | $4.175 million | 12,974 notices

1,222 claims (9%) | Average: $2,380.00

Median: $1,509.00 | $97,207.34 | Fees: 25%

Expenses: $125,142.99 | $16.6 million |
| *Jagged Peak Energy*[5] | $8.25 million | 17,049 notices

9,027 claims (53%) | Average: $5,858.61

Median: $103.81 | $171,203.56 | Fees: 30%

Expenses: $84,811.44 | $108 million |

---

[1] Capitalized terms shall have the same meaning as set forth in the Stipulation. Unless otherwise noted, all emphasis is added and all internal citations and quotation marks are omitted.

[2] *Jagged Peak* and *Facebook* also involved claims under Section 12(a)(2) of the Securities Act. In each action, notice was disseminated by mail and publication. *Restoration Robotics* involved a $161.01 *cy pres* distribution; for the remaining cases, the amount distributed to *cy pres* recipients is unavailable because distributions to claimants are not yet complete.

[3] *In re Lyft, Inc. Securities Litigation*, No. 4:19-cv-02690-HSG (N.D. Cal.).

[4] *In re Restoration Robotics, Inc. Securities Litigation*, No. 5:18-cv-03712-EJD (N.D. Cal.).

[5] *Oklahoma Police Pension and Ret. Sys. v. Jagged Peak Energy, Inc., et al.*, Case No.: 2017CV31757 (Colo. Dist. Ct.).

CLASS REPRESENTATIVE'S SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
CASE NO. 1:22-CV-00105-SI

1

| | | | | | | |
|---|---|---|---|---|---|---|
| *LifeStance*[6] | $50 million | 17,445 notices<br><br>6,790 claims (39%) | Average: $5,422.72<br><br>Median: $77.12 | $150,260.63 | Fees: 25%<br><br>Expenses: $571,894.58 | $223–$390 million |
| *Facebook IPO Sec. & Derivative Litig.*[7] | $35 million | 1,388,080 notices<br><br>486,257 claims (35%) | Average: $465.52<br><br>Median: $24.97 | $3,641,226 | Fees: 25%<br><br>Expenses: $4,962,978.46 | $1.7 billion |

The $32.5 million Settlement compares favorably to the outcomes in these cases, as it recovers between 20% and 72% of Lead Plaintiff's estimated range of recoverable damages of $44.6 million to $162 million.[8] More specifically, the Settlement's recovery of 20% of maximum damages compares favorably to the settlements above, which recovered between 2% (*Facebook*) and 25% (*Restoration Robotics*) of maximum damages. For example, the $25 million *Lyft* settlement represented 3.2–4.7% of maximum damages, while the Settlement's recovery of 20% of maximum damages is significantly higher. The 20% recovery is also nearly three times higher than the median 7.5% recovery in Securities Act cases between 2014 and 2023.[9]

The Settlement also compares favorably to the cases above when considering Section 11's statutory negative causation defense. The $32.5 million Settlement recovers 72% of Lead Plaintiff's estimate of recoverable damages after negative causation ($44.6 million). By comparison, the *Restoration Robotics* and *Jagged Peak Energy* settlements respectively recovered 49% and 15.5% of damages after negative causation, as estimated by those plaintiffs' experts.[10]

---

[6] *Nayani v. LifeStance Health Group, Inc., et al.*, No. 1:22-cv-06833-JSR (S.D.N.Y.).

[7] *In re Facebook, Inc. IPO Sec. & Derivative Litig.*, MDL No. 12-2389 (S.D.N.Y.).

[8] As previously explained (ECF 181 at 9), Lead Plaintiff estimates maximum damages at $162 million using Section 11's statutory formula, while Defendants' negative causation defense threatened to constrain recoverable damages to at most $44.6 million under Lead Plaintiff's estimate. Defendants' position is that their negative causation defense would have foreclosed any recoverable damages if litigation had continued.

[9] *See Cornerstone Research, Securities Class Action Settlements – 2023 Review and Analysis*, at 8, available at https://www.cornerstone.com/wp-content/uploads/2024/03/Securities-Class-Action-Settlements-2023-Review-and-Analysis.pdf.

