# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR CLASS NOTICE** |
| ALL ACTIONS | |
| | Judge:          Hon. Susan Illston |

WHEREAS, the consolidated securities class action entitled *In re Talis Biomedical Securities Litigation*, Case No. 22-cv-00105-SI (the "Action") is pending before the Court;

WHEREAS, the Parties have entered into a Stipulation and Agreement of Settlement, dated September 30, 2024 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiff's Counsel has made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement in accordance with the Stipulation,  which, together with the Exhibits annexed thereto, allows notice to the Settlement Class members, as more fully described below, certifies a Settlement Class, as described below, and sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action on the merits and with prejudice upon the terms and conditions set forth therein;

WHEREAS, the Court has read and considered (i) Co-Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (ii) the Stipulation, and the Exhibits annexed thereto (as revised pursuant to ECF 184);

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    **Preliminary Approval of the Settlement**.  The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing described below.

2.    The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of informed, extensive arm's-length, and non-collusive negotiations between experienced counsel, including mediation under the direction of an experienced mediator, Michelle Yoshida; (ii) eliminating risks to the Parties of continued litigation; (iii) falling within a range of reasonableness warranting final approval; (iv) having no obvious deficiencies; and (v) warranting

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR CLASS NOTICE
CASE NO. 22-CV-00105-SI

notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the Final Approval Hearing described below.

3.      Pending final determination of whether the Settlement should be approved, Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts Released Plaintiff's Claims against the Released Defendant Parties (other than continuing proceedings related to the Settlement).

4.      **Settlement Hearing**.  A hearing (the "Final Approval Hearing") shall be held before this Court on _____, 2025 [at least one hundred (100) calendar days from the date of this Order], at __:__ _.m., at the Phillip Burton Federal Building & United States Courthouse, United States District Court for the Northern District of California, 450 Golden Gate Avenue San Francisco, CA 94102, or at such other location or via telephonic or video appearance as determined by the Court.

(a)      The purposes of the Final Approval Hearing shall be to: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (ii) determine whether a Judgment as defined in ¶1.23 of the Stipulation should be entered herein; (iii) determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified, whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class, and whether Co-Lead Counsel Bleichmar Fonti & Auld LLP ("BFA") should be finally appointed as Class Counsel for the Settlement Class; (iv) determine whether the proposed Plan of Allocation for the Net Settlement Fund is fair and reasonable and should be approved; (v) consider BFA's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead Plaintiff for reimbursement of his reasonable costs and expenses directly related to his representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") (the "Fee and Expense Application")); (vi) hear any objections by Settlement Class Members to the Settlement, Plan of Allocation, or BFA's or Lead Plaintiff's application(s); and (vii) consider such other matters the Court deems appropriate.

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR CLASS NOTICE
CASE NO. 22-CV-00105-SI

Notice of the Settlement and the Final Approval Hearing shall be given to Settlement Class Members as set forth in paragraphs 7 and 8 of this Order.

(b)    The Court may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or Litigation Expenses.  The Court may also adjourn the Final Approval Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class.  Any such changes shall be posted on the website of the Claims Administrator.

5.    **Class Certification**.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement only, a Settlement Class of all persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive, and were damaged thereby. Excluded from the Settlement Class are (i) Defendants and any affiliates or subsidiaries thereof, (ii) present and former officers and directors of Talis and its subsidiaries or affiliates, and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant has or has had a controlling interest; (v) Talis's employee retirement and benefits plan(s); and (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories.  Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with the Preliminary Approval Order.

6.    **Settlement Class Findings**.  With respect to the Settlement Class, the Court preliminarily finds, for purposes of effectuating this Settlement only, that (i) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is

impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of Lead Plaintiff are typical of the claims of the Settlement Class; (iv) Lead Plaintiff and Plaintiff's Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

(a)    The Court hereby reaffirms its prior finding that pursuant to Rule 23, Lead Plaintiff is an adequate Class Representative for the Settlement Class.  The Court also reaffirms its appointment of Bleichmar Fonti & Auld LLP as Co-Class Counsel.

7.    **Approval of Form and Content of Notice**.  The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Long-Form Notice of Pendency and Proposed Settlement of Class Action ("Long-Form Notice"), the Proof of Claim Form (the "Proof of Claim"), and the Summary Notice ("Summary Notice"), annexed hereto as Exhibits A-1, A-2, A-3, and A-4, respectively, and finds that they: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the Due Process Clause of the United States Constitution, 15 U.S.C. §78u-4(a)(7) and 15 U.S.C. §77z-1(a)(7), as amended by the PSLRA, and the rules of this Court.

