# EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re Talis Biomedical Corporation Securities Litigation* | Case No. 22-cv-00105-SI |

## LONG-FORM NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**TO:**   All persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive, and were damaged thereby.

**NOTICE OF SETTLEMENT:** This notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court"). Please be advised that the Court-appointed Lead Plaintiff Martin Dugan, on behalf of himself and the Court-certified Settlement Class, have reached a proposed settlement of the above-captioned securities class action (the "Action") for $32,500,000.00 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

This Long-Form Notice explains important rights you may have and what steps you must take if you wish to participate in the Settlement of this class action, wish to object, or wish to be excluded from the Settlement Class.  If you are a Member of the Settlement Class, your legal rights will be affected whether or not you act.

**The Action and Proposed Settlement**:  This Notice relates to a proposed Settlement of claims in a pending securities class action against Defendants Talis Biomedical Corporation ("Talis"), Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott (collectively, the "Individual Defendants," and together with Talis, the "Defendants").[1]   A more detailed description of the Action is set forth below. The proposed Settlement, if approved by the Court, will resolve the claims by Lead Plaintiff Martin Dugan that have been asserted on behalf of the Settlement Class.

**Settlement Fund**:  Subject to Court approval, Lead Plaintiff, on behalf of himself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $32,500,000.00 in cash.  Your

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated September 30, 2024 (the "Stipulation" or "Settlement").

recovery will depend in part on the type and amount of your transactions in Talis common stock purchased or acquired between February 11, 2021 and August 11, 2021 (both inclusive) and the timing of your purchases, acquisitions, and any sales. If claims are submitted for 100% of the eligible shares of Talis common stock, based on Plaintiff's expert's estimate of the number of damaged shares of Talis common stock eligible to recover under the Settlement, the estimated average recovery per affected Talis common share is approximately $2.05 per share of Talis common stock, before deduction of Court-approved fees, expenses, and costs. Settlement Class Members should note, however, that these are only estimates. The actual amount per share you could receive will depend on a number of factors, including those explained in the Plan of Allocation contained below.

**Average Amount of Damages Per Share**: The Parties do not agree on the average amount of damages per share of Talis Common Stock that would be recoverable if Plaintiff was to prevail in the Action. Among other things, Defendants deny that Plaintiff has asserted any valid claims and expressly deny all allegations of liability, wrongdoing, or damages whatsoever.

**Settlement Class**: The Court has certified a Class of all persons and entities who purchased or otherwise acquired Talis common stock between February 11, 2021 and August 11, 2021, both inclusive. Excluded from the Settlement Class are: Defendants and any affiliates or subsidiaries thereof, the present and former officers and directors of Talis (and its affiliates or subsidiaries) and their immediate family members, Defendants' liability insurance carriers and any affiliates or subsidiaries thereof, any entity in which any Defendant has or has had a controlling interest, Talis's employee retirement and benefits plan(s), and with respect to each of the foregoing, the legal representatives, heirs, estates, agents, successors, or assigns. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set by the Court, which are set forth in this Long-Form Notice of Pendency and Proposed Settlement of Class Action.

**Reasons for Settlement**: Lead Plaintiff's principal reason for entering into the Settlement is to secure a substantial benefit to the Settlement Class now and avoid the delay, costs and risks associated with continued litigation, including the danger of no recovery. Defendants, who deny all allegations of wrongdoing or liability or any violation of law whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, distraction, and expense of further protracted litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

**Statement on Potential Outcome If the Case Had Not Settled**: The Settlement must be compared to the risk of no recovery after contested motions, trial, and likely appeals. Litigation is a risky proposition and the Settlement Class might not have prevailed, including due to the risks posed by Talis's financial condition. The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony. The parties disagree on both liability and damages. Among the many key issues about which the two sides do not agree are: (1) whether Defendants made any statements that were materially false or misleading, or made material omissions in violation of a duty to disclose or that are otherwise actionable, under the federal securities laws; (2) the amount of damages (if any) that could be recovered at trial, including the average amount of damages per share that would be recoverable if Lead Plaintiff prevailed on each claim alleged. Defendants have denied and continue to deny any and all allegations of wrongdoing asserted in the Litigation, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions.

