# EXHIBIT A

**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (Bar No. 191305)
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

*Counsel for Lead Plaintiff Martin Dugan*
*and Lead Counsel for the Putative Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **DECLARATION OF MARTIN DUGAN IN SUPPORT OF CLASS REPRESENTATIVE'S MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND LEAD PLAINTIFF'S REASONABLE COSTS AND EXPENSES** |
| ALL ACTIONS | |
| | Judge:      Hon. Susan Illston |
| | Date:       March 14, 2025 |
| | Time:       10:00 a.m. |
| | Courtroom:  1 – 17th Floor |

I, Martin Dugan, hereby declare as follows:

1.    I am the Court-appointed Lead Plaintiff in this Action.  I submit this declaration and the attached exhibits in support of (1) Class Representative's Motion for Final Approval of Class Action Settlement, and (2) Lead Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Lead Plaintiff's Reasonable Costs and Expenses.

2.    I make this declaration based on personal knowledge and my involvement in overseeing Plaintiff's Counsel's prosecution of the Action, and if called and sworn as a witness could and would testify competently thereto.[1]

## MY OVERSIGHT OF THE ACTION

3.    My background and investments in Talis common stock are discussed in my prior declarations, dated March 8, 2022 (ECF No. 30-3) and October 11, 2023 (ECF No. 127-2).

4.    I became involved in the Action in early 2022.  On June 3, 2022, the Court appointed me as Lead Plaintiff.  (ECF No. 64.)  Since that time, I have directly supervised Plaintiff's Counsel and remained involved in the prosecution and settlement of the Action, including by regularly communicating with Plaintiff's Counsel concerning the status, progress, and major strategy decisions; reviewing major submissions and pleadings as needed; and participating in the decision to settle the Action.

## MY SUPPORT FOR SETTLEMENT APPROVAL

5.    I fully support final approval of the proposed Settlement.  The Settlement is the product of hard-fought negotiation and careful consideration on behalf of the Settlement Class.

6.    Based on my active involvement throughout the Action, and my understanding of the strength of the merits, the amount of potentially recoverable damages, and the numerous risks of further litigation (including Talis's financial condition), I authorized Plaintiff's Counsel to accept the mediator's recommendation that the Action settle for a cash payment of $32,500,000.

7.    I believe that the proposed Settlement is fair, reasonable, and adequate to the Settlement

---

[1] Capitalized terms not defined herein shall have the same meaning as set forth in the Stipulation of Settlement dated September 30, 2024 (the "Stipulation").

1

Docusign Envelope ID: D11B80D1-EBC6-48E2-86A9-C5F2E513F7AD

Class.  I therefore strongly endorse Court approval of the Settlement.

**MY SUPPORT FOR THE FEE AND EXPENSE APPLICATIONS**

8.    I support Lead Counsel's request for attorneys' fees of 28% of the Settlement Fund, plus interest at the same rate earned by the Settlement Fund.

9.    The requested 28% fee percentage is memorialized in my retention agreement.  As Lead Plaintiff, in retaining Lead Counsel for this matter, I determined that Lead Counsel was particularly well qualified based on their experience successfully litigating securities class actions on behalf of investors.  I retained Lead Counsel on an entirely contingent basis.  I further understood that Lead Counsel would devote the resources necessary to fully prepare the Settlement Class's claims for trial, if necessary, including by investing heavily in time and expenses to prosecute the Action.

10.    In light of the result achieved, the work performed, and the risks faced in the Action, I believe that the Fee Application is fair and reasonable.

11.    I also support the request for payment to Lead Counsel for litigation expenses incurred in connection with the prosecution of the Action (plus interest at the same rate earned by the Settlement Fund).  I believe that the litigation expenses for which Lead Counsel seeks reimbursement from the Settlement Fund are reasonable, and represent costs and expenses necessary for the effective prosecution and resolution of this complex action.

**MY REASONABLE COSTS AND EXPENSES**

12.    I understand that the PSLRA authorizes the award of class representatives' reasonable costs and expenses, including lost wages.  *See* 15 U.S.C. § 77z-1(a)(4).  Accordingly, I seek an award of my reasonable costs and expenses, in the amount of $36,000, incurred in connection with my representation of the Settlement Class.

13.    I became involved in the Action in early 2022, nearly three years ago.  I have been fully committed to pursuing this Action, and I have invested significant time and effort to oversee Plaintiff's Counsel and fulfill my duties as a lead plaintiff.

14.    Over the course of this Action, I have received and reviewed drafts of various pleadings, briefs, and discovery responses.

