# EXHIBIT E

**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (Bar No. 191305)
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

*Counsel for Lead Plaintiff Martin Dugan*
*and Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 3:22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **DECLARATION OF ROCHELLE J. TEICHMILLER REGARDING NOTICE DISSEMINATION, PUBLICATION OF THE SUMMARY NOTICE, THE SETTLEMENT WEBSITE, AND TELEPHONE HELPLINE, AND REPORT ON OBJECTIONS AND REQUESTS FOR EXCLUSIONS** |
| ALL ACTIONS | |
| | Judge:          Hon. Susan Illston |

I, Rochelle J. Teichmiller, declare as follows:

1.      I am a Project Manager of A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"), whose Corporate Office is located in Milwaukee, Wisconsin.  Pursuant to its Order Preliminarily Approving Settlement and Providing for Class Notice (the "Preliminary Approval Order," ECF No. 186), the Court approved the retention of A.B. Data as the Claims Administrator for the above-captioned action (the "Action") (*See* ECF No. 186 ¶ 8) (the "Preliminary Approval Order").[1]

2.      I am over 21 years of age and am not a party to the Action.  The following statements are based on my personal knowledge and information provided by other A.B. Data employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

3.      I submit this Declaration to provide the Court and the Parties to the Action information regarding, among other things, the mailing of the Notice, the publication of the Summary Notice, as well as updates concerning other aspects of the settlement administration process.

## DISSEMINATION OF THE NOTICE

4.      Pursuant to the Preliminary Approval Order, A.B. Data was responsible for mailing the Notice to potential Settlement Class Members and nominees.  A true and correct copy of the Notice is attached hereto as **Exhibit A**.

5.      In connection with the Stipulation and Order Regarding Dissemination of Class Notice (ECF No. 166) (the "Class Notice Order"), A.B. Data was named Notice Administrator and implemented the class certification notice procedure. As more fully described in the Declaration of Rochelle J. Teichmiller Regarding Notice Dissemination, Publication and Requests for Exclusion

---

[1] Unless otherwise defined in this Declaration, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement, dated September 30, 2024 (the "Stipulation," ECF No. 181-2).

Received (ECF No. 174) (the "Class Certification Notice Declaration"), A.B. Data mailed a total of 7,350 class certification notices to potential Settlement Class Members and their nominees. A.B. Data also received requests from brokers and other nominee holders to send 11,940 class certification notices to be forwarded directly by the nominees to their customers.

6.     Using the names and contact information obtained in connection with the class certification notice procedure, on December 13, 2024, A.B. Data caused the Notice to be sent by First-Class Mail to the 7,350 potential Settlement Class Members who previously received notice and sent an additional 11,940 Notices to brokers and other nominee holders to be sent directly by the nominees to their customers.

7.     In total, 19,290 Notices were mailed to potential Settlement Class Members and their nominees by First-Class Mail on December 13, 2024.

8.     Contemporaneously with the mailing of the Notice and the publication of the Summary Notice, A.B. Data posted downloadable copies of: (a) the Long-Form Notice of Pendency and Proposed Settlement of Class Action (the "Long-Form Notice"); and (b) the Proof of Claim and Release Form (the "Claim Form"), online at www.TalisSecuritiesLitigation.com (the "Settlement Website").  Upon request, A.B. Data mailed copies of the Long-Form Notice and Claim Form to Settlement Class Members and will continue to do so until the deadline to submit a Claim Form has passed.  Copies of the Long-Form Notice and Claim Form are attached hereto as **Exhibits B and C**, respectively.

9.     A.B. Data also provided a copy of the Long-Form Notice and Claim Form to the Depository Trust Company ("DTC") for posting on its Legal Notice System ("LENS").  The LENS may be accessed by any nominee that participates in DTC's security system and provides the DTC participants with the ability to search and download legal notices as well as receive email alerts

based on particular notice or particular security identifiers (known as CUSIPs).  The Long-Form Notice and Claim Form were posted on DTC's LENS on December 13, 2024.

10.    A.B. Data maintains a proprietary database with names and addresses of the largest and most common banks, brokers, and other nominees (the "Record Holder Mailing Database").  On December 13, 2024, A.B. Data also sent an email to each of the nominees in the Record Holding Mailing Database, which included a copy of the Notice, Long-Form Notice, Claim Form, eFiling Guidelines, and an eFiling Template.

11.    The Notice directed those who purchased or otherwise acquired Talis Biomedical Corporation ("Talis") common stock between February 11, 2021 and August 11, 2021, both inclusive, for the beneficial interest of other Persons to, within seven (7) days of receipt, either: (a) send the Notice to such beneficial owners of such Talis common stock, or (b) send a list of the names and addresses of such beneficial owners to A.B. Data, who then would promptly mail the Notice to such beneficial owners.

12.    A.B. Data has received 94 additional names and addresses of potential Settlement Class Members from individuals or brokerage firms, banks, institutions, and other nominees.  A.B. Data has not yet received any additional requests from brokers and other nominee holders for Notices to be forwarded by the nominees to their customers.  All such requests have been, and will continue to be, complied with and addressed in a timely manner.

13.    In sum, as of the date of this Declaration, notice of the Settlement has been disseminated to 19,384 potential Settlement Class Members and nominees.  In addition, A.B. Data has re-mailed 37 Notices to persons and entities whose original mailings were returned by the U.S. Postal Service ("USPS"), and for whom updated addresses were provided to A.B. Data by USPS or ascertained through a third-party information provider. To date, A.B. Data has received no objections to the Settlement, no requests for exclusion, and 87 claim submissions (though in this

type of matter, the vast majority of Claims are expected to be submitted on or around the claim filing deadline of March 13, 2025).

## PUBLICATION OF THE SUMMARY NOTICE

14. In accordance with Paragraph 8(b) of the Preliminary Approval Order, on December 23, 2024, A.B. Data caused the Summary Notice to be published in *The Wall Street Journal* and *Investor's Business Daily*. Also on December 23, 2024, the Summary Notice was released via *PR Newswire*. True and correct copies of proof of publication of the Summary Notice in *The Wall Street Journal*, *Investor's Business Daily*, and *PR Newswire* are attached hereto as **Exhibits D, E, and F**, respectively.

## SETTLEMENT WEBSITE

15. On June 7, 2024, as part of the class certification notice procedure, A.B. Data established a website designated for the Action (www.TalisSecuritiesLitigation.com). In compliance with the Preliminary Approval Order, the website was updated on December 13, 2024, to include information regarding the proposed Settlement, including the exclusion, objection, and claim filing deadlines, and the date, time, and location of the Court's Settlement Hearing. Copies of the Notice, Long-Form Notice, Stipulation, Preliminary Approval Order, and other documents related to the Action are posted on the website and available for downloading. The Settlement Website will continue to be updated with relevant case information and Court Documents.

16. In addition, the website includes the ability to file a claim online and a link to a document with detailed instructions for Settlement Class Members submitting their claims electronically. Further, the website has contact information for A.B. Data and Lead Counsel, including a toll-free telephone number that Settlement Class Members can use to obtain additional information. The website is accessible 24 hours per day, 7 days a week.

**TELEPHONE HELPLINE**

17.    On June 7, 2024, as part of the class certification notice procedure, A.B. Data established and continues to maintain a case-specific, toll-free telephone helpline, 877-331-0411, with an interactive voice response system and live operators, to: (a) accommodate potential Settlement Class Members with questions about the Action and the Settlement; and/or (b) request a hard copy of the Long-Form Notice and Claim Form.  The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions. Callers requiring further help have had the option to be transferred to a live operator during business hours. A.B. Data continues to maintain the telephone helpline and will update the interactive voice response system as necessary through the administration of the Settlement.

**REPORT ON OBJECTIONS AND REQUESTS FOR EXCLUSION**

18.    The Notice and Long-Form Notice informed potential Settlement Class Members that requests for exclusion from the Settlement Class are to be sent to the Claims Administrator such that they are received no later than February 21, 2025.  The Long-Form Notice also set forth the information that was required to be included in each request for exclusion.

19.    As part of the class certification notice procedure, A.B. Data received two (2) requests for exclusion, as previously reported to the Court (ECF No. 174). As of the date of this Declaration, A.B. Data has not received any additional requests for exclusion. A.B. Data will submit a supplemental declaration after the February 21, 2025 exclusion deadline addressing any additional requests for exclusion received.

20.    According to the Notice and Long-Form Notice, Settlement Class Members wishing to object to the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of litigation expenses are required to submit their objection in writing such that the request is received by the Court no later than February 21, 2025.  Despite these instructions,

Settlement Class Members sometimes send objections to the Claims Administrator instead.  As of the date of this Declaration, A.B. Data has not received any objections, and is not aware of any objections being filed with the Court.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge.

Executed on January 16, 2025.

_____

Rochelle Teichmiller

# EXHIBIT A

**IMPORTANT NOTICE FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**NOTICE OF CLASS SETTLEMENT**

If you purchased or otherwise acquired Talis common stock between February 11, 2021 and August 11, 2021, both inclusive, you may be entitled to receive a payment from a class action settlement.

**THE SETTLEMENT MAY AFFECT YOUR LEGAL RIGHTS. YOU MAY BE ELIGIBLE FOR A CASH PAYMENT. PLEASE READ THIS NOTICE CAREFULLY.**

**This Notice provides only limited information about the Settlement. For more information, please visit www.TalisSecuritiesLitigation.com (the "Settlement Website") or call the Claims Administrator at (877) 331-0411.**

**Important Settlement Notice:** *In re Talis Biomedical Corporation Securities Litigation,* **Case No. 22-cv-00105 (N.D. Cal.)  (the "Action")**

The Parties have reached a proposed Settlement that, if approved, will resolve the Released Claims against the Released Defendant Parties on behalf of the Settlement Class.

Defendants and/or their insurance carriers have agreed to pay $32,500,000 in total to resolve this case.  This amount, plus accrued interest, and after deduction of Court-approved attorneys' fees and Litigation Expenses (including any awards to Lead Plaintiff), Notice and Administration Costs, and Taxes, will be allocated, pursuant to the Plan of Allocation in the Long-Form Notice, among Settlement Class Members who submit valid claims.

