# EXHIBIT G

**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (Bar No. 191305)
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

*Counsel for Lead Plaintiff Martin Dugan*
*and Lead Counsel for the Putative Class*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 3:22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **DECLARATION OF MICHELLE YOSHIDA IN SUPPORT OF CLASS REPRESENTATIVE'S MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT** |
| ALL ACTIONS | |

Date:        March 14, 2025
Time:        10:00 A.M.
Courtroom:   1
Judge:       Hon. Susan Illston

I, Michelle Yoshida, hereby declare as follows:

1.     I am a mediator with Phillips ADR Enterprises, P.C. in Corona Del Mar, California. I submit this declaration in support of Class Representative's Motion for Final Approval of Class Action Settlement in the above-captioned action (the "Action"), for which I served as mediator.  I make this declaration based on personal knowledge and if called and sworn as a witness could and would testify competently thereto.

2.     While the mediation process is confidential, the Parties have authorized me to inform the Court of the matters set forth herein in support of approval of the Settlement.  My statements and those of the Parties during the mediation process are subject to a confidentiality agreement and Federal Rule of Evidence 408, and there is no intention on either my part or the Parties' part to waive the agreement or the protections of Rule 408.

3.     The Parties have come to an agreement to settle the Action for a cash payment of $32.5 million (the "Settlement").  The mediation and subsequent negotiations between the Parties, which I oversaw, ultimately resulted in the Settlement now before the Court for final approval.

## BACKGROUND AND QUALIFICATIONS

4.     I joined Phillips ADR Enterprises, P.C.—founded and managed by former United States District Judge Layn R. Phillips—in November 2014 at its inception, and have been a fulltime mediator, arbitrator, and special master since 2007. I previously worked with Hon. Daniel Weinstein (Ret.), and have been involved in successfully mediating and managing multi-party and complex, multi-faceted cases, with an aggregate settlement value in the billions of dollars.

5.     Prior to becoming a mediator, I was a trial attorney in private practice, litigating complex business matters including contract, insurance coverage, intellectual property, real estate, regulatory and white-collar matters. I also served as a Presidential Appointee, Legislative Director at the U.S. Commission on Civil Rights.  I was General Counsel to the National Japanese American Citizens League from 2002 to 2012 and participated in significant proceedings in state court matters and to the U.S. Supreme Court.

6.     In light of my experience, I am asked by litigants and their attorneys to serve as a mediator in complex civil cases such as this.  For over 15 years, I have presided over the mediation of

2

over 500 disputes, including complex securities class actions. Additionally, I have mediated many cases involving major New York Stock Exchange and NASDAQ corporations.

### THE ARM'S-LENGTH NEGOTIATIONS

7.      I became involved in this Action in January 2024. On March 14, 2024, I conducted a full-day mediation session via Zoom. In advance of the mediation session, I spoke separately with counsel for both sides to understand and probe their respective positions. In advance of the mediation, the Parties also prepared and exchanged detailed confidential mediation statements addressing liability and damages, and submitted those mediation statements to me together with voluminous exhibits.

8.      During the March 14, 2024 mediation session, counsel for Class Representative and the Defendants presented arguments regarding their clients' positions. The work that went into the mediation submissions and competing presentations and arguments was substantial. The Parties' mediation submissions demonstrated that each had carefully analyzed the relevant facts and applicable law. I found these submissions to be extremely valuable in helping me understand the relative merits of each side's position, and identifying the issues that would drive and present obstacles to reaching a resolution of the Action.

9.      During the March 14, 2024 mediation session, I engaged in extensive discussions with counsel on both sides in an effort to find common ground between the Parties' respective positions and separately challenged each side to address potential weaknesses in or counterarguments to their key positions and arguments. However, no agreement among the Parties was reached at that mediation.

10.      Following the March 14, 2024 mediation session, the Parties decided to continue litigating the Action. After several months and considerable litigation efforts, the Parties resumed settlement discussions in June 2024.

