**Pages 1 - 9**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Susan Illston, Judge

IN RE: TALIS BIOMEDICAL          )
SECURITIES LITIGATION.           )
                                 )     **NO. 22-00105 SI**
                                 )
_____  )

                         San Francisco, California
                         Friday, November 22, 2024

        **TRANSCRIPT OF VIDEOCONFERENCE PROCEEDINGS**

**APPEARANCES**:  (via videoconference)

For Plaintiffs:
                    BLEICHMAR, FONTI & AULD LLP
                    300 Park Avenue - Suite 1301
                    New York, New York  10022
              BY:   **JOSEPH A. FONTI, ATTORNEY AT LAW**

                    BLEICHMAR, FONTI & AULD LLP
                    75 Virginia Road
                    White Plains, New York  10603
              BY:   **EVAN A. KUBOTA, ATTORNEY AT LAW**

                    POMERANTZ LLP
                    600 Third Avenue - 20th Floor
                    New York, New York  10016
              BY:   **JONATHAN PARK, ATTORNEY AT LAW**

        **(APPEARANCES CONTINUED ON THE FOLLOWING PAGE)**

Remotely Reported:  Marla F. Knox, CSR No. 14421, RMR, CRR
                    United States Official Reporter

**APPEARANCES:**   (continued, via videoconference)

For Defendants:
                        COOLEY LLP
                        3175 Hanover Street
                        Palo Alto, California   94304
                BY:  **JESSIE A.R. SIMPSON LAGOY,**
                     **ATTORNEY AT LAW**
                     **TIJANA BRIEN, ATTORNEY AT LAW**

**Friday - November 22, 2024**                    **10:06 a.m.**

                    P R O C E E D I N G S

                        ---000---

THE CLERK:  Now calling civil matter 22-CV-105, In Re: Talis Biomedical Securities Litigation.

Counsel, please state your appearances for the record starting with Plaintiff.

MR. KUBOTA:  Good morning, Your Honor, Evan Kubota from Bleichmar Fonti & Auld for Plaintiff and the class.

THE COURT:  Good morning.

MR. FONTI:  Joseph Fonti from Bleichmar Fonti & Auld, also for Plaintiff and the class.

THE COURT:  Good morning.

MR. PARK:  Jonathan Park of Pomerantz LLP, also for Plaintiff and class.

THE COURT:  Good morning.

MS. BRIEN:  Good morning, Your Honor, Tijana Brien with Cooley on behalf of all of the Defendants.

THE COURT:  Good morning.

MS. LAGOY:  Good morning, Your Honor, Jessie Simpson Lagoy, also from Cooley, on behalf of the Defendants.

THE COURT:  Good morning.  That's everyone?

THE CLERK:  Yes, Your Honor.

THE COURT:  Okay. this is Plaintiffs' motion for preliminary approval of their class settlement.

I have read your materials and then I read the augmented materials.  Thank you very much for that.  I think they now are compliant with all of the various requirements.

I have a couple of questions.  Overall, I think it's a great settlement, so I'm pleased with it.  I did have a couple of questions.

There is a reference to released Defendants' claims.  So, what are the claims of the Defendants that are being released?

**MR. KUBOTA:**  Your Honor, I think Mr. Brien can speak to that, but the intention there is to effectively make the releases symmetrical and reciprocal, so any possible claims that Defendants could have against Plaintiff or Plaintiffs' counsel would be released in the same manner that the class is releasing Defendants and Defendants' counsel.

**THE COURT:**  Is that right, Ms. Brien?

**MS. BRIEN:**  Yes, that's right.

**THE COURT:**  Because there were no cross-claims or counterclaims or anything filed that I saw.

**MS. BRIEN:**  That's right, Your Honor.

**MR. KUBOTA:**  That's correct, Your Honor.

**THE COURT:**  It is more cautionary than anything else?

**MS. BRIEN:**  Yes.

**THE COURT:**  Okay.  You have indicated a $37,500 service award.  That seems high.  I don't know if you -- and we don't have to decide that today -- but I'm just mentioning that

that does seem high.  So, if that's what you want, then do you know whether you have got case law supporting something that high?

**MR. KUBOTA:**  Yes, Your Honor, and we will certainly take the Court's guidance as to the amount that we ultimately request; but we do have authority in the circuit supporting awards to individual lead Plaintiffs of up to $40,000.

And Mr. Dugan -- I think the Court has read his full deposition transcript, which is over 300 pages -- and I think he really went above and beyond, you know, what your typical lead Plaintiffs often do.

After the deposition, he continued to be closely involved every step of the way, you know, interacting with lawyers through the mediation as well as discussing the bankruptcy issues that arose kind of late in the process.  So, we would obviously fully detail his involvement in our submission with supporting authority.

