**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (Bar No. 191305)
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (415) 445-4003
Facsimile: (415) 445-4020

*Counsel for Lead Plaintiff Martin Dugan
and Lead Counsel for the Class*

*[Additional counsel on signature page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | **SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF (I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND LEAD PLAINTIFF'S REASONABLE COSTS AND EXPENSES** |
| ALL ACTIONS | |

Judge: Hon. Susan Illston
Date: March 21, 2025
Time: 10:00 a.m.
Courtroom: 1 – 17th Floor

Pursuant to the Court's Order (ECF No. 199), Lead Plaintiff submits this supplemental brief to (1) provide updated information on the number of claims submitted, percentage of class participation in the settlement, and estimated average recovery; and (2) address Lead Plaintiff Martin Dugan's requested award pursuant to the PSLRA.[1]

## I. CLAIMS, CLASS PARTICIPATION RATE, AND AVERAGE RECOVERY

**Claims and Class Participation Rate:** To date, the Claims Administrator has received 5,312 claims, or 27% of the 19,876 Notices disseminated. (Suppl. Teichmiller Decl. ¶¶ 5, 8.) This substantial class participation rate compares favorably to recent securities class settlements, such as *In re Lyft, Inc. Sec. Litig.*, No. 4:19-cv-02690-HSG, ECF No. 397 at 3 (N.D. Cal. Sept. 30, 2024), where the rate was 21% (72,320 claims and 351,970 notices), and *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST, ECF No. 678 at 2 (N.D. Cal. May 24, 2024), where the rate was 25% (114,846 claims and 468,150 notices).

For context, the Claims Administrator previously reported 393 claims as of February 28, 2025, while indicating that the vast majority of claims were expected to be submitted at or around the March 13, 2025 claim filing deadline. (ECF No. 195 ¶ 13.)   After February 28, claims increased sharply, with over 1,000 received between February 28 and March 12, and over 3,900 received on or after March 13, 2025.[2] (Suppl. Teichmiller Decl. ¶ 4.) This pattern is consistent with the Claims Administrator's experience (*id.*) and with other securities class settlements.[3]

**Estimated Average Recovery:** Based on the data currently available, a preliminary estimate indicates an average recovery of over $6,300 per claim (after fees and expenses).

Specifically, while the Claims Administrator continues to process claims, to date, it has preliminarily identified 3,463 valid claims. (Suppl. Teichmiller Decl. ¶ 6.) Given the number of

---

[1] Capitalized terms not defined herein shall have same meaning as set forth in the Stipulation of Settlement dated September 30, 2024 (the "Stipulation") and Class Representative's March 7, 2025 Reply Brief (ECF No. 196). Unless otherwise noted, all emphasis is added and all internal citations and quotation marks are omitted.

[2] Claims submitted after March 13, 2025 will be accepted to the extent they do not interfere with the timely distribution of the Net Settlement Fund.

[3] For example, in *Lyft*, ECF No. 360-2 ¶¶ 3, 7 (N.D. Cal. Apr. 27, 2023), the participation rate was 1.5% (5,400 claims out of 351,228 notices) about a month before the claims deadline, but ultimately increased to 21% by the distribution stage. *See supra*.

claims and the $32.5 million Settlement Amount, the estimated average per-claim recovery is $9,384.93, or $6,315.52 after fees and expenses.[4]  (*Id.* ¶ 7.)  This substantial per-claim recovery compares favorably to other securities class settlements.  (*See* ECF No. 185 at 2–3 (Securities Act settlements with average recoveries from $465.52 to $5,858.61 per claimant).)

## II.    LEAD PLAINTIFF DUGAN'S REQUESTED AWARD

While any award to Lead Plaintiff Dugan is in the Court's discretion, we respectfully submit that Mr. Dugan's requested award is consistent with the PSLRA and relevant authority.

The PSLRA recognizes that courts may award "reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of the class."  15 U.S.C. § 77z-1(a)(4).  While *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 960 n.4 (9th Cir. 2009), stated in a footnote that the PSLRA "prohibits granting incentive awards to class representatives," *Rodriguez* was an antitrust case where incentive agreements tied class representatives' "compensation—in advance—to a sliding scale based on the amount recovered."  563 F.3d at 959.

In PSLRA actions, by contrast, reasonable hours-based awards are permissible and routine. Thus, before and after *Rodriguez*, courts in this District and Circuit have regularly granted awards to PSLRA class representatives based on the time they devoted to pursuing litigation on behalf of the class.  For example:

- Last year, in *Moradpour v. Velodyne Lidar, Inc.*, No. 21-cv-01486-SI, ECF No. 237 at 2 (N.D. Cal. Aug. 19, 2024), this Court awarded $20,000 to an individual lead plaintiff who (together with her retired husband) had devoted 65 hours to the action. *See id.* & ECF No. 230-3 (declaration stating time expended as lead plaintiff).

