**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | ~~[PROPOSED]~~ ORDER AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES, ~~AND LEAD PLAINTIFF'S REASONABLE COSTS AND EXPENSES~~ |
| ALL ACTIONS | |
| | Judge:        Hon. Susan Illston |

CASE NO. 22-CV-00105-SI

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES, AND LEAD PLAINTIFF'S REASONABLE COSTS AND EXPENSES

This matter came before the Court for hearing on March 14, 2025, pursuant to the Order Preliminarily Approving Settlement and Providing for Class Notice (the "Notice Order") (ECF No. 186), on Lead Counsel's motion for the award of: (1) attorneys' fees, (2) litigation expenses, and (3) reasonable costs and expenses to Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995. Full and adequate notice having been given to the Settlement Class as required in the Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement (the "Stipulation") (ECF No. 181-2), and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Members of the Settlement Class.

3. The Court finds that the Settlement Class Members received the best notice practicable under the circumstances of these proceedings and of the requested awards, and that this notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Due Process Clause of the United States Constitution, 15 U.S.C. §78u-4(a)(7) and 15 U.S.C. §77z-1(a)(7), as amended by the PSLRA, and the rules of this Court.

4. Lead Counsel Bleichmar Fonti & Auld LLP ("BFA") is awarded attorneys' fees in the amount of 28% of the Settlement Fund, plus interest at the same rate and for the same period as earned by the Settlement Fund (until paid), to be paid from the Settlement Fund.

5. As provided in the Stipulation, BFA shall allocate the attorneys' fees and expenses among other Plaintiff's Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.

6. BFA is awarded litigation expenses in the amount of $1,268,366.35, plus interest at the same rate and for the same period as earned by the Settlement Fund (until paid), to be paid from the Settlement Fund.

7.    In making these awards of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)    Plaintiff's Counsel's efforts on behalf of the Settlement Class have created a common fund of $32,500,000 in cash;

(b)    The requested attorneys' fees are consistent with awards in similar cases;

(c)    The requested attorneys' fees have been reviewed and approved as reasonable by Lead Plaintiff, who oversaw the prosecution and resolution of the Action , as detailed in the Declaration of Martin Dugan;

(d)    Plaintiff's Counsel secured the Settlement through skilled advocacy and heavy investment of time and resources;

(e)    The Action involved a number of complex factual and legal issues, and, absent the Settlement, would involve lengthy further proceedings, leaving the Settlement Class exposed to significant risks of recovering less or nothing from Defendants;

(f)    Plaintiff's Counsel devoted more than 8,234 hours to prosecuting the Action, with a lodestar value of over $6,351,918.25, on a fully contingent basis;

(g)    Plaintiff's Counsel worked efficiently, and the fee awarded results in a lodestar multiplier of 1.43, which is reasonable in light of comparable settlements and the risk and uncertainty of the Action; and

(h)    The requested expenses are fair and reasonable, and they were reasonably and necessarily incurred to prosecute the Action.

8.    Consistent with the Stipulation, the fees and expenses awarded pursuant to this Order are payable immediately upon entry of this Order, notwithstanding any appeals.

9.    All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

10.    In accordance with 15 U.S.C. § 77z-1(a)(4), the Court awards reasonable costs and expenses to Lead Plaintiff Martin Dugan in the amount of $36,000, to be paid from the Settlement Fund.

11.    [All objections to the awards are overruled.]

12. There is no just reason for delay in the entry of this Order, and the Court directs immediate entry of this Order by the Clerk of the Court.

**IT IS SO ORDERED.**

Dated: __March 21_____, 2025

_____
The Honorable Susan Illston
United States District Judge

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES,
LITIGATION EXPENSES, AND LEAD PLAINTIFF'S
REASONABLE COSTS AND EXPENSES