# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALIS BIOMEDICAL SECURITIES LITIGATION | Case No. 22-cv-00105-SI |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | ~~[PROPOSED]~~ FINAL JUDGMENT APPROVING SETTLEMENT |
| ALL ACTIONS | Judge:          Hon. Susan Illston |

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Class Notice ("Preliminary Approval Order" or "Order") dated November 22, 2024, on the application of the Parties for approval of the settlement set forth in the Stipulation of Settlement dated September 30, 2024 (the "Stipulation")[1].  Due and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, and personal jurisdiction over all Parties to the Action, including all Members of the Settlement Class.

2.    All defined terms contained herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

3.    For settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (i) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of Lead Plaintiff are typical of the claims of the Settlement Class; (iv) Lead Plaintiff and Plaintiff's Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Order and finally certifies, for settlement purposes only, a Settlement Class defined as:  All persons or entities that purchased or otherwise acquired common stock issued by Talis pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 11, 2021 initial public offering between February 11,

---

[1] Any capitalized terms that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

2021 and August 11, 2021, inclusive, and were damaged thereby. Excluded from the Settlement Class are (i) Defendants and any affiliates or subsidiaries thereof, (ii) present and former officers and directors of Talis and its subsidiaries or affiliates, and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any Defendant has or has had a controlling interest; (v) Talis's employee retirement and benefits plan(s); and (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories.  Also excluded from the Settlement Class are those persons identified in Exhibit 1, who previously filed valid and timely requests for exclusion from the Class.

5.      Pursuant to Rule 23, and for purposes of settlement only, the Court hereby affirms its determination in the Order and finally certifies Lead Plaintiff as Settlement Class Representative for the Settlement Class, and finally appoints the law firm of Bleichmar Fonti & Auld LLP as Settlement Class Counsel.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement, the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in this Action, as provided for therein) and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, the Settlement is, in all respects fair, reasonable, and adequate, having considered and found that: (i) Lead Plaintiff and Plaintiff's Counsel have adequately represented the Settlement Class; (ii) the proposal was negotiated at arm's length; (iii) the relief provided for the Settlement Class is adequate, having taken into account (a) the costs, risks, and delay of trial and appeal; (b) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' claims; (c) the terms of any proposed award of attorneys' fees, including timing of payment; and (d) any agreement required to be identified under Rule 23(e)(2); and (iv) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.

7.      Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class, the Court hereby dismisses the Action and all Released Claims of Lead Plaintiff and the Settlement Class with prejudice, without costs as to any of the Released Parties, except as and to the extent provided in the Stipulation and herein.

8.      All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Order, pursuant to their terms.

9.      The terms of the Stipulation and of this Judgment shall be forever binding on the Released Defendant Parties and the Released Plaintiff Parties (regardless of whether or not any individual Settlement Class Member submits a Proof of Claim and Release form ("Proof of Claim") or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

10.     Upon the Effective Date, and as provided in the Stipulation, the Released Plaintiff Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Plaintiff's Claims (including, without limitation, Unknown Claims) against the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim or participates in the Settlement Fund, and whether or not such Settlement Class Member objects to the Settlement.  Claims to enforce the terms of the Stipulation and Settlement are not released.  For the avoidance of doubt, the releases herein do not include any claims that any Defendant, and/or their Related Persons, may have against any other Defendant and/or their Related Persons.

11.     Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiff Parties from the Released Defendants' Claims.  Claims to enforce the terms of the Stipulation and Settlement are not released.

12.     Upon the Effective Date, the Released Plaintiff Parties who have not validly opted out of the Settlement Class, and anyone claiming through or on behalf of them, are forever barred

and enjoined from commencing, instituting, intervening in, prosecuting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Plaintiff's Claims against the Released Defendant Parties.

13.     Notwithstanding any of the foregoing, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

14.     The dissemination of the Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class ("Notice"), Long-Form Notice of Pendency and Proposed Settlement of Class Action, and Summary Notice in accordance with the Preliminary Approval Order entered on November 22, 2024: (i) complied with the terms of the Stipulation and the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (iv) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (v) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the Due Process Clause of the United States Constitution, 15 U.S.C. §78u-4(a)(7) and 15 U.S.C. §77z-1(a)(7), as amended by the PSLRA, the rules of this Court, and all other applicable law and rules. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  Thus, it is hereby determined that all Members of the Settlement Class are bound by this Order and Final Judgment, except those persons listed on Exhibit 1 to this Final Judgment.

15.     Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.* ("CAFA"), by timely mailing, or causing to be mailed, notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of each State.  The CAFA notice contains the documents and

information required by 28 U.S.C. § 1715(b)(1)-(8).  The Court finds that Defendants have complied in all respects with the notice requirements of CAFA.

16.    Any plan of allocation submitted by Plaintiff's Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

17.    Neither this Judgment, the Stipulation (including any Exhibits annexed thereto), the Settlement, the Supplemental Agreement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or concession or evidence of, the validity of any Released Claim, the truth of any fact alleged in the Action, the deficiency of any defense that has been or could have been asserted in the Action, any damages suffered by Lead Plaintiff or the Settlement Class, or of any alleged liability, negligence, fault, or other wrongdoing  of the Released Defendants Parties, or that the consideration to be given under the Settlement represents the amount that could be or would have been recovered after trial; or (ii) is or may be used or in any way referred to for any other reason against any Released Defendant Party in any civil, criminal, or administrative proceeding in any court, administrative agency, proceeding, or other forum or tribunal.

18.    Released Defendant Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

19.    Without affecting the finality of this Judgment in any way, this Court shall retain jurisdiction with respect to implementation and enforcement of the Settlement and terms of the Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

20.    The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied fully with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Action.

21.     Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree in writing to reasonable extensions of time to carry out any provisions of the Stipulation.

22.     If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, all of whom shall revert to their respective positions in the Action immediately prior to the execution of the Stipulation.

23.     The Claims Administrator shall administer the claims administration process, including the calculation of claims submitted by Settlement Class Members and distribution of the Net Settlement Fund to Authorized Claimants pursuant to the Court-approved Plan of Allocation. All Settlement Class Members shall submit a Proof of Claim under penalty of perjury by the date set forth in the Notice sent to Settlement Class Members.  Co-Lead Counsel may, in its discretion, accept for processing any late-submitted Proof of Claim so long as the distribution of the Net Settlement Fund is not materially delayed.

24.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: __March 21_____, 2025        _____
                                          The Honorable Susan Illston
                                          United States District Judge

6    [PROPOSED] FINAL JUDGMENT APPROVING SETTLEMENT
     CASE NO. 22-CV-00105-SI

## **EXHIBIT 1**

*In re Talis Biomedical Securities Litigation*, No. 22-cv-00105-SI (N.D. Cal.)

### **List of Persons and Entities Excluded from the Settlement Class Pursuant to Request**

1.  Warren Hansen                                             Andover, KS 67002

2.  Janice Hansen                                             Andover, KS 67002