[10] *See Restoration Robotics*, No. 5:18-cv-03712-EJD, ECF 108 at 22 of 31; *Jagged Peak Energy, Inc., et al.*, Case No.: 2017CV31757 (Colo. Dist. Ct.), Plaintiff's Motion for Final Approval (Oct. 30, 2023) at 7, *available at* https://www.jaggedpeaksecuritiessettlement.com/Docs/Court%20Documents/Plaintiff's%20Motion%20for%20Final%20Approval%20of%20the%20Class%2

CLASS REPRESENTATIVE'S SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
CASE NO. 1:22-cv-00105-SI

2

## II.    REVISED NOTICE, PROPOSED ORDER AND PROPOSED SCHEDULE

Pursuant to the Court's Order (ECF 184), Lead Plaintiff has revised the Notice, Long-Form Notice, Summary Notice, and proposed Preliminary Approval Order to provide "thirty-five days to opt out or object to the settlement and the motion for attorney's fees and costs" (Procedural Guidance ¶ 9); "instruct class members who wish to object to the settlement to send their written objections only to the court" (*id.* ¶ 5); and remove categories (4)–(6) of information for objectors.

The revised proposed Preliminary Approval Order and its exhibits are attached as:

- Exhibit A:  Proposed Preliminary Approval Order (as revised)

- Exhibit A-1:  Notice (as revised)

- Exhibit A-2:  Long-Form Notice (as revised)

- Exhibit A-3:  Proof of Claim Form[11]

- Exhibit A-4:  Summary Notice (as revised)

Redline versions showing the changes to the proposed Preliminary Approval Order, Notice, Long-Form Notice, and Summary Notice are attached as Exhibits 1–4, respectively.

Finally, the proposed schedule of settlement-related events, reflecting the updated timeline, is set forth below.

| EVENT | DEADLINE |
|---|---|
| Deadline for A.B. Data to commence mailing of the Notice to Settlement Class Members (the "Notice Date") and to post copies of the Notice, Long-Form Notice, Proof of Claim, and Stipulation and its exhibits to the Settlement Website (www.TalisSecuritiesLitigation.com) | 21 calendar days from entry of the Preliminary Approval Order (Proposed Order ¶8(a)) |
| Deadline for A.B. Data to publish the Summary Notice in a national news publication and over a national newswire service | 14 calendar days from the Notice Date (Proposed Order ¶8(b)) |
| Deadline to submit Proof of Claim | 90 calendar days from Notice Date (Proposed Order ¶11(a)) |
| Deadline for motions for final approval of the Settlement, Plan of Allocation, and for attorneys' fees and expenses | 56 calendar days prior to the Final Approval Hearing (Proposed Order ¶15) |

0Action%20Settlement.pdf.    The remaining settlements above did not disclose the impact of negative causation on estimated damages.

[11] No revisions were made to the Proof of Claim.

Class Representative's Supplemental Brief in Further Support of Motion for Preliminary Approval
Case No. 1:22-cv-00105-SI

3

| EVENT | DEADLINE |
|---|---|
| Deadline to submit written requests for exclusion | 21 calendar days prior to the Final Approval Hearing (Proposed Order ¶12) |
| Deadline for objections and statements of intention to appear at the Final Approval Hearing | 21 calendar days prior to the Final Approval Hearing (Proposed Order ¶13(a)) |
| Deadline for replies to any Objections | 7 calendar days prior to the Final Approval Hearing (Proposed Order ¶15) |
| Deadline for Co-Lead Counsel to file with the Court proof of mailing and publication of the Notice, Long-Form Notice, Proof of Claim, Summary Notice, and Stipulation and its exhibits | 14 calendar days prior to the Final Approval Hearing (Proposed Order ¶8(c)) |
| Final Approval Hearing | No earlier than 100 days from the entry of the Preliminary Approval Order (Proposed Order ¶4) |

Dated: November 14, 2024                    Respectfully submitted,


By: */s/ Joseph A. Fonti*
**BLEICHMAR FONTI & AULD LLP**
Joseph A. Fonti (*pro hac vice*)
jfonti@bfalaw.com
Evan A. Kubota (*pro hac vice*)
ekubota@bfalaw.com
300 Park Avenue, Suite 1301
New York, New York 10022
Tel: (212) 789-1340
Fax: (212) 205-3960

– and –

Lesley E. Weaver (Bar No. 191305)
lweaver@bfalaw.com
1330 Broadway, Suite 630
Oakland, California 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020

*Counsel for Lead Plaintiff Martin Dugan and Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (Bar No. 290685)
2049 Century Park East, Suite 2460
Los Angeles, California 90067

CLASS REPRESENTATIVE'S SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
CASE NO. 1:22-CV-00105-SI

4

Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Martin Dugan*

**POMERANTZ LLP**
Jennifer Pafiti (Bar No. 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

Jeremy A. Lieberman (*pro hac vice* application forthcoming)
J. Alexander Hood II (*pro hac vice*)
James M. LoPiano (*pro hac vice*)
Jonathan D. Park (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com
jpark@pomlaw.com

*Additional Counsel for the Class*

CLASS REPRESENTATIVE'S SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
CASE NO. 1:22-CV-00105-SI

5