8.    **Retention of Claims Administrator and Manner of Notice**.  Co-Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)    No later than _____, 2024 (the "Notice Date") [a date that is twenty-one (21) calendar days from the date of this Order], the Claims Administrator shall commence mailing a copy of the Notice, substantially in the form annexed hereto as Exhibit A-1, by First-Class Mail to (i) all Settlement Class Members who can be identified with reasonable

effort, and (ii) brokers and nominees on the Claims Administrator's list of brokers and nominees that commonly hold securities for the benefit of investors. Further, on the Notice Date, the Notice, Long-Form Notice, Proof of Claim, and the Stipulation and its Exhibits shall be posted on the Settlement website, www.TalisSecuritiesLitigation.com;

(b)     No later than _____, 2024 [a date that is fourteen (14) calendar days after the Notice Date], the Claims Administrator shall cause the Summary Notice to be published once in a national news publication, and once over a national newswire service; and

(c)     On or before _____, 2025 [a date that is fourteen (14) calendar days prior to the Final Approval Hearing], Co-Lead Counsel shall cause to be served on Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing, publishing, and posting.

9.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor Plaintiff's Counsel shall have any obligation to repay any amounts disbursed or incurred pursuant to ¶¶2.8, 2.9 or 2.11 of the Stipulation.

10.     **Nominee Procedures**. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities who may have purchased or acquired Talis common stock during the Settlement Class Period for the beneficial interest of persons or entities other than themselves. Such nominees shall either (i) within seven (7) calendar days of receipt of the Notice, forward the Notice to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator, and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners. Nominees who elect to send the Notice to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. The Claims Administrator shall follow up with brokers and custodians to ensure the Notice is sent to beneficial

owners in a timely manner. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

11.    **Participation in the Settlement**. All Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, regardless of whether such persons or entities seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

(a)    Settlement Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically **no later than _____, 2025 [a date that is ninety (90) calendar days after the Notice Date]**. Any Settlement Class Member who does not submit a Proof of Claim within the time provided for (a) shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class, including, without limitation, the Judgment and the releases provided for therein; (b) shall be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against the Released Defendant Parties, as more fully described in the Stipulation; and (c) shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No person or entity shall have any claim against Lead Plaintiff, Plaintiff's Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted claims.

(b)    A Proof of Claim must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Co-Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of their current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    As part of the Proof of Claim, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

12.    **Exclusion from the Settlement Class**.  Any Person who desires to request exclusion from the Settlement Class shall do so by submitting a written request for exclusion to the Claims Administrator, which must be timestamped (for online submissions) or received by the Claims Administrator (for mailings) **no later than ___, 2025 [a date that is twenty-one (21) calendar days prior to the Final Approval Hearing]**.  The request for exclusion must: (i) include the person's or entity's name, address, and telephone number; (ii) state that the person or entity wishes to be "excluded from the Settlement Class" in this Action; (iii) include proof (such as stockbroker confirmation slips, stockbroker statements, or other documents) adequately evidencing the date(s), price(s), and number(s) of all Talis common stock purchased and/or sold during the Class Period; and (iv) be signed by the person or entity requesting exclusion or their authorized representative (accompanied by proof of authorization).  No request for exclusion shall be effective unless it is timely and provides the required information. Upon receiving any request(s) for exclusion, the Claims Administrator shall promptly notify Co-Lead Counsel and Defendants' Counsel of such request(s) and provide them copies of such request(s) and the documentation accompanying them by facsimile or electronic mail.  All Persons who submit valid and timely

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR CLASS NOTICE
CASE NO. 22-CV-00105-SI

requests for exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Action. The Claims Administrator shall provide Co-Lead Counsel and Defendants' Counsel with copies of all requests for exclusion as expeditiously as possible and, in any event, not more than four (4) calendar days after receipt by the Claims Administrator.

13. **Appearance and Objections at Final Approval Hearing**. Any Member of the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If he, she, or it does not enter an appearance, he, she, or it will be represented by Co-Lead Counsel.