**Attorneys' Fees and Expenses**: Plaintiff's Counsel has not received any payment for its work investigating the facts, conducting this Litigation, and negotiating the Settlement on behalf of Lead Plaintiff and the Settlement Class. Co-Lead Counsel Bleichmar Fonti & Auld LLP will ask the Court for attorneys'

fees not to exceed 28% of the Settlement Amount and Litigation Expenses in an amount not to exceed approximately $1,800,000, plus interest, to be paid from the Settlement Fund. In addition, Lead Plaintiff may request an award not to exceed $37,500 pursuant to 15 U.S.C. § 77z-1(a)(4) in connection with his representation of the Settlement Class (together with the request for attorneys' fees and Litigation Expenses, the "Fee and Expense Application"). If the Court approves the Fee and Expense Application in full, and if claims are submitted for 100% of the Talis common stock estimated to be eligible to recover under the Settlement, the average amount of fees and expenses is estimated to be approximately $0.69 per share of Talis common stock. A copy of the Fee and Expense Application will be posted on www.TalisSecuritiesLitigation.com after it has been filed with the Court.

| **Claims Administrator:** | **Plaintiff's Counsel:** |
|---|---|
| Talis Biomedical Corporation | Evan A. Kubota |
| Securities Litigation | Bleichmar Fonti & Auld LLP |
| c/o A.B. Data, Ltd. | 300 Park Avenue, Suite 1301 |
| P.O. Box 173064 | New York, NY 10022 |
| Milwaukee, WI 53217 | Telephone: 1-888-879-9418 |
| Telephone: 1-877-331-0411 | TalisSettlement@bfalaw.com |
| info@TalisSecuritiesLitigation.com | |

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT IF YOU ARE A VALID MEMBER OF THE SETTLEMENT CLASS**

| SUBMIT A CLAIM | This is the only way to be eligible to receive a payment. If you are a Settlement Class Member, and do not exclude yourself from the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any "Released Plaintiff Claims" (as defined below) that you have against the Released Defendant Parties (as defined below). **Proof of Claim and Release forms ("Proof of Claim") are available at www.TalisSecuritiesLitigation.com and must be postmarked (if mailed) or received (if submitted online) on or before _____, 2025.** |
|---|---|
| EXCLUDE YOURSELF | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that potentially allows you to participate in another lawsuit against the Released Defendant Parties relating to the Released Plaintiff Claims being released in this case. Should you elect to exclude yourself from the Settlement Class, you should understand that the Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be received on or before _____, 2025.** |
| OBJECT | You may write to the Court if you do not like this Settlement, the Plan of Allocation and/or the Fee and Expense Application. You will still be a Member of the Settlement Class. **Objections should be** |

| | |
|---|---|
| | **sent only to the Court and must be received by the Court on or before _____, 2025.** |
| **GO TO A HEARING ON _____, 2025, at _____ _.m.** | **Submitting a written objection and notice of intention to appear by _____, 2025 allows you to speak in Court about the fairness of the Settlement, the Plan of Allocation and/or the Fee and Expense Application.** If you submit a written objection, you may (but you do not have to) attend the hearing and speak to the Court about your objection.[2] |
| **DO NOTHING** | **If you are a Member of the Settlement Class and you do not submit a Proof of Claim by _____, 2025, you will not be eligible to receive any payment from the Net Settlement Fund.** You will, however, remain a Member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will still be bound by any judgments or orders entered by the Court in the Litigation. |

- These rights and options – *and the deadlines to exercise them* – are explained in this Long-Form Notice.

- The Court in charge of this case must decide whether to approve the Settlement. Payments to Authorized Claimants (described below) will be made if the Court approves the Settlement, after Proofs of Claim are processed, and, if there are any appeals, after appeals are resolved. Please be patient.

### 1.  WHY DID I RECEIVE THIS LONG-FORM NOTICE?

The Court authorized that this Long-Form Notice be disseminated because you or someone in your family has been identified as a potential Settlement Class Member who may have purchased or acquired shares of Talis common stock during the Settlement Class Period. The Court directed that this Long-Form Notice be made available to Settlement Class Members to explain the Litigation, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the Settlement.

Receipt of this Long-Form Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment. The Parties do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to timely submit the Proof of Claim available at www.TalisSecuritiesLitigation.com.