15.    Throughout the Action, I have also regularly communicated with Plaintiff's Counsel

2

DECL. OF MARTIN DUGAN IN SUPPORT OF CLASS REPRESENTATIVE'S MOT.
FOR FINAL APPROVAL AND LEAD COUNSEL'S MOT. FOR FEES AND EXPENSES          Case No. 3:22-cv-00105-SI

Docusign Envelope ID: D11B80D1-EBC6-48E2-86A9-C5F2E513F7AD

about litigation status and strategy, as well as key evidence identified in discovery. For example, prior to my deposition, I had at least 11 calls and meetings with Plaintiff's Counsel, and these regular communications continued as the Action progressed.

16. In total, I spent approximately 19 hours communicating with Plaintiff's Counsel about the status and progress of the Action.

17. My efforts have included extensive participation in discovery. For example, I provided Lead Counsel's discovery vendor with my electronic devices and email access for document collection. I produced over 240 pages of documents in the Action.

18. With respect to written discovery, I provided five sets of interrogatory responses (dated Sept. 18, 2023; Oct. 20, 2023; Nov. 17, 2023; Dec. 4, 2023; and July 2, 2024). I also verified the interrogatory responses dated Oct. 20, 2023 and July 2, 2024. The July 2, 2024 responses included a lengthy recitation of evidence Plaintiff's Counsel obtained in discovery. In addition, I responded to Defendants' requests for admission.

19. In total, I spent approximately 17 hours on document discovery, including the forensic collection of my devices, and written discovery, including my review of written discovery responses.

20. On October 27, 2023, I was deposed in-person by Defendants' counsel for a full day. The deposition lasted over eight hours (from 11:01 AM to 7:10 PM) and the transcript was 314 pages. My deposition covered a broad range of topics, including my professional background; my approach to investing; my understanding of my duties as lead plaintiff and proposed class representative; my investments in Talis; and the parties, allegations, and statements at issue. (*See* ECF No. 140-1.)

21. In total, I spent approximately 14 hours related to my deposition: about 4 hours on preparation and follow-up (which included two Zoom meetings with Plaintiff's Counsel, as well as my independent review of case materials) and 10 hours on the deposition date (including travel to and from the deposition site).

22. During the mediation process, which lasted several months and included mediation sessions in March and July 2024, I communicated regularly with Plaintiff's Counsel to evaluate the parties' positions and the negotiations as they developed. Among other factors, I focused on the risks of further litigation and Talis's financial condition, particularly the prospect of a Chapter 11

3

DECL. OF MARTIN DUGAN IN SUPPORT OF CLASS REPRESENTATIVE'S MOT.
FOR FINAL APPROVAL AND LEAD COUNSEL'S MOT. FOR FEES AND EXPENSES        Case No. 3:22-cv-00105-SI

bankruptcy filing.  Ultimately, after careful consideration, I authorized Plaintiff's Counsel to settle the Action for $32.5 million based on the mediator's recommendation.

23.    In total, I spent approximately 10 hours in connection with the mediation process, including my review of materials and conferring with Plaintiff's Counsel.

24.    Thus, in total, I have devoted approximately 60 hours to the Action since I became involved nearly three years ago.  As detailed above, this work has included my significant oversight and regular communication with Plaintiff's Counsel; my review of documents; my extensive participation in discovery (including a full-day deposition, forensic document collection, and reviewing and verifying interrogatory responses); and my participation in the lengthy mediation process.  I believe this work was necessary to effectively satisfy my obligations as Lead Plaintiff and representative of the Settlement Class.

25.    I believe $600 is a reasonable hourly rate for my time.  While I am currently retired, I was previously the Vice President of Development for a prominent television conglomerate, and I have performed consulting work where I was effectively compensated in excess of $1,000 per hour. For example, in 2008 I acted as a media consultant on a project that involved stock market forecasting and placing media for advertisements on a major news network.  My total compensation for this project, which involved approximately 10 hours of work, was $21,000.

26.    Based on my estimate of time devoted to this Action and a $600 hourly rate, I seek an award of $36,000 as reimbursement for the value of my time incurred in connection with my representation of the Settlement Class.

## CONCLUSION

27.    As detailed above, I fully support final approval of the Settlement and the Fee and Expense Applications.  Accordingly, I respectfully request that the Court grant (1) Class Representative's Motion for Final Approval of Class Action Settlement, and (2) Lead Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Lead Plaintiff's Reasonable Costs and Expenses.

* * *

4

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 1/6/2025

Martin Dugan

Martin Dugan

5