You may be a Settlement Class Member if you purchased or otherwise acquired Talis common stock between February 11, 2021 and August 11, 2021, both inclusive.

**TO BE ELIGIBLE FOR PAYMENT, YOU MUST SUBMIT A VALID PROOF OF CLAIM ONLINE OR POSTMARKED BY MARCH 13, 2025. THE FORM IS AVAILABLE FROM THE SETTLEMENT WEBSITE, WWW.TALISSECURITIESLITIGATION.COM, OR BY MAIL UPON REQUEST THROUGH THE WEBSITE OR BY CALLING THE CLAIMS ADMINISTRATOR AT (877) 331-0411.**

*In re Talis Biomedical Corporation Securities Litigation*
**Claims Administrator**
**c/o A.B. Data, Ltd.**
**P.O. Box 173064**
**Milwaukee, WI 53217**

<<MAIL ID>>
<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

For more information, please visit www.TalisSecuritiesLitigation.com (the "Settlement Website") or Call the Claims Administrator at (877) 331-0411.

**The Settlement Website contains a Long-Form Notice with additional information that you should review.**

**You must comply with the Long-Form Notice's complete instructions on how to submit a Proof of Claim, exclude yourself, or object. In summary, you have three options:**

**Option 1: Submit a Proof of Claim** (with further options to object to the Settlement and/or appear at the Final Approval Hearing). Proof of Claim and Release forms ("Proof of Claim") are available at www.TalisSecuritiesLitigation.com and must be postmarked (if mailed) or received (if submitted online) on or before **March 13, 2025.**

**Option 2: Exclude yourself from the Settlement Class,** as detailed in the Long-Form Notice. Exclusions must be received on or before **February 21, 2025.**

**Option 3: Do nothing.** You will still be bound by the Settlement and will fully release all Released Claims against the Released Defendant Parties.

You may write to the Court if you do not like this Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses. You will still be a Member of the Settlement Class. **Objections should be sent only to the Court and must be received by the Court on or before February 21, 2025.** Submitting a written objection and notice of intention to appear by February 21, 2025 allows you to speak in Court about the fairness of the Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and speak to the Court about your objection. The Court may change this date to a later date and/or time without further written notice to you.

**What is this case about? Why is there a settlement?** The Litigation alleges that the Defendants made false and misleading statements and material omissions about Talis One, the Company's molecular diagnostic platform designed to test for COVID-19 and other diseases at the point of care. Defendants deny all allegations of wrongdoing, liability, or any violation of the law whatsoever. The Parties disagree on liability and damages. Lead Plaintiff wishes to avoid the risk and delay of further litigation and secure a substantial benefit for the Settlement Class. Defendants wish to avoid the cost, distraction, burden, and uncertainty of further litigation.

**How much will I recover?** The estimated average recovery per affected share of Talis common stock is approximately $2.05, before deduction of Court-approved fees, expenses, and costs. This is an average, and your recovery will vary based on (among other things) the number of valid claims and the size and timing of your transactions in Talis common stock.

**The Court will hold a hearing on March 14, 2025 at 10:00 a.m.** to consider whether to approve the Settlement and Co-Lead Counsel Bleichmar Fonti & Auld LLP's request for attorneys' fees not to exceed 28% of the Settlement Amount and Litigation Expenses not to exceed approximately $1,800,000, plus interest at the same rate earned by the Settlement Fund, and an award to Lead Plaintiff of no more than $37,500 (an average of $0.69 per affected share of Talis common stock). You may, but are not required to, attend, and may also appear through counsel of your choice and at your own expense.

**How can I get more information?** Visit the Settlement Website at **www.TalisSecuritiesLitigation.com**, contact the Claims Administrator at (877) 331-0411 or **info@TalisSecuritiesLitigation.com**, or contact Lead Counsel at (888) 879-9418 or TalisSettlement@bfalaw.com.

### SPECIAL NOTICE TO NOMINEES

Nominees who purchased or otherwise acquired Talis common stock between February 11, 2021 and August 11, 2021, both inclusive, for the beneficial interest of other Persons or entities shall, within seven (7) days after receipt of the Notice, either (1) send the Notice to such beneficial owners of such Talis common stock, or (2) send a list of the names and addresses of such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners.

If you choose the first option, you must send a statement to the Claims Administrator confirming that the mailing was made and **you must retain your mailing records for use in connection with any further notices that may be provided in the Litigation**.

If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owners. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re Talis Biomedical Corporation Securities Litigation* | Case No. 22-cv-00105-SI |

## LONG-FORM NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**TO:** **All persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive, and were damaged thereby.**

**NOTICE OF SETTLEMENT:** This notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court"). Please be advised that the Court-appointed Lead Plaintiff Martin Dugan, on behalf of himself and the Court-certified Settlement Class, have reached a proposed settlement of the above-captioned securities class action (the "Action") for $32,500,000.00 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

This Long-Form Notice explains important rights you may have and what steps you must take if you wish to participate in the Settlement of this class action, wish to object, or wish to be excluded from the Settlement Class. If you are a Member of the Settlement Class, your legal rights will be affected whether or not you act.

**The Action and Proposed Settlement**: This Notice relates to a proposed Settlement of claims in a pending securities class action against Defendants Talis Biomedical Corporation ("Talis"), Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott (collectively, the "Individual Defendants," and together with Talis, the "Defendants").[1] A more detailed description of the Action is set forth below. The proposed Settlement, if approved by the Court, will resolve the claims by Lead Plaintiff Martin Dugan that have been asserted on behalf of the Settlement Class.

**Settlement Fund**: Subject to Court approval, Lead Plaintiff, on behalf of himself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $32,500,000.00 in cash. Your recovery will depend in part on the type and amount of your transactions in Talis common stock purchased or acquired between February 11, 2021 and August 11, 2021 (both inclusive) and the timing of your purchases, acquisitions, and any sales. If claims are submitted for 100% of the eligible shares of Talis common stock, based on Plaintiff's expert's estimate of the number of damaged shares of Talis common stock eligible to recover under the Settlement, the estimated average recovery per affected Talis common share is approximately $2.05 per share of Talis common stock, before deduction of Court-approved fees, expenses, and costs. Settlement Class Members should note, however, that these are only estimates. The actual amount per share you could receive will depend on a number of factors, including those explained in the Plan of Allocation contained below.

**Average Amount of Damages Per Share**: The Parties do not agree on the average amount of damages per share of Talis Common Stock that would be recoverable if Plaintiff was to prevail in the Action. Among other things, Defendants deny that Plaintiff has asserted any valid claims and expressly deny all allegations of liability, wrongdoing, or damages whatsoever.

**Settlement Class**: The Court has certified a Class of all persons and entities who purchased or otherwise acquired Talis common stock between February 11, 2021 and August 11, 2021, both inclusive. Excluded from the Settlement Class are: Defendants and any affiliates or subsidiaries thereof, the present and former officers and directors of Talis (and its affiliates or subsidiaries) and their immediate family members, Defendants' liability insurance carriers and any affiliates or subsidiaries thereof, any entity in which any Defendant has or has had a controlling interest, Talis's employee retirement

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated September 30, 2024 (the "Stipulation" or "Settlement").

and benefits plan(s), and with respect to each of the foregoing, the legal representatives, heirs, estates, agents, successors, or assigns. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set by the Court, which are set forth in this Long-Form Notice of Pendency and Proposed Settlement of Class Action.

**Reasons for Settlement**: Lead Plaintiff's principal reason for entering into the Settlement is to secure a substantial benefit to the Settlement Class now and avoid the delay, costs and risks associated with continued litigation, including the danger of no recovery. Defendants, who deny all allegations of wrongdoing or liability or any violation of law whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, distraction, and expense of further protracted litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

**Statement on Potential Outcome If the Case Had Not Settled**: The Settlement must be compared to the risk of no recovery after contested motions, trial, and likely appeals. Litigation is a risky proposition and the Settlement Class might not have prevailed, including due to the risks posed by Talis's financial condition. The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony. The parties disagree on both liability and damages. Among the many key issues about which the two sides do not agree are: (1) whether Defendants made any statements that were materially false or misleading, or made material omissions in violation of a duty to disclose or that are otherwise actionable, under the federal securities laws; (2) the amount of damages (if any) that could be recovered at trial, including the average amount of damages per share that would be recoverable if Lead Plaintiff prevailed on each claim alleged. Defendants have denied and continue to deny any and all allegations of wrongdoing asserted in the Litigation, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions.

**Attorneys' Fees and Expenses**: Plaintiff's Counsel has not received any payment for its work investigating the facts, conducting this Litigation, and negotiating the Settlement on behalf of Lead Plaintiff and the Settlement Class. Co-Lead Counsel Bleichmar Fonti & Auld LLP will ask the Court for attorneys' fees not to exceed 28% of the Settlement Amount and Litigation Expenses in an amount not to exceed approximately $1,800,000, plus interest, to be paid from the Settlement Fund. In addition, Lead Plaintiff may request an award not to exceed $37,500 pursuant to 15 U.S.C. § 77z-1(a)(4) in connection with his representation of the Settlement Class (together with the request for attorneys' fees and Litigation Expenses, the "Fee and Expense Application"). If the Court approves the Fee and Expense Application in full, and if claims are submitted for 100% of the Talis common stock estimated to be eligible to recover under the Settlement, the average amount of fees and expenses is estimated to be approximately $0.69 per share of Talis common stock. A copy of the Fee and Expense Application will be posted on www.TalisSecuritiesLitigation.com after it has been filed with the Court.

| Claims Administrator: | Plaintiff's Counsel |
|---|---|
| Talis Biomedical Corporation Securities Litigation | Evan A. Kubota |
| c/o A.B. Data, Ltd. | Bleichmar Fonti & Auld LLP |
| P.O. Box 173064 | 300 Park Avenue, Suite 1301 |
| Milwaukee, WI 53217 | New York, NY 10022 |
| Telephone: (877) 331-0411 | Telephone: (888) 879-9418 |
| info@TalisSecuritiesLitigation.com | TalisSettlement@bfalaw.com |