11.      On July 30, 2024, the Parties participated in a second full-day mediation session, held in-person in Chicago. Prior to the July 30 session, I conferred with counsel on both sides, and Class Representative submitted a supplemental mediation statement for exchange with Defendants and a further mediation statement for the mediator's eyes only. During the July 30 session, I engaged in extensive discussions with counsel on both sides, including bankruptcy counsel. Again, however, no

3

agreement among the Parties was reached.

12. After the July 30, 2024 mediation session, I facilitated further negotiations and held multiple Zoom video conferences and telephonic discussions with the Parties (including their respective bankruptcy counsel) to continue to explore the merits and risks associated with the Parties' positions and challenged each side separately to address the weaknesses and obstacles in each of their positions and arguments. These further discussions provided additional insight into the claims, defenses, and other factors influencing a potential resolution of the Action, such as Talis's financial condition and potential bankruptcy filing. In addition to vigorously arguing their respective positions, the parties exchanged several rounds of settlement demands and offers. Although I cannot disclose specifics regarding the participants' positions, there were many complex issues that required significant and practical consideration. The Parties were not able to reach an agreement and the negotiations came to an impasse.

13. On August 21, 2024, I issued a double-blind mediator's recommendation to settle the Action for $32.5 million, which the Parties accepted.

14. The mediation process was a hard-fought negotiation from beginning to end and was conducted by experienced and able counsel on both sides. Throughout the mediation process, the negotiations between the Parties were vigorous and conducted at arm's length and in good faith.

15. Because the Parties submitted their mediation statements and arguments in the context of a confidential mediation process pursuant to Federal Rule of Evidence 408, I cannot reveal their content. I can say, however, that the arguments and positions asserted by all involved were the product of considerable work, were complex and adversarial, and reflected a detailed understanding of the claims and defenses at issue in this case.

### THE SETTLEMENT REPRESENTS A FAIR COMPROMISE

16. In my presence, the Parties had extensive, detailed, and zealous discussions regarding the strengths and weaknesses of the case. I can readily attest that the negotiations between counsel for Class Representative and counsel for Defendants were conducted at arm's-length, extremely hard-fought and were non-collusive.

17. I believe that the Settlement of the Action represents a well-reasoned and sound

4

DECL. OF MICHELLE YOSHIDA IN SUPPORT OF CLASS REPRESENTATIVE'S MOTION
FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT    Case No. 3:22-cv-00105-SI

resolution of highly uncertain litigation. The Court, of course, will make its own determination as to the "fairness" of the Settlement under applicable legal standards. From a mediator's perspective and based on my years as an attorney and neutral, I respectfully submit that the proposed settlement warrants approval of the Court, as reflective of the burdens, risks and potential rewards of taking a case of this size and complexity to trial. My review of the documentary record in this Action, the Parties' submissions, and my numerous discussions with counsel have led me to conclude that both sides have litigated the Action in a vigorous and exceptionally thorough manner. It was also clear to me that both sides were well-prepared and fully capable of proceeding to trial if a settlement could not be achieved.

18.    I further recommend the proposed Settlement as reasonable considering Talis's resources (including D&O insurance and company cash) available to fund any settlement and the risk of a Talis bankruptcy filing. From a mediator's perspective and based on my years as an attorney and neutral, I believe that it was unlikely that Class Representative could have obtained a larger recovery than the Settlement through continuing litigation and that a materially lower recovery (or even none) could have been the likely consequence of not settling.

19.    In summary, I view the Settlement in the Action as an excellent compromise and resolution of a hard-fought case that presents many risks to both sides. The amount of the Settlement is significant and will confer a considerable benefit to the Settlement Class. I believe the Settlement represented the highest settlement amount and the most favorable terms that Class Representative could have achieved at that time.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 16, 2025

MICHELLE YOSHIDA, ESQ.
PHILLIPS ADR ENTERPRISES, P.C.

5