**THE COURT:**  Okay.  Do you have any way at this time to estimate individual recoveries?

**MR. KUBOTA:**  I think what we provide, Your Honor, is a per share recovery assuming that a hundred percent of shares are claimed and that's $2.05 cents per share.  To put that in context, Talis went public at $16.  And using Section 11's formula at the time of suit, the market price of the stock was about $3.31.

So, you know, off of about, let's say, 12 to $13 in statutory damages, the settlement is providing over $2 per share assuming a hundred percent of claims were filed.

**THE COURT:**  And it would be unusual if a hundred percent of the claims were filed --

**MR. KUBOTA:**  Right.

**THE COURT:**  -- so this will be prorated?

**MR. KUBOTA:**  Correct.  It will be prorated and I think claims rates vary, but we have certainly seen in the range of 25 to 50 percent of claims filed.

**THE COURT:**  Okay.  Well, that answers my questions.  And, as I say, I think under all of the circumstances that you have presented, that this is a -- that I will preliminarily approve.  Do we have a date for a -- oh, and you fixed the timeline and that was good.  So, what are the dates now that we have?

**MR. KUBOTA:**  Yes, Your Honor.  So, for the fairness hearing or the final approval hearing, a hundred days after the preliminary approval order would be the earliest; and that translates into, I think -- I know the Court holds hearings on Fridays -- so, March 7th, 14th, 21st or 28th.  And we have conferred with Defense Counsel, and they are available on all of those dates.

**THE COURT:**  Okay.  Are we available on the 14th, Esther?

**THE CLERK:** Yes, Your Honor.

**THE COURT:** Okay. Let's tentatively set it then for that. The -- did you give me an order on the preliminary approval?

**MR. KUBOTA:** Yes, Your Honor, we submitted a Word version of the same revised order that was filed last week.

**THE COURT:** Okay. Just trying to find it. Oh, here we go. So, on page 2, we fill in March 14th that would be at 10:00 a.m. Are there any other dates on here we need to fill in? There are. On page 4, what will that be?

**MR. KUBOTA:** So, the notice date, assuming the order is entered today, is December 13th.

**THE COURT:** Okay. And then on page 5.

**MR. KUBOTA:** The publication date is December 27th.

(Pause in proceedings.)

**THE COURT:** Okay. No later than December 27th the claims administrator shall cause the summary notice to be published. And then what is the next date in paragraph C? I think you left something out of that sentence.

**MR. KUBOTA:** In paragraph C, Your Honor?

**THE COURT:** Yeah. What is it that's going to be filed and served?

**MR. KUBOTA:** Proof of the mailing and publishing and posting of class notice. We can clarify the end of that sentence and resubmit if helpful.

**THE COURT:** Oh, I see. Proof by affidavit of such mailing, okay. And then that -- so what date would that be?

**MR. KUBOTA:** That is fourteen calendar days before the final approval hearing. So, for a March 14th hearing, that would be February 28th.

**THE COURT:** Okay. Then on page 6, what date goes in there?

**MR. KUBOTA:** Yeah, so, proof of claims ninety days after the notice date is March 13th.

**THE COURT:** That's just the day before the hearing.

**MR. KUBOTA:** Correct, although, Your Honor, often the claims deadline is even after the hearing. You know, we will report with the most current information that we have about the claims received, but it doesn't directly impact the hearing itself.

**THE COURT:** And then on page 7, paragraph 12, exclusion date, what's that?

**MR. KUBOTA:** Yeah, so, that's 21 days prior to March 14th and that translates to February 22nd.

**THE COURT:** Okay.

**MS. BRIEN:** I'm sorry. I think that would be the 21st, yeah.

**THE COURT:** This is why I make you guys do this. I don't like to do it.

**MR. KUBOTA:** I'm sorry. That's correct. Friday,

February 21st, excuse me.

THE COURT:  Then on page 8, what date is that?

MR. KUBOTA:  That's the same deadline for objections.

THE COURT:  So, that's February 21st?

MR. KUBOTA:  Yes.

THE COURT:  And page 10 --

MR. KUBOTA:  Yes, page 10, the filing of the final approval and fee application is January 17th.

THE COURT:  Okay, and --

MR. KUBOTA:  The reply papers would be March 7th.

THE COURT:  Okay.  All right.  And that's it?

MR. KUBOTA:  That's correct, Your Honor.

THE COURT:  Okay.  Well, we should be able to get that out for you today.  So, we are good to go.  Anything else we need to do today?

MR. KUBOTA:  Thank you so much, Your Honor.  I think that takes care of it from our side.

MS. BRIEN:  Nothing else from us.

THE COURT:  Okay, all right.  Thank you all.

MS. BRIEN:  Thanks so much.

(Proceedings adjourned at 10:16 a.m.)

---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:    January 14, 2025

_____

Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
United States District Court - Official Reporter