- Similarly, in *In re CV Therapeutics, Inc.*, No. 03-cv-3709-SI, ECF No. 455 at 3 (N.D. Cal. Apr. 4, 2007), this Court awarded $26,000 to an individual lead plaintiff who had devoted 104 hours to the action "for reimbursement of time and expenses incurred in representing the class."

---

[4] Final recoveries may vary because the Claims Administrator continues to receive and process claims.  Pursuant to the Procedural Guidance, the final average, median, maximum, and minimum recovery per claimant will be presented in a post-distribution accounting.

- In *Davis v. Yelp, Inc.*, No. 18-cv-00400-EMC, 2023 WL 3063823, at *2 (N.D. Cal. Jan. 27, 2023), Judge Chen granted a $15,000 award to an individual lead plaintiff who had devoted about 100 hours to the action.

- In *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1173–74 (S.D. Cal. 2007), the court awarded $40,000 to an individual lead plaintiff who had devoted 200 hours.

These hours-based awards are permissible under the PSLRA. As explained in *In re Stable Rd. Acquisition Corp.*, No. 2:21-cv-5744-JFW(SHKX), 2024 WL 3643393, at *16 (C.D. Cal. Apr. 23, 2024), "[c]ourt[s] have found that the PSLRA permits courts to award lead plaintiffs in federal securities actions reimbursement for their time devoted to participating in and directing the litigation on behalf of the class." *Id.* (citing *Guevoura Fund Ltd. v. Sillerman*, 2019 WL 6889901, at *22 (S.D.N.Y. Dec. 18, 2019)). Thus, the *Stable Rd.* court awarded $10,000 to an individual lead plaintiff who had devoted about 20 hours to the action (*id.* ECF No. 202-5 ¶ 13).

Finally, despite the established practice of reimbursing PSLRA class representatives for their time, certain courts have declined to do so (as the Order indicated). However, the PSLRA does not mandate that result: the statute does not define what constitutes a reimbursable "cost[]" or "expense[]" (other than citing "lost wages" as one example). Practically, imposing a heightened requirement that class representatives must have "lost wages" or "missed any work or other earning opportunities," *In re Yahoo! Inc. Sec. Litig.*, No. 17-cv-00373-LHK, 2018 WL 4283377, at *3 (N.D. Cal. Sept. 7, 2018), would effectively bar awards for retired persons—although their time, like that of hourly workers, has value. Indeed, this Court and others have appropriately granted PSLRA awards to retired persons. For example, in *CV Therapeutics*, No. 03-cv-3709-SI, ECF No. 442 at 2 (N.D. Cal. Mar. 2, 2007), the Court awarded $26,000 to a lead plaintiff who had "retired in 2000," seven years earlier. *See also Velodyne*, No. 21-cv-01486-SI, ECF No. 237 ($20,000 award to married lead plaintiffs), ECF No. 45-4 ¶¶ 3–4 (declaration stating that husband was retired) & ECF No. 173-1 at 6–7 of 91 (wife's testimony indicating that her last employment ended in 2007); *Klein v. Altria Grp., Inc.*, No. 3-20-cv-00075-DJN, ECF No. 320 ¶ 20 (E.D. Va.

---

2021) (awarding $40,000 to married lead plaintiffs) & ECF No. 38-1 ¶¶ 2–3 (declaration stating that husband is "retired" and wife is a "homemaker").

Here, Mr. Dugan's request is based solely on the substantial time he devoted to this action on behalf of the Class to achieve the best possible result.

Dated: March 19, 2025

Respectfully submitted,

By: */s/ Joseph A. Fonti*
**BLEICHMAR FONTI & AULD LLP**
Joseph A. Fonti (*pro hac vice*)
jfonti@bfalaw.com
Evan A. Kubota (*pro hac vice*)
ekubota@bfalaw.com
300 Park Avenue, Suite 1301
New York, New York 10022
Tel: (212) 789-1340
Fax: (212) 205-3960

– and –

Lesley E. Weaver (Bar No. 191305)
lweaver@bfalaw.com
1330 Broadway, Suite 630
Oakland, California 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020

*Counsel for Lead Plaintiff Martin Dugan and Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (Bar No. 290685)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Martin Dugan*

**POMERANTZ LLP**
Jennifer Pafiti (Bar No. 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190

Facsimile: (212) 661-8665
jpafiti@pomlaw.com

Jeremy A. Lieberman (*pro hac vice* application forthcoming)
J. Alexander Hood II (*pro hac vice*)
James M. LoPiano (*pro hac vice*)
Jonathan D. Park (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com
jpark@pomlaw.com

*Additional Counsel for the Class*