(a) Any Settlement Class Member may file a written objection to the proposed Settlement and show cause why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why the Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and Litigation Expenses should or should not be awarded to BFA or an award granted to Lead Plaintiff; provided, however, that no Settlement Class Member or any other person or entity shall be heard or entitled to contest such matters, unless that Person has mailed or delivered said objections, papers, and briefs to the Class Action Clerk of the United States District Court for the Northern District of California, **on or before _____, 2025 [a date that is twenty-one (21) calendar days prior to the Final Approval Hearing]**:

*Court:*

Class Action Clerk
United States District Court for the
Northern District of California
United States Courthouse
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102

To object, a Settlement Class Member must send a letter saying that he, she, or it objects to the Settlement in *In re Talis Biomedical Securities Litigation*, Case No. 22-cv-00105-SI (N.D. Cal.), which must (1) include the objector's name, address, and telephone number; (2) provide

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR CLASS NOTICE
CASE NO. 22-CV-00105-SI

documentation establishing the objector's membership in the Settlement Class, including documents showing the number of shares of Talis common stock purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; and (3) contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. Any Settlement Class Member who does not make his, her, or its objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the Fee and Expense Application, unless otherwise ordered by the Court.

(b)    Attendance at the Final Approval Hearing is not necessary. However, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection their intention to appear at the hearing.

(c)    Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

(d)    At or after the Final Approval Hearing, the Court shall determine whether the proposed Plan of Allocation, and any Fee and Expense Application, shall be approved.

14.    **Settlement Fund**. The Court approves the establishment of the Escrow Accounts into which the Settlement Amount will be deposited for the benefit of the Settlement Class. All funds held by the Escrow Agents shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court. No person who is not a Settlement Class Member or Plaintiff's Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

15.    **Supporting Papers**. Co-Lead Counsel BFA shall file the opening papers in support of the proposed Settlement, the Plan of Allocation, and the Fee and Expense Application **on or**

**before** _____, **2025** [a date that is fifty-six (56) calendar days prior to the Final Approval Hearing]. Any reply papers in response to objections shall be filed and served **on or before** _____, **2025** [a date that is seven (7) calendar days prior to the Final Approval Hearing].

16.    None of the Released Defendant Parties shall have any involvement in or any responsibility for, authority, or liability whatsoever for the Plan of Allocation, any Fee and Expense Application, the selection of the Claims Administrator, the administration of the Settlement, the Claims process, or the disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Settlement Class Members, or Co-Lead Counsel, in connection with the foregoing. Such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17.    **Use of this Order**. Neither this Order nor the proposed Settlement (including the Stipulation and any Exhibits annexed thereto), the Supplemental Agreement, nor any of the negotiations or proceedings connected with it: (i) is or may be deemed to be or may be used as an admission of, concession, or evidence of, the validity of any Released Claim, the truth of any fact alleged in the Action, the deficiency of any defense that has been or could have been asserted in the Action, any damages suffered by Lead Plaintiff or the Settlement Class, any alleged liability, negligence, fault, or other wrongdoing of the Released Defendant Parties, or that the consideration to be given under the Settlement represents the amount that could be or would have been recovered after trial; or (ii) is or may be used or in any way referred to for any other reason against any Released Defendant Party in any civil, criminal, or administrative proceeding in any court, administrative agency, or other forum or tribunal; _provided_ that the Parties may use the Order as necessary to effectuate the provisions of the Stipulation, and the Released Defendant Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of _res judicata_, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR CLASS NOTICE
CASE NO. 22-CV-00105-SI

18. **Termination**. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants pursuant to the Stipulation, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation. The Parties shall be deemed to have reverted to their respective positions in the Action immediately prior to the execution of the Stipulation.

19. **Stay of Proceedings**. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither Lead Plaintiff nor any Settlement Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any Released Defendant Party any action or proceeding in any court or tribunal asserting any of the Released Claims.

20. **CAFA Notice.** The Parties have indicated that Defendants will comply with the requirements of 28 U.S.C. § 1715, *et seq.*, by providing proper notice to the appropriate federal official and state officials specified in the statute within five (5) calendar days after the proposed Settlement was filed, which ensures that the Final Approval Hearing will be held at least ninety (90) days after the appropriate federal official and state officials are served. Defendants shall file proof of compliance with CAFA with the Court at least thirty-five (35) calendar days prior to the Final Approval Hearing.

21. **Taxes.** Co-Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

22. **Jurisdiction**. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR CLASS NOTICE
CASE NO. 22-CV-00105-SI

IT IS SO ORDERED.

Dated: _____, 2024

_____
The Honorable Susan Illston
United States District Judge

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR CLASS NOTICE
CASE NO. 22-CV-00105-SI