### 2.  WHAT IS THIS LAWSUIT ABOUT?

This is a securities lawsuit filed in the United States District Court for the Northern District of California. The operative Amended Complaint in the Action names as defendants Talis; Brian Coe, Talis's co-founder and former President, Chief Executive Officer, and Board member; J. Roger Moody, Jr., Talis's former Chief

---

[2] The Court may change this date to a later date and/or time without further written notice to you. However, any different date or time will be posted on the Settlement website: www.TalisSecuritiesLitigation.com.

Financial Officer; and current and former Board members Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott.  The Court appointed Lead Plaintiff Martin Dugan as Class Representative in this lawsuit.

### (a)    THE CLASS REPRESENTATIVE'S CLAIMS

The Class Representative, on behalf of the Class, alleges that Defendants violated Sections 11 and 15 of the Securities Act of 1933 based on materially false and misleading statements and omissions in the Registration Statement for Talis's February 11, 2021 initial public offering. The Class Representative alleges that Defendants made false and misleading statements and material omissions about Talis One, the Company's molecular diagnostic platform designed to test for COVID-19 and other diseases at the point of care.  Specifically, the Amended Complaint alleges Defendants made misstatements about the ordering and manufacturing of Talis One instruments and Talis One's accuracy and reliability, as well as material omissions about the weakness of Talis's comparator assay and Talis One's unreliability.

### (b)    DEFENDANTS' DENIAL OF LIABILITY

Defendants deny all of these allegations, any wrongdoing or violation of law, and any and all liability under Sections 11 and 15 of the Securities Act of 1933.

### 3.    WHAT HAS HAPPENED SO FAR IN THIS CASE?

The Litigation is currently pending in the United States District Court for the Northern District of California before Judge Susan Illston (the "Court").  The initial complaint in this Litigation was filed on January 7, 2022.  (ECF No. 1.)  On June 3, 2022, the Court appointed Martin Dugan, Leon Yu, and Max Wisdom Technology Lmtd. as Co-Lead Plaintiff and Bleichmar Fonti & Auld LLP and Pomerantz LLP as Co-Lead Counsel.  (ECF No. 64.)

Lead Plaintiffs filed a Consolidated Class Action Complaint for Violations of the Federal Securities Laws on July 1, 2022 (ECF No. 74).  The Complaint alleged violations of Sections 11 and 15 of the Securities Act of 1933, and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder. (ECF No. 74.)  On December 9, 2022, the Court dismissed the Complaint with leave to amend.  (ECF No. 101.)

Lead Plaintiffs filed the operative Amended Complaint (the "Amended Complaint") on January 13, 2023 (ECF No. 104), solely alleging violations of Sections 11 and 15 of the Securities Act of 1933.  (ECF No. 104.)

On April 28, 2023, the Court denied Defendants' motion to dismiss the Amended Complaint.  (ECF No. 115.)

On November 30, 2023, the Court entered an order allowing Yu and Max Wisdom to withdraw as Co-Lead Plaintiffs and as proposed Class Representatives, and appointed Martin Dugan as the sole Lead Plaintiff.  (ECF No. 131.)

On February 9, 2024, the Court granted Lead Plaintiff's Motion for Class Certification, appointing Martin Dugan as the Class Representative, and Bleichmar Fonti & Auld LLP and Pomerantz LLP as Co-Class Counsel (ECF No. 153).

On March 14, 2024, following certification of the Class, the parties engaged in a full-day mediation session with Michelle Yoshida via Zoom.  Prior to the March 14 session, the parties submitted and exchanged

detailed mediation statements and exhibits.  On March 14, the parties engaged in good faith, arm's-length negotiations supervised by Ms. Yoshida, but did not agree on a resolution.

On July 30, 2024, the parties participated in a second full-day mediation session with Ms. Yoshida, held in person.  Prior to the July 30 session, Lead Plaintiff submitted a supplemental mediation statement for exchange with Defendants and a further mediation statement for the mediator's eyes only.  On July 30, the parties again engaged in good-faith, arm's-length negotiations and made progress, but did not agree on a resolution.