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT IF YOU ARE A VALID MEMBER OF THE SETTLEMENT CLASS**

| | |
|---|---|
| **SUBMIT A CLAIM** | This is the only way to be eligible to receive a payment.  If you are a Settlement Class Member, and do not exclude yourself from the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any "Released Plaintiff Claims" (as defined below) that you have against the Released Defendant Parties (as defined below). **Proof of Claim and Release forms ("Proof of Claim") are available at www.TalisSecuritiesLitigation.com and must be postmarked (if mailed) or received (if submitted online) on or before March 13, 2025.** |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that potentially allows you to participate in another lawsuit against the Released Defendant Parties relating to the Released Plaintiff Claims being released in this case.  Should you elect to exclude yourself from the Settlement Class, you should understand that the Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be received on or before February 21, 2025.** |
| **OBJECT** | You may write to the Court if you do not like this Settlement, the Plan of Allocation and/or the Fee and Expense Application.  You will still be a Member of the Settlement Class. **Objections should be sent only to the Court and must be received by the Court on or before February 21, 2025.** |
| **GO TO A HEARING ON MARCH 14, 2025, at 10:00 a.m.** | **Submitting a written objection and notice of intention to appear by February 21, 2025 allows you to speak in Court about the fairness of the Settlement, the Plan of Allocation and/or the Fee and Expense Application.** If you submit a written objection, you may (but you do not have to) attend the hearing and speak to the Court about your objection.[2] |
| **DO NOTHING** | **If you are a Member of the Settlement Class and you do not submit a Proof of Claim by March 13, 2025, you will not be eligible to receive any payment from the Net Settlement Fund.** You will, however, remain a Member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will still be bound by any judgments or orders entered by the Court in the Litigation. |

- These rights and options – *and the deadlines to exercise them* – are explained in this Long-Form Notice.

- The Court in charge of this case must decide whether to approve the Settlement.  Payments to Authorized Claimants (described below) will be made if the Court approves the Settlement, after Proofs of Claim are processed, and, if there are any appeals, after appeals are resolved.  Please be patient.

---

[2] The Court may change this date to a later date and/or time without further written notice to you.  However, any different date or time will be posted on the Settlement website: www.TalisSecuritiesLitigation.com.

1.  **WHY DID I RECEIVE THIS LONG-FORM NOTICE?**

The Court authorized that this Long-Form Notice be disseminated because you or someone in your family has been identified as a potential Settlement Class Member who may have purchased or acquired shares of Talis common stock during the Settlement Class Period.  The Court directed that this Long-Form Notice be made available to Settlement Class Members to explain the Litigation, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.  The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the Settlement.

Receipt of this Long-Form Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  The Parties do not have access to your individual investment information.  If you wish to be eligible for a payment, you are required to timely submit the Proof of Claim available at www.TalisSecuritiesLitigation.com.

2.  **WHAT IS THIS LAWSUIT ABOUT?**

This is a securities lawsuit filed in the United States District Court for the Northern District of California. The operative Amended Complaint in the Action names as defendants Talis; Brian Coe, Talis's co-founder and former President, Chief Executive Officer, and Board member; J. Roger Moody, Jr., Talis's former Chief Financial Officer; and current and former Board members Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott.  The Court appointed Lead Plaintiff Martin Dugan as Class Representative in this lawsuit.

(a)  **THE CLASS REPRESENTATIVE'S CLAIMS**

The Class Representative, on behalf of the Class, alleges that Defendants violated Sections 11 and 15 of the Securities Act of 1933 based on materially false and misleading statements and omissions in the Registration Statement for Talis's February 11, 2021 initial public offering. The Class Representative alleges that Defendants made false and misleading statements and material omissions about Talis One, the Company's molecular diagnostic platform designed to test for COVID-19 and other diseases at the point of care.  Specifically, the Amended Complaint alleges Defendants made misstatements about the ordering and manufacturing of Talis One instruments and Talis One's accuracy and reliability, as well as material omissions about the weakness of Talis's comparator assay and Talis One's unreliability.

(b)  **DEFENDANTS' DENIAL OF LIABILITY**

Defendants deny all of these allegations, any wrongdoing or violation of law, and any and all liability under Sections 11 and 15 of the Securities Act of 1933.

3.  **WHAT HAS HAPPENED SO FAR IN THIS CASE?**

The Litigation is currently pending in the United States District Court for the Northern District of California before Judge Susan Illston (the "Court").  The initial complaint in this Litigation was filed on January 7, 2022.  (ECF No. 1.)  On June 3, 2022, the Court appointed Martin Dugan, Leon Yu, and Max Wisdom Technology Lmtd. as Co-Lead Plaintiff and Bleichmar Fonti & Auld LLP and Pomerantz LLP as Co-Lead Counsel.  (ECF No. 64.)

Lead Plaintiffs filed a Consolidated Class Action Complaint for Violations of the Federal Securities Laws on July 1, 2022 (ECF No. 74).  The Complaint alleged violations of Sections 11 and 15 of the Securities Act of 1933, and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder.  (ECF No. 74.)  On December 9, 2022, the Court dismissed the Complaint with leave to amend.  (ECF No. 101.)

Lead Plaintiffs filed the operative Amended Complaint (the "Amended Complaint") on January 13, 2023 (ECF No. 104), solely alleging violations of Sections 11 and 15 of the Securities Act of 1933.  (ECF No. 104.)

On April 28, 2023, the Court denied Defendants' motion to dismiss the Amended Complaint.  (ECF No. 115.)

On November 30, 2023, the Court entered an order allowing Yu and Max Wisdom to withdraw as Co-Lead Plaintiffs and as proposed Class Representatives, and appointed Martin Dugan as the sole Lead Plaintiff.  (ECF No. 131.)

On February 9, 2024, the Court granted Lead Plaintiff's Motion for Class Certification, appointing Martin Dugan as the Class Representative, and Bleichmar Fonti & Auld LLP and Pomerantz LLP as Co-Class Counsel (ECF No. 153).

On March 14, 2024, following certification of the Class, the parties engaged in a full-day mediation session with Michelle Yoshida via Zoom.  Prior to the March 14 session, the parties submitted and exchanged detailed mediation statements and exhibits.  On March 14, the parties engaged in good faith, arm's-length negotiations supervised by Ms. Yoshida, but did not agree on a resolution.

On July 30, 2024, the parties participated in a second full-day mediation session with Ms. Yoshida, held in person. Prior to the July 30 session, Lead Plaintiff submitted a supplemental mediation statement for exchange with Defendants and a further mediation statement for the mediator's eyes only.  On July 30, the parties again engaged in good-faith, arm's-length negotiations and made progress, but did not agree on a resolution.

After the July 30 session, negotiations continued under Ms. Yoshida's auspices.  After further negotiations, including inquiry into Talis's financial condition, Ms. Yoshida made a formal mediator's proposal that the case settle for $32,500,000 in cash.  On August 21, 2024, Plaintiff and Defendants accepted the proposal, and subsequently negotiated a term sheet and the Stipulation of Settlement.

### 4.  WHY IS THIS A CLASS ACTION?

In a class action, a class representative (in this case, the Court-appointed Lead Plaintiff Martin Dugan) sues on behalf of people who have similar claims.  Here, all these people are called the Settlement Class or Settlement Class Members.  One court resolves the issues for all class members at the same time, except for those who timely and validly exclude themselves from the class (the process for which is described more fully in Question 14 below).  Judge Susan Illston is presiding over this class action.

### 5.  WHY IS THERE A SETTLEMENT?

The Court did not decide in favor of Lead Plaintiff or Defendants.  Instead, both sides agreed to a settlement.  That way they avoid the cost and uncertainty of further litigation and a trial, and eligible Settlement Class Members who submit valid claims will receive compensation.  Particularly in light of the possibility that continued litigation could result in no greater recovery than the Settlement—or no recovery at all—Lead Plaintiff and Plaintiff's Counsel believe the settlement is in the best interest of all Settlement Class Members.  While Defendants have at all times denied all allegations of wrongdoing, liability, or any violation of law, they are entering into the Settlement to eliminate the uncertainty, burden, distraction, and expense of further protracted litigation.

## WHO IS IN THE SETTLEMENT

To see if you will receive money from this Settlement, you first have to determine if you are a Settlement Class Member.

### 6.  HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

The Settlement Class includes all persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive (the "Settlement Class Period"), and were damaged thereby.  Certain Persons and entities are excluded from this definition, as described below.

### 7.  WHAT ARE THE EXCEPTIONS TO BEING INCLUDED?

Excluded from the Settlement Class are:  (i) Defendants and any affiliates or subsidiaries thereof, (ii) present and former officers and directors of Talis and its subsidiaries or affiliates, and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant has or has had a controlling interest; (v) Talis's employee retirement and benefits plan(s); and (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set by the Court, which are set forth in this Long-Form Notice of Pendency and Proposed Settlement of Class Action.

### 8.  I'M STILL NOT SURE IF I AM INCLUDED.

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator at www.TalisSecuritiesLitigation.com or by phone at (877) 331-0411, or you can fill out and return the Proof of Claim described in Question 11, to see if you qualify.

**PLEASE DO NOT CALL THE COURT OR DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT**

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

### 9.   WHAT DOES THE SETTLEMENT PROVIDE?

Defendants have agreed to settle the litigation for a total of $32,500,000.00 in cash.  This amount, plus any interest earned thereon, constitutes the Settlement Fund.  The balance of this fund after payment of (i) Court-approved attorneys' fees and expenses, (ii) any award to Lead Plaintiff, (iii) the costs of claims administration, including the costs of distributing the Notice and the cost of publishing notice, and (iv) Taxes and Tax Expenses, is the "Net Settlement Fund."  The Net Settlement Fund will be divided among all eligible Settlement Class Members who send in timely and valid Proofs of Claim in accordance with the Plan of Allocation described below.

### 10.   HOW MUCH WILL MY PAYMENT BE?

Your payment (if any) will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Settlement Class Members submit; the number of shares of Talis common stock you purchased or acquired; how much you paid for those shares; when you purchased or acquired them; and if and when you sold your shares of Talis common stock and for how much.  The Claims Administrator will apply the Plan of Allocation (appended below as Appendix A) to calculate the amount of your Recognized Claim, and your payment (if any) will be a portion of the Net Settlement Fund equal to your Recognized Claim divided by the total of all Authorized Claimants' Recognized Claims.