After the July 30 session, negotiations continued under Ms. Yoshida's auspices.  After further negotiations, including inquiry into Talis's financial condition, Ms. Yoshida made a formal mediator's proposal that the case settle for $32,500,000 in cash.  On August 21, 2024, Plaintiff and Defendants accepted the proposal, and subsequently negotiated a term sheet and the Stipulation of Settlement.

**4.  WHY IS THIS A CLASS ACTION?**

In a class action, a class representative (in this case, the Court-appointed Lead Plaintiff Martin Dugan) sues on behalf of people who have similar claims.  Here, all these people are called the Settlement Class or Settlement Class Members.  One court resolves the issues for all class members at the same time, except for those who timely and validly exclude themselves from the class (the process for which is described more fully in Question 14 below).  Judge Susan Illston is presiding over this class action.

**5.  WHY IS THERE A SETTLEMENT?**

The Court did not decide in favor of Lead Plaintiff or Defendants.  Instead, both sides agreed to a settlement.  That way they avoid the cost and uncertainty of further litigation and a trial, and eligible Settlement Class Members who submit valid claims will receive compensation.  Particularly in light of the possibility that continued litigation could result in no greater recovery than the Settlement—or no recovery at all—Lead Plaintiff and Plaintiff's Counsel believe the settlement is in the best interest of all Settlement Class Members.  While Defendants have at all times denied all allegations of wrongdoing, liability, or any violation of law, they are entering into the Settlement to eliminate the uncertainty, burden, distraction, and expense of further protracted litigation.

## WHO IS IN THE SETTLEMENT

To see if you will receive money from this Settlement, you first have to determine if you are a Settlement Class Member.

**6.  HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?**

The Settlement Class includes all persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive (the "Settlement Class Period"), and were damaged thereby.  Certain Persons and entities are excluded from this definition, as described below.

**7.  WHAT ARE THE EXCEPTIONS TO BEING INCLUDED?**

Excluded from the Settlement Class are:  (i) Defendants and any affiliates or subsidiaries thereof, (ii) present and former officers and directors of Talis and its subsidiaries or affiliates, and their immediate family

members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant has or has had a controlling interest; (v) Talis's employee retirement and benefits plan(s); and (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set by the Court, which are set forth in this Long-Form Notice of Pendency and Proposed Settlement of Class Action.

**8. I'M STILL NOT SURE IF I AM INCLUDED.**

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator at www.TalisSecuritiesLitigation.com or by phone at (877) 331-0411, or you can fill out and return the Proof of Claim described in Question 11, to see if you qualify.

## PLEASE DO NOT CALL THE COURT OR DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**9. WHAT DOES THE SETTLEMENT PROVIDE?**

Defendants have agreed to settle the litigation for a total of $32,500,000.00 in cash. This amount, plus any interest earned thereon, constitutes the Settlement Fund. The balance of this fund after payment of (i) Court-approved attorneys' fees and expenses, (ii) any award to Lead Plaintiff, (iii) the costs of claims administration, including the costs of distributing the Notice and the cost of publishing notice, and (iv) Taxes and Tax Expenses, is the "Net Settlement Fund." The Net Settlement Fund will be divided among all eligible Settlement Class Members who send in timely and valid Proofs of Claim in accordance with the Plan of Allocation described below.

**10. HOW MUCH WILL MY PAYMENT BE?**

Your payment (if any) will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Settlement Class Members submit; the number of shares of Talis common stock you purchased or acquired; how much you paid for those shares; when you purchased or acquired them; and if and when you sold your shares of Talis common stock and for how much. The Claims Administrator will apply the Plan of Allocation (appended below as Appendix A) to calculate the amount of your Recognized Claim, and your payment (if any) will be a portion of the Net Settlement Fund equal to your Recognized Claim divided by the total of all Authorized Claimants' Recognized Claims.

**11. HOW WILL I OBTAIN A PAYMENT?**

To qualify for payment, you must be an eligible Settlement Class Member, send in a timely and valid Proof of Claim, and properly document your claim as requested in the Proof of Claim. A Proof of Claim may be downloaded at **www.TalisSecuritiesLitigation.com** and is also available in paper form by contacting the Claims Administrator at **www.TalisSecuritiesLitigation.com**, by phone at (877) 331-0411, or at *Talis Biomedical Corporation Securities Litigation* c/o A.B. Data, Ltd. P.O. Box 173064 Milwaukee, WI 53217. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it such that it is **postmarked no later than _____, 2025, or submit it online by**

**no later than _____, 2025**.    Proofs of Claim may be completed and submitted online at www.TalisSecuritiesLitigation.com.