### 11.   HOW WILL I OBTAIN A PAYMENT?

To qualify for payment, you must be an eligible Settlement Class Member, send in a timely and valid Proof of Claim, and properly document your claim as requested in the Proof of Claim.  A Proof of Claim may be downloaded at **www.TalisSecuritiesLitigation.com** and is also available in paper form by contacting the Claims Administrator at **www.TalisSecuritiesLitigation.com**, by phone at (877) 331-0411, or at *Talis Biomedical Corporation Securities Litigation* c/o A.B. Data, Ltd. P.O. Box 173064 Milwaukee, WI 53217.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it such that it is **postmarked no later than March 13, 2025, or submit it online by no later than March 13, 2025**.  Proofs of Claim may be completed and submitted online at www.TalisSecuritiesLitigation.com.

### 12.   WHEN WILL I RECEIVE MY PAYMENT?

The Court will hold a hearing on ***March 14, 2025, at 10:00 a.m.***, to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

### 13.   WHAT AM I GIVING UP TO RECEIVE A PAYMENT OR STAY IN THE SETTLEMENT CLASS?

Unless you timely and validly exclude yourself, you are a Settlement Class Member, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Released Defendant Parties about the Released Plaintiff's Claims.  It also means that all of the Court's orders, including a judgment ("Judgment") dismissing the Litigation with prejudice on the merits, will apply to you and legally bind you and you will release all Released Plaintiff's Claims in this case against the Released Defendant Parties.

"**Released Claims**" means all Released Defendants' Claims and all Released Plaintiff's Claims.

"**Released Defendants' Claims**" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement, (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court, or (iii) any claims that may be asserted derivatively against any Defendant and/or their Related Persons.

"**Released Plaintiff's Claims**" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiff or any other member of the Settlement Class asserted in the Amended Complaint, and/or could have asserted in any forum, that arise out of, relate to, or are based upon both (i) the allegations, acts, transactions, facts, events, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action, including all claims arising out of or relating to Talis' IPO, and (ii) the solicitation, purchase, holding, disposition, and/or acquisition of any shares of Talis common stock during the period February 11, 2021 through August 11, 2021, inclusive. Released Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

"**Unknown Claims**" means any Released Plaintiff's Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant or any other Released Defendant Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement, including but not limited to, whether or not to object to this Settlement or to the release of any Released Claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Released Plaintiff Parties and Released Defendant Parties shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Released Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims but they are, notwithstanding this potential, entering into the Stipulation and intend it to be a full, final, and permanent resolution of the Released Claims and this Action.  Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Released Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

"**Released Parties**" means the Released Defendant Parties and the Released Plaintiff Parties.

"**Released Defendant Parties**" means each and all Defendants, Defendants' Counsel, D&O Insurers, Underwriters, and their respective Related Persons.

"**Defendants**" means Talis Biomedical Corporation and the Individual Defendants (Brian Coe, J. Roger Moody, Jr., Felix Baker, Raymond Cheong, Melissa Gilliam, Rustem F. Ismagilov, Kimberly J. Popovits, Matthew L. Posard, and Randal Scott).

"**Defendants' Counsel**" means Cooley LLP.

"**D&O Insurers**" means Defendants' directors' and Officers' liability insurance carriers: Berkley Professional Liability, a W.R. Berkley Company, XL Specialty Insurance Company, Hudson Insurance Group, and National Union Fire Insurance Company of Pittsburgh, Pa.

"**Underwriters**" means collectively J.P. Morgan Securities LLC, BofA Securities, Inc., Piper Sandler & Co., and BTIG, LLC.

"**Related Persons**" means (i) with respect to Defendants,  Defendants' Counsel, D&O Insurers, and Underwriters, and each of their respective current and former Officers, directors, agents, parents, members, partners, principals, controlling shareholders, advisors (including financial or investment advisors), auditors, accountants, consultants, underwriters, affiliates, subsidiaries, predecessors, successors, advisors, trustees, insurers, reinsurers, assigns, assignees, employees, and attorneys, in their capacities as such; and (ii) with respect to the Individual Defendants, their respective spouses, Immediate Family members, heirs, successors, executors, estates, administrators, attorneys, agents, accountants, insurers or reinsurers, personal representatives, trusts, community property, and any other entity in which any of them has a controlling interest.

"**Released Plaintiff Parties**" means Lead Plaintiff, all former plaintiffs in the Action, Plaintiffs' Counsel, and all other Settlement Class Members, as well as each of their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

"**Lead Plaintiff**" means Martin Dugan.

"**Plaintiff's Counsel**" means Co-Lead Counsel and The Schall Law Firm.

"**Co-Lead Counsel**" means Bleichmar Fonti & Auld LLP and Pomerantz LLP.

The Judgment will also provide that without further action by anyone, upon the Effective Date of the Settlement, the Released Plaintiff Parties shall be deemed to have, and by operation of the Judgment (or, if applicable, the Alternative Judgment) shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiff's Claims against each and every one of the Released Defendant Parties. These releases and waivers were separately bargained for and are essential elements of the Stipulation and the Settlement.

Moreover, upon the Effective Date, the Released Plaintiff Parties will be forever barred and enjoined from commencing, instituting, prosecuting, or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative or other forum, foreign or domestic, asserting the Released Plaintiff's Claims against any and all of the Released Defendant Parties, whether or not such Released Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this Settlement, and you want to keep the right to sue or continue to sue the Defendants or any of their Related Parties on your own for the Released Claims in this case, then you must take steps to get out of the Settlement Class.  This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.

**If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.**

**If you are excluded from the Settlement Class and pursue your own individual action, you may also have to produce information and/or documents upon the Defendants' request (a process known as "discovery"), which could include, but not be limited to, providing testimony under oath.**

### 14.  HOW DO I GET OUT OF THE SETTLEMENT CLASS?

To exclude yourself from the Settlement Class, you must submit a written request for exclusion to the Claims Administrator online at www.TalisSecuritiesLitigation.com or by mail to the following address:

*Talis Biomedical Corporation Securities Litigation*
EXCLUSIONS
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

You cannot exclude yourself by telephone or email.  Your request for exclusion must state that you want to be excluded from *In re Talis Biomedical Securities Litigation,* Case No. 3:22-cv-00105-SI (N.D. Cal.), and must: (i) include the name, address, and telephone number for you or the entity seeking exclusion; (ii) state that you or the entity wish to be "excluded from the Settlement Class" in this Litigation; (iii) include proof (such as stockbroker confirmation slips, stockbroker statements, or other documents) adequately evidencing the date(s), price(s), and number(s) of all shares of Talis common stock purchased and/or sold during the Class Period; and (iv) be signed by you or the entity requesting exclusion or their authorized representative (accompanied by proof of authorization).  No request for exclusion will be considered valid unless it is timely and provides all of the information described above.

**Your exclusion request must be submitted online or received by the Claims Administrator no later than February 21, 2025.**

Do not submit a request for exclusion as well as an objection and/or Proof of Claim.  If you do so, your objection and/or Proof of Claim will be disregarded and you will be excluded from the Settlement Class.

### 15.  IF I DO NOT EXCLUDE MYSELF, CAN I SUE THE DEFENDANTS FOR THE SAME THING LATER?

No.  Unless you timely and validly exclude yourself, you give up any right to sue the Released Defendant Parties for the Released Claims in this Settlement.  If you have a pending lawsuit against any of these parties, including the Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is February 21, 2025.

### 16.  IF I EXCLUDE MYSELF, CAN I RECEIVE MONEY FROM THIS SETTLEMENT?

No.  If you exclude yourself, you are not a Settlement Class Member and cannot submit a Proof of Claim.

**THE LAWYERS REPRESENTING YOU**

### 17. DO I HAVE A LAWYER IN THIS CASE?

The Court appointed the law firms of Bleichmar Fonti & Auld LLP and Pomerantz LLP to represent you and other Settlement Class Members. These lawyers are called Co-Lead Counsel. You will not be directly charged for these lawyers. They will be paid from the Settlement Fund to the extent the Court approves BFA's application for fees and expenses. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18. HOW WILL THE LAWYERS BE PAID?

BFA will ask the Court for attorneys' fees not to exceed 28% of the Settlement Amount, and for expenses in an amount not to exceed approximately $1,800,000, plus interest that is incurred on these amounts at the same rate as earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund.

The attorneys' fees and expenses requested will be the only payment to Plaintiff's Counsel for its efforts in achieving this Settlement and for its risk in undertaking this representation on a wholly contingent basis. Plaintiff's Counsel has committed a substantial amount of time and significant expenses in litigating this case for the benefit of the Settlement Class. To date, Plaintiff's Counsel has not been paid for its services in conducting this Litigation on behalf of Lead Plaintiff and the Settlement Class, nor for its expenses. The fees requested will compensate counsel for its work in achieving the Settlement Fund for the benefit of the Settlement Class.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or some part of it.

### 19. HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees or expenses. You can state the reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the Settlement or to certain aspects of the Settlement in *In re Talis Biomedical Securities Litigation,* Case No. 3:22-cv-00105-SI (N.D. Cal.), which must (1) include the objector's name, address, and telephone number; (2) provide documentation establishing the objector's membership in the Settlement Class, including documents showing the type and number of shares of Talis common stock purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; and (3) contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. Unless otherwise ordered by the Court, any Settlement Class Member who does not timely object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, the request for attorneys' fees and expenses, and the requested award to Lead Plaintiff.

Any objection should be sent only to the Court at the address below and ***must*** be mailed or delivered such that it is ***received*** by the Court (not simply postmarked) ***no later than February 21, 2025***:

> Class Action Clerk
> United States District Court for the Northern District of California
> United States Courthouse
> 450 Golden Gate Avenue, Box 36060
> San Francisco, CA 94102

Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to any aspect of the proposed Settlement, the proposed Plan of Allocation, and any Fee and Expense Application. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

### 20. WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object ***only if*** you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FINAL APPROVAL HEARING**

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

**21.  WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The Court will hold a Final Approval Hearing at ***10:00 a.m., on March 14, 2025***, at the Phillip Burton Federal Building & United States Courthouse, United States District Court for the Northern District of California, 450 Golden Gate Avenue San Francisco, CA 94102, or at such other location or via telephonic or video appearance as determined by the Court.  At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate, consider any objections, and listen to people who have asked to speak at the hearing.[3]  The Court may move the date or time of the Final Approval Hearing to a later date and/or time without further written notice to you.  If the date or time of the Final Approval Hearing is changed, the new date and/or time will be posted at www.TalisSecuritiesLitigation.com.