### 12. WHEN WILL I RECEIVE MY PAYMENT?

The Court will hold a hearing on _____*, 2025, at \_\_:\_\_ \_.m.*, to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

### 13. WHAT AM I GIVING UP TO RECEIVE A PAYMENT OR STAY IN THE SETTLEMENT CLASS?

Unless you timely and validly exclude yourself, you are a Settlement Class Member, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Released Defendant Parties about the Released Plaintiff's Claims.  It also means that all of the Court's orders, including a judgment ("Judgment") dismissing the Litigation with prejudice on the merits, will apply to you and legally bind you and you will release all Released Plaintiff's Claims in this case against the Released Defendant Parties.

"**Released Claims**" means all Released Defendants' Claims and all Released Plaintiff's Claims.

"**Released Defendants' Claims**" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement, (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court, or (iii) any claims that may be asserted derivatively against any Defendant and/or their Related Persons.

"**Released Plaintiff's Claims**" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiff or any other member of the Settlement Class asserted in the Amended Complaint, and/or could have asserted in any forum, that arise out of, relate to, or are based upon both (i) the allegations, acts, transactions, facts, events, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action, including all claims arising out of or relating to Talis' IPO, and (ii) the solicitation, purchase, holding, disposition, and/or acquisition of any shares of Talis common stock during the period February 11, 2021 through August 11, 2021, inclusive. Released Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

"**Unknown Claims**" means any Released Plaintiff's Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant or any other Released Defendant Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement, including but not limited to, whether or not to object to this Settlement or to the release of any Released Claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Released Plaintiff Parties and Released Defendant Parties shall be deemed to have waived, and by operation

of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Released Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims but they are, notwithstanding this potential, entering into the Stipulation and intend it to be a full, final, and permanent resolution of the Released Claims and this Action.  Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Released Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

"**Released Parties**" means the Released Defendant Parties and the Released Plaintiff Parties.

"**Released Defendant Parties**" means each and all Defendants, Defendants' Counsel, D&O Insurers, Underwriters, and their respective Related Persons.

"**Defendants**" means Talis Biomedical Corporation and the Individual Defendants (Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott).

"**Defendants' Counsel**" means Cooley LLP.

"**D&O Insurers**" means Defendants' directors' and Officers' liability insurance carriers: Berkley Professional Liability, a W.R. Berkley Company, XL Specialty Insurance Company, Hudson Insurance Group, and National Union Fire Insurance Company of Pittsburgh, Pa.

"**Underwriters**" means collectively J.P. Morgan Securities LLC, BofA Securities, Inc., Piper Sandler & Co., and BTIG, LLC.

"**Related Persons**" means (i) with respect to Defendants,  Defendants' Counsel, D&O Insurers, and Underwriters, and each of their respective current and former Officers, directors, agents, parents, members, partners, principals, controlling shareholders, advisors (including financial or investment advisors), auditors, accountants, consultants, underwriters, affiliates, subsidiaries, predecessors, successors, advisors, trustees, insurers, reinsurers, assigns, assignees, employees, and attorneys, in their capacities as such; and (ii) with respect to the Individual Defendants, their respective spouses, Immediate Family members, heirs, successors, executors, estates, administrators, attorneys, agents, accountants, insurers or reinsurers, personal representatives, trusts, community property, and any other entity in which any of them has a controlling interest.

"**Released Plaintiff Parties**" means Lead Plaintiff, all former plaintiffs in the Action, Plaintiffs' Counsel, and all other Settlement Class Members, as well as each of their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

"**Lead Plaintiff**" means Martin Dugan.

"**Plaintiff's Counsel**" means Co-Lead Counsel and The Schall Law Firm.

"**Co-Lead Counsel**" means Bleichmar Fonti & Auld LLP and Pomerantz LLP.

The Judgment will also provide that without further action by anyone, upon the Effective Date of the Settlement, the Released Plaintiff Parties shall be deemed to have, and by operation of the Judgment (or, if applicable, the Alternative Judgment) shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiff's Claims against each and every one of the Released Defendant Parties. These releases and waivers were separately bargained for and are essential elements of the Stipulation and the Settlement.