**22.  DO I HAVE TO COME TO THE HEARING?**

No.  Plaintiff's Counsel will answer any questions the Court may have, and Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.  If you send an objection or statement in support of the Settlement, you are not required to go to Court to discuss it; you may pay your own lawyer to attend, or attend at your own expense, but you are not required to do so.

**23.  MAY I SPEAK AT THE HEARING?**

If you have timely filed an objection, you may ask the Court for permission to speak at the Final Approval Hearing.  To do so, your written objection must (in addition to the information specified in Question 19 above) state your intention to appear at the hearing.  You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

**24.  WHAT HAPPENS IF I DO NOTHING AT ALL?**

If you do nothing, you will be a Settlement Class Member.  However, you will not receive any money from this Settlement unless you submit a Proof of Claim.  Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Released Defendant Parties about the Released Claims.

## GETTING MORE INFORMATION

**25.  HOW DO I GET MORE INFORMATION?**

This Long-Form Notice summarizes the proposed Settlement but does not describe all of the details of the Settlement.  More details are in the Stipulation.  You can obtain a copy of the Stipulation by going to www.TalisSecuritiesLitigation.com or by calling or writing the Claims Administrator at (877) 331-0411, or at *Talis Biomedical Corporation Securities Litigation* c/o A.B. Data, Ltd. P.O. Box 173064 Milwaukee, WI 53217; by contacting Plaintiff's Counsel at talissettlement@bfalaw.com or (888) 879-9418; or by visiting the Clerk's office at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, during regular business hours.

### PLEASE DO NOT TELEPHONE THE DEFENDANTS OR THE COURT REGARDING THIS NOTICE

If you have questions about the Settlement, you can contact the Claims Administrator by going to www.TalisSecuritiesLitigation.com, calling (877) 331-0411, or writing to *Talis Biomedical Corporation Securities Litigation* c/o A.B. Data, Ltd. P.O. Box 173064 Milwaukee, WI 53217, or contact Plaintiff's Counsel at talissettlement@bfalaw.com or (888) 879-9418.

---

[3] The papers in support of approval of the Settlement, the Plan of Allocation, and the Fee and Expense Application will be submitted to the Court no later than 56 days before the Final Approval Hearing, and posted on the Settlement website, www.TalisSecuritiesLitigation.com.

**APPENDIX A – PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

**PROPOSED PLAN OF ALLOCATION**

1.      The objective of the Plan of Allocation is to fairly distribute the Net Settlement Fund to Authorized Claimants who suffered economic losses as a result of the alleged violations of the federal securities laws at issue in this Action.  The calculations are not intended to estimate the damages the Class might have recovered after a trial or the amount Authorized Claimants will be paid under the Settlement.  These calculations are only a method to weigh Authorized Claims against one another to make fair *pro rata* allocations of the Net Settlement Fund.

2.      Claims asserted in the Action under Section 11 of the Securities Act serve as the basis for the calculation of the Recognized Loss Amounts under the Plan of Allocation.[4]  Accordingly, to have a Recognized Loss Amount under this plan, an Authorized Claimant must have purchased or acquired Talis common stock between February 11, 2021 and August 11, 2021. The formulas stated below, which were developed by Lead Plaintiff's damages expert, generally track the statutory formula.

**CALCULATION OF RECOGNIZED LOSS AMOUNTS**

3.      A "Recognized Loss Amount" will be calculated as set forth below for each share of Talis common stock purchased or acquired from February 11, 2021 through August 11, 2021, both dates inclusive, that is listed in the Claim Form and for which adequate documentation is provided.  Purchase and sale prices in the formulas below shall exclude fees, taxes, and commissions.  If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that number will be zero.

4.      For each share of Talis common stock purchased or otherwise acquired during the Class Period (*i.e.*, during the period from February 11, 2021 through and including August 11, 2021), and:

(a)      Sold before January 7, 2022,[5] the Recognized Loss Amount is the purchase price per share (not to exceed $16.00, the IPO price) *minus* the sale price per share.[6]

(b)      Sold from January 7, 2022 through and including the close of trading on January 12, 2022, the Recognized Loss Amount is the purchase price per share (not to exceed $16.00, the IPO price) *minus* the greater of: (i) the sale price per share, or (ii) $3.31 (the closing price of Talis common stock on January 7, 2022, the date the lawsuit was filed).

(c)      Held after the close of trading on January 12, 2022, the Recognized Loss Amount is the purchase price (not to exceed $16.00, the IPO price) *minus* $3.31 (the closing price of Talis common stock on January 7, 2022, the date the lawsuit was filed).

**ADDITIONAL PROVISIONS**

5.      **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to Talis common stock.

6.      **FIFO Matching:**  All purchases/acquisitions and sales will be matched on a First In, First Out (FIFO) basis. Settlement Class Period sales will be matched against purchases/acquisitions in chronological order, beginning with any purchases/acquisitions made before the Settlement Class Period and continuing to the earliest purchase/acquisition made during the Settlement Class Period.

7.      **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of Talis common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Talis common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Talis common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Talis common stock unless (i) the donor or decedent purchased or otherwise acquired or sold Talis common stock during the Settlement Class

---

[4] After market close on July 5, 2023, Talis effected a 1-for-15 reverse stock split of its common stock, resulting in Talis common stock trading on this reverse split basis as of July 6, 2023. All figures in the Plan regarding Talis common stock, including (but not limited to) the price per share and number of shares traded, are in pre-reverse split terms unless otherwise specified.

[5] For purposes of the statutory calculations, January 7, 2022 is the date of suit.

[6] Any transactions in Talis common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

Questions? Call 877-331-0411, Email info@TalisSecuritiesLitigation.com or visit www.TalisSecuritiesLitigation.com.      11 of 12

Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Talis common stock.

8.    **Short Sales:**  The Recognized Loss Amount on short sales and purchases covering short sales is zero.  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Talis common stock.  The date of a "short sale" is deemed to be the date of sale of the Talis common stock.

9.    **Common Stock Purchased/Sold Through the Exercise of Options:**  The purchase or sale date is the exercise date of the option, and the purchase or sale price is the exercise price of the option.

10.    **Determination of Distribution Amount:**  If the total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

11.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

12.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

13.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund a reasonable period of time after the initial distribution, if Co-Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining (after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution) to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Co-Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be donated to a non-profit, charitable organization serving the public interest and unaffiliated with the Parties or their counsel, selected by Co-Lead Counsel.

14.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, Defendants' Counsel, any Parties' damages experts, the Claims Administrator (or any other agent designated by Co-Lead Counsel), or the Released Defendant Parties based on any investments, costs, expenses, administration, allocations, calculation, payments, the withholding of taxes (including interest and penalties) owed by the Settlement Fund (or any losses incurred in connection therewith), or distributions that are made substantially in accordance with the Stipulation and the Settlement, the plan of allocation approved by the Court, or further orders of the Court.

15.    The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.TalisSecuritiesLitigation.com.

DATED: NOVEMBER 22, 2024.

BY ORDER OF THE COURT:
Judge Susan Illston
United States District Judge
United States District Court for the Northern
District of California

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

*In re Talis Biomedical Corporation Securities Litigation*

Case No. 22-cv-00105-SI

**PROOF OF CLAIM AND RELEASE**

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the Settlement Class based on your claims in the class action captioned *In re Talis Biomedical Securities Litigation,* Case No. 3:22-cv-00105-SI (N.D. Cal.) (the "Litigation"), you must complete and sign this Proof of Claim and Release form (the "Proof of Claim").[1]  If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.  Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Action.

2.    THIS PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **MUST BE SUBMITTED ONLINE AT: WWW.TALISSECURITIESLITIGATION.COM NO LATER THAN MARCH 13, 2025 OR, IF MAILED,  BE POSTMARKED NO LATER THAN MARCH 13, 2025, ADDRESSED AS FOLLOWS:**

> *Talis Biomedical Corporation Securities Litigation*
> Claims Administrator
> c/o A.B. Data,  Ltd.
> P.O. Box 173064
> Milwaukee, WI 53217

Do not mail or deliver your Claim Form to the Court, the settling parties, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above. If you are NOT a Member of the Settlement Class, as defined in the Long-Form Notice of Pendency and Proposed Settlement of Class Action ("Long-Form Notice"), or if you have submitted a request for exclusion, DO NOT submit a Proof of Claim.

3.    If you are a member of the Settlement Class and you do not timely request exclusion by February 21, 2025, you are bound by and subject to the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM OR RECEIVE A PAYMENT.

4.    Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

5.    You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below.  If you fail to timely submit a properly completed Proof of Claim, your claim may be rejected and may be precluded from receiving any distribution.

---

[1]    The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated September 30, 2024 (the "Stipulation"), which can be viewed at www.TalisSecuritiesLitigation.com.  All capitalized terms not defined in this Claim Form have the same meanings as in the Stipulation.

6.      It is important that you completely read and understand the Long-Form Notice that accompanies this Proof of Claim, including the Plan of Allocation of the Net Settlement Fund set forth in the Long-Form Notice. The Long-Form Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Long-Form Notice also contains the definitions of many of the capitalized terms used in this Proof of Claim. By signing and submitting this Proof of Claim, you will be certifying that you have read the Long-Form Notice, including the terms of the releases described in it and provided for by the Settlement.

## II.      CLAIMANT IDENTIFICATION

1.      If you purchased or acquired Talis common stock and held the certificate(s) in your name, you are the beneficial owner as well as the record holder. If, however, the certificate(s) were registered in the name of a third party, such as a brokerage firm or other nominee, you are the beneficial owner and the third party is the record holder.

2.      Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Talis common stock that forms the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

3.      All joint owners must sign this claim. Executors, administrators, guardians, conservators, legal representatives, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

4.      A claim should be submitted for each separate legal entity (*e.g.*, a Proof of Claim of joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity on one Proof of Claim, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Proof of Claim).