Moreover, upon the Effective Date, the Released Plaintiff Parties will be forever barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative or other forum, foreign or domestic, asserting the Released Plaintiff's Claims against any and all of the Released Defendant Parties, whether or not such Released Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this Settlement, and you want to keep the right to sue or continue to sue the Defendants or any of their Related Parties on your own for the Released Claims in this case, then you must take steps to get out of the Settlement Class.  This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.

**If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.**

**If you are excluded from the Settlement Class and pursue your own individual action, you may also have to produce information and/or documents upon the Defendants' request (a process known as "discovery"), which could include, but not be limited to, providing testimony under oath.**

14. **HOW DO I GET OUT OF THE SETTLEMENT CLASS?**

To exclude yourself from the Settlement Class, you must submit a written request for exclusion to the Claims Administrator online at www.TalisSecuritiesLitigation.com or by mail to the following address:

*Talis Biomedical Corporation Securities Litigation*
EXCLUSIONS
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

You cannot exclude yourself by telephone or email.  Your request for exclusion must state that you want to be excluded from *In re Talis Biomedical Securities Litigation,* Case No. 3:22-cv-00105-SI (N.D. Cal.), and must: (i) include the name, address, and telephone number for you or the entity seeking exclusion; (ii) state that you or the entity wish to be "excluded from the Settlement Class" in this Litigation; (iii) include

proof (such as stockbroker confirmation slips, stockbroker statements, or other documents) adequately evidencing the date(s), price(s), and number(s) of all shares of Talis common stock purchased and/or sold during the Class Period; and (iv) be signed by you or the entity requesting exclusion or their authorized representative (accompanied by proof of authorization).  No request for exclusion will be considered valid unless it is timely and provides all of the information described above.

**Your exclusion request must be submitted online or received by the Claims Administrator no later than _____, 2025.**

Do not submit a request for exclusion as well as an objection and/or Proof of Claim.  If you do so, your objection and/or Proof of Claim will be disregarded and you will be excluded from the Settlement Class.

### 15. IF I DO NOT EXCLUDE MYSELF, CAN I SUE THE DEFENDANTS FOR THE SAME THING LATER?

No.  Unless you timely and validly exclude yourself, you give up any right to sue the Released Defendant Parties for the Released Claims in this Settlement.  If you have a pending lawsuit against any of these parties, including the Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is _____, 2025.

### 16. IF I EXCLUDE MYSELF, CAN I RECEIVE MONEY FROM THIS SETTLEMENT?

No.  If you exclude yourself, you are not a Settlement Class Member and cannot submit a Proof of Claim.

## THE LAWYERS REPRESENTING YOU

### 17. DO I HAVE A LAWYER IN THIS CASE?

The Court appointed the law firms of Bleichmar Fonti & Auld LLP and Pomerantz LLP to represent you and other Settlement Class Members.  These lawyers are called Co-Lead Counsel.  You will not be directly charged for these lawyers.  They will be paid from the Settlement Fund to the extent the Court approves BFA's application for fees and expenses.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18. HOW WILL THE LAWYERS BE PAID?

BFA will ask the Court for attorneys' fees not to exceed 28% of the Settlement Amount, and for expenses in an amount not to exceed approximately $1,800,000, plus interest that is incurred on these amounts at the same rate as earned by the Settlement Fund.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

The attorneys' fees and expenses requested will be the only payment to Plaintiff's Counsel for its efforts in achieving this Settlement and for its risk in undertaking this representation on a wholly contingent basis.  Plaintiff's Counsel has committed a substantial amount of time and significant expenses in litigating this case for the benefit of the Settlement Class.  To date, Plaintiff's Counsel has not been paid for its services in conducting this Litigation on behalf of Lead Plaintiff and the Settlement Class, nor for its expenses.  The fees requested will compensate counsel for its work in achieving the Settlement Fund for the benefit of the Settlement Class.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 19. HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees or expenses. You can state the reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the Settlement or to certain aspects of the Settlement in *In re Talis Biomedical Securities Litigation,* Case No. 3:22-cv-00105-SI (N.D. Cal.), which must (1) include the objector's name, address, and telephone number; (2) provide documentation establishing the objector's membership in the Settlement Class, including documents showing the type and number of shares of Talis common stock purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; and (3) contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. Unless otherwise ordered by the Court, any Settlement Class Member who does not timely object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, the request for attorneys' fees and expenses, and the requested award to Lead Plaintiff.