## III.      IDENTIFICATION OF TRANSACTIONS

1.      Use **Part II** of this form entitled "Schedule of Transactions in Talis Common Stock" to supply all required details of your transaction(s) in Talis common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to your holdings, purchases, and sales of Talis common stock, including whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.      List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list. All information, including the price per share and number of shares traded, should be provided **without** giving effect to the 1-for-15 reverse stock split of Talis common stock announced after market close on July 5, 2023.

4.      The date of covering a "short sale" is deemed to be the date of purchase of Talis common stock. The date of a "short sale" is deemed to be the date of sale of Talis common stock. A purchase or sale of Talis common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date; please provide any "contract" or "trade" dates in your claim.

5.      For each transaction, you must provide, together with this Proof of Claim, copies of broker confirmations, stockbroker statements, or other documentation adequately evidencing your transactions in Talis common stock.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS**.

6.      The above requests are designed to provide the minimum amount of information necessary to process the most simple claims.  The Claims Administrator may request additional information as required, and the failure to provide such information may delay processing of your claim or result in its rejection.

7.      NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. (This is different than the online claim portal on the Settlement website.)  All such Claimants MUST submit a signed Proof of Claim whether or not they also submit electronic copies.   If you wish to submit your claim electronically, you must visit www.TalisSecuritiesLitigation.com or contact the Claims Administrator at 1-877-331-0411 to obtain the required file layout.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In re Talis Biomedical Securities Litigation,* Case No. 3:22-cv-00105-SI (N.D. Cal.)

PROOF OF CLAIM AND RELEASE

Must Be Postmarked March 13, 2025 or Received (if submitted online) No Later Than: March 13, 2025

Please Type or Print

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN TALIS COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OR RESULT IN REJECTION OF YOUR CLAIM.**

**PART I – CLAIMANT IDENTIFICATION**

The Claims Administrator will use this information for all communications regarding this Proof of Claim. If this information changes, you MUST notify the Claims Administrator in writing at the address above, in the "General Instructions" section. Complete names of all persons and entities must be provided.

Beneficial Owner's Name (First, Middle, Last)

Co-Beneficial Owner's Name

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Street Address

| City | State/Province | ZIP Code |
|---|---|---|
| | | |

| Foreign Postal Code (*if applicable*) | Foreign Country (*if applicable*) |
|---|---|
| | |

Social Security Number (Last four digits only) Taxpayer Identification Number (last four digits)

| Telephone Number (Home) | Telephone Number (Cell) |
|---|---|
| | |

Email Address*

Account Number

\*       Settlement payments may be sent to you digitally via email. Please provide a current, valid email address and mobile phone number on your Claim Form. If the email address or mobile phone number you include with your submission becomes invalid for any reason, it is your responsibility to provide accurate contact information to the Claims Administrator to receive a payment. When you receive the email and/or mobile phone text notifying you of your Settlement payment, you will be provided with a number of digital payment options, such as PayPal or a virtual debit card, to immediately receive your Settlement payment. At that time, you will also have the option to request a paper check.

**SCHEDULES OF TRANSACTIONS IN TALIS COMMON STOCK**

**PART II:    TRANSACTIONS IN TALIS COMMON STOCK**

**1. BEGINNING HOLDINGS -** State the total number of shares of Talis common stock held at the opening of trading on February 11, 2021.  If none, write "0" or "Zero." (Must submit documentation.)

**2. PURCHASES** – Separately list each purchase or acquisition of Talis common stock between February 11, 2021, and January 12, 2022, both inclusive.  Use the checkbox to indicate any transactions that were **not** denominated in U.S. dollars.  (Must submit documentation.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) | Purchased in Non-U.S. Currency? |
|---|---|---|---|---|
| | | $ | $ | ☐ |
| | | $ | $ | ☐ |
| | | $ | $ | ☐ |
| | | $ | $ | ☐ |

**3. SALES** – Separately list each and every sale of Talis common stock between February 11, 2021, and January 12, 2022, both inclusive.  Use the checkbox to indicate any transactions that were **not** denominated in U.S. dollars.  (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) | Purchased in Non-U.S. Currency? |
|---|---|---|---|---|
| | | $ | $ | ☐ |
| | | $ | $ | ☐ |
| | | $ | $ | ☐ |
| | | $ | $ | ☐ |

**4. END HOLDINGS -** State the total number of shares of Talis common stock held at the close of trading on January 12, 2022.  If none, write "0" or "Zero."  (Must submit documentation.)

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE, ADD THE TRANSACTIONS, AND CHECK THIS BOX** ☐

**YOU MUST READ AND SIGN THE RELEASE IN SECTION V. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM**.

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENT**

By signing and submitting this Proof of Claim, the Claimant(s) or the person(s) acting on behalf of the Claimant(s) certify(ies) that: I (We) submit this Proof of Claim under the terms of the Plan of Allocation described in the accompanying Long-Form Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I (we) will be bound by and subject to the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in Talis common stock, if required to do so. I (We) have not submitted any other claim covering the same transactions in Talis common stock that are the subject of this claim and know of no other person having done so on my (our) behalf.

**V.    RELEASES, WARRANTIES, AND CERTIFICATION**

By signing and submitting this Proof of Claim, the Claimant(s) or the person(s) acting on behalf of the Claimant(s) certify(ies) as follows:

1.    I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Long-Form Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Parties" as defined in the accompanying Long-Form Notice.

2.    As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Long-Form Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof and have not submitted any other claim covering the same purchases of Talis common stock and know of no other person or entity having done so on my (our) behalf.

4.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of Talis common stock that occurred during the relevant periods and the number of Talis common stock held by me (us), to the extent requested.

5.    I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

6.    I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of_____, 202_

_____                    _____
Signature of Claimant, if any                                      Type or print name of Claimant


_____                    _____
Signature of Joint Claimant, if any                               Type or print name of Joint Claimant


_____                    _____
Signature of person signing on behalf of Claimant          Type or print name of person signing on behalf
                                                                                      of Claimant

_____
Capacity of person signing on behalf of Claimant if other than an individual (e.g., Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)


### REMINDER CHECKLIST:

1. You must sign this Proof of Claim.

2. Remember to attach supporting documentation, if available.

3. DO NOT HIGHLIGHT THE PROOF OF CLAIM OR YOUR SUPPORTING DOCUMENTATION.

4. Attach only copies of supporting documentation, not originals, as these documents will not be returned to you.

5. Keep a copy of your Proof of Claim for your records.

6. If you move after submitting this Proof of Claim, please promptly notify the Claims Administrator of the change in your address; otherwise, you may not receive additional notices or payment.

# EXHIBIT D

B4 | Monday, December 23, 2024     ★ ★ ★ ★ ★     THE WALL STREET JOURNAL.

## TECHNOLOGY & MEDIA

WSJ.com/Tech

# Scammers Turn to AI for Holidays

**Fake licenses and passports are being made to fraudulently verify identities**

BY ANGEL AU-YEUNG

The holidays are a bonanza for scammers preying on people eager for deals. Now artificial intelligence is creating more-sophisticated traps and targeting vastly more victims.

**Visa** said the number of charges on its credit-card network blocked for potential fraud on Black Friday and Cyber Monday surged 200% globally from last year. The increase was driven by scammers using AI. **Mastercard** said it blocked nine times the amount of fraud attempts between Thanksgiving and Cyber Monday from a year ago.

"It is absolutely a golden age for fraud and fraudsters," said Michael Jabbara, global head of fraud services at Visa.

U.S. shoppers have lost $8.7 billion to fraud overall through this year's third quarter, a 14.5% increase from the same period a year ago, according to the Federal Trade Commission.

Fraudsters are deploying AI to more efficiently perform a variety of tasks, according to Katalin Parti, a cybercrime researcher at Virginia Tech. That includes blasting out text messages to bait victims and writing programming to test huge volumes of stolen credit card information, she said.

AI also is helping scammers generate more fake online ads and shopping sites that entice people to share credit-card information. Michael Maestranzi was duped by such a scam after clicking on an ad for an advent calendar based on a children's game his 10-year-old son loves.

"It's Christmastime so I'm constantly thinking about my three kids and what to get them," said Maestranzi, a 46-year-old resident of Nutley, N.J.

The ad took him to what looked like a **Macy's** webpage, where the calender was listed for half its normal price at $39.97. A countdown showed they were rapidly selling out. It was only after his second attempt at the purchase went through that he realized he was never asked for an email address for shipping confirmation. "Then I knew I got scammed," he said.

Scammers also are using AI to impersonate account holders. The technology was used in 25% of cases of scammers trying to falsely verify identities and gain access to accounts, according to Plaid, a fintech startup that lets customers give companies permission to connect with their banking accounts.

AI is being used to generate fake driver's licenses or passports—or even deepfake videos in cases when account holders are asked to send selfie videos to verify identities, according to Plaid. Companies that use the so-called liveness checks include crypto exchange **Coinbase** and trading platform **Robinhood**.

Banks have ramped up efforts to educate consumers on spotting scams. **JPMorgan Chase** also has started using AI to validate payments and prevent fraud. Visa said in 2022 it had invested $500 million in AI and other technology for fraud detection over the past five years. But people are still falling victim.

"The biggest thing I've heard from financial institutions over and over again is that the current tools that they have for fraud prevention are not matching the tools that fraudsters are able to bring," said John Pitts, head of policy at Plaid.

---

# Liberty Media's MotoGP Bid Faces In-Depth EU Probe

BY EDITH HANCOCK

Formula One owner **Liberty Media**'s planned bid for **Dorna Sports** faces an in-depth investigation by the European Commission over concerns the $3.6 billion deal could hurt competition in broadcasting and streaming markets.

The European Union's antitrust enforcer said Thursday that the deal, which would see U.S.-headquartered Liberty Media take 86% ownership of Madrid-based Dorna Sports, the parent company of worldwide motorcycle racing league MotoGP, could lead to higher prices for the licensing of broadcasting rights for motor sports events.