Any objection should be sent only to the Court at the address below and *must* be mailed or delivered such that it is *received* by the Court (not simply postmarked) *no later than _____, 2025*:

> Class Action Clerk
> United States District Court for the
> Northern District of California
> United States Courthouse
> 450 Golden Gate Avenue, Box 36060
> San Francisco, CA 94102

Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to any aspect of the proposed Settlement, the proposed Plan of Allocation, and any Fee and Expense Application. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

### 20. WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object *only if* you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

### 21. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Final Approval Hearing at __:__ _.m., on _____, 2025*, at the Phillip Burton Federal Building & United States Courthouse, United States District Court for the Northern District

of California, 450 Golden Gate Avenue San Francisco, CA 94102, or at such other location or via telephonic or video appearance as determined by the Court.  At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate, consider any objections, and listen to people who have asked to speak at the hearing.[3]  The Court may move the date or time of the Final Approval Hearing to a later date and/or time without further written notice to you.  If the date or time of the Final Approval Hearing is changed, the new date and/or time will be posted at www.TalisSecuritiesLitigation.com.

## 22. DO I HAVE TO COME TO THE HEARING?

No.  Plaintiff's Counsel will answer any questions the Court may have, and Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.  If you send an objection or statement in support of the Settlement, you are not required to go to Court to discuss it; you may pay your own lawyer to attend, or attend at your own expense, but you are not required to do so.

## 23. MAY I SPEAK AT THE HEARING?

If you have timely filed an objection, you may ask the Court for permission to speak at the Final Approval Hearing.  To do so, your written objection must (in addition to the information specified in Question 19 above) state your intention to appear at the hearing.  You cannot speak at the hearing if you exclude yourself from the Settlement Class.

# IF YOU DO NOTHING

## 24. WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing, you will be a Settlement Class Member.  However, you will not receive any money from this Settlement unless you submit a Proof of Claim.  Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Released Defendant Parties about the Released Claims.

# GETTING MORE INFORMATION

## 25. HOW DO I GET MORE INFORMATION?

This Long-Form Notice summarizes the proposed Settlement but does not describe all of the details of the Settlement.  More details are in the Stipulation.  You can obtain a copy of the Stipulation by going to www.TalisSecuritiesLitigation.com or by calling or writing the Claims Administrator at (877) 331-0411, or at *Talis Biomedical Corporation Securities Litigation* c/o A.B. Data, Ltd. P.O. Box 173064 Milwaukee, WI 53217; by contacting Plaintiff's Counsel at talissettlement@bfalaw.com or (888) 879-9418; or by visiting the Clerk's office at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, during regular business hours.

# PLEASE DO NOT TELEPHONE THE DEFENDANTS OR THE COURT REGARDING THIS NOTICE

---

[3] The papers in support of approval of the Settlement, the Plan of Allocation, and the Fee and Expense Application will be submitted to the Court no later than 56 days before the Final Approval Hearing, and posted on the Settlement website, www.TalisSecuritiesLitigation.com.

If you have questions about the Settlement, you can contact the Claims Administrator by going to www.TalisSecuritiesLitigation.com, calling (877) 331-0411, or writing to *Talis Biomedical Corporation Securities Litigation* c/o A.B. Data, Ltd. P.O. Box 173064 Milwaukee, WI 53217, or contact Plaintiff's Counsel at talissettlement@bfalaw.com or (888) 879-9418.

## APPENDIX A – PLAN OF ALLOCATION OF NET SETTLEMENT FUND

### PROPOSED PLAN OF ALLOCATION

1.      The objective of the Plan of Allocation is to fairly distribute the Net Settlement Fund to Authorized Claimants who suffered economic losses as a result of the alleged violations of the federal securities laws at issue in this Action.  The calculations are not intended to estimate the damages the Class might have recovered after a trial or the amount Authorized Claimants will be paid under the Settlement. These calculations are only a method to weigh Authorized Claims against one another to make fair *pro rata* allocations of the Net Settlement Fund.