It said it would look into whether Liberty Media's largest shareholder, John Malone, can exert decisive influence over both companies, saying it is concerned that Liberty Media might have the ability and incentive to foreclose rival broadcasters where its parent company Liberty Global is active.

The commission said Formula One and MotoGP compete closely and that the transaction raises concerns because it might remove important competitive constraints between both parties for the licensing of broadcasting rights for sports content. The EU merger regulator set a deadline of May 14 to end its investigation.

"By acquiring Dorna Sports, Liberty Media would hold the commercial rights to two of the most popular motor sports in Europe: Formula One and MotoGP," Teresa Ribera, the commission's new head of competition enforcement, said Thursday. The probe marks the first time the EU executive has escalated a merger review under Ribera, who succeeded former competition chief Margrethe Vestager earlier this month.

"We need to more carefully assess whether this acquisition could negatively affect European broadcasters, for example in terms of increased license fees, and ultimately European consumers and motor sports fans through higher prices," she said. The regulator also will consider substantiated arguments from the companies about potential benefits for consumers if the deal is allowed to go ahead, Ribera said.

Companies can offer the commission remedies to ease competition concerns and end an in-depth probe, which typically takes about 90 days but can last longer if the regulator needs more time to look at evidence. That can lead to companies scrapping their plans due to the increased uncertainty.

Liberty Media agreed to acquire Dorna Sports in April in a deal valued at roughly €3.5 billion, or $3.62 billion, including a termination agreement that would see it pay 126 million euros if it walks away.

The U.S. company now expects the deal to close at the end of June to account for the commission's probe, it said Thursday.



The EU's antitrust enforcer is concerned that the $3.6 billion deal for Dorna Sports could hurt competition in broadcasting and streaming markets. Above, a MotoGP race.

---

# EU Clears Nvidia's Takeover Of Run:ai

BY EDITH HANCOCK

BRUSSELS—The European Commission approved artificial-intelligence behemoth **Nvidia**'s takeover of Israeli streamlining provider **Run:ai** Friday, clearing a key regulatory hurdle for the deal.

The Commission cleared the deal without conditions, saying it didn't raise competition concerns. Nvidia wouldn't have the ability or incentive to hamper the compatibility of its coveted graphic processing units with rivals' software, it said.

The European Union's merger watchdog had set a Dec. 20 deadline to decide whether to give the companies a green light or launch a full investigation.

Chip maker Nvidia has come under increased scrutiny this year from antitrust enforcers worldwide that are eager to prevent a handful of incumbent tech giants dominating the nascent technology and squeezing out future rivals.

The EU regulator said it looked into whether the deal would have an impact on the supply of so-called discrete GPUs used in data centers and the market for GPU orchestration software. It said Run:ai doesn't currently have a significant position in orchestration software. Customers can still have access to the company's competitors that provide similar services, it said, or could build their own software in-house.

Nvidia's Run:ai deal, announced in April, came onto the EU's radar after Italian regulators referred it to the commission under a legal tool that European regulators are using to look at so-called killer acquisitions that fall below typical merger probe thresholds. The commission's use of that tool, so-called Article 22, has faced criticism from lawyers and company executives in the past who say it adds to regulatory uncertainty. The watchdog also lost a high-profile court battle over its decision to investigate—and later veto—biotech firm **Illumina**'s reacquisition of startup **Grail** in September this year by using the provision.

Nvidia said on Friday that it looks forward to welcoming the Run:ai team to the fold.

---

# News Corp Sheds Australia Pay-TV Unit in Sale to DAZN

BY JEFFREY A. TRACHTENBERG AND RHIANNON HOYLE

**News Corp** and Australian telecom company **Telstra** agreed to sell jointly owned Foxtel to sports streaming service **DAZN Group**, a deal that values the pay-television company at more than $2.1 billion.

News Corp on Sunday evening said the sale of Foxtel, in which it holds a 65% stake, will allow the company to narrow its focus on key growth areas—digital real-estate services, book publishing and Dow Jones, publisher of The Wall Street Journal.

As part of the deal, News Corp will receive a 6% minority equity stake in DAZN, and a seat on its board. In addition, $362 million in shareholder loans owed to News Corp will be repaid in full; Foxtel's current debt will be refinanced when the deal closes and transfer with the company.

No cash, other than the loan repayment, is changing hands.

Some investors in recent years have argued that News Corp needs to do more to maximize shareholder value.

The Journal reported in 2023 that activist investor firm Starboard Value had built a stake in the company and planned to push for strategic and governance changes. News Corp investors in November rejected an effort to end the company's dual-class share structure that had been backed by Starboard.

News Corp Class A shares are up 13.5% in 2024.

"DAZN is the right owner to take the business to the next level with their technological capabilities, global footprint and compelling sports rights," News Corp Chief Executive Robert Thomson said.

---

ADVERTISEMENT

## The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

---

| CLASS ACTION |
| :--: |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

WILLIAM LAMARTINA, Individually and on Behalf of All Others Similarly Situated,    ) Case No. 5:20-cv-02182-EJD (VKD)
         )
         Plaintiff,    ) CLASS ACTION
         )
     vs.    ) SUMMARY NOTICE
         )
VMWARE, INC., et al.,    )
         )
         Defendants.    )
         )

*IF YOU PURCHASED VMWARE, INC. (N/K/A VMWARE LLC) ("VMWARE") CLASS A COMMON STOCK DURING THE PERIOD FROM AUGUST 24, 2018 THROUGH FEBRUARY 27, 2020, INCLUSIVE (THE "CLASS PERIOD"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.*

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Northern District of California, that in the above-captioned litigation (the "Action"), a Settlement has been proposed for $102,500,000.00 in cash. A hearing will be held on March 31, 2025, at 9:00 a.m., before the Honorable Edward J. Davila, at the United States District Court, Northern District of California, San Jose Courthouse, Courtroom 4 – 5th Floor, 280 South 1st Street, San Jose, CA 95113, for the purpose of determining whether: (i) the proposed Settlement should be approved by the Court as fair, reasonable, and adequate and therefore should be approved; (ii) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (iii) the application of Lead Counsel for the payment of attorneys' fees and expenses from the Settlement Fund, including interest earned thereon, and award to Lead Plaintiff should be granted.

**IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.** You may obtain a copy of the Stipulation of Settlement, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), and the Proof of Claim and Release form ("Proof of Claim") at www.VMwareSecuritiesLitigation.com or by contacting the Claims Administrator: *VMware Securities Litigation*, c/o Gilardi & Co. LLC, Claims Administrator, P.O. Box 301170, Los Angeles, CA 90030-1170; 1-888-298-5840.

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim by mail received no later than March 17, 2025, or submit it online by that date.[1] If you are a Class Member and do not submit a valid Proof of Claim, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be bound by any judgment entered by the Court in this Action (including the releases provided for therein).

To exclude yourself from the Class, you must mail a written request for exclusion such that it is **received by March 10, 2025**, in the manner and form explained in the Notice. If you are a Class Member and have not excluded yourself from the Class, you will be bound by any judgment entered by the Court in this Action (including the releases provided for therein) whether or not you submit a Proof of Claim. If you submitted a valid request for exclusion, you will have no right to recover money pursuant to the Settlement.

Any objection to the proposed Settlement, the Plan of Allocation, or the fee and expense application must be filed with the Court no later than March 10, 2025.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact Lead Counsel at the following address or by calling 1-800-449-4900:

ROBBINS GELLER RUDMAN
   & DOWD LLP
SCOTT H. SAHAM
655 West Broadway, Suite 1900
San Diego, CA 92101
settlementinfo@rgrdlaw.com

DATED: November 26, 2024

      BY ORDER OF THE COURT
      UNITED STATES DISTRICT COURT
      NORTHERN DISTRICT OF CALIFORNIA

[1] Proofs of Claim, requests for exclusion, and objections that are legibly postmarked will be treated as received on the postmark date. Please be advised that the U.S. Postal Service may not postmark mail which is not presented in person.

---

| CLASS ACTION |
| :--: |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*In re Talis Biomedical Corporation Securities Litigation*     Case No. 22-cv-00105-SI

**SUMMARY NOTICE OF CLASS SETTLEMENT**

**To:** All persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive, and were damaged thereby.[1]

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court") that a hearing will be held on March 14, 2025, at 10:00 a.m., before the Honorable Susan Illston, at the Phillip Burton Federal Building & United States Courthouse, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or at such other location or via telephonic or video appearance as determined by the Court, for the purpose of determining: (1) whether the proposed settlement of the above-captioned litigation (the "Litigation") for the sum of $32,500,000 in cash (the "Settlement") should be approved by the Court as fair, reasonable, and adequate; (2) whether a Settlement Class should be certified for purposes of the Settlement; (3) whether, thereafter, this Litigation should be dismissed with prejudice pursuant to the terms and conditions set forth in the Stipulation of Settlement dated September 30, 2024 (the "Stipulation"); (4) whether the proposed Plan of Allocation is fair, reasonable, and adequate and therefore should be approved; and (5) the reasonableness of the application for payment of attorneys' fees and expenses incurred in connection with this Litigation together with the interest earned thereon (and any payment to the Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 in connection with his representation of the Settlement Class) (the "Fee and Expense Application"). The Court may change the date of this hearing, or hold it remotely, without providing another notice. You do NOT need to attend the hearing to receive a distribution from the Net Settlement Fund.

The Litigation has been certified as a class action on behalf of a Class of all persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive, and were damaged thereby, except for certain persons or entities excluded from the Settlement Class, as defined in the full Long-Form Notice of Pendency and Proposed Settlement of Class Action ("Long-Form Notice"), which is available as described below. If the Settlement is approved, it will resolve all claims in the Litigation.

A detailed description of the Litigation, including important information about your rights and options, is in the detailed Long-Form Notice available at www.TalisSecuritiesLitigation.com or by contacting the Claims Administrator at: *Talis Biomedical Corporation Securities Litigation* c/o A.B. Data, Ltd., P.O. Box 173064, Milwaukee, WI 53217, or (877) 331-0411.