2.      Claims asserted in the Action under Section 11 of the Securities Act serve as the basis for the calculation of the Recognized Loss Amounts under the Plan of Allocation.[4]  Accordingly, to have a Recognized Loss Amount under this plan, an Authorized Claimant must have purchased or acquired Talis common stock between February 11, 2021 and August 11, 2021. The formulas stated below, which were developed by Lead Plaintiff's damages expert, generally track the statutory formula.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

3.      A "Recognized Loss Amount" will be calculated as set forth below for each share of Talis common stock purchased or acquired from February 11, 2021 through August 11, 2021, both dates inclusive, that is listed in the Claim Form and for which adequate documentation is provided.  Purchase and sale prices in the formulas below shall exclude fees, taxes, and commissions.  If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that number will be zero.

4.      For each share of Talis common stock purchased or otherwise acquired during the Class Period (*i.e.*, during the period from February 11, 2021 through and including August 11, 2021), and:

(a)     Sold before January 7, 2022,[5] the Recognized Loss Amount is the purchase price per share (not to exceed $16.00, the IPO price) *minus* the sale price per share.[6]

(b)     Sold from January 7, 2022 through and including the close of trading on January 12, 2022, the Recognized Loss Amount is the purchase price per share (not to exceed $16.00, the IPO price) *minus* the greater of: (i) the sale price per share, or (ii) $3.31

---

[4] After market close on July 5, 2023, Talis effected a 1-for-15 reverse stock split of its common stock, resulting in Talis common stock trading on this reverse split basis as of July 6, 2023. All figures in the Plan regarding Talis common stock, including (but not limited to) the price per share and number of shares traded, are in pre-reverse split terms unless otherwise specified.

[5] For purposes of the statutory calculations, January 7, 2022 is the date of suit.

[6] Any transactions in Talis common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

(the closing price of Talis common stock on January 7, 2022, the date the lawsuit was filed).

(c)    Held after the close of trading on January 12, 2022, the Recognized Loss Amount is the purchase price (not to exceed $16.00, the IPO price) *minus* $3.31 (the closing price of Talis common stock on January 7, 2022, the date the lawsuit was filed).

**ADDITIONAL PROVISIONS**

5.    **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to Talis common stock.

6.    **FIFO Matching:**  All purchases/acquisitions and sales will be matched on a First In, First Out (FIFO) basis.  Settlement Class Period sales will be matched against purchases/acquisitions in chronological order, beginning with any purchases/acquisitions made before the Settlement Class Period and continuing to the earliest purchase/acquisition made during the Settlement Class Period.

7.    **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of Talis common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Talis common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Talis common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Talis common stock unless (i) the donor or decedent purchased or otherwise acquired or sold Talis common stock during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Talis common stock.

8.    **Short Sales:**  The Recognized Loss Amount on short sales and purchases covering short sales is zero.  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Talis common stock.  The date of a "short sale" is deemed to be the date of sale of the Talis common stock.

9.    **Common Stock Purchased/Sold Through the Exercise of Options:**  The purchase or sale date is the exercise date of the option, and the purchase or sale price is the exercise price of the option.

10.    **Determination of Distribution Amount:**  If the total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

11.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

12.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

13.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent

any monies remain in the Net Settlement Fund a reasonable period of time after the initial distribution, if Co-Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining (after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution) to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Co-Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be donated to a non-profit, charitable organization serving the public interest and unaffiliated with the Parties or their counsel, selected by Co-Lead Counsel.

14.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, Defendants' Counsel, any Parties' damages experts, the Claims Administrator (or any other agent designated by Co-Lead Counsel), or the Released Defendant Parties based on any investments, costs, expenses, administration, allocations, calculation, payments, the withholding of taxes (including interest and penalties) owed by the Settlement Fund (or any losses incurred in connection therewith), or distributions that are made substantially in accordance with the Stipulation and the Settlement, the plan of allocation approved by the Court, or further orders of the Court.

15.     The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.TalisSecuritiesLitigation.com.

DATED: _____, 2024.

BY ORDER OF THE COURT:
Judge Susan Illston
United States District Judge
United States District Court for the
Northern District of California