**If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form ("Proof of Claim") online at www.TalisSecuritiesLitigation.com or by mail postmarked no later than March 13, 2025. Failure to timely submit a Proof of Claim will subject your claim to possible rejection and may preclude you from receiving any payment from the Settlement.**

If you desire to be excluded from the Settlement Class, you must submit a request for exclusion electronically submitted or postmarked by February 21, 2025, in the manner and form explained in the detailed Long-Form Notice referred to above. All Members of the Settlement Class who do not timely and validly request exclusion from the Settlement Class will be bound by any judgment entered in the Litigation pursuant to the terms and conditions of the Stipulation.

Any objection to the Settlement, the Fee and Expense Application, and/or the proposed Plan of Allocation should be sent only to the Court and must be mailed or delivered to the Clerk of Court at the address below such that it is received no later than February 21, 2025:

    Class Action Clerk
    United States District Court for the Northern District of California
    United States Courthouse
    450 Golden Gate Avenue, Box 36060
    San Francisco, CA 94102

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** If you have any questions about the Settlement, you may contact counsel for Lead Plaintiff at the address listed above, email: talissettlement@bfalaw.com, call (888) 879-9418, or go to the following website: www.TalisSecuritiesLitigation.com.

DATED: NOVEMBER 22, 2024

      BY ORDER OF THE COURT:
      Judge Susan Illston
      United States District Judge
      United States District Court for the
      Northern District of California

[1] Any capitalized terms that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated September 30, 2024 (the "Stipulation"), which is available on the website established for the Settlement at www.TalisSecuritiesLitigation.com.

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

*In re Talis Biomedical Corporation Securities Litigation*    Case No. 22-cv-00105-SI

**SUMMARY NOTICE OF CLASS SETTLEMENT**

**To:** All persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive, and were damaged thereby.[1]

THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court") that a hearing will be held on March 14, 2025, at 10:00 a.m., before the Honorable Susan Illston, at the Phillip Burton Federal Building & United States Courthouse, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or at such other location or via telephonic or video appearance as determined by the Court, for the purpose of determining: (1) whether the proposed settlement of the above-captioned litigation (the "Litigation") for the sum of $32,500,000 in cash (the "Settlement") should be approved by the Court as fair, reasonable, and adequate; (2) whether a Settlement Class should be certified for purposes of the Settlement; (3) whether, thereafter, this Litigation should be dismissed with prejudice pursuant to the terms and conditions set forth in the Stipulation of Settlement dated September 30, 2024 (the "Stipulation"); (4) whether the proposed Plan of Allocation is fair, reasonable, and adequate and therefore should be approved; and (5) the reasonableness of the application for payment of attorneys' fees and expenses incurred in connection with this Litigation together with the interest earned thereon (and any payment to the Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 in connection with his representation of the Settlement Class) (the "Fee and Expense Application").  The Court may change the date of this hearing, or hold it remotely, without providing another notice.  You do NOT need to attend the hearing to receive a distribution from the Net Settlement Fund.

The Litigation has been certified as a class action on behalf of a Class of all persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive, and were damaged thereby, except for certain persons or entities excluded from the Settlement Class, as defined in the full Long-Form Notice of Pendency and Proposed Settlement of Class Action ("Long-Form Notice"), which is available as described below.  If the Settlement is approved, it will resolve all claims in the Litigation.

A detailed description of the Litigation, including important information about your rights and options, is in the detailed Long-Form Notice available at www.TalisSecuritiesLitigation.com or by contacting the Claims Administrator at: *Talis Biomedical Corporation Securities Litigation* c/o A.B. Data, Ltd., P.O. Box 173064, Milwaukee, WI 53217, or (877) 331-0411.

If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form ("Proof of Claim") online at www.TalisSecuritiesLitigation.com or by mail postmarked no later than March 13, 2025.  Failure to timely submit a Proof of Claim will subject your claim to possible rejection and may preclude you from receiving any payment from the Settlement.

If you desire to be excluded from the Settlement Class, you must submit a request for exclusion electronically submitted or postmarked by February 21, 2025, in the manner and form explained in the detailed Long-Form Notice referred to above.  All Members of the Settlement Class who do not timely and validly request exclusion from the Settlement Class will be bound by any judgment entered in the Litigation pursuant to the terms and conditions of the Stipulation.

Any objection to the Settlement, the Fee and Expense Application, and/or the proposed Plan of Allocation should be sent only to the Court and must be mailed or delivered to the Clerk of Court at the address below such that it is received no later than February 21, 2025:

Class Action Clerk
United States District Court for the Northern District of California
United States Courthouse
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**  If you have any questions about the Settlement, you may contact counsel for Lead Plaintiff at the address listed above, email: talissettlement@bfalaw.com, call (888) 879-9418, or go to the following website: www.TalisSecuritiesLitigation.com.

DATED: NOVEMBER 22, 2024

BY ORDER OF THE COURT:
Judge Susan Illston
United States District Judge
United States District Court for the
Northern District of California

[1] Any capitalized terms that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated September 30, 2024 (the "Stipulation"), which is available on the website established for the Settlement at www.TalisSecuritiesLitigation.com.



**MARKETSURGE**
BY INVESTOR'S BUSINESS DAILY

**MarketSurge's webinars are live interactive presentations exclusively for our members.**

From quick MarketSurge tips to more advanced trading strategies, our dedicated Product Coaches are here to help you become a successful and confident investor.

Watch the latest webinars and see the upcoming schedule at: **investors.com/MSwebinars**

Scan the QR code to learn more.

# EXHIBIT F

# Bleichmar Fonti & Auld LLP Announces a Proposed Settlement in the In re Talis Biomedical Corporation Securities Litigation

SHARE THIS ARTICLE

NEWS PROVIDED BY
**Bleichmar Fonti & Auld LLP**
Dec 23, 2024, 10:00 ET

NEW YORK, Dec. 23, 2024 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re Talis Biomedical Corporation Securities Litigation* | Case No. 22-cv-00105-SI |

**SUMMARY NOTICE OF CLASS SETTLEMENT**

**To:    All persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive, and were damaged thereby.[1]**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court") that a hearing will be held on March 14, 2025, at 10:00 a.m., before the Honorable Susan Illston, at the Phillip Burton Federal Building & United States Courthouse, United States District Court for the Northern District of California, 450 Golden Gate Avenue San Francisco, CA 94102, or at such other location or via telephonic or video appearance as determined by the Court, for the purpose of determining: (1) whether the proposed settlement of the above-captioned litigation (the "Litigation") for the sum of $32,500,000 in cash (the "Settlement") should be approved by the Court as fair, reasonable, and adequate; (2) whether a Settlement Class should be certified for purposes of the Settlement; (3) whether, thereafter, this Litigation should be dismissed with prejudice pursuant to the terms and conditions set forth in the Stipulation of Settlement dated September 30, 2024 (the "Stipulation"); (4) whether the proposed Plan of Allocation is fair, reasonable, and adequate and therefore should be approved; and (5) the reasonableness of the application for payment of attorneys' fees and expenses incurred in connection with this Litigation together with the interest earned thereon (and any payment to the Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 in connection with his representation of the Settlement Class) (the "Fee and Expense Application").  The Court may change the date of this hearing, or hold it remotely, without providing another notice.  You do NOT need to attend the hearing to receive a distribution from the Net Settlement Fund.

The Litigation has been certified as a class action on behalf of a Class of all persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11, 2021 and August 11, 2021, inclusive, and were damaged thereby, except for certain persons or entities excluded from the Settlement Class, as defined in the full Long-Form Notice of

Pendency and Proposed Settlement of Class Action ("Long-Form Notice"), which is available as described below.  If the Settlement is approved, it will resolve all claims in the Litigation.

A detailed description of the Litigation, including important information about your rights and options, is in the detailed Long-Form Notice available at **www.TalisSecuritiesLitigation.com** or by contacting the Claims Administrator at:  *Talis Biomedical Corporation Securities Litigation* c/o A.B. Data, Ltd. P.O. Box 173064 Milwaukee, WI 53217, or (877) 331-0411.

**If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form ("Proof of Claim") online at www.TalisSecuritiesLitigation.com or by mail postmarked no later than March 13, 2025.  Failure to timely submit a Proof of Claim will subject your claim to possible rejection and may preclude you from receiving any payment from the Settlement.**

If you desire to be excluded from the Settlement Class, you must submit a request for exclusion electronically submitted or postmarked by February 21, 2025, in the manner and form explained in the detailed Long-Form Notice referred to above.  All Members of the Settlement Class who do not timely and validly request exclusion from the Settlement Class will be bound by any judgment entered in the Litigation pursuant to the terms and conditions of the Stipulation.

Any objection to the Settlement, the Fee and Expense Application, and/or the proposed Plan of Allocation should be sent only to the Court and must be mailed or delivered to the Clerk of Court at the address below such that it is received no later than February 21, 2025:

Class Action Clerk
United States District Court for the Northern District of California
United States Courthouse
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE**.  If you have any questions about the Settlement, you may contact counsel for Lead Plaintiff at the address listed above, email **talissettlement@bfalaw.com**, call (888) 879-9418, or go to the following website: **www.TalisSecuritiesLitigation.com**.

DATED: NOVEMBER 22, 2024

BY ORDER OF THE COURT:
Judge Susan Illston
United States District Judge
United States District Court for the Northern District of California

Source:
Bleichmar Fonti & Auld LLP

[1] Any capitalized terms that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated September 30, 2024 (the "Stipulation"), which is available on the website established for the Settlement at **www.TalisSecuritiesLitigation.com**.

SOURCE Bleichmar Fonti & Auld LLP

**WANT YOUR COMPANY'S NEWS
FEATURED ON PRNEWSWIRE.COM?**

440k+
Newsrooms &
Influencers

9k+
Digital Media
Outlets

270k+
Journalists
Opted In

**GET STARTED**

## Also from this source

**Bleichmar Fonti & Auld LLP Announce Proposed Settlement Involving Purchasers of Exicure Common Stock**

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION MARK COLWELL, Individually and on Behalf of All Others Similarly...

**Bleichmar Fonti & Auld LLP Announces a Proposed Settlement in the Bioventus Securities Litigation**

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA ROBERT CIARCIELLO Individually and on Behalf of All Others Similarly...

**More Releases From This Source**

## Explore



Biotechnology



Health Care & Hospitals



Banking & Financial Services

**News Releases in Similar Topics**